UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No. 23-cv-00321-DMR<br><br>**ORDER GRANTING IFP APPLICATION; DENYING PETITION FOR ISSUANCE OF SUBPOENA WITOUT PREJUDICE TO RE-FILING THE REQUEST**<br><br>Re: Dkt. Nos. 2, 6 |

Plaintiff David A. Stebbins filed an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The court also received Plaintiff's "petition for issuance of subpoena duces tecum." [Docket No. 6.] Plaintiff is an active user of streaming services YouTube and Twitch. Compl. ¶1. He alleges ten counts of defamation against an anonymous YouTube user known as "SidAlpha." *Id.* ¶ 2. Specifically, Plaintiff contends that on February 12, 2022, SidAlpha posted a video on his YouTube channel "dedicated to smearing" him. *Id.* ¶ 7.

Having considered Plaintiff's papers, the court grants the IFP application. The court's grant of Plaintiff's application to proceed IFP does not mean that he may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Here, the court first reviews Plaintiff's petition for issuance of subpoena duces tecum prior to screening the complaint under 28 U.S.C. § 1915 because the court's determination as to the propriety of the requested subpoena will necessarily discuss Plaintiff's allegations, which will then be relevant to whether Plaintiff may continue to prosecute his complaint under the IFP statute. As

1   explained below, the petition for issuance of subpoena duces tecum is denied without prejudice to

2   Plaintiff's ability to re-file the request addressing the following issues.

3         Plaintiff's petition for issuance of subpoena duces tecum seeks leave to serve a subpoena

4   on a third party, Google LLC, to determine the identity and address of Defendant John Doe.

5   [Docket No. 6 at 1.] Plaintiff asserts that Defendant's identity and address are "necessarily on file

6   with Google LLC" because Defendant is a member of the YouTube Partner Program." *Id.* He

7   intends to serve a Rule 45 subpoena on Google LLC seeking "the name, current address, all IP

8   addresses used for the past two (2) years, and all phone numbers used in the same time period,

9   associated with the Google Adsense account affiliated with the YouTube channel

10  www.youtube.com/@SidAlpha." [Docket No. 6-1.] Plaintiff's petition does not contain any legal

11  argument.

12        Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any

13  source before the parties have conferred as required by Rule 26(f), except in a proceeding

14  exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

15  stipulation, or by court order." In the Ninth Circuit, courts use the "good cause" standard to

16  determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *UMG*

17  *Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008).

18  Good cause may generally be found where the need for expedited discovery, in consideration of

19  the administration of justice, outweighs the prejudice to the responding party. *Id.*; *see also*

20  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

21        When deciding if good cause exists, courts consider: "whether (1) the plaintiff can identify

22  the missing party with sufficient specificity such that the Court can determine that defendant is a

23  real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous

24  steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could

25  withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable

26  likelihood of being able to identify the defendant through discovery such that service of process

27  would be possible." *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL, 2012 WL

28  1094653, at *2 (N.D. Cal. Mar. 30, 2012); *see also Columbia Ins. Co. v. seescandy.com*, 185

United States District Court
Northern District of California

F.R.D. 573 (N.D. Cal. 1999).

Plaintiff's petition does not address any of the factors enumerated in *Hard Drive Prods., Inc.*. Plaintiff's petition is denied without prejudice. If Plaintiff files a new request to serve a third-party subpoena prior to a Rule 26(f) conference, the submission must address the deficiencies identified in this order. Specifically, Plaintiff must submit briefing and evidence addressing the factors enumerated in *Hard Drive Prods., Inc.*. As explained above, the court has determined that it makes sense to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915 after it rules on Plaintiff's petition. However, if the court does not receive a new request to serve a third-party subpoena **by June 12, 2023**, it will screen the complaint based on the current record.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: May 22, 2023

_____
Donna M. Ryu
Chief Magistrate Judge