| | | |
|---|---|---|
| David Stebbins (pro se Plaintiff) | 123 W. Ridge Ave., APT D | Harrison, AR 72601 |
| | (870) 212-4947 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                                 PLAINTIFF

VS.                                            Case 4:23-cv-00321-DMR

SYDNEY REDFIELD                                                                                       DEFENDANTS

## UPDATE OF DEFENDANT'S NAME AND ADDRESS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Notice of the Defendant's name and most likely address.

The Court advised me that, before I can get a subpoena duces tecum, I am required to demonstrate that I have made reasonable efforts to find the elusive defendant. See Dkt. 10, p. 2, lines 23-24. To this end, I have conducted some research. I recently learned that SidAlpha has already publicly admitted, of his own accord, that his legal name is "Sidney Redfield." See https://www.givesendgo.com/SidAlpha ("The funds from this campaign will be received by Sidney Redfield").

Armed with this knowledge, I conducted searches on the websites of www.spokeo.com and www.beenverified.com. All things considered, I believe his most likely address is …

1430 Forest Siding Rd

Sandpoint, ID 83864

The Court has stated that it still wishes to conduct a § 1915 review of the Complaint for sufficiency. Now that the Defendant's name and address are known, I patiently await the Court's ruling on that matter.

If service of process is attempted on that address, only for it to be revealed that Redfield no longer lives there, I will take the Court up on its offer to re-file the Motion for Issuance of Subpoena Duces Tecum. In the meantime, however, I patiently await the Court's finding regarding the sufficiency of the Complaint. Please remember that (A) pro se complaints are to be construed more liberally than those drafted by attorneys (see Haines v. Kerner, 404 US 519

(1972)), and at least one leave to amend – with *specific* findings of deficiency (not simply stating that the first Complaint "isn't good enough") – should be freely given in the absence of futility of correction (see Foman v. Davis, 371 US 178 (1962)).

So notified on this, the 22nd day of May, 2023.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
