UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No. 23-cv-00321-DMR<br><br>**ORDER TO SHOW CAUSE RE: PROPER VENUE** |

Self-represented Plaintiff David A. Stebbins filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on January 10, 2023. [Docket Nos. 1, 2.] Plaintiff also filed a "petition for issuance of subpoena duces tecum." [Docket No. 6.] The petition sought leave to serve a subpoena on a third party, Google LLC, to determine the identity and address of Defendant John Doe. On May 22, 2023, the court granted Plaintiff's IFP application and explained that it would first review Plaintiff's petition for issuance of subpoena duces tecum prior to screening the complaint under 28 U.S.C. § 1915. [Docket No. 10.] The court then denied the petition without prejudice to Plaintiff's ability to file a new request addressing the deficiencies identified in its order. Plaintiff subsequently filed a notice updating the court with Defendant's name and address. [Docket No. 11.] The notice asserts that Defendant's name is Sidney Redfield and his "most likely address" is located in Sandpoint, Idaho. *Id.*

Having considered Plaintiff's papers, the court issues this order to show cause why the case should not be transferred because the case does not appear to be appropriately venued in the Northern District of California. Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff is an active user of streaming services YouTube and Twitch. Compl. ¶ 1. He is a

resident of Arkansas. *Id.* ¶ 3. Plaintiff alleges ten counts of defamation against a YouTube user known as "SidAlpha." *Id.* ¶ 2. Specifically, he contends that on February 12, 2022, SidAlpha posted a video on his YouTube channel "dedicated to smearing" him. *Id.* ¶ 7. As mentioned above, Plaintiff now contends that Defendant's name is Sidney Redfield and that he resides in Sandpoint, Idaho. [Docket No. 11.]

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In a defamation case like this one, courts tend to focus on where the alleged defamation occurred and where the harm was felt to determine the location of "a substantial part of the events" under section 1391(b)(2). 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3806 (4th ed.); *see also Van Deelen v. Bloomberg, L.P.*, No. CV 20-00239-TFM-B, 2021 WL 401201, at *3 (S.D. Ala. Jan. 8, 2021), *report and recommendation adopted*, No. 1:20-CV-0239-TFM-B, 2021 WL 400541 (S.D. Ala. Feb. 3, 2021) (collecting cases in which courts have applied section 1391(b)(2) to internet defamation cases and concluding that venue is proper "where the writing occurred" and "in the district where the injured party resides and the defamatory statements were published").

Plaintiff's allegations do not support venue in this district under any of the three venue provisions set forth in 28 U.S.C. § 1391(b): (1) none of the parties reside in the Northern District of California; (2) Plaintiff does not allege that Defendant published the video at issue in this district, or that Plaintiff suffered any injury resulting from the video in this district; and (3) even if there was no district in which the action may otherwise be brought, it also appears that the court lacks personal jurisdiction over Defendant.

Personal jurisdiction is proper if it is "consistent with [California's] long-arm statute and if it comports with due process of law." *Boschetto v. Hansing*, 539 F.3d 1011, 1020-21 (9th Cir. 2008). Under California's long-arm statute, a federal court may exercise personal jurisdiction

2

1  over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code
2  Civ. Proc. § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir.
3  2004). "A district court's exercise of jurisdiction over a nonresident defendant comports with due
4  process when the defendant has at least 'minimum contacts' with the forum and subjecting the
5  defendant to an action in that forum would 'not offend traditional notions of fair play and
6  substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting
7  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

8        The Ninth Circuit applies a three-part test to determine whether specific jurisdiction may
9  be exercised over a defendant consistent with due process principles: (1) the nonresident defendant
10 purposefully directs his activities at the forum or performs some act by which he purposefully
11 avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits
12 and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the
13 nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is
14 reasonable. *Schwarzenegger*, 374 F.3d at 802.

15       Here, Plaintiff alleges that Defendant established minimum contacts with California
16 because the alleged defamation occurred on YouTube, "which is a Californian website." *See*
17 Compl. ¶ 4. Plaintiff further explains that the facts in this case are analogous to a situation in
18 which an individual created a documentary and "reached out to a Californian TV station and
19 solicited them to broadcast the documentary on worldwide television[.]" *Id.* ¶ 5. In that situation,
20 Plaintiff claims, the case "would be a slam dunk . . . for establishing minimum contacts in the state
21 of California." *Id.* Plaintiff concludes that the principle does not change "simply because the host
22 in this case was a Californian website rather than a Californian TV station." *Id.*

23       As a preliminary matter, the Supreme Court has explained that the minimum contacts
24 analysis focuses upon "contacts that the defendant *himself* creates with the forum State" and not
25 the contacts of a third party with whom the defendant is associated. *Walden v. Fiore*, 571 U.S.
26 277, 284 (2014) (emphasis in original). That YouTube is located in California goes to YouTube's
27 contacts with the state, not Defendant's. *See Bradley v. T-Mobile US, Inc.*, No. 17-CV-07232-
28 BLF, 2020 WL 1233924, at *14 (N.D. Cal. Mar. 13, 2020) ("Stripping away Facebook's conduct,

United States District Court
Northern District of California

3

the Court sees no allegations of conduct by Defendants' themselves that occurred in California.")

Second, to satisfy the purposeful-direction element in cases in which tortious conduct—like defamation—is alleged by the plaintiff, the Ninth Circuit requires that the actions of the nonresident defendant be purposefully directed at the forum based on an "effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions occurred within the forum." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citations and quotation marks omitted); *see also Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1071 (D. Ariz. 2010) (applying *Calder* test where plaintiffs alleged that defendants published a defamatory article on the internet). This "effects test," which is based on the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783 (1984), requires that the nonresident defendant (1) commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused harm that the nonresident defendant knew would likely be suffered in the forum state. *Mavrix Photo*, 647 F.3d at 1228.

Apart from alleging that Defendant published a video on YouTube—thus suggesting that Defendant committed an "intentional act" under the first prong of the *Calder* effects test—Plaintiff has not alleged any facts to support that the video was "expressly aimed" at California or that it caused harm that Defendant knew would likely be suffered in California.

Generally, where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). **By July 12, 2023**, Plaintiff is ordered to show cause in writing by explaining why this case is appropriately venued in the Northern District of California and why the court should not recommend that his case be dismissed without prejudice to refiling in the appropriate district. If Plaintiff fails to respond by that date or his response fails to establish that venue is proper, the court will prepare a report and recommendation recommending that a district judge dismiss the case or transfer it to a different district.

//

//

//

4

//

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: June 14, 2023

                                                                                    Donna M. Ryu
                                                                                    Chief Magistrate Judge