David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D   Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                         PLAINTIFF

VS.                          Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                        DEFENDANTS

### MOTION FOR SANCTIONS AND FOR LEAVE TO CONDUCT SERVICE OF PROCESS BY EMAIL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for the Defendant to be Sanctioned and for Leave to Conduct Service of Process by Email.

**Pending Personal Jurisdiction Question**

1. This Court has issued a sua sponte order to show cause, asking me to prove that this Court has personal jurisdiction over the Defendant, and that venue is proper in this Court. I will be providing my response to this show-cause order alongside this motion. In that response, I urge the Court to, at the very least, order jurisdictional discovery before it dismisses the claim outright. See Section J of that response for details.

2. If, in spite of all the evidence and arguments I presented, the Court still sees fit to fully dismiss the action without even so much as jurisdictional discovery, that would render this motion moot. However, even the Court orders even so much as jurisdictional discovery, this motion is still relevant.

**Facts**

3. The Defendant, SidAlpha, absolutely knows about this lawsuit. In fact, to date, he has made not one, but two videos on his YouTube channel discussing it. In his latest video discussing this lawsuit, which you can find here … https://youtu.be/Jc5rDo_LRUY … he acknowledges my attempts to have him served with process at his presumed home in Sandpoint, ID.

4. During this video, he declines to either confirm or deny that I do indeed have the right person. His logic for doing so, however, is a public admission of bad faith and an attempt to

delay and needlessly increase the costs of the litigation. At timestamp 5:48 – 6:21, he admits that his reason for declining to confirm or deny whether I have the correct name and address is primarily because he wants to give me the run-around and make me jump through hoops just complete this initial first stage of the litigation, independently of the merits of the action.

5.  In addition to admitting to this bad faith attempt to delay and needlessly increase the costs of the litigation, simply by making this video at all, he proves beyond any reasonable doubt that he in fact knows about this lawsuit.

6.  Since making that video, SidAlpha has posted in his own Discord server, where he claims that I do not, in fact, have the correct name or address. See **Exhibit A**. Of course, how honest he was being in that Discord conversation is a matter of debate. I do, after all, have impartial records from www.beenverified.com and www.spokeo.com that have a fairly decent track record of providing me with accurate results. See Case 3:22-cv-04082-AGT (Stebbins v. CMDR ImperialSalt), Dkt. 23, and all of its attachments, for an example of when they provided records that have an extremely high chance of being accurate.

7.  However, a very high chance of being accurate is not a guarantee of being accurate. But that's just it: By his own admission, he is intentionally and maliciously trying to get me to second-guess myself!

8.  In addition to that, remember that I pointed out, in Dkt. 11, that Redfield had started a fundraiser to pay for the lawsuit I had filed against him. See www.givesendgo.com/SidAlpha. That page states that he had secured the representation of attorney Bill Richmond, whose profile can be found at https://pcrfirm.com/brichmond.

9.  On May 22, 2023, I sent an email to Mr. Richmond, asking if he would be willing to accept service of process on behalf of his client. See **Exhibit B**. So far, this attorney has not responded to my correspondence in any way, shape, or form. He has not even confirmed or denied that he is representing this individual, let alone refused to accept service on his behalf.

### Sanctions for attempting to cause unnecessary delay

10.  It is common knowledge that public policy says that parties are expected to act in good faith in an attempt to coordinate the litigation and facilitate a speedy and expeditious resolution

on the merits. While defendants are allowed, indeed even expected, to zealously defend their actions in court, they are not supposed to give plaintiffs the run-around on ceremonial issues like service of process. If a defendant believes the lawsuit is frivolous, the appropriate response is to address the merits of the case head-on, not to make the plaintiff jump through hoops just to serve you with process. Bad faith, malicious evading of service of process is almost universally met with rancor by the courts.

11.     Fed.R.Civ.P. 4(d)(2) is one example of this public policy in codified form. Although not directly applicable here, this rule nonetheless illustrates the general public policy disfavoring the evasion of service of process. You can be held liable for the full costs of service of process, independently of the merits of the case being brought against you, if you fail to waive service, unless you have a *genuinely good reason* for not waiving it. And no, the excuse of "the lawsuit was frivolous anyway, so you'd better believe I'm going to make him work for it every step of the way" is not a "genuinely good reason." Again, the appropriate course of action in that case is to argue the merits of the action, possibly on a motion to dismiss, not to give the plaintiff the run-around.

