UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No. 23-cv-00321-DMR<br><br>**ORDER ON RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 13, 14 |

    Self-represented Plaintiff David A. Stebbins filed a complaint against Defendant John Doe on January 10, 2023. [Docket No. 1.] On May 20, 2023, Plaintiff filed a notice updating the court with Defendant's name and address. [Docket No. 11.] The notice asserted that Defendant's name is Sidney Redfield and his "most likely address" is in Sandpoint, Idaho. *Id.* The court subsequently ordered Plaintiff to show cause in writing by explaining why this case is appropriately venued in the Northern District of California and why the court should not recommend that his case be dismissed without prejudice to refiling in the appropriate district. [Docket No. 12.] Plaintiff timely responded on June 28, 2023. [Docket No. 13 ("Resp. to OSC").] He also filed a motion for sanctions against Defendant and for leave to conduct service of process by email. [Docket No. 14 ("Mot.").]

    In response to the order to show cause, Plaintiff now asserts that "there is a slight possibility I might have identified the wrong person with Dkt. 11. The defendant has since posted a video hinting at the possibility that I got the wrong man with that identification." Resp. to OSC ¶ 1. Plaintiff contends that this new information "has the potential to invalidate this response. At this point, we might as well be back to where we previously [started], with me not knowing the defendant's true identity[.]" *Id.* ¶ 2. He concludes that "there is still the possibility that [defendant] may reside in California[.]" *Id.* ¶ 3.

1    Plaintiff's position on Defendant John Doe has been somewhat of a moving target. At
2    first, Plaintiff filed a "petition for issuance of subpoena duces tecum," seeking leave to serve a
3    subpoena on a third party, Google LLC, to determine the identity and address of Defendant John
4    Doe. [Docket No. 6.] When the court denied the petition without prejudice to Plaintiff's ability to
5    file a new request addressing the deficiencies identified in its order dated May 22, 2023, Plaintiff
6    changed course and filed a notice updating the court with Defendant's name and address. [Docket
7    No. 11.] Now, Plaintiff contends that he may not know Defendant's identity or location after all
8    and speculates that Defendant may reside in California. Resp. to OSC. In addition, he moves for
9    leave to conduct service of process by email and for sanctions against Defendant.

10   In support of his motion for leave to conduct service of process by email, Plaintiff cites
11   cases in which courts have permitted service of process by email on a foreign defendant, *see, e.g.*,
12   *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F. 3d 1007 (9th Cir. 2002), case no. 4:21-cv-
13   04184-JSW (*Stebbins v. Polano*), Dkt. No. 117, or upon a showing by the plaintiff that the
14   defendants could not be located or served through other means despite reasonable and diligent
15   attempts to do so. *See, e.g.*, *Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016
16   WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (authorizing service by email on defendant located in
17   the United States where plaintiff described numerous failed attempts at multiple addresses, and the
18   court found there was evidence that defendant was evading service).

19   Plaintiff does not allege that Defendant is located outside of the United States, nor has he
20   made a showing of reasonable diligence. Plaintiff makes several allegations regarding
21   Defendant's knowledge of the lawsuit and his unwillingness to confirm that Plaintiff has identified
22   the right person. *See, e.g.*, Mot. ¶ 4 (noting that in video posted on YouTube, "[Defendant
23   SidAlpha] admits that his reason for declining to confirm or deny whether I have the correct name
24   and address is primarily because he wants to give me the run-around and make me jump through
25   hoops"), ¶¶ 8-9 (explaining that Defendant, purportedly identified as Redfield, started an online
26   fundraiser to pay for this lawsuit, noted that he retained attorney Bill Richmond, but Richmond
27   has so far not responded to Plaintiff's correspondence or confirmed that he represents Redfield).
28   These allegations, in addition to being speculative, do not establish that Defendant is

evading service as opposed to declining to help Plaintiff effect service. For example, Plaintiff acknowledges that Defendant has also refused to provide his personal information on YouTube due to concerns of being harassed or targeted by "unrelated people." Mot. ¶ 13. Accordingly, Plaintiff's request to serve Defendant via email is denied.

For the same reasons, Plaintiff's motion for sanctions against Defendant is denied. Specifically, Plaintiff has not provided a legal basis for sanctioning Defendant on these facts, where there is no evidence that Defendant is evading service.

As Plaintiff points out, because he now claims that he does not know Defendant's identity or location, "we might as well be back to where we were previously [started], as of Dkt. 10." Resp. to OSC ¶ 2. At Docket No. 10, the court denied Plaintiff's petition for issuance of subpoena duces tecum without prejudice, explaining that Plaintiff's petition did not address any of the factors enumerated in *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL, 2012 WL 1094653, at *2 (N.D. Cal. Mar. 30, 2012). The court permitted Plaintiff to file a new request to serve a third-party subpoena prior to a Rule 26(f) conference, instructing him that the new filing must include briefing and evidence addressing the factors enumerated in *Hard Drive Prods., Inc.*

This order incorporates the court's previous instructions in Docket No. 10. Plaintiff must now follow those instructions. If the court does not receive a new request to serve a third-party subpoena by **September 13, 2023**, it will screen the complaint pursuant to 28 U.S.C. § 1915 based on the current record.

**IT IS SO ORDERED.**

Dated: August 23, 2023

Donna M. Ryu
Chief Magistrate Judge