1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID A. STEBBINS,                      Case No. 23-cv-00321-DMR

8              Plaintiff,

9         v.                                 **ORDER DENYING PLAINTIFF'S
                                             MOTION FOR EARLY DISCOVERY
10   JOHN DOE,                               WITHOUT PREJUDICE**

11             Defendant.                    Re: Dkt. No. 19

12        Plaintiff David A. Stebbins filed a complaint and an application for leave to proceed *in

13   forma pauperis* ("IFP") on January 20, 2023, along with a motion for issuance of a subpoena

14   duces tecum on February 7, 2023.  [Docket Nos. 1 ("Compl."), 2, 6.]  On May 22, 2023, the court

15   granted Plaintiff's IFP application and explained that it would review Plaintiff's motion prior to

16   screening the complaint under 28 U.S.C. § 1915.  The court denied the motion without prejudice

17   to Plaintiff's ability to file a new motion with briefing and evidence addressing the factors

18   enumerated in *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573 (N.D. Cal. 1999).  [Docket

19   No. 10.]

20        Plaintiff subsequently filed this second motion on September 27, 2023, seeking leave to

21   serve a subpoena on third-party YouTube LLC to determine the identity and address of Defendant

22   John Doe.[1]  [Docket No. 19 ("Mot. for Subpoena") ¶ 4.]  This matter is suitable for determination

23   without oral argument.  Civil L.R. 7-1(b).  For the following reasons, the motion for leave to issue

24   a subpoena is denied without prejudice.

25

26

27   [1] Plaintiff's motion asks the court to issue a subpoena addressed to YouTube LLC, but Plaintiff's
     proposed subpoena is addressed to Google LLC.  *Compare* Mot. for Subpoena ¶ 4, *with* Docket
28   No. 19-2.  To the extent Plaintiff intends to address the subpoena to YouTube LLC's owner, he
     must explain this in any future motion for early discovery.

United States District Court
Northern District of California

1

## I.    DISCUSSION

2          Plaintiff is an active user of streaming services YouTube and Twitch.  Compl. ¶1.  He

3   alleges ten counts of defamation against John Doe, an anonymous YouTube user known as

4   "SidAlpha."  *Id.* ¶ 2.  Plaintiff contends that John Doe is a member of the YouTube Partner

5   Program.  He asserts that John Doe's legal name and current address are on file with YouTube and

6   Google, so that the companies can send him monthly payments earned through channel

7   memberships, ad revenue, and other sources.  Mot. for Subpoena ¶¶ 1-3.

8          A court may authorize discovery before the Federal Rule of Civil Procedure 26(f)

9   conference "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R.

10   Civ. P. 26(d)(3).  Courts have permitted "limited discovery . . . after [the] filing of the complaint

11   to permit the plaintiff to learn the identifying facts necessary to permit service on the

12   defendant."  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see*

13   *also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the true identity of the

14   defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an

15   opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

16   would not uncover the identities, or that the complaint would be dismissed on other grounds").

17          The plaintiff must show good cause for early discovery.  *Semitool, Inc. v. Tokyo Electron*

18   *Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for

19   expedited discovery, in consideration of the administration of justice, outweighs the prejudice to

20   the responding party."  *Id.*; *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066

21   (C.D. Cal. 2009) ("The party seeking expedited discovery . . . has the burden of showing good

22   cause for the requested departure from usual discovery procedures" (quoting *Qwest Commc'ns*

23   *Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).  Courts examine

24   whether the plaintiff (1) has "identif[ied] the missing party with sufficient specificity such that the

25   Court can determine that the defendant is a real person or entity who can be sued in federal court,"

26   (2) recounted "all previous steps taken to locate the elusive defendant," (3) established that the

27   action can withstand a motion to dismiss, and (4) demonstrated a "reasonable likelihood that the

28   discovery process will lead to identifying information about [the] defendant that would make

United States District Court
Northern District of California

United States District Court
Northern District of California

1  service of process possible." *Columbia,* 185 F.R.D. at 578-80.

