UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No. 23-cv-00321-DMR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 23 |

Plaintiff David A. Stebbins filed a complaint and an application for leave to proceed in forma pauperis ("IFP") on January 20, 2023, along with a motion for issuance of a subpoena duces tecum on February 7, 2023. [Docket Nos. 1 ("Compl."), 2, 6.] He alleges ten counts of defamation against an anonymous YouTube user known as "SidAlpha." Compl. ¶ 2. Specifically, Plaintiff contends that on February 12, 2022, SidAlpha posted a video on his YouTube channel "dedicated to smearing" him. *Id.* ¶ 7.

On May 22, 2023, the court granted Plaintiff's IFP application and explained that it would review Plaintiff's motion for early discovery prior to screening the complaint under 28 U.S.C. § 1915. The court denied the motion without prejudice to Plaintiff's ability to file a new motion with briefing and evidence addressing the factors enumerated in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999). [Docket No. 10.] Plaintiff subsequently filed a second motion on September 27, 2023, seeking leave to serve a subpoena on third-party YouTube LLC to determine the identity and address of Defendant John Doe. On November 15, 2023, the court denied the motion and instructed Plaintiff that if he planned to file a third motion for early discovery, he needed to do so by December 15, 2023. [Docket No. 22 (the "November 15 Order").] Plaintiff then filed the present motion for leave to file a motion for reconsideration of the court's November 15, 2023 Order. [Docket No. 23 ("Mot.").]

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.  N.D. Civ. L.R. 7-9(b)(1)-(3).

Plaintiff moves for leave to file a motion for reconsideration of the court's denial of his second motion to issue a subpoena due to the absence of personal jurisdiction over the Doe Defendant.  *See* November 15 Order at 7.  He argues that reconsideration is warranted based on the court's "manifest failure" to "consider material facts or dispositive legal arguments which were presented to the Court."  Mot. at 1.

As noted in the November 15 Order, Plaintiff's second motion for leave to issue a subpoena did not present argument regarding personal jurisdiction, even though the court had raised the issue in an earlier order to show cause.  November 15 Order at 6.  Plaintiff's response to the order to show cause argued that Defendant "specifically targeted YouTube as the forum for his publication."  [Docket No. 13 ("Resp. to OSC") ¶¶ 8-10.]  Due to Plaintiff's self-represented status, the court liberally construed that portion of the response to the order to show cause as part of Plaintiff's motion to issue a subpoena.  November 15 Order at 6, n.2.  The court ultimately rejected Plaintiff's argument that Defendant "expressly aimed" his video at California by posting the video at issue on YouTube, a California website.  *Id.*

Plaintiff now argues the court failed to consider other arguments he made related to personal jurisdiction.  Mot. at 1.  Plaintiff cites Docket No. 17 in asserting that he provided "a slew of other arguments for personal jurisdiction[.]"  Mot. at 1.  Docket No. 17 is a motion to extend Plaintiff's time to file a second motion for early discovery and does not contain any argument in connection with personal jurisdiction.  The court assumes Plaintiff intended to refer to Docket No. 13 – Plaintiff's response to the court's order to show cause why the case should not be transferred because the case did not appear to be appropriately venued in the Northern District of California.  Plaintiff points to the following arguments made in response to the court's order to

2

show cause: 1) Defendant conducts substantial business in California, 2) Plaintiff's reputational injury was felt primarily in California, 3) a "good portion" of the conduct alleged in Defendant's video occurred in California, 4) the video was distributed in California, and 5) Defendant used California sources to create the video. Mot. at 1; *see also* Resp. to OSC.

The November 15 Order found that Plaintiff failed to establish specific jurisdiction under the *Calder* "effects" test, which requires that a nonresident defendant (1) commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused harm that the nonresident defendant knew would likely be suffered in the forum state. November 15 Order at 5-7. Specifically, the court found Plaintiff did not satisfy the second prong of the *Calder* test by establishing that Defendant's acts were expressly aimed at California. *Id.* at 7.

The additional arguments raised in Plaintiff's response to the order to show cause do not change the court's conclusion that Plaintiff failed to establish Defendant's video was "expressly aimed" at California. First, Plaintiff claims that Defendant conducts substantial business in California because his YouTube channel is part of the YouTube Partner Program and he has accounts with Patreon and www.gofundme.com. Resp. to OSC ¶¶ 14-17. Plaintiff appears to argue that because all three of these online platforms are headquartered in California, Defendant conducts substantial business in the forum state. *Id.* He contends this substantial activity is sufficient to subject Defendant to specific jurisdiction in California. *Id.* ¶ 19.

