David Stebbins (pro se Plaintiff)　　123 W. Ridge Ave., APT D　　Harrison, AR 72601
(870) 212-4947　　　　　　　　　acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,　　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　　Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA　　　　　　　　DEFENDANTS

**MOTION TO RECUSE**

　　　　Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Magistrate Judge Donna M. Ryu to recuse herself in the above-styled action.

1.　　　Recusal is appropriate whenever a judge's impartiality "might reasonably be questioned." See 28 USC § 455(a). Recusal under this statute does not require a showing of *actual* bias or prejudice from the judge, only the reasonable appearance of bias or prejudice. See Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988). Moreover, the right to an impartial judge is so fundamental that it can "never be treated as harmless error." Arizona v. Fulminante, 499 US 279, 308 (1991) (citing Tumey v. Ohio, 273 U.S. 510 (1927)).

2.　　　Here, Magistrate Judge Ryu has acted in a way that heavily implies that she has prejudged the case and is determined to find some excuse to throw the case out by any means necessary, preferably for lack of jurisdiction. This is grounds for recusal under In Re Michael, 326 US 224, 228 (1945) ("It is difficult to conceive of a more effective obstruction to the judicial process than a [judge or] juror who has prejudged the case. For this prevents the very formation of a proper judicial tribunal").

3.　　　Evidence supporting the belief that she is determined to find a lack of jurisdiction by any means necessary includes, but is not limited to, the following:

　　(a)　　The Court repeatedly ignores my multiple references to the binding precedent of Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F. 3d 1218 (9th Cir. 2011), despite it being cited as controlling precedent by the very case law that this Court does in fact cite as controlling precedent (the district court case of Good Job Games v. Saygames). The

Magistrate Judge hasn't even found Mavrix to be inapposite for some heavily strained reason; she has literally just ignored the case law entirely, despite being cited multiple times by me and GJG v. SG.

(b)        The Court cited Calder v. Jones, 465 U.S. 783 (1984) as controlling precedent. See Dkt. 12, p. 4, line 10. Then, all of the sudden, it suddenly found Calder to be inapposite, despite previously citing it as controlling! See Dkt. 26, p. 4, line 4. Unlike Mavrix, where the Court ignores precedent cited as instructive by Judge Ryu's own preferred case law. But here, Judge Ryu cited one case as controlling, and then turned around and found *that very same case law* to be inapposite!

(c)        Even on reconsideration, the Court has not addressed the argument that the brunt of reputational harm that I have suffered was from Californian parties, such as Alphabet Inc and District Judge Jeffrey White.

(d)        Even on reconsideration, the Court has not paid even so much as lip service to the prospect of jurisdictional discovery, even though that was the very "other grounds" upon which Good Job Games was overturned on appeal.

4.        See Dkt. 29 (Third Motion for Issuance of Subpoena Duces Tecum) for more details.

5.        To be clear, I am not saying that Judge Ryu is biased or has prejudged the case simply because I disagree with the Court's logic. In regards to the issues mentioned in ¶ 3(a), 3(c), and 3(d), there literally is no logic for me to disagree with. In regards to the issue mentioned in ¶ 3(b), the problem isn't that I disagree with the Court; the problem is that the Court disagrees with *itself*!

6.        These rulings heavily imply that Judge Ryu knows full well that jurisdiction is (at least arguably) proper in this court. Why else would she find *her own preferred case law* to be inapposite when she had previously found it to be not just apposite, but controlling?

7.        At this point, even if Judge Ryu is forced to accept, begrudgedly, that jurisdiction is proper in this Court, she would, in all likelihood, still actively search for some excuse ... *any* excuse ... she could find to throw the case out on the merits, even if that requires she actively ignore binding precedent, actively ignore black letter law, actively ignore arguments I present,

and actively choose to make determinations regarding witness credibility at stages where it is utterly inappropriate to do so (such as on a motion for summary judgment, or even on a motion to dismiss).

8.      In short, recusal is the only way to ensure I will get a fair trial.

9.      For this reason, I ask Judge Ryu to recuse herself and hand the case off to another magistrate judge.

So requested on this, the 14th day of March, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)
