David Stebbins (pro se Plaintiff)　　123 W. Ridge Ave., APT D　　Harrison, AR 72601
(870) 212-4947　　　　　　　　　　acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA　　　　　　　　　　　DEFENDANTS

## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION IN RESPONSE TO ORDER DENYING MOTION TO RECUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Motion for Reconsideration in the above-styled action.

1. The Court's entire basis for denying the motion to recuse begins and ends with the finding that Liteky v. United States, 510 US 540 (1994) precludes on-record sources of bias from being grounds for recusal. However, that precedent is not absolute. That precedent already gives two exceptions to its general effect. Statements made on the record are grounds for recusal when "they reveal an opinion that derives from an extrajudicial source" and when "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." See id at 555.

2. Judge Chesney utterly failed to consider whether either of those two exceptions apply to the instant case. As such, reconsideration is warranted.

3. As to the second exception, I very clearly alleged, in my motion to recuse, the following: "Magistrate Judge Ryu has acted in a way that heavily implies that she has prejudged the case and is determined to find some excuse to throw the case out by any means necessary

> "Judge Ryu has acted in a way that heavily implies that she has prejudged the case and is determined to find some excuse to throw the case out by any means necessary... These rulings heavily imply that Judge Ryu knows full well that jurisdiction is (at least arguably) proper in this court... At this point, even if Judge Ryu is forced to accept, begrudgingly, that jurisdiction is proper in this Court, she would, in all likelihood, still actively search for some excuse ... any excuse ... she could find to throw the case out on the merits"

4. That is a textbook example of the kind of antagonism that the Supreme Court was talking

Case 4:23-cv-00321-MMC　　　　　　　　-1-　　　　　　　　Motion for Reconsideration

about when it made the second exception, which means the Court should have considered it.

5.   As to the first exception, bear in mind that I have done absolutely nothing to Judge Ryu. I have given her no reason to be angry at me. The closest I've ever come to doing anything that might annoy the judge in this case is my attempts to file a late Third Motion for Issuance of Subpoena Duces Tecum, something that was caused by an honest, good faith mistake that I've already owned up to and apologized for, and above all, happened *after* Judge Ryu had already shown her bias and determination to rule against me regardless of the facts or the law!

6.   So if there is nothing on the record explaining why Judge Ryu doesn't like me, it must be something *off* the record. Therefore, the first exception to Liteky is also established.

7.   Judge Chisney utterly refused to consider either of these exceptions, despite both being present. Therefore, to correct this egregious error, I ask the Court to reopen the Motion to Recuse.

So requested on this, the 13th day of March, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)