UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No. 23-cv-00321-MMC   (DMR)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING THIRD MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM**<br><br>Re: Dkt. Nos. 28, 29 |

Plaintiff David A. Stebbins filed a complaint and an application for leave to proceed in forma pauperis ("IFP") on January 20, 2023, along with a motion for issuance of a subpoena duces tecum on February 7, 2023. [Docket Nos. 1 ("Compl."), 2, 6.] He alleges ten counts of defamation against an anonymous YouTube user ("Defendant"). Compl. ¶ 2. Specifically, Plaintiff contends that on February 12, 2022, Defendant posted a video on his YouTube channel "dedicated to smearing" him. *Id.* ¶ 7. Plaintiff alleges that he is a resident of Arkansas. *Id.* at ¶ 3.

On May 22, 2023, the court granted Plaintiff's IFP application and explained that it would review Plaintiff's motion for early discovery prior to screening the complaint under 28 U.S.C. § 1915. The court denied the motion because Plaintiff did not show that early discovery was warranted under the factors enumerated in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), including whether this court has personal jurisdiction over Defendant. [Docket No. 10.] The court granted Plaintiff leave to file a new motion with briefing and evidence addressing the *Columbia* factors. *Id.* On November 15, 2023, the court denied Plaintiff's second motion for early discovery because Plaintiff still failed to demonstrate that the court has personal jurisdiction over Defendant. [Docket No. 22.] The court ordered Plaintiff to file a third motion by March 4, 2024. [Docket No. 26.] Plaintiff failed to do so. On March 11, 2024, the court recommended that Plaintiff's action be dismissed without prejudice for failure to prosecute.

[Docket No. 27.]  The case was reassigned to Judge Chesney.  [Docket No. 33.]

On March 11, 2024, Plaintiff filed a motion for extension of time [Docket No. 28] and his belated third motion for early discovery [Docket No. 29 (Mot.).]  Judge Chesney referred these motions back to Judge Ryu as discovery matters.  [Docket No. 34.]

**I.    DISCUSSION**

The court grants Plaintiff's motion for extension of time and considers his third motion for early discovery as it if were timely filed.  Plaintiff's third motion is largely an improper motion for reconsideration of the court's November 15, 2023 order.  Plaintiff argues, for example, that the court's previous orders misinterpret the law and that the court failed to address various arguments he raised in prior filings.  Mot. ¶¶ 4-17.  The court has already denied Plaintiff leave to file a motion for reconsideration of the November 15, 2023 order.  [Docket No. 26.]

To the extent that Plaintiff raises new arguments in his motion, these arguments fail to demonstrate that this court may exercise personal jurisdiction over Defendant.[1]  Plaintiff points out that websites are subject to the laws of the states in which they operate.  Mot. ¶¶ 33-42.  But just because the court has personal jurisdiction over the business operating the website does not mean the court has personal jurisdiction over anyone who uses the website.  As the court has repeatedly attempted to explain to Plaintiff, the minimum contacts analysis examines "the defendant's contacts with the forum State itself," not the defendant's contacts with persons or entities that are subject to the forum State's jurisdiction.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

In an attempt to demonstrate that Defendant did have minimum contacts with the forum State, Plaintiff alleges that Defendant has published at least three smear videos about businesses or individuals located in California.  Mot. ¶¶ 45, 48.  Because Defendant committed acts targeting individual California residents, Plaintiff concludes that Defendant may be sued in California for any of Defendant's acts.  *Id.* at ¶ 47.  Plaintiff confuses general jurisdiction with specific

---

[1] The third motion also cites an "Exhibit A" and "Sub-Exhibit 1," but no exhibits are attached to the motion.  Mot. ¶¶ 18, 34.

2

jurisdiction. *See* [Docket No. 22].  If the defendant is domiciled in the forum State, the district court may exercise general jurisdiction over any of the defendant's acts.  Plaintiff offers no evidence, such as tracing Defendant's IP address,[2] to indicate that Defendant is domiciled in California.  If the defendant is not domiciled in the forum State but committed an intentional act expressly aimed at the forum State, the court has only specific jurisdiction over issues arising from that intentional act.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.").  Plaintiff's complaint does not derive from Defendant's videos about other entities; his complaint derives solely from Defendant's videos about Plaintiff.  In sum, the court does not have specific jurisdiction over Defendant's defamation of Plaintiff.

Plaintiff then argues that Defendant primarily targets the video game industry on his YouTube channel, and most of the largest gaming companies are in California.  Mot. ¶¶ 50-58.  Again, even if Defendant engaged in some conduct that expressly targets California entities, that only confers specific jurisdiction over issues arising from that conduct.  Plaintiff's alleged injury does not derive from Defendant's coverage of the video game industry.

## II.   CONCLUSION

Plaintiff has been given multiple opportunities to demonstrate that the court has personal jurisdiction over Defendant for the purposes of granting early discovery.  Plaintiff has failed to do so.  Therefore, the court denies Plaintiff's ex parte application for early discovery.

**IT IS SO ORDERED.**

Dated: September 6, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

---

[2] Plaintiff argues that the only way he can trace Defendant's IP address is if the court grants his subpoena.  Even if this were true, that does not excuse Plaintiff's burden to demonstrate that he meets the *Columbia* factors, including that the court can exercise personal jurisdiction over Defendant.  *See Columbia*, 185 F.R.D. 573.  Plaintiff is free to bring the subpoena in a different court that can exercise personal jurisdiction.