David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D   Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,   PLAINTIFF

VS.   Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA   DEFENDANTS

## OBJECTION TO DKT 39, ORDER DENYING THIRD MOTION FOR ISSUANCE OF SUPBOENA DUCES TECUM

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Third Motion for Issuance of Subpoena Duces Tecum.

### Legal basis for objection

1. According to Federal Rule of Civil Procedure 72(a), "A party may serve and file objections to the order within 14 days after being served with a copy ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

2. Magistrate Judge Ryu's order denying my Third Motion for Issuance of Subpoena Duces Tecum was entered on September 7, 2024. Therefore, I have until September 21, 2024 to file this Objection. This objection is being filed well within that time limit. Therefore, it is properly before the Court.

### Incorporation of previous motions

3. For simplicity's sake, I hereby incorporate by reference the arguments made in my Third Motion for Issuance of Subpoena Duces Tecum (Dkt. 29). By proxy, that also includes the motions I incorporated by reference into it, in ¶ 2 of same.

### Judge Ryu's failure to rebut the arguments I made

4. In order to avoid having to address the majority of arguments I put before the Court in my latest motion for issuance of subpoena duces tecum, the Court makes the out-of-nowhere finding that my third motion for issuance of subpoena duces tecum was merely just a motion for

reconsideration. Of course, that still doesn't explain why she didn't address the merits of the arguments *as a motion for reconsideration!* Because then, she would still have to address the merits, which she knows she cannot do.

5.      But even if that were the true, that only means that she is refusing to modify her original findings. This means that I can now object to them and ask the district judge to overturn them.

6.      For the same reasons I mentioned in my Third Motion for Issuance of Subpoena Duces Tecum (and all the previous motions that were incorporated by it), the magistrate judge's findings were erroneous and contrary to law, and therefore should be overturned by the district judge.

7.      To briefly recap, the most egregious errors made by Judge Ryu, and the most important reasons why the district judge should overturn them, are ...

   (a)    The Court of Appeals for the Ninth Circuit has held that jurisdictional discovery should be granted whenever there is even a remote chance the district court may have jurisdiction.

   (b)    The very district court case law that Judge Ryu relies ultimately changed his mind, after jurisdictional discovery, and decided that he did have jurisdiction after all, so there's no reason to believe that this case will be any different.

   (c)    The Defendant's slander concerned primarily my California-based activities

   (d)    The bulk of my reputational damage occurred in California.

   (e)    Binding precedent from the Ninth Circuit was referenced by the magistrate judge in earlier orders, but then she turned around and found her own case law to be inapposite when it no longer was convenient to her. This constant shifting of her own goalposts heavily implies that she simply wants to throw the case out by any means necessary, which is an affront to my constitutional right to an impartial judge.

8.      This is not an exclusive list. Again, the entirety of my Third Motion for Issuance of Subpoena Duces Tecum is incorporated into this objection.

9.      For that matter, Judge Ryu's reliance on the words "the State itself" in the case law doesn't make any sense. What exactly does she mean by "the State itself?" Does that mean the defendant must have engaged in some conduct with the state *government*? That would certainly

explain why the word "State" in the case law is sometimes capitalized. But then again, that doesn't make any sense, since people establish specific jurisdiction all the time without interacting with the government directly. So are you referring to the land? Like, the defendant has to have targeted the actual dirt and grass inside the state? Well, that makes even less sense than targeting the government.

10. So the people in the state are the only thing that's left that the Court of Appeals even possibly could mean. But as I've clearly established, SidAlpha absolutely has targeted that. So maybe, if the Court were to explain exactly what it means by "the state itself," I could probably address that. As it stands, Judge Ryu is just being impossible.

11. Bear in mind that this District has already temporarily accepted jurisdiction over a defendant where I did not know at the time who or where he was. I'm referring to Case 3:22-cv-04082-AGT, Stebbins v. CMDR ImperialSalt. In that case, I was allowed to file in this district long enough to suboena the defendant's name and address so he could be served with process. Only when the Defendant finally appeared in the case, and it was unequivocally proven that the Defendant resided in another district, then and only then did Magistrate Judge Tse transfer the case (see Dkt. 64). I don't see why the Court can't do that here as well.

## Conclusion

12. Wherefore, premises considered, I respectfully pray that the District Judge overturn the Magistrate Judge's order, and order the Magistrate Judge to conduct jurisdictional discovery.

So submitted on this, the 9th day of September, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)