IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No. 23-cv-00321-MMC<br><br>**ORDER RE: REPORT AND RECOMMENDATION; DENYING OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER; EXTENDING DEADLINE FOR SERVICE OF PROCESS** |

    Before the Court is a "Report and Recommendation to Dismiss Complaint Without Prejudice for Failure to Prosecute," filed March 11, 2024, whereby Magistrate Judge Donna M. Ryu recommends the above-titled action be dismissed without prejudice for failure to prosecute, in particular, for failure to file, by March 4, 2024, a third motion for early discovery. (See Doc. No. 27.)

    Thereafter, on March 11, 2024, plaintiff filed a "Motion for Extension of Time and for Leave to File Motion for Issuance of Subpoena" (see Doc. No. 28) and "Third Motion for Issuance of Supboena [sic] Duces Tecum" (see Doc. No. 29). By order filed March 13, 2024, the Court referred both motions to Judge Ryu, (see Doc. No. 34), who, by order filed September 6, 2024, granted plaintiff's motion for an extension of time,[1] considered his belated third motion for early discovery on its merits, and, for the reasons set forth in said order as well as in a previous order (see Doc. No. 22), denied the motion.

    On September 8, 2024, plaintiff filed a timely Objection, whereby plaintiff seeks an order "overturn[ing] the Magistrate Judge's order, and order[ing] the Magistrate Judge to conduct jurisdictional discovery." (See Doc. No. 40.)

---

[1] In light thereof, the above-referenced recommendation is moot and, accordingly, the Court declines to adopt it.

1    The Court, having read and considered the Objection and the above-referenced record, finds the challenged order is neither "clearly erroneous" nor "contrary to law," see 28 U.S.C. § 636(b)(1)(A) (setting forth grounds for reconsideration of magistrate judge's order), and, accordingly, plaintiff's request is hereby DENIED.

    Lastly, although the 90-day deadline for service of process has long since passed, see Fed. R. Civ. P. 4(m), the Court finds it appropriate to exercise its discretion to extend the deadline, see id., and allow plaintiff a further opportunity to ascertain the identity of defendant. Accordingly, the deadline to serve defendant with process is hereby EXTENDED to August 1, 2025. If plaintiff fails to effectuate service by said date, or to show good cause exists for an additional extension, the above-titled action will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 14, 2025

MAXINE M. CHESNEY
United States District Judge