IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>  Plaintiff,<br><br>  v.<br><br>SYDNEY REDFIELD,<br><br>  Defendant. | Case No. 23-cv-00321-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY DEADLINE FOR SERVICE OF PROCESS** |

Before the Court is plaintiff David A. Stebbins' "Motion for Leave to File Interlocutory Appeal and to Stay Deadline for Service of Process Pending Said Appeal," filed May 15, 2025. Having considered the motion, the Court rules as follows.

Pursuant to 28 U.S.C. § 1292, a district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b); see also ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union, 22 F.4th 1125, 1129-30, 1132 (9th Cir. 2022) (holding "controlling question of law must be one of law—not fact"; further holding "substantial grounds prong" requires, inter alia "novel legal issues," and "materially advance prong" means "appreciably shorten the time, effort, or expense of conducting the district court proceeding") (internal quotations and citations omitted).

In support of the instant motion, plaintiff has made no showing as to the factors applicable here, rather, he cites to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541,

545 (1949), a case that concerned a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action," and, consequently, allow for appeal as a matter of right.

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 16, 2025

MAXINE M. CHESNEY
United States District Judge