David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D     Harrison, AR 72601
(870) 212-4947                         acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                         Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                   DEFENDANTS

## SECOND MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING APPEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Second Motion for Leave to File Interlocutory Appeal in the above-styled action.

### Previous Motion and Arguments

1. For simplicity's sake, the contents and arguments from my previous Motion for Leave to File Interlocutory Appeal (Dkt. 44) are hereby incorporated by reference.

2. Also, all the previous motions for reconsideration, motions for subpoenas, and all responses to court orders and all associated filings, are hereby incorporated by reference.

### Factors under 28 U.S.C. § 1292(b)

3. This Court cited to 28 USC § 1292(b) as the controlling authority when a district court is contemplating granting discretionary leave to file an interlocutory appeal. This statute lists three factors to consider. I will address each one in turn.

### Controlling question of law

4. This Court cites case law which makes clear that the controlling question must be one of law, not fact. To that end, the question of law that I seek to appal is whether or not the specific actions I've already discussed in my multiple filings in this case so far are sufficient, as a matter of law, to create arguable personal jurisdiction.

5. So far, I have alleged numerous things that the defendant has done to establish jurisdiction in California, including but not limited to...

    (a) Posting his slander video on a Californian website.

(b)   Distributing the video to California viewers.

(c)   Slandering me over matters concerning Californian litigation.

(d)   Slandering me concerning activities I performed when interacting with YouTube (a Californian company) directly, such as issuing DMCA Takedown Notices to YouTube.

(e)   The reputational damage was felt primarily in California.

6. Neither the magistrate judge nor the district judge dispute that any of these actions taken by SidAlpha actually happened. At the very least, you seem content, at this stage, accepting the factual allegations as true and in a light most favorable to the plaintiff. The Court's only finding is that these actions, even when taken collectively, still do not create sufficient minimum contacts, or even to create arguable jurisdiction such that jurisdictional discovery was warranted.

7. That, however, is a dispute of law, not fact.

8. Meanwhile, the question is also controlling. It is common knowledge that "lack of personal jurisdiction" is singularly dispositive and which terminates the action (at least in that district) to the exclusion of all other factors.

9. Therefore, it satisfies the first criterion for an interlocutory appeal.

<ins>Reasonable grounds for difference in opinion</ins>

10. There is ample grounds for difference in opinion as to what the aforementioned acts are legally sufficient to establish minimum contacts. This is best evidenced by the fact that (A) the very case law the magistrate judge cited was overturned with instructions to conduct jurisdictional discovery, and (B) the magistrage judge herself literally turned on a dime, citing Calder v. Jones as controlling precedent early in the matter, but then switching horses and saying that Calder v. Jones was inapposite after I used it to argue for jurisdiction.

11. Therefore, there is undeniably grounds for difference in opinion regarding the correct interpretation of the law.

<ins>Materially advancing the termination of the litigation</ins>

12. It is in the best interests of justice that we definitively answer the question of personal jurisdiction once and for all. Bear in mind that we haven't even gotten to the merits of the case yet. The sooner we can resolve the jurisdictional dispute, the sooner we can turn our attention to

the merits.

13.     Without this definitive answer, if the case gets dismissed without prejudice for failure to serve the defendant with process, then that just means we are left taking random shots in the dark as to which district to refile in. That is hardly conducive to terminating the matter.

### Additional factors to consider

14.     In addition to the three statutory factors described above, here are a few more factors that the Court should consider as weighing in favor of granting this leave.

<u>Public policy favoring decisions on the merits</u>

15.     As I said above, we haven't even reached the merits yet. Personal jurisdiction is, by definition, a matter unrelated to the merits. It is also well established, black letter law that courts are supposed to favor decisions on the merits, and should resort to collateral attacks like these only to the extent absolutely necessary to preserve a litigant's rights.

16.     Therefore, allowing me to take this appeal is in the interests of public policy.

<u>Appeal as of right</u>

17.     The Court has acknowledged that the precedent which I previously cited concerns interlocutory appeals "as a matter of right." The Court may no effort to justify how any of the three factors in that case were not present in this case. So it concedes that the three factors do indeed favor appealability as a matter of right.

18.     As a result, there is a good chance I will just be allowed to take this appeal anyway. Granting me leave, even if not strictly required, would certainly save a ton of tedious arguments at the appellate stage.

### Stay of Proceedings Pending Appeal

19.     For the reasons set forth in my previous motion for leave to file interlocutory appeal, I ask that the matter be stayed pending resolution of this appeal.

**Conclusion**

20.     Wherefore, premises considered, I respectfully pray that this Motion for Leave to File Interlocutory Appeal and for Stay Pending Appeal be granted,, and for any other relief to which I may be entitled.

So requested on this, the 18th day of May, 2025.

<i><u>/s/ David Stebbins</u></i><br>
David Stebbins (pro se)