IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SYDNEY REDFIELD,<br><br>　　　　　Defendant. | Case No. 23-cv-00321-MMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL** |

　　　　　Before the Court is plaintiff David A. Stebbins' "Second Motion for Leave to File Interlocutory Appeal and to Stay Proceedings Pending Appeal," filed May 18, 2025. The Court, having considered the moving papers, hereby rules as follows.

　　　　　As an initial matter, the Court notes that plaintiff may not file a "renewed motion" without seeking leave of court. See Civ. L.R. 7-9 (requiring leave to file motion for reconsideration; setting forth limited circumstances upon which motion for leave may be based). Moreover, to obtain such relief, the moving party must show that (1) "in the exercise of reasonable diligence [he] did not know" of "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See id.

　　　　　In the instant motion, plaintiff cites to no law or facts that were unavailable to him at the time he filed his initial motion, nor were the arguments he now makes presented to the Court in his initial motion. Consequently, the motion will be denied on said procedural ground.

　　　　　Even if the Court considers the merits of the motion, however, it still fails, as plaintiff has, for the second time, failed to make the showing required to support an

issuance of an order of certification for interlocutory appeal under 28 U.S.C. § 1292, namely, that (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b).

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation and citation omitted).

Here, plaintiff cites to no such authority. Rather, his motion is based, in essence, on his disagreement with the Court's determination that the Magistrate Judge was not clearly erroneous in finding plaintiff had failed to make a showing sufficient to warrant jurisdictional discovery.[1] "[A] party's strong disagreement with the Court's ruling," however, "is not sufficient for there to be a 'substantial ground for difference.'" See id.

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 22, 2025

MAXINE M. CHESNEY
United States District Judge

---

[1] Although plaintiff asserts that "if the case gets dismissed without prejudice for failure to serve the defendant with process," he will be "left taking random shots in the dark as to which district to refile in" (see Mot. ¶ 13), plaintiff offers no explanation as to why he chose to bring suit in California rather than Arkansas, the state in which he says he resides and thus the state in which the "brunt of the harm" from defendant's alleged conduct may have been experienced. See Calder v. Jones, 465 U.S. 783, 789 (1984) (setting forth "effects" test).