| | | |
|---|---|---|
| David Stebbins (pro se Plaintiff) | 123 W. Ridge Ave., APT D | Harrison, AR 72601 |
| (870) 212-4947 | acerthorn@yahoo.com | |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                                       PLAINTIFF

VS.                          Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                       DEFENDANTS

### MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO CLARIFY

        Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Motion for Reconsideration in the above-styled action.

### Background

1.      On July 30, 2025, the Court denied without prejudice my first Motion to Transfer Case. See Dkt. 53. Because it was without prejudice, I had leave of court to refile if I corrected the deficiencies in the first motion. Those deficiencies were failing to establish that the US District Court for the District of Idaho had personal jurisdiction over the Defendant.

2.      Later that same day, I filed a Renewed Motion to Transfer Case (see Dkt. 54), establishing that the Defendant lived in Sandpoint, ID, although his exact address was unknown.

3.      On August 21, 2025, the Court entered an order. See Dkt. 55. In that order, the Court borderline admonished me for filing the renewed motion "without leave of court," even though the fact that the first motion was denied *without prejudice* meant that I automatically had leave to file the renewed motion.

4.      The Court ordered the Marshall to attempt to serve process on the defendant at a specific address (which I will refer to in this motion as "the 1430 address" for simplicity's sake) even though I made it clear in the renewed motion that I didn't know for certain exactly what his current address was.

5.      The Court also denied the motion to transfer *again*, and this time, expressly conditioned my ability to re-file that motion on the defendant being served at the 1430 address. The

implication appears to be that, if the Defendant is not served at that address, I would not be allowed to re-filed the Motion to Transfer and the Court would simply proceed to dismiss the case.

6. That last part is the part that I wish for the Court to reconsider.

## Argument

7. One of the grounds for a motion for reconsideration is "[a] manifest failure by the Court to consider material facts... which were presented to the Court." See L-R 7-9(b)(3).

8. In its latest order, the Court manifestly ignored the statement I made in the renewed motion, that I don't know for certain exactly what his current address is. The Court proceeded to direct service at the 1430 address, but even that is just a guess.

9. The Court implies that it intends to dismiss the case if service is unsuccessful, and won't let me re-file the Motion to Transfer.

10. At best, the Court's heavily flawed reasoning seems to be that, if service is unsuccessful, that must mean that Idaho is no better, insofar as personal jurisdiction over the defendant is concerned, than California. But that logic is heavily flawed for reasons the Court is probably already aware of: Just because the Marshal is unable to serve him *at the 1430 address* doesn't mean personal jurisdiction isn't proper in Idaho! Just because the defendant doesn't currently reside *at the 1430 address* doesn't mean he doesn't reside in Idaho; it doesn't even mean he doesn't reside in the City of Sandpoint, let alone Idaho!

11. The fact that there is overwhelming evidence suggesting he is a resident of Idaho is all the evidence I need to establish personal jurisdiction in Idaho. It isn't necessary for me to know his exact address in order for transfer to that district to be proper. All that is necessary is that I establish that Idaho has general personal jurisdiction over him, which I've established.

12. Because the Court manifestly failed to consider this point, I ask that it reconsider its order in Dkt. 55 and transfer the matter to Idaho, regardless of whether service at the 1430 address is successful or not.

## Alternative Motion to Clarify

13. If this is not what the Court is planning on doing, then I ask that the Court clarify exactly what my options are if service is not effected at the 1430 address.

**Conclusion**

14.     Wherefore, premises considered, I respectfully pray that the Court agree to transfer the case to Idaho.

So requested on this, the 21st day of August, 2025.

/s/ David Stebbins
David Stebbins (pro se)