J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Stebbins,<br>       Plaintiff,<br>v.<br>Sydney Redfield *doing business as* Sidalpha<br>       Defendant. | Case No. 4:23-cv-00321-MWC<br><br>Defendant Redfield's Opposition to Stebbin's motion to change venue<br><br>Judge Maxine M. Chesney<br>Magistrate Judge Donna M. Ryu |

## I. INTRODUCTION

David A. Stebbins' ("Stebbins) choice of venue is given great weight and Defendant Sydney Redfield ("Redfield") does not object to personal jurisdiction over him the Northern District of California. *Jackson v. Tesla, Inc.* (N.D. Cal. 2025) 772 F.Supp.3d 1111, 1119. "…[plaintiffs] choice of this district as the forum in which to litigate her case is entitled to weight…". Stebbins who has the burden under this motion, has no made a strong showing of inconvenience.

1

## II. RELEVANT FACTS

Stebbins filed his complaint for ten counts of defamation in 2023. (See Complaint, ECF 1). The complaint appears to be about comments made on the internet, in particular, YouTube videos. Stebbins prays for injunctive relief in the form of a prior restraint of speech and corrective video (id. at §§ 154-157), damages, and costs.

## III. ARGUMENT

A. <u>Redfield does not object to venue and Redfield's comments pass the *Calder* test for personal jurisdiction. Diversity jurisdiction is questionable as Stebbins does not plead damages in excess of $75,000.00</u>

Redfield does not object to the Northern District of California to litigate this matter. As this court must be satisfied with their limited jurisdiction to entertain disputes.

Stebbins' claim for defamation alleges that the tortious acts were committed on the internet service "YouTube", of which the parent company, "Google", has corporate headquarters in this district. (ECF 1, ¶5). Stebbins argues in his complaint that he targeted this district *vis-à-vis* analogizing YouTube to a "…California TV Stations…". *Id.* As such, Stebbin's complaint alleges sufficient for personal jurisdiction by this Court in San Francisco where the act of mass publication occurred via YouTube and where Stebbin's suffered his most harm. *Calder v. Jones* (1984) 465 U.S. 783, 789.

Diversity jurisdiction may be an issue. While Stebbins pleads tangential losses due to an 8-day stay in the hospital in March 2022 due to stress that lead to pneumonia. (Complaint at §§ 136-141 Stebbins also alleges that Medicare paid for it. So it is unclear if Redfield has suffered damages in excess of $75,000.00. This same situation is was entertained by this Court in *Mayer v. Northern Life Ins. Co.*

2

(N.D. Cal. 1953) 119 F.Supp. 536, 537.  Dismissal or Remand to San Francisco Superior Court, which has general jurisdiction, may be appropriate if Plaintiff cannot plausibly alleged damages sufficient for this Court's diversity jurisdiction.

> B. <u>The burden is on the moving party, Stebbins, to show that the elected venue is inconvenient. Stebbins failed to analyze the controlling factors under *Earth Island Inst. v. Quinn* (N.D. Cal. 2014) 56 F.Supp.3d 1110, 1115.</u>

The burden is on Stebbins to submit admissible evidence[1] in support of the factors in favor of transfer which is reviewed for abuse of discretion.  *Id.* at 1115.

Stebbins failed to argue the first three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Id.* at 1117.  Stebbins fails to analyze each of these three factors for which he carries the burden.

Given the existence of CM/ECF, it is equally convenient for the parties to litigate this matter in San Francisco.  Both parties are tech savvy, and Redfield is represented by counsel.  As this is a defamation claim, it is likely the key witnesses are the parties themselves.  Stebbins has waived any argument it would be inconvenient for him to proceed by filing this case in this district.  Third party witnesses are likely in any district as this is an internet type claim.  Since this case has been litigated in this Court for more than a year, this court has invested significant resources to resolution.  Transfer to Idaho would require that court to come up to speed. So the interests of justice dictate that this court continue to handle this case.

---

[1] To the extent that Stebbins submits new evidence on reply, Redfield asks that this Court disregard this evidence or allow a sur-reply in argument.

Further, Stebbins failed to provide any analysis regarding the eight "Stewart Factors"[2]. Id. at 1117. Stebbins choice of the Northern District of California weighs most heavily in his favor as he has filed this lawsuit and several lawsuits in this Courthouse. (factors 3,4). The remaining factors are not applicable (factor 1) or neutral (factors 2,5-6). Since the defamatory acts are on Youtube, factors 7 and 8 weighs against Stebbins as Google is located in the Northern District of California (factors 7-8).

Without a factual basis in Stebbin's motion to support transfer, his motion fails. \

### IV.   CONCLUSION

Stebbins has previously moved that the judge on this case be disqualified. Given the brevity and lack of factual support in this motion, it appears to be another attempt to move away from a Court that he does not like. That is judge shopping and does nothing more that increase the overall burden on the court system.

Redfield is happy to resolve this dispute in this court that Stebbins found convenient.

Respectfully Submitted,

DATE:   September 29, 2025

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Counsel for defendant

---

[2] the court may consider (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof