David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D   Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, PLAINTIFF

VS. Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA DEFENDANTS

### ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Administrative Motion for Leave to File Under Seal in the above-styled action.

1. I am about to file a Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10. I haven't filed it yet, but I will.

2. To prevail on this motion, I need to prove that my criminal charges were dismissed. The only problem with that is, the criminal file has since been sealed from public inspection.

3. To get around this, I intend to submit a "Request to Take Judicial Notice" of the criminal file, since judges can still see the file.

4. However, there is one part of the criminal file that I have a copy of myself, and therefore could produce: The transcript of the court hearing on February 8, 2013.

5. However, although I could produce it, to do so would deprive me of the benefit I receive by having the criminal file be sealed against the public. That is the "private interest" that is required of me by Local Rule 79-5(c)(1)(i), as well as the injury I would suffer if the transcript is not filed under seal as required by Local Rule 79-5(c)(1)(ii).

6. Pursuant to LR 79-95(c)(1)(iii), anything less than filing under seal would not be sufficient. The criminal file is under seal in the state court, and so to force me to effectively unseal it by introducing a portion of it in this case without it being sealed would completely undo that benefit.

7. I therefore ask that this Court approve that the transcript be filed under seal. A copy of the transcript is hereby attached as **Exhibit A**.

8.  While defense counsel inevitably has the right to see the transcript so he can develop an argument against it, I ask that the Court order him not to share its contents with anyone for any reason, except in the limited circumstances outlined below:

   (a) His client, Sydney Redfield, is the only one, aside from himself, who should be allowed to see the transcript.

   (b) Even then, Redfield should only be allowed to see it if he were to visit Mr. Edmonston's law office in-person, and he should not be allowed to copy (whether by photograph, printer, video, or even reading out loud and recording via a microphone) any portion of the transcript, and he absolutely should not be allowed to take any portion thereof out of Mr. Edmonston's law office.

   (c) Neither Redfield nor Edmonston shall be allowed to share the contents of the transcript with anyone else on earth, for any reason whatsoever.

   (d) While Edmonston may incorporate various portions of the transcript into his Response to Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10, he must do so only to the absolute bare minimum extent necessary to make his arguments against the motion.

9.  Wherefore, premises considered, I respectfully pray that this Administrative Motion for Leave to File Under Seal be granted.

   So requested on this, the 1st day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)