David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D   Harrison, AR 72601
(870) 212-4947                      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                         Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                             DEFENDANTS

## REQUEST TO TAKE JUDICIAL NOTICE AND IN CAMERA REVIEW

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Request to Take Judicial Notice and In Camera Review in Support of Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10 in the above-styled action.

1. The parties agree that I was charged with domestic battery in 2011, but I maintain that those charges were dropped due to lack of evidence, whereas the defendant disputes this.

2. The case file for the original criminal case has since been sealed from public view. This means that, except for the court transcript which I am attaching as Exhibit B to this motion (which I already have a copy of), I cannot produce anything from the court file under my own power. This includes the pro se motion I filed approximately 2 weeks before the charges were agreed to be dropped.

3. However, there is a limited exception to that seal: Judges and prosecuting attorneys can still see the file. Therefore, the contents of the file, including the pro se motion I filed in it, can still be proven in this case via judicial notice.

4. It is black letter law that a Court must take judicial notice of a given fact when requested by a party if (A) the fact in question is properly subject to judicial notice, and (B) the fact is germane to the underlying action.

5. It is well established that other court proceedings are properly subject to judicial notice, and the circumstances in which my criminal charges were dropped is certainly germane to whether or not Sydney Redfield defamed me by failing to mention the exoneration.

6. Therefore, I ask the Court to contact the Circuit Court of Boone County, Arkansas and

request that a full and complete copy of criminal Case No. Cr. 2011-324-4 (State of Arkansas vs. David Stebbins) be sent to its chambers.

7. I ask that a copy of the file be provided to the defense counsel on the condition that he not share the file with anyone except the defendant himself under pain of sanctions should he disobey. E

8. ven for the defendant himself, he should only be allowed to see the file if...

(a) ... he promises not to share any contents of the file with anyone, under pain of contempt of court sanctions should he break this promise, except to the absolute bare minimum necessary to comply with the injunctions that I am requesting in Section VI of the Memorandum in Support of Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10, and

(b) ... he comes into his attorney's office in person and reviews the file without recording, video taping, or photographing anything.

9. Once the Court has the file, I ask that the Court review it in camera, so as to not disturb the sealing effect that I am supposed to be entitled to.

10. I then ask the Court to take judicial notice of the following facts:

(a) The agreement to dismiss the charges was entered into on February 8, 2013, as set forth in Exhibit B to this motion.

(b) Approximately two weeks before that hearing, I had filed my own pro se motion in the case despite being represented by the public defender's office at that point.

(c) The contents of that motion are substantially consistent with the description I give in the upcoming section.

(d) Nothing substantial happened on the record in that case in between the filing of the pro se motion and the agreement to dismiss the charges after 1 year, heavily implying that the contents of that pro se motion were what motivated (at least in part) the prosecuting attorney to agree to the conditional dismissal.

11. Once the Court takes judicial notice of these facts, I ask that it declare them undisputed pursuant to the Motion for Partial Summary Judgment.

## Contents of the Pro Se Motion

12. The contents of the pro se motion can be described as follows:

13. First, I acknowledged that it was abnormal to file a pro se motion when I was represented by counsel. However, I provided Arkansas Supreme Court case law (I don't remember exactly which one) that said that, in this case, trial judges can either strike the motion for being filed imporperly, or it can rule on the motion on its merits, but it cannot just ignore the motion entirely. After two weeks, the judge had not stricken the motion for being improperly filed, so the prosecution apparently believed the judge was going to rule on the merits.

14. I then advocated that the prosecution should not be allowed to introduce evidence of some fight that allegedly happened years and years ago in a completely different state, and which I was never even charged with a crime in connection to anyway (meaning, for all we know, I could have been completely justified in it), as that was inadmissible under Arkansas Rule of Evidence 404 (which is substantially the same as Federal Rule of Evidence 404, for *this* Court's convenience). I cited the AR Supreme Court case of Abernathy v. State, 925 SW 2d 380 (1996).

15. I further pointed out that, without this evidence, the prosecution's only evidence that I had committed this crime was the uncorroborated testimony of a single person – the alleged victim – and absolutely nothing else. I pointed out that it was highly suspicious that the alleged victim never went to the hospital for his injuries, almost as if he knew exactly how deep the cuts were (right down to the millimeter) and thus knew they weren't fatal, which in turn heavily implied he put them there himself. I further pointed out that there was no evidence that my fingerprints were even on the knife handle because the government never checked for them.

16. I further argued that the government's complete failure to obtain any evidence except for (A) the alleged victim's uncorroborated testimony, and (B) the fight that happened years and years ago was in itself evidence of lazy policing. It's almost as if they were actively planning on using that fight (which I never got my day in court on anyway) as proof that I *must* have done it here, too, because that's just the kind of person I am. Nevermind the fact that these two events occurred years and years apart from each other. Knife thing then, therefore, knife thing now.

17. To show just how preposterous this was, I attached evidence of an altercation that

occurred when I was sitting in pre-trial incarceration waiting to be released on bail. A couple of other inmates who didn't like me made a false accusation against me, saying that I had threatened to stab them just like I did the alleged victim. Unlike the alleged victim's house, however, this time, the jail actually had security cameras, so they looked on the cameras, found that I didn't do it, and so I was never charged.

18. During the pro se motion, I used that incident to make the following logical arguments: If I didn't threaten them, why did they say I did? The obvious answer is... because they didn't like me and wanted to get me in trouble. But of all the things they could falsely accuse me of, why that specific thing? The answer to that question is equally obvious: They knew that, if they needed direct evidence, their accusation would fail instantly, so they came up with an accusation they felt they were least likely to need direct evidence for, seeing as it was most related to the criminal charge I was facing at the time. It was literally the same logic that the prosecution was using in my pending criminal case: Knife thing then, therefore, knife thing now.

19. That, I argued, is precisely why the Court should have blocked any uncharged misconduct evidence, and why it was not only "the law," but a *good thing* that this was the law. Combine that with the aforementioned lack of fingerprints or hospital records, and I then made the following argument: "But I should not be made to suffer prejudicial evidence just because the State didn't get the good evidence when it had the chance."

## Conclusion

20. The fact that the judge never struck the motion, despite being advised that his only other option was to rule on its merits, means the prosecuting attorney knew the judge was planning on ruling on the merits. It's pretty clear, from there, that this sent the prosecuting attorney into a panic, realizing that the motion was not only going to be ruled on, but most likely granted, and that meant he would have virtually no evidence to convict me with, owing to his aforementioned failure to get any other evidence, like hospital records or fingerprinting.

21. I therefore ask the Court to take judicial notice of the facts mentioned in ¶ 10 above (as supplemented by the details given in ¶¶ 12-19 above), so they can be considered undisputed for purposes of the upcoming Motion for Partial Summary Judgment on the Issue of Liability for

Defamation #10.

    So requested on this, the 1ˢᵗ day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
