# Exhibit A

1          **IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS**
                          **CIVIL  DIVISION**
2

3   DAVID A. STEBBINS                                  PLAINTIFF

4   VS.                        No. CV. 2012-85-4

5   DAVID D. STEBBINS                                  DEFENDANT

6

7                         REPORT OF PROCEEDINGS

8

9      BE IT REMEMBERED and CERTIFIED that on to wit:  The 13th

10  day of May, 2013, the following Motions hearing in the case of

11  David A. Stebbins versus David D. Stebbins, in Harrison,

12  Arkansas, before the Honorable Judge Gordon Webb.

13

14

15                         APPEARANCES:

16
    For the Plaintiff:          MR. DAVID A. STEBBINS, PRO SE
17

18  For the Defendant:          MR. JAMES GOLDIE

19

20

21

22

23

24

25

                    RaLenn McBee, Official Court Reporter
                       Circuit Judge Gordon Webb
                       Harrison, Arkansas  72601

```
1   PROCEEDINGS HELD ON MAY 13, 2013:

2              THE BAILIFF:  All rise.

3              THE COURT:  Go ahead and be seated please.  The

4          Court proposes to take up the various motions that

5          have been filed in this matter in sequence and

6          attempt to address them one at a time.  And in doing

7          so, the Court hopes to proceed in a fairly efficient

8          manner.  I am going to give each side -- I have read

9          before, each of the motions and the responses but

10         some of it has been over quite a period of time and

11         so, at this time, the Court is going to expect each

12         side to -- I will call upon the person who made the

13         motion, the side -- let me put it this way, the side

14         that made the motion is to argue their motion in

15         short and summary fashion and the other side will

16         then be given an opportunity to respond.  And the

17         party making the motion will have an opportunity to

18         respond to whatever the other side has said.  So that

19         will be the sequence in which we take them up.

20             The first motion the Court is aware of was as a

21         part of the Defendant's answer to this lawsuit, there

22         was a motion for a mental exam.

23             MR. STEBBINS:  Your Honor, I respect your

24         judgment, perhaps as a suggestion, we could discuss

25         the motions to strike first because those will
```

1    directly impact the Court's ability to discuss the
2    other motions.  That is just a suggestion.
3         THE COURT:  I've already announced how I'm going
4    to do it.
5         MR. STEBBINS:  Okay.
6         THE COURT:  Mr. Goldie.
7         MR. GOLDIE:  Yes Sir, Your Honor on June 11,
8    2012 the defendant, the plaintiff's father, filed a
9    pro se motion for a mental exam.  At that time, the
10   plaintiffs was under criminal information indictment
11   for domestic assault against the father.  A mental
12   exam subsequently was ordered in the criminal case
13   and then he came back and faced that.  So, we think
14   at the time we filed it I would think it was timely
15   there has been a mental exam in the criminal case.
16   So, we are going to withdraw this motion for mental
17   exam and just reserve the right to refile it at a
18   later time if the same facts show.
19        THE COURT:  All right, thank you.  That will
20   take care of that motion.  The next motion I had in
21   sequence was filed June 20, 2012, it was a motion
22   filed by mister -- I can't say Mr. Stebbins
23   without -- with any distinction I can't -- I will
24   just have to say the plaintiff.
25        MR. STEBBINS:  Plaintiff.

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1          THE COURT:  This is the plaintiff's Motion to

2     Compel discovery.  Mr. Stebbins, are you still

3     pushing that motion?

4          MR. STEBBINS:  I am Your Honor, and if I -- if

5     it may please the Court, I wish to argue the motions

6     for sanctions simultaneously with the Motion to

7     Compel.

8          THE COURT:  Well --

9          MR. STEBBINS:  Is that okay?

10          THE COURT:  No, I'm uncomfortable with that for

11     the simple reason the Motion for Sanctions, sanctions

12     only become appropriate if -- depending on how I rule

13     on a particular motion.  So, in the Court's, which is

14     what we are going to follow, the motion you know,

15     we'll worry about sanctioning people when that --

16     when we are done with ruling on the motions.  I know

17     that there is a good deal of vindictiveness involved

18     or I guess that is a poor word, there is a good deal

19     of animosity between the two parties.  And there is

20     some indication in the pleadings that both sides want

21     to strike out against the other in some form or

22     fashion in their -- as indicated by their pleadings.

23     This Court is a Court of justice, I am not here to

24     extract punishment unless it is absolutely necessary.

25     And so, because most of these pleadings have been

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1      proceeded on in a pro se fashion by both sides, the

2      Court is going to -- the Court declines to take this

3      on as though this was a case between two highly

4      skilled lawyer litigants representing their

5      respective -- their respective sides in this case.

6      This is litigation between, up until very recently,

7      between pro se litigants. I am going to say to begin

8      with, I acknowledge to you, as the plaintiff

9      Mr. Stebbins, that you impress the Court with your

10     ability, although not trained in the law, to read and

11     research and understand the law. You are obviously

12     extremely intelligent but the Court is not you know,

13     you are not a qualified lawyer at this point. So, I

14     am going to treat you as I would any other pro se

15     litigant in this matter. So now, I will do my best

16     to rule on the legalities of these various motions

17     and if sanctions become appropriate in this Court's

18     opinion, the Court will consider that. But at this

19     point, I am not going to start out dwelling on

20     sanctions, so let's --

21          MR. STEBBINS: Very well.

22          THE COURT: The next motion I had was a Motion

23     to Compel discovery. As far as the Court can tell

24     from the various pleadings that were filed, it does

25     appear that there have been answers filed in most of

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1      these at this point.  So I would like you to tell

2      what you are seeking to compel in the way of

3      discovery.

4          MR. STEBBINS:  There are quite -- I don't think

5      there's even a single solitary discovery request in

6      my first batch of discovery requests that was

7      complete, responsive and not evasive, take for

8      example his half-baked, the defendants half-baked

9      response to interrogatory Number 1 where I requested

10     that he explain his denials in this case.  His

11     response, if you could even call it that, simply

12     defers me to his answers for the request for

13     admissions themselves.  This would be a complete

14     answer only if the answers for the request for

15     admissions themselves had explanations behind them.

16     However, many of them do not.  For example, request

17     for admission's Number 7, 32, 33, 34, 39, 41, 43, and

18     47 all contain one word answers.  Denied.  No

19     explanation or even any semblance of explanation is

20     even attempted to these requested admissions.

21     Therefore his response to interrogatory Number 1, to

22     the extent that it applies to these requested

23     admissions are completely nonexistence not just

24     insufficient.

25          Furthermore, the defendant fails to even attempt

1    to explain the denials he made in his responsive

2    pleading.  Since I requested explanations for his

3    denials both in the requests for admissions and the

4    answer his response to that part is wholly

5    nonexistent.  Then there is interrogatory Number 2.

6    Whereas the first interrogatory requested

7    explanations for his denials, the second one

8    requested explanations for just why he did them.

9    Denials or otherwise.  He claims that there was

10    nothing I accused him of that was true.  And thus, no

11    explanation is to be provided but any person with two

12    functioning brain cells can clearly see that this is

13    not the case.  He did indeed admit for a few -- to a

14    few requested admissions, a few which come

15    immediately to mind are Number 4, Number 5, Number 16

16    and Number 22.  Therefore, because he falsely claims

17    that he never admitted to any of these, he completely

18    failed to respond to the second interrogatory

19    altogether.  Thus triggering -- well, we'll get to

20    the 30 Rule 37d in a minute.

