| | |
|---|---|
| David Stebbins | 123 W. Ridge Ave., APT D, Harrison, AR 72601 |
| (870) 204-6516 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                               PLAINTIFF

VS.                                   Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                         DEFENDANTS

## MOTION TO STRIKE AFFIRMATIVE DEFENSES OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT AS TO AFFIRMATIVE DEFENSES

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Strike Affirmative Defenses pursuant to Fed.R.Civ.P. 12(f) in the above-styled action.

1. In his Answer to Complaint, the Defendant has raised a total of ten (10) affirmative defenses. Most of them are frivolous on their face, and all of them lack sufficient factual allegations to support them.

2. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed.R.Civ.P. 129(f). Essentially, this is the Plaintiff's equivalent to a Motion to Dismiss under Rule 12(b), where a defense can be disposed of on the pleadings if it appears beyond doubt that the defendant can prove no set of facts which would entitle him to the defense.

3. For the following reasons, all of his defenses, except for truth and opinion, should be stricken.

### Nothing in his smear video was rhetorical hyperbole.

4. A critical element of the rhetorical hyperbole defense is that the statements must be done in such a manner that no reasonable person would construe them as stating actual facts. See Hustler Magazine, Inc. v. Falwell, 485 U.S. 46 (1988) (expressly prescribing that the defense only applies "when that speech could not reasonably have been interpreted as stating actual facts about the [plaintiff]").

5. At no point in the smear video did the defendant use any language that was exaggerated or hyperbolic. Everything he said was matter of fact. Moreover, because he repeatedly provided

screenshots and video clips to support this statements of fact against me, which purported on their face to be real and authentic (as opposed to the clearly hand-drawn cartoon that depicted a heavily stylized version of Jerry Falwell), no reasonable person *wouldn't* consider the smear video as "stating actual facts."

6.      Therefore, this defense must be stricken as insufficient or, in the alternative, disposed of on partial summary judgment as clearly not valid by way of undisputed evidence.

### There is no qualified privilege for the defendant.

7.      Next, the defendant raises qualified privilege, but there is no such privilege here. Privilege applies when parties have a business interest in confidential communication, such as a former employer giving a job reference about an employee to a prospective new employer. No such situation is present here, and thus the Court must strike this defense.

8.      Barring that, the defense still does not hold because the defense does not protect against knowingly false statements of fact, and as I have repeatedly demonstrated in my four pending Motions for Partial Summary Judgment, the Defendant buried his head in the sand, which constitutes reckless disregard for the truth. Therefore, if the defense will not be stricken, it should be disposed of in my favor on partial summary j udgment.

### The fair reporting privilege is only even arguably applicable to Defamation #10, and even then, it is redundant of the truth defense.

9.      The fair reporting privilege does not immunize defendants from speaking publicly about private disputes between two parties. It doesn't even allow the defendant to say that the plaintiff did something he didn't do. It is a very limited exception to the "Republication Rule." As Eugene Volok explains in his article "Libel by Omission of Exculpatory Legal Decisions[1]," ...

> "1. Under the libel law republication rule, repeating false and reputation-injuring allegations is generally itself libelous, even if the repetition accurately summarizes the allegations: saying "A said that P stole money from petty cash" is libelous if P didn't steal the money, even if it's accurate that A said that P stole the money.
>
> 2. The fair report privilege is a limit on this republication rule. Saying "the indictment said that P stole money from petty cash" or "the civil complaint said that P stole money from petty cash" isn't libelous, even if P didn't steal the

---

1  See https://scholarship.law.nd.edu/cgi/viewcontent.cgi?article=4990&context=ndlr

money, so long as the summary of the legal documents is full, fair, and accurate."

10. From this, it is axiomatic that, in order for the fair reporting privilege to be applicable at all, there must be an official proceeding pending before a court or government agency.

11. From there, it is clear that the only count of defamation I am suing over in this case to which the fair reporting privilege could even arguably be applicable is #10. Therefore, the Court should strike this defense as to the other nine counts of defamation.

12. Even regarding #10, the Court should also strike this defense. Rule 12(f) gives Courts the power to strike "redundant" pleadings as well as insufficient ones. Regarding Defamation #10, my theory for liability is that the Defendant failed to report that my criminal charges were dismissed due to garbage evidence. This defeats the fair reporting privilege. As Eugene Volok writes, immediately after the previous excerpt...

> "3. But saying "the indictment said that P stole money from petty cash," but omitting P's acquittal, is no longer a "full and fair" report, precisely because it omits an important fact."

13. Therefore, even for Defamation #10, the only count of defamation where the fair reporting privilege is even arguably applicable, it is still redundant of the "truth" defense, which I am not seeking to strike at this time. Therefore, the Court should still strike that defense, even for Defamation #10, by reason of redundancy.

**There is no First Amendment right to slander someone, and the Defendant buried his head in the sand.**

14. There is no First Amendment defense here, not for knowing falsehoods. "False statements of fact are particularly valueless; they interfere with the truth-seeking function of the marketplace of ideas, and they cause damage to an individual's reputation that cannot easily be repaired by counterspeech, however persuasive or effective." See Falwell, supra at 52.

15. I have filed four motions for partial summary judgment. In all four, I show indisputable proof that the Defendant buried his head in the sand regarding the truth of the facts he was spreading about me. See Dkt. 69-5, ¶¶ 58-60. See also Dkt. 71-7, ¶¶ 29-32. See also Dkt. 74-4, ¶¶ 13-16.

16.     Therefore, the Court should strike this defense (or in the alternative dispose of it in my favor on partial summary judgment), not just for the counts of defamation to which there are currently pending motions for partial summary judgment, but for all ten defenses, since it is clear that the defendant's actions which constitute burying his head in the sand are equally applicable to all ten counts.

