David Stebbins    123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 204-6516    acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                   PLAINTIFF

VS.                         Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                   DEFENDANTS

### REPLY IN CONTINUED SUPPORT OF DKT. 65, MOTION TO TRANSFER CASE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Dkt. 65, Third Motion to Transfer Case to the US District Court for the District of Idaho in the above-styled manner.

**There is clear diversity jurisdiction.**

1. Meanwhile, the Defendant insists that there is no diversity jurisdiction in this case. However, there very clearly is. I asked for a million dollars in total compensatory damages, covering emotional distress, loss of reputation, stress, and many other things. These are all damages that I suffered independently of the hospitalization.

2. Of course, the Defendant does not believe that I am entitled to that much money, but that alone does not strip the case of diversity jurisdiction. You don't lose personal jurisdiction just because the Defendant does not think the Plaintiff is entitled to the damages he asks for, especially not at the pleading stage where the Court must accept as true all factual allegations in the complaint. The Defendant cites to no authority, and I can find none, that even remotely suggests that a demand in the Complaint for $75,000 or more is insufficient to establish diversity jurisdiction, just so long as the Defendant (or even the Court, for that matter) does not think I'll actually win that much. If that were all it took, no case could ever be heard in court under diversity jurisdiction, since it's obvious that any defendant would just unilaterally declare that the plaintiff isn't entitled to that much, offer no evidence whatsoever to support that claim, and instantly force a transfer to state court on that alone.

**The Court has already determined that it lacks personal jurisdiction in this case.**

3. The motion to transfer was not based on convenience, but on jurisdiction. A lack of juris-

diction is singularly dispositive of a motion to transfer. Even if the court that does have jurisdiction (that of Idaho) is objectively a thousand times more inconvenient than this court, it doesn't matter if this Court *doesn't have jurisdiction*, and it has already determined that it doesn't.

4.   Although the Defendant insists that his statements satisfy the Calder test, that matter has already been decided by this Court. Therefore, the matter is barred from further litigation, except on appeal. At best, the Defendant would have to allege new facts which create personal jurisdiction, not simply repeat my arguments that the Court already found to be unpersuasive.

5.   Maybe the Defense could argue that they couldn't have consented to jurisdiction before now because they hadn't appeared in the case yet. Normally, that might be the case, but in this case, that excuse doesn't fly. The Defendant knew about the case from the outset; see the "lawsuit reaction video" which I provided in my motions for partial summary judgment. He could easily have appeared voluntarily in this case and consented to jurisdiction, saving us all the more-than-two-year back and fourth between me and the Court. His failure to do so, when he knew about the case and could very easily have done so, should be treated as a forfeiture of the defense, pursuant to the common law maxime of "qui tacet consentiture videture."

6.   To the contrary, he knew that this Court did not believe it had personal jurisdiction in this case, and rather than oppose that and consent to jurisdiction, he championed the Court's position! He even made a public video about it, which the Court can view here: www.youtube.com/watch?v=Jc5rDo_LRUY. As the Court can see from that video, he very clearly endorsed this Court's belief that it lacked personal jurisdiction, given how giddy he was throughout this video at that at-the-time new development! So why is he changing his position now?

7.   I'm not changing my position, per se. I'm simply trying to follow the decision this Court has already reached. The defense is changing his position now, and it appears to be because it means he'll have to get an Idaho lawyer instead of his current one[1], but that should not be too difficult, should it? Mr. Edmonson can simply refund any unspent retainer funds (which, this early on, should be the vast majority of the retainer), so the Defendant can turn around and use those funds on another lawyer in Idaho.

8.   But even if that does create an *extreme* inconvenience for him, maybe he should have

---

1   I checked the bar in Idaho, and Mr. Edmondson is not licensed to practice law in that state.

thought about that when he was allowing this Court to find a lack of personal jurisdiction and actively endorsing that finding.

