J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Stebbins,<br>　　　　　　　　Plaintiff,<br>　v.<br>Sidney Redfield<br>*doing business as*<br>Sidalpha<br>　　　　　　　　Defendant. | Case No. 4:23-cv-00321-MMC<br><br>Defendant Sidney Redfield's Omnibus Opposition to Stebbin's motions:<br>　a) Partial Summary Judgment *on the Issue of Liability for Defamation #10 (ECF 74)*<br>　b) Partial Summary Judgment *on the Issue of Liability for Defamation #3*(ECF 70)<br>　c) Partial Summary Judgment *on the Issue of Liability for Defamation #7, #8, and #9 (ECF 71)*<br>　d) Partial Summary Judgment *on the Issue of Liability for Defamation #1 and #2 /ECF 69)*<br>　e) Strike Affirmative Defenses (ECF 75)<br>　f) Request to Take Judicial Notice and for In Camera Review (ECF 73) |

1

I.     INTRODUCTION

Plaintiff David A. Stebbins' ("Stebbins) has filed a wave of dispositive motions (ECF 69,70,71,74), a request to Strike (ECF 75), and a related motion for in-camera review (ECF 73).

Defendant Sidney Redfield ("Redfield") brings this omnibus opposition. (FRCP 1). This case, although two years old, is still an infant. The parties have not had a case management conference, so discovery is not allowed.

Summary judgment is inappropriate as facts have to be discovered. Mr. Stebbins needs to be deposed, discovery needs to be served, and like most defamation cases, the interpretation of the conflict statements or YouTube videos is best left to the trier of fact, precluding summary judgment. See *Masson v. New Yorker Magazine, Inc*. (N.D. Cal. 1993) 832 F.Supp. 1350, 1359 "…While at the summary judgment phase, disputed facts were construed in the light most favorable to the plaintiff, at trial the jury was permitted to make a credibility determination in deciding which version of the events to believe…".

As the Ninth Circuit observed in *Makaeff v. Trump Univ., LLC* (9th Cir. 2013) 715 F.3d 254, 274:

> The Federal Rules don't contemplate that a defendant may get a case dismissed for factual insufficiency while concealing evidence that supports plaintiff's case. *Id.*

Notably Stebbins is asking for summary judgment on key issues of defamation, normally which are very factually intensive, before Stebbins is served with discovery, is being deposed, or has been served requests for admissions. See *Raghavan v. Boeing Co.* (Cal. App. 2005) 133 Cal.App.4th 1120, 1133, "'[T]he defendant need not justify the literal truth of every word of the allegedly defamatory

matter. It is sufficient if the substance of the charge is proven true, irrespective of slight inaccuracy in the details, `so long as the imputation is substantially true so as to justify the "gist or sting" of the remark.'

Given that truth or falsity of a particular statement (or statements) is factually intensive, this Court should deny this motion under FRCP 56(d).

## II. STEBBINS MOTIONS FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED AS TO DEFAMATORY STATEMENT FAILS AS FACTUAL MATTERS NEED TO BE DEVELOPED (ECF 69,70,71,74),

Plaintiff David A. Stebbins' ("Stebbins") has filed a wave of dispositive motions (ECF 69,70,71,74), a request to Strike (ECF 75), and a related motion for in-camera review (ECF 73). This should be denied or delayed under FRCP 56(d) states:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

The attached declaration of J. Curtis Edmondson states that as discovery has not started yet, and there are a large body of unknown facts relating the videos.

The case of *Texas Partners v. Conrock Co.,* (9th Cir 1982) 685 F.2d 1116, 1119, a proxy dispute, is illustrative. The plaintiff in *Texas Partners* moved for summary judgment prior to the opening of discovery. The court denied this motion stating that when there are complicated issues and the issue of "intent" plays a role, then such a motion should be denied.   *Texas Partners* was followed by *Glad-A-*

3

*Way Gardens, Inc. v. Lynn Mayer's Great Lakes Glads, Inc*. (9th Cir. 1995) 52 F.3d 333 where the issues were closer to this claim of defamation, but the parties had more time to do discovery. In *Glad-A-Way*, the court reversed the granting of summary judgment ruing "..*Appellants should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment…*"[1].

