| | |
|---|---|
| David Stebbins | 123 W. Ridge Ave., APT D, Harrison, AR 72601 |
| (870) 204-6516 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                   PLAINTIFF

VS.                                            Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                         DEFENDANTS

**REPLY IN CONTINUED SUPPORT OF DKT. 71, MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY FOR DEFAMATION #7, #8, AND #9**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Dkt. 71, Motion for Partial Summary Judgment on the Issue of Liability for Defamation #7, #8, and #9 in the above-styled action.

1. First, as a preliminary matter, the Court is respectfully reminded that there is pending a Motion to Transfer Case to the United States District Court for the District of Idaho. See Dkt. 65. The Court must dispose of that motion because, if it is granted, it would strip this Court of the authority to decide anything related to the merits of this case.

2. That said, the Defendant's sole argument against this motion is the fact that we haven't had an opportunity to conduct discovery yet. The Defendant has made no effort under Rule 56(e) to controvert these facts, even when some of the facts (such as the Defendant's intent, and why he believed he was in the right, when he refused to hear my side of the story before publishing the smear video) could be controverted (at least preliminarily) through the simple expedient of attaching an affidavit from Sidney Redfield himself to the opposition. Therefore, the Court should consider all facts undisputed under Rule 56(e)(2) unless the Defendant can show that he has a genuinely good reason for why he hasn't attempted to dispute them.

3. That said, there is no hard limit on how soon a motion for summary judgment may be filed. Rule 56(b) imposes a hard deadline for these motions – 30 days after the close of discovery – but there is no hard requirement as to how soon they may be filed. In fact, it clearly says the opposite: That a motion for summary judgment may be filed "at any time" prior to that deadline. The only soft requirement is that I wait until after the defense has appeared in the case, and even

that is only accommodate the public policy against hearing motions related to the merits ex parte, not because of anything specific to motions for summary judgment. Therefore, this motion is properly before the court.

4. There is a good reason why there is no earliest time when a motion for summary judgment may be filed: Because, while unconventional, it is sometimes appropriate in cases like this one where the material facts are simply and utterly incontrovertible.

5. The Defendant says that this case involves "complicated issues," but it really doesn't. For this motion, the material facts are ...

    (a) Whether the defendant, in the smear video, said the things I claim he said in Dkt. 71-7, ¶¶ 3-4;

    (b) Whether the publicly-visible comments that I provide in Dkt. 71-2 & 71-3 prove that the Defendant is wrong in these statements about me;

    (c) Whether SkibbidyDibbity and InitiativeKookie had harassed me to the point of provoking me to lash out, aka reactive abuse; and

    (d) Whether the Defendant did not disclose said provocation during his smear video.

6. These are not "complicated" matters. They're either true or they aren't. The closest you could possibly come to something being "complicated" is whether or not SkibbidyDibbity's and InitiativeKookie's harassment and bullying towards me was actually severe enough that it is axiomatic that the average viewer would have thought better of me personally had the Defendant ackno-wledged the harassment in the smear video. But even then, the Court need only look at the severity and pervasiveness[1] of the harassment I've endured in order to see that. Sometimes, issues like that have the *potential* to be complicated, but it is not complicated here.

7. Nor is "intent" relevant here, either. The only "intent" that is relevant to the instant motion is the Defendant's "intentional" refusal to hear my side of the story before making the smear video. However, the Defendant does not need discovery to contest that. He could easily just provide an affidavit where he tells us exactly what his "intentions" were when he sent the email featured in Dkt. 71-1. We don't need a Rule 56(d) delay for that.

8. Therefore, the case of Texas Partners v. Conrock is not applicable here, and thus there is

---

1 Pervasiveness especially in the case of InitiativeKookie, who kept his harassment up non-stop for multiple years.

no need to delay summary judgment.

### Rule 56(d) is inapplicable here.

9.     Stevens v. Corelogic, Inc., 899 F. 3d 666, 678 (9th Cir. 2018) is instructive:

> "A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is `essential to justify its opposition' to the motion for summary judgment.
>
> This showing cannot, of course, predict with accuracy precisely what further discovery *will* reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove. But for purposes of a Rule 56(d) request, the evidence sought must be more than the object of pure speculation. A party seeking to delay summary judgment for further discovery must state 'what other *specific* evidence it hopes to discover [and] the relevance of that evidence to its claims.' In particular, the requesting party must show that: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."
> (cleaned up; emphasis in original).

