| | |
|---|---|
| David Stebbins | 123 W. Ridge Ave., APT D, Harrison, AR 72601 |
| (870) 204-6516 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                    PLAINTIFF

VS.                                    Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                DEFENDANTS

# REPLY IN CONTINUED SUPPORT OF DKT. 72, ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL AND DKT. 73, REQUEST TO TAKE JUDICIAL NOTICE AND FOR IN CAMERA REVIEW

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Dkt. 73, Request to Take Judicial Notice and for In Camera Review.

## Substantial grounds for sealing and in camera review

1. First, the Defendant has alleged that I have made no showing of good cause why the files of my criminal case should be filed in this case under seal and reviewed in camera. This is a lie. I made explicit my grounds for why they should be under seal in the two motions: Because the original file of the criminal case is *already sealed*.

2. This means that, if this Court were to refuse to accept its contents under seal and/or refuse to review them in camera, it wouldn't just be refusing to grant that relief; it would, in effect, be *actively unsealing* that which has already been sealed. This, in turn, means that it would be, in effect, overriding the otherwise perfectly legitimate authority of the Circuit Court of Boone County, Arkansas to conduct its own affairs. But this Court does not have the authority to do that; see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3. The Defendant claims that "[i]f something is in the public court record, then motions to seal should not imposed," except that's just it: These files *aren't* in the public record, at least not anymore.

4. It would be one thing if it was simply impossible for the Court to adjudicate Defamation #10 otherwise. But that is not the case. The Court can easily adjudicate Defamation #10 without

de facto unsealing the previously-sealed files through the simple two expedients of (A) accepting the contents under seal and (B) reviewing them in camera.

5. Think about it this way: Remember when Donald Trump was being charged with stealing the classified documents in between his two presidential terms? Like with Defamation #10 in this case, that case necessarily required judicial review of documents which were not public record and, in fact, making them public record would be highly harmful. So what did the District Court plan on doing before the case had to be dropped due to Trump winning the presidency in 2024? Why, they prepared to review the documents in camera! That's what they did!

6. In that case, it wasn't a case of the Courts sealing something that was previously public record, but the complete opposite: The court had declined to de facto declassify that which was already classified. In such a case, it is the opponent of sealing and in camera review, not the proponent, who bears a "substantial burden" of demonstrating why the documents should be public record alongside the rest of the case.

7. That is all I ask here. All I ask is that the Court not disturb the sealing that has already taken place, and to do that, it needs to accept the file under seal and review it in camera.

### Defendant being provided a copy

8. The Defendant insists that he get a copy of the file as well. For the record, there is no need to do that with the transcript of the February 2013 hearing, since he already got a copy thereof when I filed it as Dkt. 72-2. So this only applies to him getting a copy of the entire criminal file mentioned in Dkt. 73.

9. As I conceded in Dkt. 72, ¶ 8, the Defendant does indeed have the absolute right to see the file, as long as he does nothing to undermine the fact that it has been sealed. Also, in Dkt. 73, ¶¶ 7-8 (which were intended to be one paragraph but a typo on my end accidentally listed them as two paragraphs), I implicitly conceded that the Defense counsel would have the right to it, as long as he followed certain reasonable restrictions to ensure he didn't undermine its sealed status. So I certainly have no objection to him getting a copy thereof.

10. However, he asks that I be the one tasked with providing him with a copy; see Dkt. 81, Page 5, Lines 13-14 ("STEBBINS SHOULD BE ORDERED TO PROVIDE DOCUMENTS TO

THE OPPOSING PARTY").

11.     It is unclear how, exactly, they expect me to do this, as, with the exception of the transcript for the February 2013 hearing (which, as I explained above, the Defendant already has a copy of), I don't have anything else in the file, and I can't go and get it because, as I explain in Dkt. 72 & 73, the file is now sealed to everyone except judges and prosecuting attorneys. So how am I supposed to give him a copy of something I don't have?

12.     The only way I can think of for this to even be possible is if the Court, upon receiving the file itself, were to make a copy thereof to give to me, and then instructed me to turn around and give a copy of that copy to the defense. But if we're going to do that, it makes more sense for the Court to just make two copies and give one to each party.

