| | |
|---|---|
| David Stebbins | 123 W. Ridge Ave., APT D, Harrison, AR 72601 |
| (870) 204-6516 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                PLAINTIFF

VS.                                         Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                         DEFENDANTS

### REPLY IN CONTINUED SUPPORT OF DKT. 75 MOTION TO STRIKE AFFIRMATIVE DEFENSES OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Dkt. 75, Motion to Strike Affirmative Defenses or in the Alternative for Partial Summary Judgment in the above-styled action.

1. The Defense claims that the motion to strike asks the Court to make an evidenciary determination of "extrinsic evidence," but this is not true. I ask the Court to look at the smear video using the link I provided no less than four times in the memorandums in support of my four motions for partial summary judgment on the issue of liability. That evidence is definitively on record in this case, so it is not extrinsic.

2. Also, lest we forget that I styled this motion as one "in the alternative for partial summary judgment," meaning that the Court is empowered to declare a fact undisputed – even when that is normally the jury's job – as long as there is no "genuine" dispute as to that fact. Again, the defendant is seeking to delay the inevitable by asking that only the jury be allowed to decide what the Court can see with its own two eyes, but while giving no argument whatsoever as to why the Court's ability to see the smear video with its own two eyes isn't good enough.

3. The Defendant references the "argument above," but as demonstrated in my four concurrent reply briefs, that argument – a request to delay entry of summary judgment pending discovery – is woefully insufficient under the standards set forth in Stevens v. Corelogic, Inc., 899 F. 3d 666, 678 (9th Cir. 2018) and SEC v. Stein, 906 F. 3d 823, 833 (9th Cir. 2018). The Defendant points out that courts typically abhor "delay tactics," yet it is he, not I, who is asking for a delay without any factual basis because he knows he has nothing to go on and is just hoping

to hold off judgment for just a little while longer just on the one in a million chance that discovery might yield something... *anything*... that might save him, even when he himself doesn't have a clue what that might be.

4. The Defendant points out that "[t]o strike an answer, plaintiff must allege that the defense has legal insufficiency." This directly invites comparison to motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) as well as sua sponte dismissals of claims for the same reason under 28 USC § 1915(e)(2)(B)(ii). He even directly references Twombly/Iqbal. For once, I actually agree with the defendant, but it actually does the defendant more harm than good in this case.

5. Imagine if I had filed this lawsuit, and it was only a 1-page complaint where I merely said "The Defendant slandered me. I want a million dollars for it," and that was it. The Court would absolutely have thrown the case out on a § 1915(e) review in less than 5 minutes, and it wouldn't have even granted me leave to amend, not because the deficiencies *can't* be cured by amendment, but because it would have been clear that I didn't even *try* to meet the notice pleading requirements[1] and so my nakedly transparent bad faith does not deserve to be entertained.

6. Well, that is what the Defendant has done here with his affirmative defenses. Literally, all he did was list the defenses and that was that. He doesn't simply plead insufficient facts; he pleads literally no facts whatsoever. This is especially problematic for defenses that are clearly against the weight of evidence, like consent or unclean hands.

7. Furthermore, unlike me, the defendant is represented by counsel, so he does not enjoy the relaxed pleading standards required by Haines v. Kerner, 404 US 519 (1972). If the defense counsel's ineptitude causes the defendant to lose this case, then that's just too bad for him. See Link v. Wabash, 370 U.S. 626 (1962).

8. So yes, even by the Defendant's legal standards, ALL of his affirmative defenses –

---

1 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement" (citations and quotations omitted).

including substantial truth and opinion, the two defenses I did not move to strike initially – deserve to be stricken.

9. Furthermore, he should not be allowed to amend his Answer for the same reasons I alluded to in ¶ 5 above.

10. Wherefore, premises considered, I respectfully pray that the Motion to Strike Affirmative Defenses or in the Alternative for Partial Summary Judgment be granted, and for any other relief to which I may be entitled.

So requested on this, the 21st day of October, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
