| | |
|---|---|
| David Stebbins | 123 W. Ridge Ave., APT D, Harrison, AR 72601 |
| (870) 204-6516 | acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                    PLAINTIFF

VS.                                        Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                                                    DEFENDANTS

### STATEMENT OF RECENT DECISION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Statement of Recent Decision in the above-styled action.

1. I have multiple motions for partial summary judgment pending, seeking to establish liability for seven out of ten counts of defamation. See Dkt. 69-74.

2. Rather than come forth with evidence that creates a triable issue of fact, the Defendant has instead opted to request a Rule 55(d) continuance, delaying ruling on the Motions for Partial Summary Judgment until discovery has finished.

3. In all of my replies, I pointed out that this was highly hypocritical of the Defendant, seeing as he refused to hear my side of the story before publishing the smear video, so it is quite entitled of him to expect a discovery now.

### Olivia Henderson's plea, and the judge's rejection of her motion.

4. Olivia "DoorDash Girl" Henderson recorded a customer naked and unconscious without his knowledge or consent, and posted that lewd video to TikTok with the intent of shaming him, claiming (without evidence) that he sexually assaulted her. She was promptly arrested and charged with unlawful surveillance (for recording the video in the first place) and unlawful dissemination (for publishing it on the Internet).

5. On December 11, 2025, she appeared in Court to enter her plea to these charges, predictably pleading not guilty to both. However, her attorney also asked that cameras be barred from filming in the courtroom. The judge instantly saw the irony of this request and snidely replied "So *now* you don't want cameras involved?!" See

https://mothership.sg/2025/12/doordash-driver-charged-unlawful-surveillance-court-judge-

comment/.

6. Obviously, the motion was denied.

### How it relates to this case.

7. The same logic that fueled the New York judge's decision to deny the defense motion to bar cameras in the courtroom should also apply to the Defendant's request for a Rule 55(d) continuance in the instant case.

8. Oh, so *now* hearing both sides is important?! *Now* the Defendant is interested in the Plaintiff's evidence?! *Now* it's important that we fact-check and cross-verify everything *before* we submit our cases for adjudication?! *Now* this sort of thing is essential to ensuring a fair, accurate, and just outcome?!

9. Where was that energy when he was first making the smear video in the first place?!

10. And lest we forget, I am only seeking summary judgment at this stage on issues that are proven either by the Defendant's own admission or by judicially noticeable facts (such as the criminal record in Arkansas state court). So it's not like I'm asking the Court to "just trust me on this," unlike the Defendant in his smear video!

### Perhaps a 56(e)(1) order would be prudent.

11. The Defendant, to this day, has not explained why he refused to hear my side of the story before making the smear video. If he has a *genuinely good reason* for not doing that when he first had the chance, despite me repeatedly begging him to, maybe it might elevate his request for a 55(d) continuance to just slightly above "manifestly absurd and egregiously hypocritical." And unlike most things, he doesn't even need discovery to show that, since he should already have that evidence.

12. Despite the ease of doing so, however, such an explanation has not been forthcoming.

13. So, perhaps the Court could issue an order, pursuant to Fed.R.Civ.P. 56(e)(1), offering the Defense an opportunity to show that his determination not to hear my side of the story before making the smear video was reasonable, or at a minimum to show why he *cannot* (not simply that he doesn't want to) explain his reasoning at this stage (defying all common sense), with a warning that a failure to show either would result in that fact being construed on summary

judgment in my favor pursuant to Rule 56(e)(2).

14.     If he is expressly invited to do so *by the Court*, despite being forewarned of the consequences, and he still can't come up with an objectively good reason for it, then the Court really has no choice at that point other than to rule in my favor on that issue pursuant to Rule 56(e)(2).

So notified on this, the 27th day of January, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)