IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>SYDNEY REDFIELD,<br><br>Defendant. | Case No.  23-cv-00321-MMC<br><br>**ORDER DENYING PENDING MOTIONS**<br><br>Re: Doc. Nos. 65, 69–75 |

Before the Court are the following motions and requests filed by plaintiff David A. Stebbins: (1) "Motion to Transfer Case," filed September 15, 2025; (2) "Motion for Partial Summary Judgment on the Issue of Liability for Defamation #1 and #2"; (3) "Motion for Partial Summary Judgment on the Issue of Liability for Defamation #3"; (4) "Motion for Partial Summary Judgment on the Issue of Liability for Defamation #7, #8, and #9"; (5) "Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10"; (6) "Administrative Motion to File Under Seal"; (7) "Request to Take Judicial Notice and for In Camera Review," filed September 30, 2025; and (8) "Motion to Strike Affirmative Defenses," filed October 1, 2025.  Defendant has filed opposition, to which plaintiff has replied.[1]  Having read and considered the papers filed in support and opposition to the motions, the Court rules as follows.[2]

## DISCUSSION

### A.    Motion to Transfer

Plaintiff seeks an order transferring the above-titled action to the District of Idaho, asserting the Court lacks "personal jurisdiction over defendant."  (See Doc. No. 65 ¶ 3.)

---

[1] While the motions and requests were pending, plaintiff filed several other documents in further support thereof (see Doc. Nos. 91–94), to which defendant responded (see Doc. No. 95).

[2] By prior order the Court took the matters under submission.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

To the extent plaintiff contends the Court's earlier determination that it lacked personal jurisdiction is "dispositive" (see Doc. No. 80 ¶ 9), the Court disagrees that such ruling creates a legal bar to the above-titled action being heard in this district.  Unlike subject matter jurisdiction, which cannot be waived, personal jurisdiction is waivable. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999).  Here, defendant Sydney Redfield, by his voluntary appearance and election to proceed in the Northern District of California, has waived personal jurisdiction (see Doc. No. 67 (Opp'n motion to transfer) at 2; see also Doc. No. 68 (Answer) ¶ 4), and plaintiff cites no authority otherwise supporting a transfer of the case.

Accordingly, plaintiff's motion to transfer is hereby DENIED.

### B.    Motions for Partial Summary Judgment

Plaintiff has filed four separate motions for partial summary judgment, "seeking to establish liability for seven out of ten counts of defamation."  (See Doc. No. 91 ¶ 2.)

Such multiple summary judgment motions are procedurally improper absent "specific leave [having] been requested and granted."  See Standing Orders for Civil Cases Assigned to the Honorable Maxine M. Chesney ¶ 6 (providing "the Court will address only one motion for summary judgment/adjudication per party or side").

Accordingly, plaintiff's motions for partial summary judgment are hereby STRICKEN.[3]

### C.    Motion to Strike Affirmative Defenses

Plaintiff moves to strike eight of defendant's ten affirmative defenses.  (See Doc. No. 75 ¶ 3.)

Although Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[3] Moreover, summary adjudication is premature at this stage of the proceedings as discovery has not begun.  See Fed. R. Civ. P. 56(d) (providing court may defer or deny motion for summary judgment where non-movant shows need for discovery "essential to justify its opposition").

United States District Court
Northern District of California

scandalous matter," see Fed. R. Civ. P. 12(f), "[m]otions to strike are generally viewed with disfavor and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties," see SVB Fin. Tr. v. Fed. Deposit Ins. Corp., No. 24-cv-01321, 2025 WL 1755451, at *4 (N.D. Cal. June 24, 2025) (internal quotation and citation omitted).

Here, plaintiff has failed to show defendant's affirmative defenses have no possible relation to the controversy. Moreover, plaintiff's arguments are based on disputed facts, and the Court cannot make such determinations at the pleading stage. See, e.g., Eventbrite, Inc. v. M.R.G. Concerts Ltd., No. 20-cv-04040, 2020 WL 7013597, at *8 (N.D. Cal. Nov. 27, 2020) (denying motion to strike affirmative defenses where motion "relie[d] on a factual determination").

Accordingly, plaintiff's motion to strike affirmative defenses is hereby DENIED.

**D.    Motion to File Under Seal and Request for Judicial Notice**

Plaintiff moves to file under seal and asks the Court to judicially notice material filed in support of summary judgment. As set forth above, plaintiff's summary judgment motions have been stricken.

Accordingly, plaintiff's motion to seal and request for judicial notice are hereby DENIED as MOOT.

**E.    Case Management Conference**

In light of the above, the Court hereby SCHEDULES a Case Management Conference for May 1, 2026. A Joint Case Management Statement shall be filed no later than April 24, 2026.

**IT IS SO ORDERED.**

Dated: April 2, 2026

_____
MAXINE M. CHESNEY
United States District Judge

3