David Stebbins        123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 204-6516        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                      PLAINTIFF

VS.                        Case 4:23-cv-00321-DMR

SYDNEY REDFIELD, d.b.a. SIDALPHA                      DEFENDANTS

**MOTION FOR LEAVE TO FILE EXTRA-LENGTH MEMORANDUM FOR MOTION FOR SUMMARY JUDGMENT**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Extra-Length Memorandum in the above-styled action.

1.      The Court has denied my Motions for Partial Summary Judgment (Dkt 69, 70, 71, & 74) on the grounds that this Court's personal standing orders say that it will only consider one motion for summary judgment from each party. See Dkt. 96.

2.      The reason I separated them into separate motions is because I was limited under the local rules to only 25 pages for each memorandum. See CA Civil Local Rule 7-4(b). However, there are ten counts of defamation I am suing over. That gives me only 2½ pages per count of defamation with which to (A) make a summary of the facts, (B) propose to the Court my findings of undisputed facts, (C) explain why the evidence supports the proposed findings beyond genuine dispute, (D) explain the law, (E) provide legal citations for the law, (F) provide arguments in support of legal questions of first impression, (G) request specific relief, and (H) explain why this relief is most equitable and why lesser relief would be inadequate.

3.      As I demonstrated in my Motions for Partial Summary Judgment, I was able to do all of that with 25 pages or less per count of defamation, but certainly not 2½ pages. I doubt even the most skilled litigator of all time could sufficiently argue matters as complex as these with only 2½ pages per count.

4.      To rectify this and level the playing field, I request that, when I re-file my Motion for Summary Judgment (partial or otherwise) at the end of discovery, that I be allowed to file a memorandum that is no longer than 25 pages per count of defamation, or 250 pages total.

Case 4:23-cv-00321-DMR                -1-            Motion for Leave to File Extra-Length

5.      I would also have no objections to the Defendant being allowed to file a 250-page memorandum for his motion for partial summary judgment as well. Meanwhile, memorandums for opposing briefs on both sides should be allowed to be up to 250 pages, and the replies from both sides could be as long as 150 pages (aka 15 pages per count, the standard length of reply briefs allowed by this district's local rules).

6.      Speaking of oppositions, we should probably also agree that extensions of time should be given to both sides to file their oppositions and replies to each others' motions for summary judgment. If they're going to be this massive, we're obviously going to need more time to read them, as well as to draft our responses accordingly.

7.      In the State of Idaho – where I had previously moved to transfer this case – the judges of that court expressly recommend this relief in cases like this, involving large numbers of claims. See https://www.id.uscourts.gov/district/judges/brailsford/Motion_Practice.cfm:

> "The Judge recognizes that the complexity or number of issues presented by some rare cases will make it difficult to address all issues within the 20 page limit for briefs ... In those rare cases, counsel should file a motion for permission to file an over-length brief, rather than filing a number of separate dispositive motions in an effort to comply with the twenty-page limit."

8.      So this is not an extreme remedy I ask seeking right now.

9.      Wherefore, premises considered, I respectfully pray that the Court grant the parties leave to file Extra-Length Memoranda in Support of Motions for Summary Judgment.

So requested on this, the 5th day of April, 2026.

/s/ David Stebbins
David Stebbins (pro se)