J. CURTIS EDMONDSON (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Stebbins,<br><br>        Plaintiff,<br><br>    v.<br><br>Sydney Redfield,<br><br>        Defendant. | Case No. 3:23-cv-00321-MMC<br>Assigned to Judge Maxine Chesney<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

Defendant submits this CASE MANAGEMENT STATEMENT and PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Plaintiff DAVID STEBBINS aka ACERTHORN ("Acerthorn," or "Plaintiff") and Defendant SYDNEY REDFIELD aka "SIDALPHA" ("SidAlpha" or "Defendant"), had a conference of the parties (collectively the "Parties") via a Zoom meeting on April 6, 2025 with subsequent email correspondence.

<u>Preliminary Comment re: Defendant's separate submission:</u>

The parties exchanged numerous drafts of the CMC in early April.  In mid-April, defendant's counsel had to attend to preparing two appeal briefs.  Plaintiff may have thought defendant's counsel silence was an assent to file.  This may have been a misunderstanding.

After plaintiff filed a "joint" report, defendant's counsel raised this issue and offered to file a corrected joint report.  Plaintiff stated that defendant's counsel could file a separate report.  This separate report incorporates, to the best of defendant's ability, the part's of plaintiff's filing and defendant's CMC statement.

### 1. <u>Jurisdiction & Service</u>

Plaintiff asserts that it has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1332(c) because the amount in controversy exceeds $75,000, and because Plaintiff and Defendant are all citizens of different states.

Defendant has appeared.

### 2. <u>Facts</u>

***Plaintiff's Position****:* Plaintiff is a YouTuber and Twitch streamer that goes by "Acerthorn" online. Plaintiff claims that Defendant, a YouTuber that goes by "SidAlpha" online, posted an alleged smear video about Plaintiff on February 12, 2022, that has caused others to harass, dox and cyberattack him. Plaintiff's Complaint alleges 10 counts of Defamation related to Defendant's alleged statements about Plaintiff issuing illegal or fraudulent DMCA Takedown Notices and failing to consider "fair use", and allegations that Defendant falsely stated Plaintiff attempted to intimidate or bully him by filing lawsuits.

***Defendant's Position****:*  Defendant also believes this is about one "YouTube" video. The video consists of Defendant's opinions, that they fall within a qualified or fair reporting privilege and/or were protected by the First Amendment.

3. **Legal Issues**

*Plaintiff's Position*:  Plaintiff has alleged claims of defamation (slander) against Defendant in his Complaint.

*Defendant's Position*:  Defendant has filed an Answer denying Plaintiff's claims and asserted Affirmative Defenses of truth, opinion, privileges, first amendment, consent, *de minimus* damages, mitigation of damages, retraction, and unclean hands.

4. **Motions**

There are no pending motions before the Court currently.

**Plaintiff's Motions:**

The proposed deadline for the parties to file the dispositive motions is set forth on the proposed schedule herein.

**Defendant's Motions**

Defendant may move for a costs bond in view of prior determinations that the ND CAL has declared him a vexatious litigant.

Defendant will move for Judgment on the Pleadings incorporating by reference the video and transcript.  In the event triable issues of fact remain, then these can be determined by a Motion for Summary Judgment.

5. **Amendment of Pleadings**

The parties do not plan to move to add other parties or to transfer venue.

**Plaintiff's position:**

The plaintiff reserves the right to appeal the Court's order denying motion to change venue.

**6. <u>Evidence Preservation</u>[1]**

**Plaintiff's Position:**

Plaintiff wishes to adopt the CAND model ESI and protective order.

**Defendant's Position**: There is minimal evidence in dispute in this case, so rules under FRCP 26 are applicable.

**7. <u>Disclosures</u>**

The Parties intend to fully and timely comply with the initial disclosures of Fed. R. Civ. P. 26 no later than May 15, 2026.

**8. <u>Discovery</u>**

**Plaintiff's Position:**

Plaintiff intends to serve written discovery utilizing Requests for Admission, Request for Production of Documents, Requests for Permit Inspection, and Interrogatories to discovery facts, witnesses and documents as to the elements for Defamation and Defendant's affirmative defenses, including false statement, communication to a third party, damage to reputation and/or application of special damages. Additionally plaintiff anticipates taking depositions.

**Defendant's Position**: There is minimal evidence in dispute in this case, so rules under the FRCP may be not be necessary, so defendant proposes limiting discovery to 10 RFA'S, 10 ROG's, and 10 RPD's and one deposition for each party.

