David Stebbins            123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 204-6516            acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                           PLAINTIFF

VS.                          Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                          DEFENDANTS

## MOTION FOR LEAVE TO CONDUCT DEPOSITIONS REMOTELY AND TO APPOINT DEPOSITION OFFICER

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Conduct Depositions Remotely under Fed.R.Civ.P. 28(a)(2) in the above-styled action.

1.      I meant to bring this up in the Case Management Conference that was held on May 1, 2026, but the Judge cut me off and brought an abrupt end to the conference before I was able to do so.

### Motion for Leave to Conduct Depositions Remotely

2.      The Court has discretion to grant this leave pursuant to Fed.R.Civ.P. 30(b)(4) ("the court may on motion order—that a deposition be taken by telephone or other remote means").

3.      Many of the witnesses in this case – including the Defendant's informants who gave him the false information which he based his smear video on, as well as my surgeon who will testify about the severity of my illness and the general cause thereof in a manner not inconsistent with ¶¶ 132-141 of the Complaint – are scattered all across the globe. It was only due to the Internet that they were all able to collaborate together to persuade the Defendant to make this smear video.

4.      As such, flying each witness – especially international witnesses – out to our respective locations just to take their depositions would probably be prohibitively expensive even if I weren't proceeding in forma pauperis. A court order requiring all parties and witnesses to to conduct their depositions remotely – preferably via webcam, but also via telephone if they do not have their own webcams to be able to show their faces – would not only be a huge boone to the

Case 4:23-cv-00321-MMC                    -1-                    Motion for Remote Deposition

parties looking to save money, but may be the only thing making depositions *possible* in a case like this.

5.      Before the case managemetn conference, I emailed the Defense counsel and asked if he would stipulate to remote depositions. See **Exhibit A**. He never responded.

6.      I therefore ask the Court to order that depositions be taken remotely in this case, unless the ones being deposed choose to appear in person. Depositions by default would be held via Zoom, but the parties and one being deposed may universally agree to another method, such as Discord or Microsoft Teams (formerly known as Skype).

### Motion to Appoint Deposition Officer

7.      In addition to this, I also ask the Court to appoint a single, universal officer before whom depositions may be taken, pursuant to its authority under Fed.R.Civ.P. 28(a)(2) ("a person appointed by the court where the action is pending to administer oaths and take testimony"). This would be much simpler, and would facilitate a much more expedient discovery (and therefore resolution on the merits) than if we had to find different deposition officers for each individual deponent.

8.      I respectfully ask that the Court fix that officer's hourly rate to something reasonable (such as $25/hour) to accommodate my indigence, which is on record in this case under Dkt. 2. The Court mentioned during the Case Management Conference that there are a lot of semi-retired officers who "give back to" the legal profession in the form of pro bono service, so it shouldn't be too hard to find someone willing to fill this role.

9.      Wherefore, premises considered, I respectfully pray that this Motion for Leave to Conduct Depositions Remotely and for Appointment of Deposition Officer be granted, and for any other relief to which I may be entitled.

So requested on this, the 1st day of May, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)