J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law, Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

David A. Stebbins

Plaintiff,

v.

Sidney Redfield

Defendant.

Case No. 4:23-cv-00321-MMC
Trial Judge: Hon. Maxine M. Chesney
Discovery Magistrate:  TBD

Hearing Date: June 12, 2026,
Hearing Time:10:30 am

Defendant Sidney Redfield's Opposition to Plaintiff David A. Stebbin's discovery motion for relief under FRC 28(a)(2) (Dckts 103, 104)

I.    **SUMMARY OF THE OPPOSITION**

Plaintiff David A. Stebbins ("Stebbins") asks that this court "appoint a deposition officer" at a reduced rate of $ 25.00 per hour and order all depositions be conducted remotely in some fashion.

Citing no authority and factual support for this proposition, this request should be denied.   The discovery rules work for hundreds of thousands of litigants per year and for this case, in-person depositions will create the most accurate record.

As there is no just cause for granting Stebbins an exception to the discovery rules. This motion should be denied.

1

II.    **FACTUAL BACKGROUND**

This is a dispute between two "YouTubers[1]".  Stebbins, who has a YouTube[2] channel[3] "Acerthorn" sued Defendant Sidney Redfield ("Redfield") who also has a YouTube channel "SidAlpha".

The background of this dispute involves videogames and interactions with YouTubers.  Companies made videogames that consumers play. Some of these people record the video games with commentary and then upload the commentary to YouTube.  Then other commentators watch these videos and then post their own comments on the commentator.  This continues until a better game comes out and the YouTube gaming community loses interest commenting on the older game.

This case involves a single video that lasted a little over one hour long. (Dckt 1, ¶7).  The video analyzes an issue that is of public concern in the YouTube community, involving "DMCA Takedowns".  Since "DMCA Takedowns" can affect channel revenue, as it may result in YouTube closing a channel. This is an important business issue that affects YouTube channel revenue.  In some cases, monetary effect can amount to thousands of dollars.

Stebbin's alleges ten (10)  defamatory statements in the publication relating to comments on Stebbin's use of DMCA takedowns.  (See Dckt 1, ¶9, "…The most important accusation SidAlpha made against me was that I had issued numerous false DMCA Takedowns.." )

---

[1] "YouTubers" are people who create large amounts of content for YouTube.  See https://en.wikipedia.org/wiki/List_of_YouTubers

[2] YouTube is an online service of Google where people can post their own videos. It is popular and apparently has 14.8 billion videos stored as of mid-2024. See https://en.wikipedia.org/wiki/YouTube.

[3] A YouTube channel is an account on YouTube where you can post your own videos.  See https://support.google.com/youtube/answer/1646861?hl=en.

2

The applicable substantive law this case being in diversity is the California law of Defamation. *Cal. Civ Code §44*. This motion concerns the conduct of depositions under the Federal Rules.

## III.    <u>ARGUMENT</u>

The conduct of a depositions is handled by the parties under Rule 28(a)(2), Rule 29 (Stipulations), and Rule 30(b)(4), or rarely, ordered by the by Court. There is a great deal of flexibility on how the parties can conduct depositions.

### A. <u>A COURT ORDERED DEPOSITION OFFICER AT BELOW MARKET RATES IS IMPRACTICAL TO COORDINATE</u>

Stebbins desires remote depositions where the Court will order to a deposition officer to accept $25 per hour. A typical full day deposition costs about 3-4K, so it would be incumbent on the Court or Stebbins to find "pro bono" court reporters, or the Court would have to bear the difference.

There is not a lot of case law on this issue. The most recent case, not quite on point, is in the WAWD, *Colby Snyder vs. Lindblad Expeditions, LLC, et. al*. (WDWA Order 1/20/2026) 2:25-cv-001753. (See Ex. A attached to Edmondson, Declaration.).

Here the Court denied a similar type of motion. While this court had less concern with remote depositions, it was concerned about an accurate transcript being prepared and how a court can appoint a low-cost deposition officer.

But the end result will be this court will have to micromanage the deposition process. This is inefficient.. (FRCP 1). Stebbins and Redfield's counsel can and should work this out between themselves.

3

## B. IN PERSON DEPOSITIONS ARE DESIRABLE IN THIS SCENARIO.

Defendant's counsel, like the opposing party in *Colby*, has concerns about two records. An accurate record created by the court reporter and an inadmissible record being created by technology. The ability to record other "live videos" on the computer is technically very easy. Stebbins and Redfield both have this skill give the allegations in the complaint.

There is risk of informal videos being created during a remote deposition. This informal remote depsotiion video may then be edited.    (Edmondson Decl ¶3-5). Wiith video editing and AI tools the informal remote deposition may then be altered. This has recently happened in Alameda Superior Court with regard to substantive evidence.  (See Edmondson Decl, Exhibit B,  Order re Terminating Sanctions, *Mendones, et. al vs. Cushman and Wakefiled, et. al* (Alameda Sup Ct. 9/9/2025) 23CV028772.   An altered remote video deposition may lead to disputes over the accurate court reporters transcript vs the altered remote video deposition

Already this case has seen a filing that misinterpreted the official record. (Dckts 110,111).   Having numerous "versions" of a deposition transcripts, official and unofficial, would not help this case.

A good old fashion, pre-internet and in-person, deposition is the best solution for this case.  One certified transcript will exist without the potential of "FakeAI" versions floating around.  The deposition can either be taken in the Norther District of California, or at the place of residence of the parties (Idaho or Arkansas).

## C. DEPOSITIONS MAY NOT BE NEEDED.

Stebbins has served over 400 written discovery requests.   (Edmondson Decl). Written discovery of this scope should provide sufficient facts to prove Stebbinss' case.

4

**D. STEBBINS MAY HAVE SUFFICIENT FUNDS TO PAY FOR A DEPOSITION.**

The general assumption is that Stebbins has no money and therefore this court should provide financial assistance.  There is no recent evidence that this is true. He recently paid for a transcript which suggests some litigation budget.  (Dckt 114).

A YouTuber named "MrBeast" has a net worth of 2.6B largely due to the YouTube media platform.  (see https://en.wikipedia.org/wiki/MrBeast).    It is unknown if Mr. Stebbins is like MrBeast or indigent. It is possible that Mr. Stebbins could now be deriving money from his YouTube channel, allowing him to pay for deposition costs.  The Court should not assume that he lack sufficient funds to pay for a deposition.

**E. STEBBINS HAS SHOWN NO JUST CAUSE BY ADMISSIBLE EVIDENCE.**

Any motion requesting relief should be supported by a declaration attesting to facts.  Stebbins has no such declaration and as such is a "speaking motion".  As no evidence has been proffered for relief, the Court should deny this motion on those grounds alone.

## IV.    CONCLUSION

In view of the foregoing arguments, defendant respectfully requests denial of this motion.

Respectfully Submitted,

DATE:   May 7, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for defendant

5

# CERTIFICATE OF SERVICE

I certify that on May 7, 2026 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATE:   May 7, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for defendant