12.     Bear in mind that the Defendant has *admitted* to having this motive. He *admits* that he is doing this primarily to give me the run-around, just to delay and increase the costs of the litigation for its own sake, solely to give me a hard time. This is all proving *by the defendant's own admission*. Therefore, the Court is well within its discretion to issue sanctions against him.

13.     Admittedly, later in that video, the defendant also admits to a different reason why he does not want his personal information made public: The threat of being harassed and targeted by unrelated people. However, if that were in fact his primary concern, that could be avoided through the simple expedient of having his lawyer agree to accept service of process on his behalf. But as I pointed out above, that didn't happen … because his first and foremost objective is to give me as much trouble as possible getting this case underway, just for the sake of giving me as much trouble as possible.

14.     For this reason, I ask that the Court order the Defendant to show cause why he should not be sanctioned for maliciously attempting to drag out the proceeding. The response to this show

cause order can be due the same day his response to the Complaint itself is also due, e.g. once service of process is finally executed on him despite his best efforts to evade it. This leads me to the next section of this motion:

**Service by Email**

15. The Defendant claims that I have gotten the wrong man. His honesty in this matter is questionable at best, and by his own admission, he is just trying to get me to second-guess myself anyway.

16. However, there is one way he can be served that is guaranteed to reach him specifically: If I were to send an email to the email address of sidalpha@sidalpha.com, attaching PDF copies of the summons and complaint (as well as the Court's order to show cause, which I requested above), the defendant would absolutely be served with process.

<u>The Court has discretion to do this.</u>

17. Fed. R. Civ. P. 4(e)(1) grants district courts the power to authorize service of process by any method otherwise authorized in the state courts of the state where the federal district court is located. In this case, that's the state of California.

18. This has already happened before. See Miller v. Ceres Unified Sch. Dist. , No. 1:15-CV-0029-B AM, 2016 WL 4702754 (E.D. Cal. Sept. 7, 2016)[1] as just one example of a federal district court authorizing service by email, even when the defendant is not a foreign national, when attempts to locate the defendant were unsuccessful.

19. The only constitutional requirement for service of process is that it must be reasonably calculated to give actual notice to the defendant of the pending action and afford him an opportunity to defend himself. See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007, 1017 (9th Cir. 2002) (citing Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314 (1950)). This gives district courts broad discretion to authorize service using methods that comport with modern technology. See Rio, supra at 1017 ("Courts ... cannot be blind to changes and advances in technology ... Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very

---

[1] This unpublished opinion can be found at the following url: casetext.com/case/miller-v-ceres-uniified-sch-dist

office, even when the door is steel and bolted shut").

20.   Meanwhile, David Faud writs …

"While service by email or social media may be novel and unorthodox , it is also a practical and realistic method for notifying defendants of pending litigation. Email and social media accounts are free, widely used, and accessible anywhere at any time." See https://abtl.org/report/la/articles/David_Faud_abtl_Reprint.pdf.

<u>Defendant is reasonably calculated to be apprised of the action.</u>

21.   In Case 4:21-cv-04184-JSW (Stebbins v. Polano), Dkt. 102, 104, and 117, the District Court granted my motion for leave to serve Karl Polano by email, while denying without prejudice my motion for leave to serve Raul Mateas by email. The judge did this because I had provided extensive email correspondence with Karl Polano, proving that he regularly checks and responds to emails sent to the email address of sofiannp@hotmail.com, thereby proving that he is likely to be apprised of the action if service of process is sent to that email address, but that I had not provided the same proof of correspondence with Raul Mateas.

22.   In light of this, please find attached **Exhibit C**, providing only a small (but still sizeable) sample of the email correspondence I have engaged in with the defendant through the email address of sidalpha@sidalpha.com. This proves that the defendant is almost certain to be apprised of the action (assuming he isn't apprised already; see next subsection for details) if the summons and complaint are sent to that email address.

<u>Defendant already knows about the litigation.</u>

23.   Remember that the defendant actually and subjectively already knows about this litigation. This is important because we must remember that "service of process" is not a stand alone right that exists for its own sake. It is simply the default means of honoring the Defendant's constitutional right to be notified of the litigation and given a reasonable opportunity to respond accordingly. See Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314-15 (1950). In cases where, as is the case here, the unserved defendant(s) clearly already know of the litigation, service of process becomes merely a formality, at which point, that is typically a factor weighing in favor of granting leave to conduct service by email. See *Miller v. Ceres Unified Sch. Dist.*, Case No. 1:15-cv-0029-BAM, 5 (E.D. Cal. Sep. 7, 2016) ("Indeed, there is little doubt that

Defendant Kimberly Phipps is fully aware of this lawsuit"). See also U.S. ex rel. UXB Int'l, Inc. v. 77 Insaat & Taahhut A.S., No. 7:14-CV-00339, 2015 WL 4208753, at *3 (W.D. Va. July 8, 2015) (holding that email service on owner of Iraqi and Afghan corporat e defendants was proper where owner and defendants were "more than likely" already aware of litigation).