2         As an initial matter, Plaintiff's motion does not comply with Local Rule 7-5(a), which

3  provides that "[f]actual contentions made in support of . . . any motion must be supported by an

4  affidavit or declaration and by appropriate references to the record," and that "evidentiary matters

5  must be appropriately authenticated by an affidavit or declaration."  For example, Plaintiff

6  contends that he has "made reasonable efforts to locate SidAlpha's address using Spokeo and

7  BeenVerified.  However, I cannot say with 100% certainty that the search results are accurate."

8  Mot. for Subpoena ¶ 9.  Without the benefit of admissible evidence to support these factual

9  contentions, the court cannot evaluate whether Plaintiff satisfies the second and fourth *Columbia*

10  requirements.  *See Bellwether Coffee Co. v. Does 1-5*, No. 21-03612-JSC, 2021 WL 2333848, at

11  *1 (N.D. Cal. June 8, 2021) ("Generally, ex parte applications for early discovery are

12  accompanied by declarations [sworn under penalty of perjury] which explain the party's efforts to

13  determine the individual's identity and why the plaintiff believes that subpoenas to particular

14  service providers would yield information regarding a defendant's identity.").

15         Having evaluated Plaintiff's motion for early discovery "in light of all the surrounding

16  circumstances," *Semitool*, 208 F.R.D. at 275 (cleaned up), the court finds that Plaintiff has failed

17  to satisfy his burden to show good cause to take early discovery.  Specifically, Plaintiff has not

18  demonstrated under the first and third *Columbia* requirements that the court likely has personal

19  jurisdiction over the Doe Defendant.  *See Columbia Ins. Co.*, 185 F.R.D. at 578 (explaining that

20  the first factor "is necessary to ensure that federal requirements of jurisdiction and justiciability

21  can be satisfied").

22         Plaintiff has adequately identified Defendant's online alias to establish that he is a real

23  person who may be sued.  Comp. ¶ 2; Mot. for Subpoena ¶ 1, 8.  However, Plaintiff has not

24  sufficiently shown that Defendant may be sued in this court.  The complaint summarily alleges

25  that "[t]his Court has both venue and personal jurisdiction because the Northern District of

26  California is where the defamation primarily occurred.  It happened on YouTube, which is a

27  Californian website.  Therefore, the defendant has established minimum contacts in the State of

28  California."  Compl. ¶ 4.

United States District Court
Northern District of California

1      Personal jurisdiction is proper if it is "consistent with [California's] long-arm statute and if

2   it comports with due process of law." *Boschetto v. Hansing*, 539 F.3d 1011, 1020-21 (9th Cir.

3   2008).  Under California's long-arm statute, a federal court may exercise personal jurisdiction

4   over a defendant to the extent permitted by the Due Process Clause of the Constitution.  Cal. Code

5   Civ. Proc. § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir.

6   2004).  "A district court's exercise of jurisdiction over a nonresident defendant comports with due

7   process when the defendant has at least 'minimum contacts' with the forum and subjecting the

8   defendant to an action in that forum would 'not offend traditional notions of fair play and

9   substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting

10  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Minimum contacts may be established

11  through a showing of either general or specific jurisdiction.  *Schwarzenegger*, 374 F.3d at 801.

12  The court considers both bases for personal jurisdiction and finds that neither is satisfied.

13          **A.      General Jurisdiction**

14          Plaintiff has not shown the existence of general jurisdiction.  "For an individual, the

15  paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a

16  corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."

17  *Bristol-Myers*, 137 S. Ct. at 1780.  Plaintiff alleges that he is a resident of Arkansas and that

18  "SidAlpha is almost certainly a resident of a different state."  Compl. ¶ 3.  On June 28, 2023, in

19  response to this court's order to show cause, Plaintiff asserts in passing that "there is still the

20  possibility that [defendant] may reside in California[.]"  [Docket No. 13 ¶ 3.]  Plaintiff does not

21  offer any facts in his complaint, his response to the court's order to show cause, or this motion

22  from which the court may infer that Defendant is in fact domiciled in California.

23          Other courts in this district have allowed early discovery to go forward to identify online

24  doe defendants after the plaintiffs demonstrated that they used geolocation technology to trace the

25  defendants' IP addresses to physical locations within the Northern District of California.  *See, e.g.*,

26  *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-00294-SI, 2021 WL 493395, at *1 (N.D. Cal. Feb. 10,

27  2021).  There is no indication in Plaintiff's papers that he previously attempted to trace

28  Defendant's IP address or other information to a California address.  Accordingly, there is nothing

4

1    from which the court can infer the existence of general jurisdiction.