As explained in the November 15, 2023 Order, a plaintiff cannot rely on a defendant's relationships with third parties headquartered in California to establish that the defendant directed its intentional acts towards the forum state. *See Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1207 (N.D. Cal. 2020), *rev'd and remanded on other grounds*, No. 20-16123, 2021 WL 5861279 (9th Cir. Dec. 10, 2021) (collecting cases); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) ("While the location of these companies is relevant for lawsuits directly involving the companies, the Court is unpersuaded that the headquarters of these Internet companies establishes that Defendant expressly aimed his infringing activities at the California market.").

Next, Plaintiff argues Defendant's video concerned, at least in part, two lawsuits filed by

3

Plaintiff in this district. *See* Resp. to OSC ¶¶ 34-36. Plaintiff relies on *Calder v. Jones*, 465 U.S. 783 (1984) to argue that because some of the conduct alleged in Defendant's video occurred in California, the court may exercise specific jurisdiction over Defendant. *Id.*

*Calder* is inapposite because it stands for the proposition that specific jurisdiction may be upheld when a forum resident suffers injuries in that forum from the defendant's intentional tort. The plaintiff in *Calder* was a California resident whose television career was centered in California. Because the allegedly libelous story concerned "the California activities of a California resident," the Supreme Court found that California was "the focal point" of the story as well as the harm suffered. 465 U.S. at 788-89. In contrast here, Plaintiff is a resident of Arkansas. Compl. ¶ 3. Plaintiff offers no authority to support a finding of express aiming on these or similar facts.

Plaintiff also claims that Defendant's video was watched "over 168,000 times" and it is "inevitable that at least *some* of those views will be from California." *See* Resp. to OSC ¶¶ 37-48 (arguing that Defendant's YouTube video was "almost certainly" distributed in California). As an initial matter, Plaintiff does not comply with Local Rule 7-5(a), which provides that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record," and "evidentiary matters must be appropriately authenticated by an affidavit or declaration." Without admissible evidence to support these factual contentions, Plaintiff's argument is not persuasive.

In addition, Plaintiff concedes Defendant's video was "automatically distributed in California, simply by reason of it being on YouTube[.]" Resp. to OSC ¶ 42. In other words, Plaintiff offers no evidence suggesting that Defendant has been appealing to or targeting a California audience specifically. *Compare Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 772 (1984) (cited by Plaintiff; finding sufficient contacts where national publication "continuously and deliberately exploited the [forum] market"). Plaintiff suggests the court should ignore this "glaring problem" unless Defendant can "give a plausible reason why he would have opted out of California if he had the option to do so[.]" Resp. to OSC ¶¶ 42-45. However, Plaintiff – not Defendant – bears the burden of establishing that Defendant purposefully directed its conduct at

4

California. *See Schwarzenegger*, 374 F.3d at 802, 807 ("[b]ecause [the plaintiff] has not satisfied all three parts of the *Calder* effects test, he has not shown that [defendant] purposefully directed his conduct at California."). Plaintiff has not satisfied that burden here.

Plaintiff also argues that Defendant used "sources" like Twitter and Discord to "confer with informants" and compile information for his video. *See* Resp. to OSC ¶¶ 49-51. Plaintiff claims these online platforms are located in California. *Id.* ¶ 50. Based on these assertions, he concludes that Defendant used "California sources" to make his video. *See id.* ¶ 51. Plaintiff relies on *Calder v. Jones*, 465 US 783, 788 (1984) to argue the location of sources is relevant to the "effects" test. *Id.*

In *Calder* however, the defendants relied on phone calls to sources located in California; in contrast here, Plaintiff appears to ask the court to assume Defendant's "informants" reside in California simply because they used third-party platforms with headquarters in California. Plaintiff does not explain this leap in logic or cite any authority to support his position. To the extent Plaintiff argues Twitter and Discord are themselves "California sources" relied on by Defendant, that argument is also unpersuasive because – as discussed – plaintiff cannot rely on a defendant's relationships with third parties headquartered in California to establish express aiming. *See Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d at 1207.

As to Plaintiff's argument that his injury was felt primarily in California, *see* Resp. to OSC ¶¶ 20-33, the November 15, 2023 Order did not reach the third prong of the *Calder* test, i.e., foreseeable harm because it found that Plaintiff had not satisfied the second prong of the test. *See* November 15 Order at 7. As none of Plaintiff's arguments change the court's conclusion that Plaintiff failed to establish Defendant's video was "expressly aimed" at California, the court again does not reach the third prong of the *Calder* test.

//
//
//
//

//

In sum, Plaintiff has failed to show that the court manifestly failed to consider material facts or dispositive legal arguments in the November 15 Order. Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is denied. Plaintiff is granted until **March 4, 2024** to file a third motion for early discovery.

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
Donna M. Ryu
Chief Magistrate Judge