21        Next we have my third interrogatory, his

22    response is not merely evasive or incomplete but is

23    completely nonsensical.  Defendant made reasonable

24    inquires as to the knowledge he had.  What does that

25    even mean.  That sentence doesn't even make sense

1    from the grammatical standpoint let alone a logical

2    one.  His response to the fourth interrogatory is

3    equally evasive.  When asked what witness he intends

4    to call the only specific witness he needs is

5    himself.  The other witnesses are identified solely

6    by the fact that they are Boone County Sheriff's

7    deputies.  He needs to specify the exact witnesses he

8    intends to call.  His failure to do so, constitutes a

9    failure to respond to that interrogatory altogether.

10    The fifth interrogatory is equally evasive.  He

11    was asked to provide all the evidence he intended to

12    introduce at Court.  His response was oral testimony.

13    This is not the evidence itself though, that is a

14    category that the evidence itself falls under.  Thus,

15    unless the defendant intends to simply take the stand

16    utter the two words oral testimony and then step down

17    again, then his response does not come even remotely

18    close to answering the question.  Again, a complete

19    failure to respond to the discovery request

20    altogether.

21    Then we have a fourth request for production.

22    He outright refused to provide the e-mail

23    conversations requested.  He acknowledged that such

24    conversations exist but refused to provide it because

25    they aren't about me or this case.  First of all,

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1        that is a flat-out lie that it is not about me and I
2        already know that.
3            Second, what he frivolously fails to realize is
4        that a discovery request does have to be directly
5        related to the case at hand, so long as it
6        potentially could lead to the discovery of admissible
7        evidence?
8            THE COURT:  What are you talking about at this
9        point?
10           MR. STEBBINS:  I'm sorry what -- the fourth
11       request for production.
12           THE COURT:  Okay, I don't have that directly in
13       front of me.  I'm looking at the motion that was
14       filed to compel.
15           MR. STEBBINS:  This was an attachment, Your
16       Honor.  Exhibit B to the Motion to Compel.  It's his
17       response to the interrogatories and request for
18       production.  Right before he gives his signature.  If
19       you don't have it I can ask the bailiff to give this
20       to you when he gets back because I have it right
21       here, plain as day.
22           THE COURT:  Well, what was the -- what was
23       requested I guess is what I'm trying --
24           MR. STEBBINS:  Motion to Compel Discovery
25       Exhibit B, if you --

                RaLenn McBee, Official Court Reporter
                    Circuit Judge Gordon Webb
                    Harrison, Arkansas  72601

1        THE COURT: I'm looking at the Motion to Compel

2        discovery Exhibit B, the answers given, okay.

3        MR. STEBBINS: The answers to --

4        THE COURT: What was the original request?

5        MR. STEBBINS: Produce the entire e-mail

6        conversation the defendant had both over regular

7        e-mail and on Facebook with Dale Beavers.

8        THE COURT: Who is Dale Beavers?

9        MR. STEBBINS: He is an attorney from the City

10       of Hattiesburg, Mississippi, where I was born, he

11       used to represent my parents in an eviction case.

12       Yeah, we seem to be running into a lot of those in

13       this family and they've been friends ever since but

14       since he is not licensed to practice law in the State

15       of Arkansas his e-mail conversations to this day do

16       not constitute an attorney-client relationship and

17       therefore, are not subject to any privilege.

18       MR. GOLDIE: That's not true, and I object to

19       that. Whether he's licensed in the State of Arkansas

20       you can talk to your attorney in California.

21       MR. STEBBINS: Your Honor, I cannot hear what he

22       is saying, can you ask him to speak up?

23       THE COURT: Let me just shorten this down. You

24       have asserted a principle of law that the Court

25       thinks is wrong. And that is in essence what

```
 1          Mr. Goldie is saying.  The privilege is an evidential
 2          rule.  The privilege, it can only be exercised by the
 3          person asserting it.  So, and as far as this Court
 4          knows, it is not, you are incorrectly stating the law
 5          with regard to whether a conversation with an
 6          attorney licensed in another state is covered by some
 7          kind -- is not covered by the privilege because under
 8          it is under the laws of this state -- we're
 9          transacting business under the laws of this state.
10          The privilege exists based -- is something that can
11          only be asserted by the person claiming it and it can
12          only be asserted at the time that someone is seeking
13          to introduce something at this point.  Now, I don't
14          even think we are to the point of privilege at this
15          point.  I think your assertion of what the law is, is
16          incorrect, because I think it could be asserted at
17          the appropriate time.  But what I understand then, is
18          that you are saying that the communication between
19          what the response is that whatever he has talked to
20          about with Mr. Beavers is not -- is not relevant to
21          this particular proceeding.
22               MR. STEBBINS:  He is claiming that it is not
23          relevant.
24               THE COURT:  Uh-huh.
25               MR. STEBBINS:  And he has failed -- and as you
```

1   have said, as you just pointed out, a privilege such
2   as that must be asserted at the time that the
3   information is sought.  And he has not asserted any
4   privilege here.
5        THE COURT:  Right.
6        MR. STEBBINS:  So therefore, the privilege
7   therefore is deemed waived.
8        THE COURT:  No, that is not the law, Sir.  But
9   in any case, I now understand what you're talking
10   about, that is why I asked about it.  I was trying to
11   determine what requests -- answer to request to
12   production Number 4 was about -- dealing with.  You
13   have now clarified that.  So, I now understand what
14   that has to do with it.
15        MR. STEBBINS:  So I may continue with my
16   argument?
17        THE COURT:  Yes.
18        MR. STEBBINS:  Okay.  What he frivolously fails
19   to realize is that a discovery request does not have
20   to be directly related to the case at hand, so long
21   as it potentially could lead to the discovery of
22   admissible evidence.  Therefore, his failure to
23   respond to the fourth request for production and the
24   lack of a non-frivolous objection to back it up,
25   triggers the applicability of Rule 37.  We'll move on

          RaLenn McBee, Official Court Reporter
                Circuit Judge Gordon Webb
                Harrison, Arkansas  72601

1      to that later.

2           The defendant argues that he technically did

3      respond to the discovery motions and that I am merely

4      unsatisfied with the responses given.  However, even

5      if that were true, which I just established it is

6      not, his responses, if you could even call them that

7      are so wildly inefficient that they trigger the --

8      that they trigger civil procedure Rule 37a(3), which

9      means that they should be treated as a failure to

10     respond altogether.

11          My first Motion to Compel discovery is littered

12     with incomplete and evasive responses, for example,

13     going back to interrogatory Number 1, there were

14     three specific details I requested when demanding

15     explanations for why he denied these things.

16          THE COURT:  I'm going to cut you off right

17     there.

18          MR. STEBBINS:  Yes sir.

19          THE COURT:  Under the Rules of Discovery, I

20     don't think you have the right to ask him for

21     explanations for his answers to requests for

22     admissions.  I don't think that is proper discovery.

23          MR. STEBBINS:  Is there a reason you do not

24     believe it is proper discovery?

25          THE COURT:  Yes.  It is not factual, discovery

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1         is to get factual information conveyed.  He is not

2         obligated to provide you explanations for his

3         answers, first of all in a request for admissions he

4         is not required to give you an explanation for why he

5         says denied.  He is not required to do that.  So I

6         don't think this is proper discovery.  So let's --

7         you know, anyway, you've had a chance to assert your

8         claims on this.  Mr. Goldie, do you want to respond

9         please.