### I clearly did not consent to the smear video being made.

17.     This one is the most ludicrous on its face of them all. The fact that I clearly reached out to him and asked him not to make the smear video before hearing my side of the story, the public argument I had with the defendant on Twitter where I repeatedly begged him not to do it, as well as the fact that I spend several days afterwards arguing with him and demanding he retract the video[2], all incontrovertibly show a clear lack of consent from me to make the video.

18.     Not only should this defense be stricken (or in the alternative disposed of on partial summary judgment), but the Court should consider imposing sanctions on the defense for violating Fed.R.Civ.P. 11(b)(3).

### I have indeed suffered great damages.

19.     In his Opposition to Motion to Transfer, the Defendant insisted that I did not suffer any real damages. His entire argument for this begins and ends with the fact that my medical expenses were covered by insurance. So I assume this is what he bases this defense on also.

20.     This is such a ludicrous position to take that I shouldn't even have to address it, but here we are.

21.     Just because one specific expense was covered by insurance does not mean that I suffered no damages. I still suffered great damages, including, but not limited to, the emotional distress and stress which caused me to get sick in the first place, the pain and suffering that I experienced while sick, and, most importantly of all, the signature injury of the defamation tort: Loss of reputation.

22.     All of these are massive injuries which I have undeniably suffered, and which were no covered by insurance. Therefore, I am still entitled to recover these damages. Therefore, this

---

[2] Dkt. 69-5, Page 16, Section V-6; see also Dkt. 70-4, ¶¶ 35-36; see also Dkt. 71-7, ¶¶ 33-34; see also Dkt. 74-4, ¶¶ 17-18.

defense should be stricken, or at least disposed of on partial summary judgment.

### I did indeed take reasonable measures to mitigate damages.

23. The next defense is that I have not taken reasonable steps to mitigate my damages. However, the duty to mitigate damages is not absolute. It does not require I take literally every conceivable option and leave no stone unturned. All I have to do is take *reasonable* measures to mitigate my damages. And I have very clearly done that.

24. I have published a video called "How NOT to do Fair Use (with Sources)" to my YouTube Channel, which the Court can view here: https://www.youtube.com/watch?v=e5r46D2IQKI. In that video, I not only defended my issuance of DMCA Takedowns (as the title of the video implies), but I also made clear that I was never convicted of my criminal charge back in 2011. See timestamp 51:30 – 51:53.

25. In addition, I also did an interview with another YouTuber who goes by the alias "Gibbo." You can hear the audio of that interview by going to the following URL: https://www.youtube.com/watch?v=NzkkRI_dOwg. However, he never published the interview. That was his choice, not mine.

26. This is good enough to meet the legal threshold for "attempting to mitigate damages."

27. Therefore, this defense should be stricken as well, or, in the alternative, the Court should grant partial summary judgment, as I very clearly did attempt to mitigate damages and it didn't work.

### I demanded a retraction but the defendant refused.

28. Again, as I clearly demonstrated in my four motions for partial summary judgment, I did in fact request a retraction from the defendant, but he refused to provide one.

29. Discounting that, I have provided a link to the smear video, and the Court can clearly see with its own two eyes that nothing has been retracted.

30. Therefore, this defense must be stricken, or resolved in my favor on partial summary judgment, since there is zero chance the defense will prevail.

### There is no basis for claiming that I came to this court with unclean hands.

31. Lastly, the Defendant has raised the defense that I have unclean hands. To qualify for this

defense, I must have done something in the course of this dispute that was itself unethical which makes it inequitable to award me with injunctive relief.

32. However, the Defendant cannot claim this defense unless he can point to specific, tangible things which I have done which actually create the unclean hands. More importantly, he cannot point to just anything I have done in my life and say that constitutes unclean hands. The things I did must be directly related to either this defamation case or the making and publishing of his smear video.

    (a)    See Dream Games of Arizona, Inc. v. PC onsite, 561 F. 3d 983, 990 (9th Cir. 2009):

> "[T]he maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication... [t]he alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct. If the defendant can do no more than show that the complainant has committed some legal or moral offense, which affects the defendant only as it does the public at large, the court must grant the equitable remedy and leave the punishment of the offender to other forums."

    (b)    See also Republic Molding Corp. v. BW Photo, 319 F. 2d 347, 349 (9th Cir. 1963):

> "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts... we should not by this doctrine create a rule comparable to that by which a careless motorist would be able to defend the subsequent personal injury suit by proving that the pedestrian had beaten his wife before leaving his home."

33. So unless the defendant can come forth with specific factual allegations of things I did in direct relation to this case, then this defense should be resolved on partial summary judgment.

34. An example of something I could theoretically have done that might constitute unclean hands is this: If the Defendant had in fact reached out to me to get my side of the story before publishing the smear video, and I lied to him to make myself sound more guilty than I actually was, and then he published those statements in his smear video, only for me to suddenly declare "Ha, psyche! I lied when I told you that, and that means YOU lied about me in this video, so now I get to sue you!" Then yes, that would be a strong case for unclean hands (and possibly also

consent and a few other defenses as well). But that very clearly didn't happen in this case. In fact, the overwhelming undisputed evidence clearly shows I tried to do the complete opposite.

35.     So unless the defendant, in responding to this motion, can come forward with specific facts that even remotely suggest that unclean hands has any chance at all of being proven, then the Court should either strike the defense as scandalous or resolve the defense in my favor on partial summary judgment.

## Conclusion

36.     Wherefore, premises considered, I respectfully pray that all of the defendant's affirmative defenses, except for truth and opinion, be stricken under Rule 12(f) or in the alternative resolved in my favor on partial summary judgment, and for any other relief to which I may be entitled.

So requested on this, the 1st day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)