9.   Remember that this Court has ***already determined*** that it lacks personal jurisdiction. That, alone, is ***singularly dispositive*** of this motion! If it were to change course now, without an extremely good reason, then it might as well be announcing with trumpets that it's biased against me, and that it only held the lack of personal jurisdiction because it thought that could be used as a basis to dismiss my case. Since that is no longer an option, then and only then does the Court suddenly change course and decide it does have jurisdiction?! At that point, the Court might as well just come out and say it: That it's position in this case is "David Stebbins loses because he's David Stebbins, regardless of the actual facts or law."

**The Defendant's arguments regarding convenience and justice are incorrect.**

10.   The Defendant has attempted to argue that it would be more inconvenient to transfer the case to Idaho, but his reasoning is incorrect on multiple levels.

11.   He claims that, due to CM/ECF, it is "equally convenient" to litigate the case in San Francisco as it is Idaho. But that does not take into account jury trials or even motions hearings. The trial would have to occur in-person regardless of district, and this specific Court (that of Judge Maxine Chesney) only ever conducts motions hearings in person, convenience be damned. In Idaho, it isn't guaranteed, but there is at least a chance that the new judge will allow me to appear remotely for motions hearings, which is still better than what I have now, and it couldn't possibly be a *downgrade* compared to what I have now, since, again, this Court absolutely refuses to allow remote motions hearings for any reason, no matter how indigent the plaintiff may be.

12.   Then, for the trial itself, it is axiomatic that it would be more convenient for the Defendant to attend trial in a courthouse that's only a 1-hour drive from his residential address[2]. As for me, according to Google Maps, the drive from my home to the Coeur d'Alene, ID federal courthouse would actually be two hours quicker than a trip to the San Francisco courthouse, and according to orbitz.com, flights from Fayetteville, AR (my nearest airport) to Spokane, WA (the closest airport to the Coeur d'Alene, ID courthouse) is several hundred dollars cheaper than a flight

---

2   I calculated this by finding the nearest federal district court from his residential address where he was served with process, and then getting directions between those two addresses on www.google.com/maps.

from Fayetteville, AR to San Francisco, CA. So it's objectively more convenient for me, too.

13.     Meanwhile, while the Defendant is technically correct when he says "this case has been litigated in this Court for more than a year," he is incorrect in his next argument that "this court has invested significant resources to resolution." The more than two years this Court has spent with this case on its docket was taken up *exclusively* with me simply trying to get a subpoena to identify the Defendant's legal name and address, and the Court ultimately finding a lack of personal jurisdiction (which, just to remind the Court, is **singularly dispositive** regarding this motion to transfer). Nothing more, nothing less. Absolutely nothing regarding the merits of the case has ever been even nominally discussed by this Court.

14.     So the Idaho court would not have to "come up to speed" on the case, because there's been no merits-related progress on the case at all.

15.     Indeed, unless the Court were throwing out claims in their entirety under 28 USC § 1915(e)(2) (at which point, the new judge still wouldn't have to "come to speed" on those claims), it would be a grave violation of the defendant's due process rights to resolve anything related to the merits before his Answer is due.

16.     But even if the Court *had* expended great resources resolving the merits, lest we forget that, if the case were transferred to state court, that court would have to spend just as much time "coming to speed" as the Idaho court would. So the fact that the Defense is currently asking for a transfer to state court just goes to show that the defense doesn't actually care about that.

**Defendant should not get a supplemental brief.**

17.     The Defendant has asked that he be allowed to file a supplemental brief if I make any arguments regarding convenience of forum. I did not raise my own arguments; I merely responded to his. Therefore, he should not be permitted to file a surreply.

18.     Barring that, the Local Rules already account for a situation like this, in Local Rule 7-3(d)(1). He should be required to follow that, or otherwise show good cause why that isn't adequate in this case to protect his interests.

**Conclusion**

19.    Wherefore, premises considered, I respectfully pray that the Motion to Transfer Case to the US District Court for the District of Idaho be granted, and for any other relief to which I may be entitled.

So requested on this, the 4th day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