Here the parties' dispute involves various postings on the internet. These posts may be true, or they may not be true, the defendant may not have posted them, or the evidence has long been deleted by the various social media companies. Discovery may resolve these issues, generally truth of a statement, absent an admission from a party of opponent, on how that particular statement is characterized by the trier of fact. See *Kovalenko v. Kirkland & Ellis LLP* (N.D. Cal. Aug 23, 2023)  22-cv-05990-HSG at 15.  "…However, the Court finds that Plaintiff has adequately alleged a defamation claim against the remaining defendants and finds Defendants' arguments are properly addressed at a later stage…

### III. STEBBINS MOTION TO STRIKE SHOULD BE DENIED (ECF 75)

Stebbins has moved to strike the affirmative defenses. This motion to strike is legally defective as it asks the court to make a factual inquiry as to the evidence at hand (see motion at page 1, "… At no point in the smear video…'). This requires the court to strike based on reference to extrinsic evidence. The 'smear video' could be a smear or it could be an accurate portrayal of facts – something for the trier of fact to decide. (see argument above).

---

[1] Glad-a-away relies on  Program Eng'g, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir.1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.").

As noted in the *California Practice Guide, Federal Civil Procedure Before Trial,* Rutter Group, 9:375, the motion to strike is considered a disfavored motion as they are viewed as a delaying tactic. The docket appears to reflect this practice of the plaintiff. To strike an answer, plaintiff must allege that the defense has legal insufficiency – insufficient as a matter of law or insufficient as a matter of fact (e.g *Twombly/Iqbal*). Each of the defenses are sufficient as a matter of law – they may overlap, but they certainly put the plaintiff on notice of what defenses will be asserted. As to insufficient as a matter of fact, the court should be given leave to amend to plead sufficient facts to support the defense.

## IV. STEBBINS MOTION FOR *IN CAMERA* REVIEW SHOULD BE DENIED IN VIEW OF OPEN COURTS OR IN THE ALTERNATE STEBBINS SHOULD BE ORDERED TO PROVIDE DOCUMENTS TO THE OPPOSING PARTY

The Ninth Circuit has stated as recently as 2024 that court records are presumed open. *Civil Beat Law Ctr. for Pub. Interest v. Maile* (9th Cir. 2024) 117 F.4th 1200, 1204 ruling:

> Under the First Amendment, "the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Publ'g Co. v. U.S. Dist. Ct.,* 920 F.2d 1462, 1465 (9th Cir. 1990). "By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper Co. v. Superior Ct.,* 457 U.S. 596, 604, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982)

This would logically apply to all proceedings. Absent a protective order, there is no bar to someone walking into a hearing and watching a proceeding.

5

Stebbins has the burden of overcoming this presumption and has made no showing. The crime, assault, does not appear to be a sex crime where a victims' identity is an issue. See *Demaree v. Pederson* (9th Cir. 2018) 880 F.3d 1066.

Also, it is unclear if Stebbins is asking for a protective order on defense counsel and also ordering this Court to call a state court for records.

So quite frankly, counsel for defendant is not opposed to protective orders if they make sense and do not impede resolution of this case. If something is in the public court record, then motions to seal should not imposed, as these motions clutter the docket. If something is provided in discovery mark, "AEO" and there is protective order, then parties can challenge that designation under a protective order.

The bottom line is that counsel for defendant would like to move this case along to trial in the most efficient way possible. FRCP 1. Either the statements were defamatory or not, or there were damages or not. Adding layers of protective orders, sealing documents, etc. comes at a cost to the parties and the courts and is not needed here.

So, to the extent that Stebbins seeks a protective order over his assault case, defense counsel is willing to agree to such if the documents are not already in the public record.

## V.    CONCLUSION

Redfield asks that this court deny the motions for summary judgment and to strike. For the motion for an *in camera* hearing, counsel for defendant cannot comment as he has not been provided the records at issue.

                                                  Respectfully Submitted,

DATE:  October 14, 2025              /s/ J. Curtis Edmondson
                                                    J. Curtis Edmondson
                                                    Counsel for defendant