10.     See also SEC v. Stein, 906 F. 3d 823, 833 (9th Cir. 2018):

> "A party requesting a continuance pursuant to Rule 56(d) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. The facts sought must be 'essential' to the party's opposition to summary judgment, and it must be 'likely' that those facts will be discovered during further discovery
>
> In his declaration in opposition to the SEC's motion for summary judgment, Stein stated that additional discovery would allow him to confirm or deny the existence of Yossi Keret and other allegedly made up individuals. Stein asserted that if he could find Keret, and others, he could ask them questions about their involvement in the fraudulent purchase orders.
>
> Stein did not satisfy Rule 56(d). For one thing, he failed to identify with specificity facts 'likely to be discovered' that would justify additional discovery. Rather, the evidence Stein sought was 'the object of mere speculation,' which is insufficient to satisfy the rule. Furthermore, Stein did not explain how additional facts would preclude summary judgment. Stein stated in his declaration that he "cannot possibly oppose the Motion for Summary Judgment in an effective manner without complete and truthful answers to all outstanding discovery." But this conclusory assertion is not enough. Stein did not, for example, point out how

particular evidence not yet discovered was 'essential' to his [defense]."
(citations and quotations omitted).

11. The Defendant has not met this requirement. All he has alleged is that discovery might reveal "that his statements were not defamatory." See Dkt. 81-1, ¶ 10. That is not a *specific* fact like the case law requires; that is pure speculation on his part, which the case law explicitly rejects. The purported "existence of... allegedly made up individuals" is an exponentially more specific allegation than that, and the Appellate Court in SEC v. Stein still considered that to not be specific enough.

12. Moreover, that isn't even a "fact" that discovery could even produce; it is merely the *judgment* that he intends to seek based on the *facts* he collects from discovery, but it is not itself something that discovery can produce. *Judgments* are a combination of findings of *fact* and conclusions of *law*. You can't have a *judgment* without both of those things, and discovery by design cannot yield conclusions of law, only *facts*. Therefore, under Rule 56(d) as interpreted by Stevens v. Corelogic and SEC v. Stein, the defendant must allege *specific facts*, not conclusions, which he reasonably believes will crop up in discovery, and he has offered nothing of the sort.

13. Now, if he were to allege something along the lines of "discovery will likely show that it was the plaintiff, not SkibbidyDibbity or InitiativeKookie, who was the original aggressor, and those two were only engaging in reactive abuse against him, not the other way around," then *that* would be an actual *fact* that discovery could yield, but the defendant has not suggested anything of the sort.

14. Of course, even for this much, I'm left speculating because the Defendant *has not told us* what exactly he expects to find, at least not with any degree of specificity like the Stevens and SEC cases require.

15. Even then, the Defendant can't just allege it. It also "must be 'likely' that those facts will be discovered during further discovery" (see SEC, supra), something which the Defendant has failed utterly to show.

16. Put simply, the Defendant's skeleton attempt at asking for a Rule 56(d) delay simply on the grounds that discovery has a one in a million chance of proving that "the statements are not

defamatory" is akin to if he simply replied "denied" to every fact listed in Section III ("Facts of the Case") of my four memorandums, and acted like that alone creates a "genuine dispute of material fact."

17.     Barring that, Rule 56(d) allows for the delay of motions for summary judgment only in cases where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." That creates three criteria before the rule becomes applicable: A declaration from the nonmovant, specific reasons, and the inability to present facts, not simply the personal failure to do so. Only one of those three criteria have been met here. The Defendant filed a declaration, but that's it.

18.     First, he has not shown a good reason for why he doesn't have evidence to contradict my evidence. It is true that the Defendant was only recently served with process, but that does not save him here. A defendant may be afforded the benefit of the doubt in most cases, where it is generally presumed that the moment of service of process is the moment when the Defendant first learns of the existence of the lawsuit filed against him. But here, that is not the case. The Defendant had actual knowledge of the lawsuit since its inception, as evidenced by the "lawsuit reaction video" that I referenced multiple times throughout the four motions for partial summary judgment.

19.     In other words, the Defendant has not had less than two months to get his evidence together. He's had more than 2½ years to do it. So why didn't he spend that time collecting evidence for his defense? For example, why didn't he reach out to xArtemisWolf and get her testimony in the form of a written affidavit?

20.     For that matter, why didn't he reach out to me and get my side of the story before publishing his smear video in the first place? That's something he should have personal knowledge of, so he doesn't need a discovery in order to tell us why he didn't do that, and lest we forget that it was his refusal to do that which constitutes actual malice (see Dkt. 71-7, ¶¶ 29-32), so it was absolutely something that was in this very motion that he had the opportunity to respond to and oppose, but he just didn't.