13.     However, if the Court *insists* on the former method, I will comply. But I *cannot* comply without the Court first getting the file for me. And my inability to do something is a defense to not obeying a court order unless I personally and culpably create the conditions which lead to the inability; see United States v. Asay, 614 F. 2d 655, 660 (9th Cir. 1980) ("Inability to comply with an order is ordinarily a complete defense" unless "the person charged is responsible for the inability to comply").

### The Defendant's sudden concern for judicial economy is laughable.

14.     Lastly, the Defendant insists that he "would like to move this case along to trial in the most efficient way possible." This is an absolutely laughable statement, considering his behavior up until this point.

15.     Bear in mind that this case has been lingering in the pre-service stage for over 2½ years. In addition...

   (a)     The Defendant knew about this case since its inception, as evidenced by the "lawsuit reaction video" that I have mentioned multiple times already.

   (b)     When this Court initially expressed doubt as to whether or not it had personal jurisdiction, the Defendant knew immediately about that order, and even made a video about it, which the Court can view here: https://www.youtube.com/watch?v=Jc5rDo_LRUY. In that video, he was downright giddy at the prospect of this case taking so long to get off the ground.

(c)     The Court can see the Defendant's own Discord server by going to the URL of https://discord.com/invite/sidalpha. From there, it can see that the server literally has a channel called the "Acerthorn News Network," which posts lawsuit updates less than 24 hours after they occur.

16.     I say all of that to say this: The Defendant absolutely knew that this case was lingering in the pre-service stage for over 2½ years, and he actively allowed it to drag on that long. He easily could have made a voluntary appearance in the case. Instead, he chose to sit back with popcorn and allow the case to drag on and on for an objectively unreasonable length of time. Now, he can no longer simply coast along and let the case drag out. It's time to put up or shut up.

17.     So you're honestly telling me that, now and only now, after it is no longer to his advantage to delay, he suddenly cares about judicial economy and expediency for its own sake, entirely independently of his strategic interests? That honestly sounds about as disingenuous as how republicans in Congress will often shout from the rooftops about fiscal responsibility whenever Democrats want to pass something, like infrastructure or welfare, yet suddenly abandon their supposed principles regarding fiscal responsibility whenever they're passing legislation that they approve of, like defense spending.

18.     In fact, my motions for partial summary judgment, if granted, would do the complete opposite of clog the docket: They would greatly streamline the case moving forward by eliminating discovery and litigation for issues for which those things would just be a waste of time, when the facts are proven either by (A) the Defendant's own public admission (something even the Defendant concedes is grounds for immediate summary judgment), (B) judicial notice, or (C) something is publicly on social media and that the Court (not to mention the entire world) can see with its own two eyes, such as my YouTube comments or the statements made in the smear video. After that, the discovery will be limited only to damages and the three counts of defamation that do not currently have motions for partial summary judgment about them pending. That is a much more efficient use of the Court's time.

19.     By contrast, the Defendant's total inability to hint at anything remotely resembling a specific fact that he reasonably expects to crop up in discovery (which, as I explained in my

discussions of Rule 56(d) and the case law interpreting that rule, is what is actually required in order to delay summary judgment pending discovery) just shows that he has no idea what exactly discovery might yield. So if given discovery, he will likely fill it with one completely blind shot in the dark after another, just throwing discovery requests against the wall in the hopes of finding something that will stick. That is the complete opposite of the sort of judicial economy and expediency he supposedly cares so much about whenever it benefits him.

20.     For all of these reasons and more, I respectfully ask the Court to take with a grain of salt any time the Defendant complains about "clogging the docket" or "wasting time," as he has proven himself to be a complete hypocrite on such matters.

## Conclusion

21.     Wherefore, premises considered, I respectfully pray that the Motion for Leave to File Under Seal, as well as the Request to Take Judicial Notice and for In Camera Review, both be granted, and for any other relief to which I may be entitled.

So requested on this, the 21st day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)