---

[1] Stebbin's email to defendant's counsel on 4/22/2025 stated regarding this section:

*I object to your newest draft because you say you're not going to preserve any evidence and that you don't think you even need to abide by any evidence at all. So there's that.*

*Sincerely,*
*Acerthorn*

9. **Class Actions**

N/A

10. **Related Cases**

N/A

11. **Relief**

**Plaintiff's Position:**  Plaintiff seeks damages for defamation, including damages, injunctive relief, and costs incurred.

**Defendants' Position:** Defendant denies that Plaintiff should recover any relief requested in its Complaint.  Defendant has no counterclaims or crossclaims that seek relief.

12. **Settlement and ADR**

**Plaintiff's Position:**

Plaintiff is amenable to ADR if (A) the injunctive relief requested in ¶¶ 155-158 of his Complaint, and/or damages to compensate him for a literal lifetime of the same, are accepted as non-negotiable demands and (B) both (i) the Defendant can product binding case law or binding legal authority unequivocally holding the terms of the settlement are just as nondischargeable in bankruptcy under 11 USC §523(a)(6) as the underlying torts being settled are and (ii) the Defendant admits in the settlement that the slander he committed against me was willful and malicious to the point where the resulting injuries would have been non-dischargeable in bamkruptcy under the statute.

**Defendant's Position**: Defendant will consent to the mediation panel and/or settlement judge.

### 13.  Other References

N/A

### 14.  Narrowing of Issues

The Parties are currently unaware of issues that can be narrowed, suggestions to expedite the presentation of evidence at trial or any proposals regarding severance, bifurcation, or other ordering of proof.

### 15.  Expedited Trial Procedure

**Plaintiff's Position:**

Plaintiff does not agree to any expedited procedures.

**Defendant's Position**: Defendant believes this case can be handled with 2 day bench trial.  One day for plaintiff's case, one day for defendant's case.

### 16.  Scheduling

The following deadlines are taken from the filings:

| Event | PF Proposed Deadline | DF Proposed Deadline |
|---|---|---|
| Deadline to Exchange Initial Disclosures | May 15, 2026 | May 15, 2026 |
| Deadline to Amend the Pleadings | July 3, 2026 | May 15, 2026 |
| Close of Fact discovery | September 16, 2026 | September 18, 2026 |
| Opening Expert Reports | October 16, 2026 | October 1, 2026 |

| Rebuttal Expert Reports | November 16, 2026 | October 16, 2026 |
|---|---|---|
| Close of Expert Discovery | December 12, 2026 | November 5, 2026 |
| Deadline to File Dispositive Motions | January 16, 2027 | November 19, 2026 |
| Opposition to Dispositive Motions | February 16, 2027 | December 17, 2026 |
| Reply in Support of Dispositive Motions | March 2, 2027 | December 24, 2026 |
| Hearing on Dispositive Motions | April 9, 2027 | January 14, 2027 |
| Pretrial Conference | May 11, 2027 | February 16, 2027 |
| Jury Trial | May 17, 2027 | March 1, 2027 |

## 17.  **Trial**

**Plaintiff's Position:**

Bench trial or Jury Trial.

**Defendant's Position**: Defendant believes this case can be handled with 2 day bench trial.  One day for plaintiff's case, one day for defendant's case.

## 18.  **Disclosure of Non-Party Interested Entities or Persons**

The parties certify that there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the Parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding.

## 19.  **Professional Conduct**

The attorneys of record for Defendant and Plaintiff *pro se* have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20.  **Other**

N/A

Respectfully Submitted,

Dated: April 23, 2025                    */s/ J. Curtis Edmondson*

_____

J. Curtis Edmondson
jcedmondson@edmolaw.com
Edmondson IP Law
Attorney for Defendant
3720 SW 141st Ave., Suite 212
Beaverton OR 97005
Ph: (503) 336-3749

Pursuant to LR 16-9, Attorney J. Curtis Edmondson does hereby declare that the factual statements made above in support of filing a separate CMC is true and correct under 28 U.S.C. §1746

Declarant

/s/ J. Curtis Edmondson

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 23, 2026, I directed that the foregoing document be electronically filed with the Clerk of the Court by using the CM/ECF system to all parties.

/s/ J. Curtis Edmondson

By:_____
J. Curtis Edmondson