24. At this point, service of process is merely a formality. The Court could probably forego service entirely, and simply post an order, appearing only on Pacer, ordering him to appear within 21 days, and treat that as service effected. While the propriety of that action may be questionable under the Federal Rules of Civil Procedure, the Defendant's *constitutional* right to notice would still be satisfied. Service, even by email, is merely a box that needs to be checked simply because "that's the law," while serving no actual pragmatic function.

<u>I am not required to exhaust all other methods of service before requesting this.</u>

25. The Court may feel apprehensive about authorizing service by email, primarily because I have not yet fully exhausted all conventional methods of service of process. However, it is important to note that exhaustion is not required.

26. The 9th Circuit has recognized that service bye mail "is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process." See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007, 1015 (9th Cir. 2002). Bear in mind that "[t]he goal of Fed. R. Civ. P. 4 is to 'to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process.'" Miller v. Ceres Unified Sch. Dist., Case No. 1:15-cv-0029-BAM, 4 (E.D. Cal. Sep. 7, 2016) (citing Electrical Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir. 1992)).

27. As such, permitting service by email, even when I have not totally exhausted all other methods, is well within the Court's discretion and does not at all violate principles of due process.

28. Many years ago, service on an elusive defendant was typically handled by publishing a copy of the summons and complaint in the local newspaper. Of course, the odds that the Defendant would *actually see* that notice was astronomical. As such, it made sense that such

service should only be authorized as a last resort. It was better than nothing, but "nothing" really is the only thing it's better than.

29.     By contrast, service by email or by social media does not have that same problem. Whereas service by publication in a newspaper had an extremely low chance of actually reaching the defendant, service by email or social media accounts that the defendant regularly uses has a very low chance of *not* reaching him. As such, courts and law firms all over the nation are quickly beginning to champion service by email and/or social media as an adequate means of service of process. See …

- https://www.findlaw.com/legalblogs/law-and-life/can-you-serve-someone-with-a-lawsuit-via-twitter/
- https://ubaltlawreview.com/2017/01/20/youvebeenserved-court-holds-twitter-as-an-acceptable-method-of-service-of-process/
- https://www.dgrlegal.com/service-process-twitter-whatsapp/
- https://lawandcrime.com/lawsuit/a-tweet-is-now-apparently-an-acceptable-way-to-notify-someone-of-a-lawsuit/
- https://klosslaw.com/service-via-unconventional-means/
- https://undisputedlegal.com/how-to-serve-legal-papers-on-facebook/
- https://www.jglaw.law/resources/articles/service-of-legal-papers-via-facebook-yes/

30.     This court should likewise adopt a similar philosophy.

31.     Even in the already low chance that the service of process doesn't reach him somehow (e.g. if the email gets sent to his spam folder), we must remember that the Defendant *in this case* clearly already knows about the lawsuit. Once I post the proof of service on Pacer, there is a 100% chance he will see that, even if he didn't receive the email in the first instance.

Leave Requested

32.     Therefore, the Court should grant me leave to serve process by email. If granted, I will send an email to sidalpha@sidalpha.com, attaching copies of the summons, complaint, and (if the Court issues this order) the order to show cause why he should not be sanctioned for attempting to cause needless delay in the litigation by evading service of process. I will then file

a notice with the Court, attaching a screenshot, with the attachments visible, proving that I have done this, similar to what I did in Case 4:21-cv-04184-JSW, Dkt. 118.

33.     From there, I ask that the Court declare service of process as having been effected on the Defendant, and that the 21 day time limit for him to respond begin to run the day after that, pursuant to Fed.R.Civ.P. 6(a)(1)(A).

34.     If the Defendant wishes to object to service by email, he is free to file a Motion pursuant to Fed.R.Civ.P. 12(b)(4) or 12(b)(5). But that would still require he make an appearance in this case and stop giving me the run-around.

## CONCLUSION

35.     Wherefore, premises considered, I respectfully pray that the Defendant be sanctioned for his intentional and malicious attempts to needlessly delay and increase the costs of the litigation, that I be granted leave to serve the defendant by email,

So requested on this, the 28th day of June, 2023.

<i>/s/ David Stebbins</i><br>
David Stebbins (pro se)