2       **B.      Specific Jurisdiction**

3       The Ninth Circuit applies a three-part test to determine whether specific jurisdiction may

4    be exercised over a defendant consistent with due process principles: (1) the nonresident defendant

5    purposefully directs his activities at the forum or performs some act by which he purposefully

6    avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits

7    and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the

8    nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is

9    reasonable. *Schwarzenegger*, 374 F.3d at 802.

10      To satisfy the purposeful-direction element in cases in which tortious conduct— like

11   defamation—is alleged by the plaintiff, the Ninth Circuit requires that the actions of the

12   nonresident defendant be purposefully directed at the forum based on an "effects test that focuses

13   on the forum in which the defendant's actions were felt, whether or not the actions occurred within

14   the forum." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)

15   (citations and quotation marks omitted); *see also Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d

16   1068, 1071 (D. Ariz. 2010) (applying *Calder* test where plaintiffs alleged that defendants

17   published a defamatory article on the internet).  This "effects test," which is based on the Supreme

18   Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), requires that the nonresident defendant

19   (1) commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused

20   harm that the nonresident defendant knew would likely be suffered in the forum state. *Mavrix*

21   *Photo*, 647 F.3d at 1228.

22      While the complaint alleges that Defendant published a video on YouTube—thus

23   suggesting that Defendant committed an "intentional act" under the first prong of the *Calder*

24   effects test—it does not allege any facts to support that the video was "expressly aimed" at

25   California.  At most, Plaintiff alleges that Defendant established minimum contacts with

26   California because the alleged defamation occurred on YouTube, "which is a Californian

27   website."  Compl. ¶ 4.  Plaintiff explains that the facts in this case are analogous to a situation in

28   which an individual created a documentary and "reached out to a Californian TV station and

United States District Court
Northern District of California

1  solicited them to broadcast the documentary on worldwide television[.]" *Id.* ¶ 5.  In that situation,

2  Plaintiff claims, the case "would be a slam dunk . . . for establishing minimum contacts in the state

3  of California." *Id.*  Plaintiff concludes that the principle does not change "simply because the host

4  in this case was a Californian website rather than a Californian TV station." *Id.*  Plaintiff's motion

5  does not address the issue of personal jurisdiction.[2]

6       Although courts have "struggled with the question whether tortious conduct on a nationally

7  accessible website is expressly aimed at any, or all, of the forums in which the website can be

8  viewed," *Mavrix Photo, Inc.*, 647 F.3d at 1229, most courts have concluded that a plaintiff cannot

9  rely on a defendant's relationships with third parties headquartered in California to establish that

10  the defendant directed its intentional acts towards the forum state.  *See Good Job Games Bilism*

---

[2] The court raised the issue of personal jurisdiction for the first time in its order to show cause why the case should not be transferred because the case did not appear to be appropriately venued in the Northern District of California.  [Docket No. 12.]  The court issued its order after Plaintiff filed a notice updating the court with Doe Defendant's purported name and address, claiming that Doe Defendant's name was Sidney Redfield and his "most likely address" was located in Sandpoint, Idaho.  [Docket No. 11.]  In response to the order to show cause, Plaintiff changed course, asserting that "there is a slight possibility I might have identified the wrong person with Dkt. 11. The defendant has since posted a video hinting at the possibility that I got the wrong man with that identification."  [Docket No. 13 ("Resp. to OSC") ¶ 1.]  Accordingly, the court ordered Plaintiff to file a new motion to serve a third-party subpoena prior to a Rule 26(f) conference.  [Docket No. 16.]