10             MR. GOLDIE:  Thank you very much Sir.  I know

11        the Court has indicated that the Court felt there was

12        significant animosity between these two parties.

13        They are obviously father and son.  This all stems

14        from an incident that occurred at Thanksgiving 2011

15        when the Sheriff's Department was called and the

16        plaintiff was arrested for assault and battery on his

17        father in the father's home on Thanksgiving day where

18        the son was a guest.  After the criminal charges were

19        filed and the son ultimately was arrested, he was

20        released on bond in the spring of 2012 and he

21        immediately filed this lawsuit against the father

22        doing a 180-degree turn around on facts, saying it

23        was the father that attached the son.  Okay.  So the

24        Court had granted him permission to proceed in forma

25        pauperis.  One of the things I think the Court is

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    beginning to understand is that the Defendant's

2    actions are to use the legal proceedings, which he

3    has limited knowledge of as a bully club to continue

4    to beat and beat and beat his family and his father

5    in particular or anybody else that comes in contact

6    with him that he doesn't like.  It is clear from the

7    pleadings themselves, for example let's go to the

8    Motion to Compel.  The plaintiff sits here and cites

9    Rule, Chapter and subchapter of the rules of civil

10    procedure particularly the rules of discovery.  What

11    he fails to do is and it's really sad in a sense,

12    that Rule 37 says once when you file your

13    interrogatories if you don't get an answer, or

14    alternatively if you get an answer that you don't

15    like, the same thing with request for admissions, if

16    you get an answer you don't like, you then have to

17    make a good-faith attempt to confer with the party

18    who has failed to to properly answer in an effort to

19    obtain the information without Court action.  Those

20    are what we, as attorneys, have commonly brought

21    about called Rule 37 letters.  Only then can you file

22    your Motion to Compel.  And the Rule specifically

23    says, if you file your Motion to Compel you have to

24    specifically relate and state in your motion that you

25    did make such a good-faith attempt.  Not one time,

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    not one motion, either in writing or either when he

2    stood up over here talking to the Court, did he

3    indicate that that first step which is required was

4    done by him.  Which makes everything single motion

5    for discovery, every single argument of the motion

6    for discovery, every single argument for sanctions on

7    him not liking the discovery absolutely irrelevant

8    and moot completely.  Discovery should not be used as

9    a bully club either.  Much like the law should not

10    be.

11        You know, one of the things that the plaintiff

12    says is he didn't like the answers to the request for

13    admissions and the Court clearly said well, we don't

14    have to explain them.  When we deny them but some of

15    these go thinks like request for admission 41,

16    defendant father knows that plaintiff son has filed

17    precisely 13 lawsuits in federal Court.  I mean, what

18    is that relevant to this lawsuit.  Whether it is

19    admitted or denied, whether it's denied and not

20    explained and as you go through each one of these

21    things, it says here, one of them was defendant

22    father will always vote Republican no matter what the

23    individual candidate supports or opposes simply

24    because it is the Republican Party.  That is a

25    request for admission?  No, it's not.  It is nothing

1   relevant to do with this lawsuit and again, it

2   clearly shows that behind all of this, behind the

3   little bit of legal knowledge that the plaintiff has,

4   he is using it as a billy club to beat those that he

5   is against.

6       Now, what about the answers to interrogatories

7   that he doesn't like. He says first interrogatory

8   was something to the effect of about the request for

9   admissions. Then he says provide an exhaustive and

10  thorough explanation of why defendant did everything

11  that the plaintiff accuses him of. Well, the

12  thorough and exhaustive explanation is defendant

13  didn't do those things. How thorough and exhaustive

14  can you be. In the event that it is denied, lack of

15  knowledge or whatever, state the information that the

16  defense engaged in a reasonable attempt to obtain

17  sufficient information, what information did you

18  seek, how successful you were in getting the

19  information, how long did it take what was the medium

20  of communication. Again incredibly burdensome. It

21  said these were reasonable inquiries as to the

22  knowledge that the defendant had. We made reasonably

23  inquiries. That is it.

24      Provide a list who the defense plans to call as

25  a witness, the defendant plans to call himself in

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    answer to interrogatory Number 4 and the Sheriff's

2    deputy, see the report.  The report has the name of

3    the deputy on it.  Plaintiff here is arguing you

4    didn't give me the name.  I'm sorry.  The name is on

5    the report.  I don't think we have to spoon

6    plaintiffs or any other opposing party when the name

7    of the person who made the report is on the report

8    that we provided a copy of it.  That's what we are

9    relying upon.  What kind of evidence, it's going to

10   be oral testimony.  If you want to know what each

11   party is going to say or each witness is going to

12   say, take the deposition.  Documents are none.

13   Affidavits of witnesses, none.  None, none, none, and

14   of course, the Court has already answered the one

15   Number 4, wanting a request for production for

16   everything about Facebook and e-mails between the

17   defendant and this person named Dale Beavers in

18   Mississippi.  And the Court has already addressed

19   that.  But most interesting, to show you how this

20   really is playing out, the defendant took, excuse me,

21   the plaintiff, the son, took my answer on the Motion

22   to Compel, and he said here, father, I'm going to

23   give you a sample of how you are supposed to answer

24   interrogatories and he attached them.  And what he

25   attached was pleadings from a lawsuit in the United

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1      States District Court Western District of Arkansas

2      Fayetteville where the plaintiff sued the University

3      of Arkansas, Office of Chancellor, and that lawsuit

4      is stemmed on the fact that the plaintiff was

5      enrolled at the University of Arkansas school, his

6      behavior and his statements were so outrageous and so

7      unacceptable they basically dismissed him.  He then

8      turned around and sued the University for not

9      complying with the Americans with Disability Act and

10     some other things.

11          MR. STEBBINS:  I object Your Honor, what does my

12     previous litigation history have to do with this

13     case?

14          THE COURT:  Well, Mr. Goldie is explaining it.

15     I'm going to hear him out, just like I attempted to

16     hear you out, Mr. Stebbins, so --

17          MR. GOLDIE:  That lawsuit was summarily

18     dismissed by the federal judge but in these heart --

19     this is how I learned about the lawsuit, in this

20     lawsuit of the plaintiff against the university, he

21     says here is how, dad defendant you are supposed to

22     answer interrogatories look at what the University

23     did, okay.  Now, what the University did was, in

24     request for admission five, they accepted that the

25     plaintiff had Asperger's Syndrome, but they went on

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    to say that the plaintiff also has Intermittent
2    Explosive Disorder.  So that leaves a little bit
3    further down that mental exam road, which we might
4    get to later.  However, it then goes on to say, all
5    of the problems that the defendant had and it says he
6    was thrown off campus for making a terroristic
7    threat.  The response was on December 3rd 2007, son,
8    plaintiff, verbalized a plan to cut his father's
9    forehead and use his father's blood to write a letter
10    of forgiveness.  He expressed his intent to videotape
11    this act and then put it on Facebook.  Further, well,
12    I will summarize it.  Further --
13        THE COURT:  Please do.
14        MR. GOLDIE:  He said there was going to be a
15    Virginia Tech incident at the University, which he
16    was going to cause.  And then he said he wanted to
17    commit suicide and he wanted one of the campus police
18    be the people to shoot him, to kill him.  When they
19    said that is enough, we don't want you on campus
20    basically and told him to leave, months later he
21    e-mailed the Chancellor, Chancellor Gearhart, who is
22    the brother of the District Judge in Mountain Home,
23    and in the e-mail clearly it says, if you do not
24    curse, curse, curse, curse put me back as a student
25    and forgive all past debt and do this and do that,