21.     If he had heard my side before publishing the smear video, he would have had actual

knowledge (not just burying his head in the sand) of the facts which I allege in these four motions. On the other hand, if he actually has a *good reason* why he didn't hear my side before publishing the smear video, that might go a long way to justifying why he needs discovery now in order to truly understand all of the facts. But if he *doesn't* have a good reason for it, and he instead refused to do so for precisely the reasons I give in Dkt. 74-4, ¶ 15, then that only further supports my argument that the Defendant has had plenty of time to learn of the facts, and simply chose instead to sit on his hands.

22. It is well settled public policy that "ius civile vigilantibus scriptum est" (English: "Civil courts aid the vigilant, not those who sleep on their rights"). For example, the equitable defense of laches can preclude relief when the nonmovant has engaged in unreasonable delay, even when the statute of limitations has not technically passed. So unless the Defendant can demonstrate a good reason why it has taken him this long to collect any evidence for his case when he's known about it for over 2½ years – not just that he isn't strictly required to do anything until he's served with process; that's the old "statute of limitations vs. laches" distinction – then it would be inequitable for the Court to award him with even more time to drag this out "just cuz."

23. Second, he has not shown that he "cannot" present facts essential to justify his opposition, merely that he doesn't want to. For example, he can, even without discovery, present the messages that SkibbidyDibbity and InitiativeKookie sent to him privately where they allegedly notified him of the harassment they subjected me to but insisted that it was me who provoked them, not the other way around. That would be inadmissible hearsay if he were offering that to prove that I did, in fact, provoke them, but it would not be hearsay for the purposes of proving that the Defendant <u>reasonably believed</u> that a discovery would yield non-hearsay evidence proving it to be true. But since the defendant has not done that, he has not demonstrated that he has any *reasonable* belief (the key word being "reasonable") that facts which justify his opposition are currently outside of his reach through no fault of his own.

24. The fact that the Defendant made no effort to present anything of the sort means that his argument under Rule 56(d) is without merit. He absolutely could have made these oppositions; he simply didn't.

25.     The right to a discovery is important, but it is not absolute. If it were, there would be a hard and explicit requirement that motions for summary judgment can only be filed after the close of discovery, which, as we've already discussed, there is not. Therefore, the defense must show more than just that in order to get a deferral under Rule 56(d).

26.     Rule 56(d) certainly has its place in our jurisprudence, but it was not designed to unfairly benefit a defendant who knows he has nothing to go on and is just hoping to hold off judgment for just a little while longer just on the one in a million chance that discovery might yield something... *anything*... that might save him, even when he himself doesn't have a clue what that might be. The cases of Stevens v. Corelogic and SEC v. Stein made that clear.

27.     Such is the case here, and so Rule 56(d) is inapplicable.

### The Defendant's own hypocrisy should weigh against his right to discovery.

28.     When I asked the Defendant politely to hear my side of the story first before judging me, he refused to do so with no explanation given. I spent several days on Twitter begging and begging and begging him to hear my side before judging me, but he refused to listen.

29.     This much, more than any other material fact, is undisputed. Even without discovery, the Defendant could easily have filed an affidavit explaining his reasoning for refusing to hear me out before judging me. He declined to do even that much. Therefore, this fact, much more so than any other material fact in any of the four motions, should be presumed to weigh heavily in my favor pursuant to FRCP 56(e)(2). Much more so than any other material fact, the Court should hold, pursuant to FRCP 56(e)(2), that the Defendannt's refusal to give me a fair shake was 100% untenable.

30.     Moreover, this one decision on his part is singularly responsible for 99.99% of the harm he caused me. As I explain in the four motions, had he given me but a single interview, I would have been able to provide evidence which negated the vast majority of his allegations against me. If he had just done that much, we almost certainly wouldn't be here today.

31.     Now, he comes along demanding that he get a discovery – and that he not even be required to allege any specific facts that he expects discovery will yield, just on the one in a million possibility that they might yield something... *anything*... that might save his sorry behind

– when he refused to give me anything remotely resembling a fair shake himself?!

32. Considering the right to discovery is not absolute, then, much more so than any other case that could theoretically come onto the Court's docket, in order to get a 56(d) delay, the Defendant *in this case* should have to justify, not just that discovery is reasonably likely to yield exculpatory evidence, but also why *this specific Defendant* should get that relief *in this case*, when he himself refused to give me a fair shake. The double standard itself should have to be justified independently of the reasonable likelihood that exculpatory evidence of specific facts will be uncovered.

## Conclusion

33. Wherefore, premises considered, I respectfully pray that the Motion for Partial Summary Judgment on the Issue of Liability for Defamation #3 be granted, and for any other relief to which I may be entitled.

So requested on this, the 21st day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)