While the instant motion does not make any argument in connection with personal jurisdiction, Plaintiff's earlier response to the order to show cause argues that Defendant "specifically targeted YouTube as the forum for his publication."  Resp. to OSC ¶¶ 8-10.  In light of Plaintiff's self-represented status, the court liberally construes this portion of the response to the order to show cause as part of Plaintiff's current motion to issue a third-party subpoena.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

In response to the order to show cause, Plaintiff argued that Defendant "expressly aimed" his video at California because he posted the video at issue on YouTube, a California website.  Resp. to OSC ¶¶ 8-10.  In support, Plaintiff relied on *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), insisting that "[t]here is no reason inherent in the technological features of cyberspace why . . . defamation law should apply differently in cyberspace than in the brick and mortar world." *See Id.* ¶ 10.  *Batzel* is inapposite because it analyzed "whether, and if so, under what circumstances a moderator of a listserv and operator of a website who posts an allegedly defamatory e-mail authored by a third party can be held liable for doing so."  333 F.3d at 1020.  While the Ninth Circuit also reviewed a novel procedural question – whether the denial of an anti-SLAPP motion filed pursuant to California law can be appealed prior to a final judgment in the underlying case – it expressly declined to review the denial of a website operator's motion to dismiss for lack of personal jurisdiction as an issue pendent to the appeal of the denial of his anti-SLAPP motion.  In other words, *Batzel* does not shed light on the court's personal jurisdiction analysis.

1    *Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1207 (N.D. Cal. 2020), *rev'd*

2    *and remanded on other grounds,* No. 20-16123, 2021 WL 5861279 (9th Cir. Dec. 10, 2021)

3    (collecting cases).  In *Good Job Games*, the plaintiff argued that the defendant "expressly aimed

4    its infringing act to California by: (1) contracting to distribute its game through Apple and Google,

5    both of which have headquarters in California; (2) making its game available to users in

6    California; (3) advertising the game with California-based companies like Facebook; and (4)

7    offering the game in English."  *Id.* at 1207.  The court was not persuaded, reasoning that:

8    
9    
10   
11   
12   
> The relationship between [defendant] and California is attenuated and merely coincidental . . . Instead, it is more accurate to say that [defendant] utilized Apple and Google because they arguably have a virtual monopoly on the channels in which developers can distribute application-based software—not because they have offices in California. [Plaintiff] has not identified anything unique about California that caused [defendant] to target this forum state. In other words, [defendant] did not target California; it targeted Apple and Google, which happened to be headquartered in California.

13   *Id.*  For similar reasons, this court concurs that the location of third-party YouTube's headquarters

14   fails to establish that Defendant expressly aimed his activities at California.  *See also DFSB*

15   *Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) ("While the location of these

16   companies is relevant for lawsuits directly involving the companies, the Court is unpersuaded that

17   the headquarters of these Internet companies establishes that Defendant expressly aimed his

18   infringing activities at the California market.").

19         Because the court finds that Plaintiff has not satisfied the second prong of the *Calder* test

20   by establishing that Defendant's acts were expressly aimed at the forum state, it does not reach the

21   third prong of the *Calder* test, i.e., foreseeable harm.  *Schwarzenegger*, 374 F.3d at 807.

22         In sum, Plaintiff has not established good cause to issue the subpoena to discover Doe

23   Defendant's identity because he has not shown that the court has personal jurisdiction over the

24   Doe Defendant such that Defendant may be sued in this court.  For the same reason, Plaintiff has

25   failed to satisfy the third factor of the *Columbia* test to the extent that he has not demonstrated that

26   the action can withstand a motion to dismiss due to lack of personal jurisdiction over the Doe

27   Defendant.  Plaintiff's ex parte application for early discovery is therefore denied without

28   prejudice.  *See JT Foxx Org. v. Palmer*, No. 17-CV-02661-DMR, 2017 WL 3617111, at *6 (N.D.

1   Cal. Aug. 23, 2017) (denying motion for early discovery without prejudice for failure to

2   demonstrate personal jurisdiction over Doe defendant).

3   **II.      CONCLUSION**

4          For the foregoing reasons, the court denies Plaintiff's second motion for early discovery

5   without prejudice.  The case cannot go forward without identifying and serving the Doe

6   Defendant.  Therefore, if Plaintiff does not file a third motion for early discovery by **December**

7   **15, 2023**, the court will issue a report and recommendation that the case be dismissed without

8   prejudice for failure to prosecute.

9          **IT IS SO ORDERED.**

10  Dated: November 15, 2023

11  _____
                                                         Donna M. Ryu
12                                                      Chief Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California