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1     then it became very abusive from that point and he

2     filed this lawsuit.  What that tells us is that when

3     he says that is how you're supposed to do your

4     answers to discovery, the only reason he is making

5     these discovery demands is to use it to club, to

6     beat, to abuse a legal system that was not intended

7     for the purpose that he is using it for to continue

8     to injure his father as an outgrowth of whatever

9     happened when they were younger, who cares, but an

10    outgrowth of what happened on Thanksgiving day 2011

11    at the home of the father and the mother.  And that

12    is what this discovery is about.  That is why he is

13    so demanding about the exact details.  You didn't do

14    this, you didn't do that.  I asked you 43 plus

15    request for admissions including do you vote

16    Republican every time.  Who cares.  Did you hit

17    somebody with a baseball bat 20 years ago.  Who

18    cares.  If you go through his discovery you will see

19    the intent behind it is not legitimate.  It's not

20    reasonable.  It's not related, the bulk of it is not

21    related to the lawsuit and everyone of our responses

22    were sufficient and related only to the lawsuit.

23    That is all that was required.  On top of that if he

24    wants to be the procedural King, which by the way is

25    hard to do, he didn't comply with Rule 37 by doing

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    the good faith attempt before he filed his motion.

2    All of his motions that are based upon that or

3    corollary to that need to be struck.

4         MR. STEBBINS:  Your Honor --

5         THE COURT:  Okay, Mr. Stebbins, you may respond

6    to this argument.

7         MR. STEBBINS:  First of all, there is not one

8    single solitary thing he just said here that was

9    true.  First of all, I think the most glaring of his

10   statements was that I did not make good faith

11   attempts to comply to secure the discovery without

12   court action.  There's a very specific nonfrivolous

13   reason why I failed to talk to the defendant

14   regarding this discovery.  The keywords there are

15   that I am required to make good faith attempts.

16   However, it was abundantly clear to me from both this

17   case and the past one, that he had no intentions of

18   complying with this discovery no matter what I told

19   him.  I did not talk to him about this to try to get

20   it without court action because there was no good

21   faith attempts that I could have made.  I am indeed

22   required to make good faith attempts to resolve a

23   discovery dispute without Court action but the

24   keywords there are good faith.  The Rules of Civil

25   Procedure do not require me to talk to a wall when it

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1       is just for the sake of observing formalities when it
2       is clear that he has no intention of co-operating.
3       That is when I failed to make a good-faith
4       attempts -- that is why I failed to talk to him to
5       get the case out of court action, get the discovery
6       without court action because it was clear that there
7       was nothing -- it wasn't going to do any good and I'm
8       only required to make a good-faith attempt.
9           Number 2.  An equally glaring statement he made
10      was that I only file lawsuits to bully people who I
11      don't like.  Aside from the discovery requests of
12      questionable, he has offered, he's not even offered
13      any evidence to suggest that this lawsuit was simply
14      done with an intent to bully.  He hasn't even tried.
15      Other than the discovery requests of questionable
16      relevance.  Now, he wants to know what that has to do
17      with anything well, what a lot of these requests have
18      to do with anything.  He will find out.  I did not
19      make a -- I assure you under penalty of perjury as
20      I'm looking you in the eye right now, I did not make
21      one single solitary request for admission that I do
22      not have a coherent point to.  He doesn't see the
23      point but he isn't entitled to see the point.  I am
24      -- I can assure you that every single solitary
25      request for admissions, all 53 of them, were done

1         with an actual intent to prove something with it.

2         And I intend to back that claim up.  So he responded.

3         So, therefore --

4              THE COURT:  We are on the issue of your Motion

5         to Compel at this point, Mr. Stebbins.

6              MR. STEBBINS:  Very well.  The point is, my

7         motion -- he -- they're trying to duck the discovery,

8         which I'm trying to get compelled because they think

9         that it is just harassment to them.  I assure you it

10        is not.  Every single discovery request I have made

11        has I flat, has a coherent and material concrete

12        point to it, which will be revealed once the actual

13        answers are given.  It will all be revealed.  I have

14        not -- there has been absolutely no wasted effort

15        whatsoever even if the defense counsel or the Court

16        doesn't immediately see it and I'm not required to

17        disclose my litigation strategies to them.  So, when

18        they ask what does this have to do with anything,

19        they don't have a right to know.  The only thing that

20        could possibly cause them to evade discovery that

21        way, is if they flat-out -- as if they know exactly

22        where I'm going with this and to know that it is

23        irrelevant.  But in order to do that, they have to

24        basically read my mind.  They have to know my

25        strategy.  And I'm not required to disclose it to

1    them.  Something that we had just talked about, about

2    the things I'm not required to do in discovery.

3        Now, you mentioned that a lot of this was not

4    proper discovery but there is just as much stuff that

5    there wasn't subject to your logic that wasn't --

6    that -- I didn't -- not all of the discovery requests

7    were demands for explanations.  That being said, the

8    defendant made reasonable inquiries as to the

9    knowledge he had, even if -- even with Mr. Goldie

10   trying to describe what it is in layman's terms, he

11   still doesn't actually explain it.  Why -- I mean, he

12   says --

13       THE COURT:  What are you referencing now, I'm

14   not understanding your --

15       MR. STEBBINS:  Interrogatory Number 3.

16       THE COURT:  Interrogatory Number 3.

17       MR. GOLDIE:  Answer to interrogatory Number 3,

18   Your Honor.

19       MR. STEBBINS:  Yes, when I asked him to explain

20   the lack of knowledge and what attempts he made to

21   secure this information, what exactly did he do to

22   secure it.  Mr. Goldie, I can see that he actually

23   made some attempt to discover the information, to

24   explain it just now, he still doesn't actually give

25   us what he is told.

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

 1              And furthermore, he says that the Sheriff's
 2       deputy he intends to call his name is on the
 3       affidavit.  Well, there is one problem with that, he
 4       said defendant and the deputies as in plural, as in
 5       he intends to call all of the deputies.  The
 6       deputies, plural, if he only intends to call Jason
 7       Menke, he needs to modify his answer to the singular
 8       not plural, because that is what confused -- that is
 9       what threw me off.
10              All of the documents, which verify the factual
11       accuracy of Defendant's responses to all of the
12       plaintiffs interrogatories.  I don't think -- I think
13       he's just straight up -- I think he's straight up
14       lying and being lazy when he says that none of them
15       exist.  For example, what did he -- what inquiries
16       did he make.  Well, written request for Public
17       records would go along way towards showing that he
18       made some inquiries into a lot of these things.
19              Copies of all the evidence spoken of in
20       defendant -- interrogatory Number 5, does he really
21       just plan on sticking to oral testimony because I
22       think that may not be strategically sound though.  He
23       does need to be absolutely -- I do -- I do assert --
24       I do stand by at least one complaint, his answers
25       need to be absolutely unambiguous.  He's Mr. Goldie

1   here today has given some clarifications but the fact
2   that clarifications or even necessary, is a problem.
3       THE COURT:  All right, have you finished your
4   argument?
5       MR. STEBBINS:  Well, I am thinking Your Honor.
6       THE COURT:  Well, this is, you are in rebuttal,
7   as I said earlier I want these arguments made in
8   summary form, I allowed both of you quite a bit of
9   time on your first responses or your first
10  statements.  And this is your opportunity to respond
11  to his arguments.  And you know again, you know, we
12  are not here to argue the entire case on this one
13  motion.
14      MR. STEBBINS:  To Compel.
15      THE COURT:  To compel discovery.
16      MR. STEBBINS:  Very well.  In that case, I rest
17  on the Motion to Compel.
18      THE COURT:  Okay.  The Court is going to deny
19  the Motion to Compel discovery and obviously any
20  sanctions that would arise out of it, simply because
21  the plaintiff has not followed the requirements of
22  the rules of discovery, so the Motion to Compel will
23  be denied.
24      MR. STEBBINS:  So you believe because I did not
25  make good faith attempts to secure it without court

1      action?

2          MR. GOLDIE:  I am going to object to his trying

3      to argumentative with the Court, I mean, the Court

4      deserves respect from everyone including this

5      plaintiff and he has really been walking a fine line

6      and I would just like the Court --

7          MR. STEBBINS:  I did not mean --

8          MR. GOLDIE:  -- to demand the respect it

9      deserves.

10         MR. STEBBINS:  I did not mean to respect the

11     Court your Honor, I was simply asking for

12     clarification.  If --

13         THE COURT:  I am ruling that you did not follow

14     the rules as they are specified.  Including, that you

15     did not make -- send correspondence or in some way

16     indicate -- establish that you had communicated with

17     the -- the defendant in this matter, who at that time

18     was pro se in this matter and you did not make the

19     requirements -- meet those requirements, among other

20     things.  So, that is the ruling of the Court.  I am

21     denying your Motion to Compel.

22         MR. STEBBINS:  Is this --

23         THE COURT:  All right, let's move on to the next

24     motion which is a second Motion to Compel.

25         MR. STEBBINS:  Your Honor, I do wish to revoke

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    this motion.  As I reviewed the case docket from a

2    few days ago, and I realized that the motion which

3    I -- the discovery request, which I believed to be

4    completely ignored had in fact been responded to it,

5    it was the Dale Beavers thing. I thought that he had

6    responded -- had completely ignored it, but I ended

7    up being wrong and I do not wish to continue to

8    prosecute the second motion for discovery.

9        THE COURT:  All right.  That will be withdrawn.

10   Okay.  The next motion that the Court is going to

11   take up -- well, there was a plaintiff's petition for

12   issuance of subpoenas, the procedure on subpoenas is

13   pretty much it is up to you to get your subpoenas

14   out.  The Court doesn't.

15       MR. STEBBINS:  Well, from what I understand, pro

16   se parties are supposed to go through the subpoenas

17   with the Court.  Are you -- do they, when the Rules

18   of Civil Procedure state that do they mean the Clerks

19   or just --

20       THE COURT:  You go through the Clerk's office,

21   you --

22       MR. STEBBINS:  Well, there is a slight

23   improvisation I wish to make to this petition, mostly

24   concerning the depo -- mostly concerning depositions.

25   I am proceeding in forma pauperis.  According to the

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1          order granting in forma pauperis --

2              MR. GOLDIE:  Your Honor, if it's any motion --

3          what he is saying now is not in any motion that is

4          filed, he cannot speak on it today.

5              THE COURT:  I'm going to hear him out, what are

6          you talking about now?

7              MR. STEBBINS:  I'm proceeding in forma pauperis

8          and according to Number 4, to the order granting in

9          forma pauperis, which I'm holding up right here.

10         According to paragraph four of it, no officer in

11         general, no state officer at all should be allowed to

12         charge me any cost incident to this action.  Now, for

13         depositions and court reporters, that obviously

14         creates a problem because you can't expect a court

15         reporter to just not to be paid for her labor.

16         However, I've noticed something in the Rules of Civil

17         Procedure that concerns interrogatories.  It seems --

18         there seems to be language in there that gives the

19         Court the authority to appoint court reporters for

20         that purpose.  And therefore, I would ask the Court

21         to do that.

22             THE COURT:  I really -- you are so far off

23         anything I understood was in your petition.

24             MR. STEBBINS:  Well, when I petitioned for Mrs.

25         Rita Stebbins, who is my mother, to come and testify,

1         my main -- my main problem -- my main problem is

2         actually going to be taking her testimony because I

3         am in forma pauperis I would be unable to afford to

4         do so out of my own pocket because the court may --

5         should I just file that in a completely separate

6         motion, Your Honor?

7              THE COURT:  I guess you better.

8              MR. STEBBINS:  Okay.

9              THE COURT:  I guess you better.  The next motion

10        the Court has down for hearing today, is a motion,

11        the Defendant's motion for summary judgment.

12   Mr. Goldie.

13              MR. GOLDIE:  Oh, all right, Sir.  That is the

14        one that was filed --

15              THE COURT:  It was filed February 25, 2013, by

16        Mr. Stebbins pro se, at that time.

17              MR. GOLDIE:  All right, Sir.  Thank you.  A

18        little bit of background Your Honor, which we have

19        already talked about the filing of the complaint in

20        April of 2012, alleging it was the father who

21        attacked the son, asking for a million dollars in

22        damages and ten million dollars in punitives.  Now,

23        what we did was we filed on February 25, 2013 the

24        father did, a motion for summary judgment to dismiss

25        the complaint.  The allegations were, on December 11,

1    2011, based upon the Thanksgiving, November

2    Thanksgiving 2011 incident, a criminal information

3    was filed against the son, the plaintiff, charged

4    with felony domestic battery against his father, who

5    is the defendant in this case.  On February 8th,

6    2013, the plaintiff entered a plea in that criminal

7    case, Boone County CR 2011-334-4, the plea basically

8    was no contest, given a suspended sentence.  However,

9    an examination of that shows that on February 8,

10   2013, under the signature of the defendant, and the

11   circuit judge, Judge Webb, the acknowledgment says, I

12   certify what I have read and I understand.  And that

13   is the conditions of suspended sentence for

14   probation.  That says on the eighth day of

15   February 2013, the defendant, who is the son, now the

16   plaintiff in this case, having been represented by

17   Rebekah Kennedy, having entered a plea of guilty or

18   having been found guilty to the misdemeanor domestic

19   battery in the third degree is given probation.  So

20   this is filed in a public record.  Signed by the

21   plaintiff in this case and acknowledging it and

22   signed by the Court that the conditions are that you

23   were found guilty.  So based upon that, we said the

24   defendant was found under the conditions to be guilty

25   and therefore, there is no material facts in dispute

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    that it was the son who attacked the father.  Not as

2    is alleged in the son's lawsuit that the son, the

3    father attacked the son back on Thanksgiving day.  So

4    that is what the motion started out to be.  Now the

5    question became was it a no contest plea or was it a

6    guilty plea.  The son indicated that well you cannot

7    use a no contest plea under the rules of evidence,

8    evidence Rule 410, however, he then went on to say

9    that this plea was under Act 346 of 1976, which is

10   the first offender act.  In doing some research we

11   found the case of *Patterson versus O'dell, 322 Ark.*

12   *394* --

13       MR. STEBBINS:  Objection, this case all citation

14   is not before the Court in any written leading.  I'm

15   being ambushed by this.

16       MR. GOLDIE:  May I continue, your honor?

17       THE COURT:  Yes, you may continue, I'm

18   overruling the objection.

19       MR. GOLDIE:  That a conviction based upon a plea

20   of nolo contendre with respect to other than traffic

21   offenses may be admissible under certain

22   circumstances.  So even though arguably evidence Rule

23   410, says uh uh, it's not, case law says yes, there

24   are some times so it's not a hard and fast rule that

25   is not admissible.

                    RaLenn McBee, Official Court Reporter
                         Circuit Judge Gordon Webb
                         Harrison, Arkansas  72601

1        THE COURT:  What was the citation to that?

2        MR. GOLDIE:  322 Ark. 394, Sir.  Additionally,

3    under the First Offender Act, Act 346 of 1976,

4    codified, it took me a while to find it, A.C.A.

5    16-93-303, basically says that a plea of nolo

6    contendere may be used for purposes of impeachment.

7    And then in the case of _Richter versus Hayes, 251_

8    _Ark. 395,_ in 1971 basically says that given and

9    example a plaintiff was brought the medical

10   malpractice action could be impeached for evidence of

11   conviction of drunkenness.  So a criminal conviction

12   is not automatically, first offender not admissible

13   in a non-related case, particularly as some of the

14   case law has said.  So we don't have a hard and fast

15   rule where we would call that dark line that you

16   can't cross.

17        One, the plea that the defendant entered in

18   February of 2013 although nolo contendere, was put in

19   conditions as guilty, signed by the plaintiff and the

20   Court.  Number 2, assuming that it is nolo contendere

21   for the sake of argument, is it admissible under

22   evidence Rule 410 under certain circumstances, it is.

23   What about, well, it's first offender act, you can't

24   use it.  Under the first offender act, Act 346, it

25   can be used for impeachment purposes.  What we're

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1      trying to say is the desire and the deep wish and the

2      deep hope and the arguments, which we anticipate the

3      Court will be hearing from the plaintiff that

4      whatever happened in Court in February cannot be used

5      to help resolve this 180 lawsuit, where the facts are

6      he is the one that assaulted his father, he has sued

7      his father claiming the father assaulted him.  That

8      none of those events of February of 2013 can be used,

9      we are saying that they can, there's a sufficient

10     basis for the Court to say we don't have a dispute of

11     fact here, summary judgment can be granted this is a

12     frivolous lawsuit.  This is a lawsuit for improper

13     purposes, it needs to be dismissed.  I think that

14     pretty well covers it.  Let's make sure.  Then as

15     related to that, the defendant in March 26, 2013

16     filed a Motion for Sanctions, do you want to wait on

17     that or --

18          THE COURT:  Let's wait on that.

19          MR. GOLDIE:  Okay, thank you Sir.  That is on a

20     motion for summary judgment that we filed.

21          THE COURT:  All right.  Mr. Stebbins.

22          MR. STEBBINS:  Mr. Goldie cites some supposed

23     case laws that states that quote "under certain

24     circumstances" no contest pleas can be admissible.

25     He does not specify what those circumstances are or

1        why this instant issue meets those circumstances.

2        Therefore, his argument is undeveloped.

3            Second, do we even need case law there, cause I

4        mean, yes the Rule 410 of the rules of evidence, does

5        spec -- does actually suggest that there might be

6        some exceptions to the Rule.  For example, it only

7        specifies that no contest pleas cannot be used for

8        just for any one specific purpose.  And that purpose

9        however is simply to prove straight up truth or

10       falsity of a claim.  They are currently trying to use

11       my no contest plea in the case for precisely that

12       issue, which the plain text of the Rules of Civil

13       Procedure plainly state is not -- it cannot be used

14       for that purpose.  Yes, there are plenty of purposes

15       that a no contest plea can be used for.  But simply

16       to just prove the truth or falsity of a claim is not

17       one of them and to that extent, no case law is even

18       necessary, because the plain text of the rules of

19       evidence state that.

20           Therefore, his motion for summary judgment is

21       not only meritless but frivolous as well, as he

22       plainly understood the lack of merit behind his

23       motion but filed it anyway.  He's trying to come up

24       with these obscure case laws that are completely --

25       that he doesn't even specify what conditions they

1          claim they can be used for.  But I think one thing is
2          at least clearly certain, even if it could be used as
3          evidence for impeaching me as a witness maybe, I
4          think the Court should withhold judgment on that
5          until we have a pretrial limine hearing but even if
6          they could do that, I think one thing is certain, it
7          is certainly not enough -- it's not a flat out
8          admission such as a guilty plea would be.  Now, even
9          if it were, even if it were, this is not what I
10         signed up for when I took up in the plea agreement.
11         In fact, the parole evidence of the plea agreement
12         suggests the exact opposite.  I remember standing
13         right there in your -- talking to you about the plea
14         agreement.  You said that it would not, that is the
15         same as a guilty plea, I do remember correcting you
16         on that saying that it would not have any hindrance
17         on any civil cases, you did not attempt to refute me
18         on that.  I also distinctly remember various
19         conditions from Wes Bradford, the prosecuting
20         attorney, were he demanded that I dismiss all of my
21         pro se lawsuits.  Then he demanded that I dismiss
22         only the lawsuits relevant -- related to that case,
23         which would've included this one and then he withdrew
24         his demand that I dismiss the lawsuits that all.
25         Therefore, the parole evidence, considering all of

1          those demands that he revoked, suggests that this
2          plea agreement was not intended -- the plea agreement
3          we actually signed was not supposed to prove -- was
4          not supposed to hinder this case in any way, shape or
5          form.  And to that extent, if it ends up hindering
6          this case in any way, shape, or form, I simply intend
7          to move to withdraw the plea because it wasn't what I
8          signed up for when I took the plea agreement.  And
9          then I would be entitled to have this Defendant's
10         summary judgment removed because it was based on a
11         judgment that was itself reversed or vacated and we
12         would be right back where we are and the Defendant's
13         would've accomplished nothing.
14              Even if the Court were to agree that the no
15         contest plea could be used as evidence, it certainly
16         cannot be used to support summary judgment.  And the
17         defendants here have not even alleged any case law to
18         suggest that.
19              MR. GOLDIE:  May I respond quickly?
20              THE COURT:  You may.
21              MR. GOLDIE:  Using the matter of quote unquote
22         parole evidence that deputy prosecutor Wes Bradford
23         we're not bound by anything Mr. Bradford said.  It's
24         pretty irrelevant argument but everything that the
25         plaintiff has said says no contest plea, no contest

                 RaLenn McBee, Official Court Reporter
                     Circuit Judge Gordon Webb
                     Harrison, Arkansas  72601

1    plea, no contest plea, that is only one of an

2    alternative argument.  Our first argument was and I

3    have copies here and I'm happy to supply, this is

4    from the court record downstairs, it is state of

5    Arkansas versus David Anthony Stebbins, David A.

6    Stebbins, Boone County CR 2011-334-four, February 8,

7    2013, says entered a plea of guilty or having been

8    found guilty.  And we look here, and on the

9    acknowledgment it says I hereby certify that this is

10   correct and signed David Stebbins, 2/8/13, Judge Webb

11   2/8/13.  So, the first part of our motion for summary

12   judgment is deemed to be a plea of guilty.  Guilty is

13   it.  You are guilty, you allowed yourself to be found

14   guilty of assaulting your father on Thanksgiving day

15   2011, which is exactly 180 from what your lawsuit

16   claims the father assaulted you.

17        Now, alternatively you want to say well, really

18   it's a nolo contendere plea that is where the

19   alternate argument that we discussed came in that

20   that's the point.  One of the things about training

21   in the law is you can make alternate arguments.  You

22   don't look at one point and argue and try to beat

23   that to death.  And that is what the plaintiff has

24   been doing.  We clearly presented in our motion the

25   finding of guilt signed by the judge and the

1    plaintiff, alternatively it's going to be determined

2    nolo contendere there are basis to consider that in

3    terms of this lawsuit going away.  What he needs to

4    do is what he should have done long ago, but he needs

5    to do it now.

6         MR. STEBBINS:  Your Honor --

7         THE COURT:  All right, we have argued that

8    motion.  Just as with every other motion each side

9    gets -- one side gets an opportunity speak and the

10   person making the motion gets a final argument.  That

11   is what I set out as the rules when we started.  The

12   Court on this motion, let me get to it -- the Court

13   is looking at the documents that were attached to the

14   plea statement -- I mean to the well, that came in,

15   they are attached -- excuse me, I miss-spoke.  They

16   are attached to the motion for summary judgment.  The

17   language quoted by the defendant in the motion of

18   having entered a plea of guilty or having been found

19   guilty is standard language, or boilerplate language

20   that is in every, you know, the form is prepared in

21   advance and then certain blanks are filled-in.  In

22   this case, the defendant entered a plea under the

23   terms of Act 346 and entered a plea of no contest.

24   The Court remembers that and that is the finding of

25   the Court.  That language contained in the conditions

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    of suspended sentence or probation are -- is not

2    probative language in terms of this matter.  I see

3    where the argument comes from, but it is not.  Under

4    the terms of Act -- and under the terms of the plea

5    statement, this was -- the Court recalls this clearly

6    it was a no contest plea and under the terms of Act

7    346, the Court detailed formal adjudication of guilt,

8    so he neither pled guilty nor did he -- nor was he

9    found guilty but rather the Court took the matter

10   under advisement pursuant to Act 346.  On that basis,

11   the Court is going to deny the motion for summary

12   judgment at this time.

13         MR. GOLDIE:  Thank you, Sir.

14         MR. STEBBINS:  So do we now -- oh, I'm sorry, I

15   should stand, so do we now move on to my motion for

16   sections?

17         THE COURT:  Let's see where that is.

18         MR. STEBBINS:  Or do we move on to our

19   conflicting motions to strike?

20         THE COURT:  I'm trying to find which Motion for

21   Sanctions is being referred to.

22         MR. STEBBINS:  The one filed on March 26.

23         THE COURT:  Okay.  That wasn't on my original

24   list of what was set down for hearing today, that's

25   why I'm -- the motion for Sanction filed on March 26,

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1          I have it here.  Have you got it, Mr. Goldie, as

2     well?

3          MR. GOLDIE:  Yes Sir.

4          THE COURT:  All right, you may argue your Motion

5     for Sanctions.

6          MR. STEBBINS:  First of all, the newly retained

7     defense counsel falsely claims that my Motion to

8     Strike was never served on the pro se defendant, that

9     is a flat-out lie.  I do not know if Mr. Goldie is

10    lying himself or if he is believing or if he is

11    believing the lie that his client has told him but

12    either way the claim of lack of services is a flat --

13    is simply false.  And details thereof are provided in

14    my own Motion to Strike it.

15         Furthermore, when it was -- I can accept that

16    the pro se defendant may not know about some of this

17    as you refer to it a boilerplate context and

18    withholding a formal adjudication, however I would

19    expect a seasoned attorney such as Mr. Goldie to be

20    well aware of how plea bargains work.  When Act 346

21    or 347 or whatever it is called, deferred sentence,

22    when a deferred sentence happens, Mr. Goldie should

23    know what that means.  He should know what a no

24    contest plea means.  He should know that lack of --

25    the fact that it says that I pled guilty or found

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1      guilty is unchangeable hard coated part of the mail

2      merge online.  He should know all of this.  I could

3      potentially cut the pro se defendant some slack for

4      not knowing this since pro se Defendant's cannot be

5      expected to know the law, but an attorney does.  And

6      now that the attorney has tried to advance this

7      frivolous position, now the Courts desire to treat

8      the parties as unrepresented goes flying out the

9      window at that point.

10          Now, an attorney who is expected to know what he

11     is talking, about clearly does not know what he is

12     talking and as I pointed out in my Motion for

13     Sanctions when they are appropriate, they are

14     mandatory and that concludes my argument for the

15     Motion for Sanctions.

16          THE COURT:  Mr. Goldie, do you want to respond.

17          MR. GOLDIE:  Yes, Your Honor.  Again, we

18     continue to see the abuse of the legal process by the

19     plaintiff talking about it is a flat lie, and what

20     Mr. Goldie should know as a quote unquote seasoned

21     attorney but pro se plaintiffs aren't required to

22     know the law.  When someone represents themselves

23     they are required to know the law.

24          Now the Motion for Sanctions right here

25     March 26, 2013 signed by the defendant there is no

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    certificate of service.  That is required.  That is
2    the proof that it was served.  How did we get this
3    copy, well, we had to go to the file and find it,
4    long after the time to answer was passed.  It was not
5    properly served upon the defendant.  So naturally
6    there was a Motion to Strike.  If you don't properly
7    serve it, it is not properly before the Court.  And
8    again, that was my problem this morning when I was
9    handed this or attempted to be handed this motion
10   from the plaintiff, which didn't have a file-mark and
11   low and behold, it doesn't have a certificate of
12   service.  Now he did handed to me personally.  That
13   might count as -- that is not a certificate of
14   service and that shows what the plaintiff is up to.
15   Again, he is using his limited legal knowledge of the
16   Court system and legal procedure to use it as a billy
17   club against everybody, including specifically his
18   father.  These Motion for Sanctions were not properly
19   served.  Any time that we learned about it was long
20   after the time to answer.  But what does the motion
21   say.  The motion for the plaintiff says you must
22   sanction my father, none of those claims in the
23   motion for summary judgment were in good faith, et
24   cetera, et cetera.  Well, the Court has found it is
25   easy to understand how when one sees a guilty plea

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1    that it could be interpreted as a guilty plea but it

2    was not a bad faith motion.  Additionally, in the

3    alternative, even if it was an entry of an order of

4    no contest, there are conditions under which a no

5    contest plea can be used in the course of law.  So

6    it's not a bad faith argument, it may not have been

7    an argument that was timely.  It may not have been an

8    argument that was complete.  It may not have been an

9    argument that didn't exactly fit the situation but

10   his sanctions says it's bad faith and therefore you

11   have to sanction them.  So that is not a basis to

12   grant the Motion for Sanctions.  Now that is as far

13   as I can go because the plaintiff, excuse me, handed

14   me something this morning, which I have quickly sped

15   read and I haven't had a chance to respond.  So, that

16   is not before the Court or shouldn't be before the

17   Court.  In all due fairness, it was filed timely

18   filed, it should be before the Court.

19        The Motion for Sanctions, two things.  Number 1,

20   not properly served, and in the alternative if the

21   Court says that doesn't matter, you ultimately knew

22   about it, which we ultimately did recently, it should

23   be denied because it's talking about totally

24   frivolous and totally bad faith, that motion which

25   the Court just denied on the -- for summary judgment

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1        on behalf of the defendant was not frivolous and it

2        was not in bad faith.

3             THE COURT:  Mr. Stebbins.

4             MR. STEBBINS:  He claims that the mistake was

5        honest.  However, he misses the point of my argument,

6        that the attorney even if he generally believed it,

7        was reckless and negligent in his actual research of

8        the situation and that can be just as much bad faith

9        as knowing it.  Malice and recklessness are legally

10       considered the same thing except in bankruptcy court

11       and I would have the case law to back that up in a

12       written supplement to this argument if the Court

13       wants it.  The point is, he also argues that I am

14       trying to use this as a billy club but then I never

15       properly served a Motion for Sanctions on the

16       defendant.  Well, first of all, I'm going to go ahead

17       and just make this argument here in the oral argument

18       since he says he sped read it, hang on a minute, let

19       me find where it is.  Oh yes, I gave him my copy, I'm

20       sorry.  Anyway, my argument is that I served my

21       Motion for Sanctions on the defendant, the pro se

22       defendant, simultaneously with my response in

23       opposition to the motion -- to his pro se for summary

24       judgment, which he does not deny receiving the copy

25       of.  This motion was filed simultaneously with the

1          response in opposition because the Rule 11b of the

2          Rules of Civil Procedure say that I must serve the

3          motion on him 3 weeks before it's actually filed with

4          the Court.  I served that -- that -- the Motion for

5          Sanctions, a pre-filed copy of the Motion for

6          Sanctions on him in the same envelope in which I

7          served the response.  So if he got the response, he

8          got the motion.  There is no language in the rules of

9          civil procedure requiring me to serve it twice on him

10         nor does it require me to serve it simultaneously

11         with the filing of -- with the Court.  In fact, Rule

12         11b seems to suggested that I'm not allowed to do

13         that.  So, he did get a copy of it.  Now he says that

14         he did ultimately did find out about the motion but

15         only recently.  I am holding in my hand right now a

16         notice set by this Judge's Court Manager, Ms. Polly

17         Leimberg, notifying all the parties -- a copy of this

18         was sent out to the clerks office and all the parties

19         notifying them of this -- of today's hearing.  And

20         when it says the -- it lists the motions to be

21         considered, it very clearly says the Motion for

22         Sanctions or motion for summary judgment.  Right

23         before it says, please be advised I have scheduled

24         this.  If he did not read that part well, that was he

25         is doing.  He is responsible for reading this notice.

1              So even if he didn't personally know about it, he

2       was still notified of it's existence.  And therefore,

3       should have wasted no time in actually looking on the

4       Court records to see what I was talking about.  That

5       is what I meant when I said he knew of it's existence

6       and could have filed it at any time.  If he truly

7       didn't know about it because he just glossed over the

8       notice of the hearing, that is he fault.  That is the

9       equivalent of signing a contract before reading it

10      and he should be held to the same standards of

11      responsibility accordingly.  Plaintiff now rests the

12      motion for sanction.

13          THE COURT:  On the Motion for Sanctions the

14      Court is going to deny the Motion for Sanctions.  My

15      reason for doing.  So, first of all, it wasn't

16      properly served in accordance with the rules of

17      procedure.  And secondly, the Court does find that

18      the response, that the motion was filed -- was not

19      filed in bad faith or frivolously and the Court is

20      making those findings and that will be the ruling of

21      the Court.  And that is as far as we are going to go

22      today.  The most recent motion for strike which was

23      filed this, well, I guess it was filed today.

24          MR. STEBBINS:  The compel one was filed last

25      Friday.

                    RaLenn McBee, Official Court Reporter
                         Circuit Judge Gordon Webb
                         Harrison, Arkansas  72601

1        THE COURT:  Well, let's see -- it set shows as

2       file marked plaintiff's Motion to Strike Defendant's

3       motion I guess that is Motion to Strike and answer to

4       the same is shown as filed-marked today.  And on that

5       basis the Court is -- there's been inadequate time to

6       take it up.  And so, the Court is not going to take

7       that matter up.

8        MR. STEBBINS:  Your Honor, I would like to ask

9       for another hearing to be scheduled and the reason

10      for that is this, there is a -- there was quite a

11      few -- there was a motion for partial judgment on the

12      pleadings that I negligently forgot to request a

13      hearing for, for today, it was filed on June 12, 2012

14      and I would like to -- whenever the Court set -- I

15      would like for the Court to set the hearing to hear

16      that motion and possibly even the motions to strike.

17      Should I just go through the Court Manager again?

18       THE COURT:  You're asking we set a Motion to

19      Strike on a motion that I've already denied.  Let me

20      make sure I understand.

21       MR. STEBBINS:  The last two motions on the

22      docket.

23       THE COURT:  That motion to -- yeah, that's --

24       MR. GOLDIE:  Your Honor, if the plaintiff is

25      seeking additional hearings on additional --

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601

1     shouldn't that be in writing to the Court.

2          THE COURT:  I think that is going to be what the

3     Court requires.

4          MR. GOLDIE:  And so we can see where we are from

5     there, but it's just -- I know that's an unfair

6     burden to put on the Court to start scheduling things

7     from the bench.  It's a burden, which the Court has

8     responsible people to assist him.

9          MR. STEBBINS:  I'm only going off the experience

10    I have had in the criminal case, where the Court

11    would set hearings of the conclusions of the previous

12    ones.  I will proceed to submit a written request for

13    hearing with your Court manager, Your Honor.

14    Mr. Goldie, do you have a fax number where I can

15    serve you with a copy of the request?

16         MR. GOLDIE:  Mail is fine, I don't want you to

17    fax me anything.

18         MR. STEBBINS:  Very well.

19         THE COURT:  Now, if I understand it though, the

20    Court is going to find at this point that the

21    plaintiff's Motion to Strike Defendant's Motion to

22    Strike which was filed -- and answer to the same,

23    which was filed today is -- I am simply going to

24    dismiss that Motion to Strike because I've already

25    ruled on what it's trying to strike.

                    RaLenn McBee, Official Court Reporter
                         Circuit Judge Gordon Webb
                         Harrison, Arkansas  72601

1              MR. STEBBINS:  As moot.

2              THE COURT:  So, I don't see any point in

3         conducting any hearings on that.

4              MR. STEBBINS:  Well, I'll be was submitting a

5         written request for hearing on the motion for partial

6         judgment on the pleadings.

7              THE COURT:  I have seen that in the file it was

8         filed sometime ago.  So, we will take it up.

9              MR. STEBBINS:  The Court should have that

10        written request by the time it concludes that next

11        hearing from 1:30 p.m.

12             THE COURT:  All right.  All right.  The parties

13        may be excused.

14             MR. GOLDIE:  Thank you very much Sir.

15   THUS, THIS PROCEEDING WAS ENDED.

16

17

18

19

20

21

22

23

24

25

                    RaLenn McBee, Official Court Reporter
                         Circuit Judge Gordon Webb
                         Harrison, Arkansas  72601

```
 1                  CERTIFICATE OF COURT REPORTER
 2          I, RaLenn McBee, Official Court Reporter for the
 3   Circuit Court, Fourteenth Judicial Circuit of Arkansas, certify
 4   that I reported the proceedings by stenomask in the case of
 5   David A. Stebbins versus David D. Stebbins, Boone County
 6   Circuit Court number CV. 2012-85-4, May 13, 2013, before the
 7   Honorable Judge Gordon Webb, at Harrison, Arkansas; that said
 8   recording has been reduced to a transcription by me, and the
 9   foregoing pages numbered 1 through 51 constitute a true and
10   correct transcript of the proceedings held to the best of my
11   ability, along with all items of evidence admitted into
12   evidence.
13          WITNESS MY HAND AND SEAL as such Court Reporter on
14   this June 24, 2013.
15
16
17
18
19          _____
20          RaLenn McBee, CCR
21          Supreme Court Certified Reporter No. 566
22
23
24
25
```

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas  72601