J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law, Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Stebbins<br><br>    Plaintiff,<br><br>    v.<br>Sidney Redfield<br><br><br>    Defendant. | Case No. 4:23-cv-00321-MMC<br>Trial Judge: Hon. Maxine M. Chesney<br>Discovery Magistrate:  TBD<br><br>Hearing Date: June 12, 2026,<br>Hearing Time:10:30 am<br><br>Declaration of J. Curtis Edmondson in support of Sidney Redfield's Opposition to Plaintiff David A. Stebbin's discovery motion for relief under FRC 28(a)(2) (Dckts 103, 104) |

I, J. Curtis Edmondson declare pursuant to 28 U.S.C. §1746(2) as follows:

1.      I represent the defendant in this action.

2.      I see no need to vary the deposition rules and I will not stipulate to such variation under Rule 29.   Normally I would agree to remote depositionss, as they tend to be less costly, but this case is a little bit different.

3.      Remote depositions requires using technology, such as Zoom, whereby each party, being alone,  can have multiple computers, and, more importantly capture the deposition session using electronic technology.  This may lead to two different

1

records, the "official" record and the "unofficial" one.  Further the "unofficial" one may be distributed, edited, and placed on numerous social media outlets.

4.      In this case an in-person deposition at the parties place of residence, or in the city where this matter is proceeding, will result in an efficient professional deposition.

5.      Therefore, I am unable to stipulate to Mr. Stebbins request under Rule 29, but will follow the court's order if zoom is allowed.

6.      I believe written discovery should be sufficient as Plaintiff has served:

   a.  314 Document Requests

   b.  3 Inspection Demands

   c.  112 Request for Admissions

   d.  6 Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

Executed
on :        May 6, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for defendant

2

# EXHIBIT A

*Snyder v. Linblad Explorations, LLC*

Jan 20, 2026      WDWA  25-cv-01753

**COLBY SNYDER, Plaintiff,**

**v.**

**LINDBLAD EXPEDITIONS LLC et al., Defendants.**

Case No. 2:25-cv-01753-LK.

**United States District Court, W.D. Washington, Seattle.**

January 20, 2026.

# ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER

LAUREN KING, District Judge.

This matter comes before the Court on Plaintiff Colby Snyder's "Motion for Order Permitting Remote Deposition by Audio/Video Recording without Court Reporter, with Later Transcription." Dkt. No. 28. Defendants oppose the motion. Dkt. No. 29. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Snyder filed his pro se complaint in this Court in September 2025, alleging that his former employers, Defendants Lindblad Expeditions LLC and Lindblad Holdings, Inc. ("Linblad"), failed to pay his wages. *See generally* Dkt. No. 1. Snyder contends that he was engaged as a full-time officer "with guaranteed rotational assignments," but he was discharged without cause for "not meeting expectations." *Id.* at 1, 4. He asserts claims for failure to pay wages under the Seamen's Wage Act, 46 U.S.C. §§ 10313, 10504; "unearned wages for improper discharge" under general maritime law, 46 U.S.C. §§ 10313, 10504; failure to pay wages under Washington and Alaska law; and, in the alternative, unlawful engagement of a seaman under 26 U.S.C. § 11107. *Id.* at 5-10.

In December 2025, Snyder noted a deposition of Lindblad's corporate representative under Federal Rule of Civil Procedure 30(b)(6), then requested the depositions of Lindblad's Vice President of Marine Operations, its Vice President of Compliance, its Shipboard Human Resources Manager, and one if its captains. *See* Dkt. No. 30 at 1-2; Dkt. No. 30-1 at 2; Dkt. No. 30-2 at 2-4; Dkt. No. 30-3 at 13-14.

Scheduling was proceeding cooperatively, but on December 23, Snyder emailed Defendants' counsel stating, "Due to the holiday season and limited vendor availability, I have been unable to obtain timely confirmation from a remote court reporter service for the upcoming proposed deposition dates" and proposed remote depositions without a court reporter present. Dkt. No. 30-4 at 3. Defendant declined to agree to depositions without a court reporter, *id.* at 2, and Snyder filed this motion the same day, Dkt. No. 28. Discovery is scheduled to be completed by July 24, 2026. *See* Dkt. No. 26.

## II. DISCUSSION

Snyder requests that the Court "[p]ermit[] the deposition to proceed remotely by audio/video recording without a court reporter present;" "[a]uthoriz[e] the oath to be waived or administered by agreement of the parties;" and "[a]llow[] the recording to serve as the official record, subject to later transcription if necessary." Dkt. No. 28 at 3. Snyder contends that "[m]ost vendors advised that they do not provide services to pro se litigants," and the "quoted rates render the use of a court reporter financially impossible for [him]." *Id.* at 1-2.

Defendants respond that depositions must be conducted before a court reporter or a person appointed by the court who performs the roles set forth in Federal Rule of Civil Procedure 30. Dkt. No. 29 at 3-4. They argue that Snyder seeks to depose five witnesses, including a corporate representative, without a court reporter and "instead to remotely audio/

video record the depositions[,] in a completely unspecified manner, and let that recording act as the official record," which will not ensure the integrity of the record. *Id.* at 5.

## A. Legal Standard

Federal Rule of Civil Procedure 30 authorizes the party noticing a deposition to state whether it will be recorded "by audio, audiovisual, or stenographic means," and requires that party to pay the costs associated with the chosen method. Fed. R. Civ. P. 30(b)(3)(A); *see also* Charles Alan Wright & Arthur R. Miller, 8A Fed. Prac. & Proc. § 2115 (3d ed. Sept. 2025 Update) ("since 1993 any party has had a right to use nonstenographic recording by giving prior notice to the deponent and the other parties."). Rule 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." *See also* LCR 30(b) (stating that "[t]the notice must state whether the deposing party intends that deposition to be taken by remote means as provided in, and subject to, Fed. R. Civ. P. 30(b)" and "[d]epositions handled by remote means may be used in the same way as any other deposition").

"Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). In turn, Rule 28(a)(1) states that a deposition may be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination" or "a person appointed by the court where the action is pending to administer oaths and take testimony." Rule 30(b)(5) enumerates the officer's duties, including administering an oath and making on-the-record statements at the beginning and end of the deposition. *See also* Fed. R. Civ. P. 30(f) ("The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony."). Finally, Rule 32(c) provides that "[u]nless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well."

## B. Snyder is Not Entitled to the Relief He Seeks

The Court first considers the scope of the record for this motion. The Court does not consider Snyder's assertions that "[m]ost vendors advised that they do not provide services to pro se litigants" or that the cost would be financially burdensome to him, Dkt. No. 28 at 1-2, because he does not cite anything in the record to support these assertions. LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."); LCR 10(e)(6) (requiring citation to the record); *see also* United States District Court for the Western District of Washington Pro Se Guide at 27, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCour t.pdf ("You are solely responsible for the payment of fees associated with the services of a court reporter.").

Snyder also argues in his reply brief that Defendants' response to his motion was untimely and may be disregarded. Dkt. No. 31 at 2. This argument is easily rejected. Snyder filed his motion on December 23, 2025, and under Local Civil Rule 7(d)(3), Defendants' response was due 15 days later, which was on January 7, 2026. Defendants filed their response on that day and it was therefore timely. *See* Dkt. No. 29.[1]

Snyder further states in his reply brief that "[t]o the extent [his] initial motion referenced waiver of the oath or administration by agreement of the parties, [he] withdraws that request and seeks only Court-authorized administration of the oath by a neutral officer under Rule 28(a)(2)." Dkt. No. 31 at 4. Snyder's motion specifically sought an order "[a]uthorizing the oath to be waived or administered by agreement of the parties," Dkt. No. 28 at 3, and the Court will not entertain Snyder's new request for relief in reply, *see, e.g., Bazuaye v. I.N.S.,* 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Docusign, Inc. v. Sertifi, Inc.,* 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (same).

Even if Snyder had properly made his request for "Court-authorized administration of the oath by a neutral officer under Rule 28(a)(2)," Dkt. No. 31 at 4, that request is too vague to grant. Snyder neither identifies a suitable officer nor a procedure to select one.

That lack of detail pervades other aspects of Snyder's motion, which is almost entirely devoid of specifics about the procedures he seeks or how they would comport with Rule 30's requirements. Although Snyder requests "audio/visual" recording, he does not specify whether he seeks recording by one or both methods or identify who would do the recording or certification. The motion seeks permission to take the depositions remotely, Dkt. No. 28 at 3, but it fails to identify where the oath-administering officer would be located or specify how the depositions would be taken—by telephone or "other remote means." Fed. R. Civ. P. 30(b)(4). Nor has Snyder demonstrated that he could have the depositions certified as required by Federal Rule of Civil Procedure 30(f)(1). Consequently, Snyder has not shown that the depositions would comply with Court rules or that the resulting recordings would have sufficient indicia of reliability to be used as the "official record" as Snyder requests. Dkt. No. 28 at 3. Accordingly, the Court denies the motion. *See, e.g., Alcorn v. City of Chicago,* 336 F.R.D. 440, 445 (N.D. Ill. 2020) (noting that the Federal Rules of Civil Procedure do not permit someone to simply "press the record button in a remote deposition" because the requirements in Rules 28 and 30 "cannot be so easily circumvented"); *Raiser v. San Diego Cnty.,* No. 19-cv-0751-GPC-KSC, 2021 WL 2886048, at *7-8 (S.D. Cal. July 9, 2021) (denying motion to conduct depositions without a deposition officer who met the requirements of Federal Rules of Civil Procedure 28 and 30(b)), *aff'd sub nom. Raiser v. Cnty. of San Diego,* No. 21-56158, 2023 WL 1813492 (9th Cir. Feb. 8, 2023).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Snyder's Motion for Order Permitting Remote Deposition by Audio/Video Recording without Court Reporter, with Later Transcription. Dkt. No. 28.

[1] Defendants are reminded that the Court does not permit citations in footnotes. Dkt. No. 17-1 at 4. Future noncompliant briefs will be summarily stricken.

Save trees - read court opinions online on Google Scholar.

# EXHIBIT B

# Arield Mendones, etl al  vs Cushman and Wakefield.

## Alameda Superior Court -  23CV028772

### Order on 8/9/2025 Terminating Santions

**FILED**
Superior Court of California
County of Alameda
09/09/2025
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
D. Fisher

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

RENÉ C. DAVIDSON COURTHOUSE

| | |
|---|---|
| Ariel Mendones, et al., | No.: 23CV028772 |
| Plaintiff, et al., | **Order re Terminating Sanctions** |
| v. | |
| Cushman and Wakefield, Inc., et al., | |
| Defendant, et al. | |

The order to show cause why terminating sanctions should not issue against Plaintiffs Ariel and Maridol Mendones for intentionally submitting false testimony to the Court in connection with their motion for summary judgment and Plaintiffs not referred to the Alameda County District Attorney's Office for criminal prosecution came on for hearing on September 9, 2025, at 2:30 p.m. The Court issued a tentative ruling, which Plaintiffs contested. Plaintiffs did not appear at the hearing and were not excused from appearing. Defendants' counsel appeared. As the contesting party was not present, the Court affirms its tentative ruling and issues a terminating sanction against Plaintiffs for intentionally submitting false evidence to the Court in connection with their motion for summary judgment.

## I. BACKGROUND

On March 11, 2025, Plaintiffs moved for summary judgment in this action. In support, Plaintiffs provided several documents as exhibits. Upon review, the Court suspected Plaintiffs' exhibits 3, 6A, 6B, 6C, 7, 21, 27, 35, and 40 of having been altered or created by generative artificial intelligence (GenAI). For instance, exhibits 6A, 6C, and 36 purport to capture the speech and image of Geri Haas. But, while exhibit 36 appears to capture a real-life interaction, certain characteristics of exhibits 6A and 6C, such as the lack of facial expressions, the looping video feed, among other things, suggested that these exhibits were products of GenAI—i.e., "deepfakes."

On June 11, 2025, the Court issued a tentative ruling in connection with a case management conference, indicating its intent to issue an order to show cause with a hearing on July 8, 2025. At the hearing on June 12, 2025, the Court's suspicion was reinforced when Maridol Mendones mentioned that some witnesses depicted in the suspect evidentiary submissions were deceased or could not be contacted by her. Maridol Mendones asked for the Court to set the hearing on the order to show cause in August 2025 to accommodate her and permit her time to seek legal counsel.

On July 11, 2025, the Court issued the order to show cause why terminating sanctions should not issue against Plaintiffs for intentionally submitting false testimony to the Court in connection with their motion for summary judgment and Plaintiffs not referred to the Alameda County District Attorney's Office for criminal prosecution. The Court restates the relevant portions of that order:

> The Court issues an order to show cause why terminating sanctions should not issue against Plaintiffs for intentionally submitting false testimony to the Court in connection with their motion for summary judgment and Plaintiffs not referred to the Alameda County District Attorney's Office for criminal prosecution.
>
> The Court notes that some of the purported testimony submitted by Plaintiffs appears to be products of generative artificial intelligence. (*Compare* Pls.' Mot. Summ. J. Ex. 36 (capturing speech and image of Geri Haas), *with* Exs. 6A & 6C (purporting to capture speech and image Geri Haas); *see also* Exs. 3, 6B, 6C, 7, 21, 27, 35, 40.) The Court is also suspicious of the authenticity of other evidentiary submissions.

Order re Terminating Sanctions

The Court is attentive to the issue of improper use of generative AI before it. (*See, e.g., Evans v. Execushield, Inc.* (Cal. Super. Ct. Mar. 10, 2025) 2025 WL 893084 (discussing the presentation of fake citations to the court by attorneys).) The Court is also attentive to the use of generative AI to create videos. (*See, e.g.*, Jess Weatherbed, Judge berates AI entrepreneur for using a generated 'lawyer' in court, The Verge, Apr. 10, 2025, https://www.theverge.com/news/646372/ai-lawyer-artificial-avatar-new-york-court-case-video.)

The Court further notes that California law provides that a person who "willfully and contrary to the oath, states as true any material matter which he or she knows to be false . . . is guilty of perjury." (Cal. Pen. Code § 118(a).)

The Court directs Plaintiffs to submit a declaration, under penalty of perjury, answering the following questions, concisely and directly:

1. Were any of Plaintiffs' evidentiary submissions created using generative artificial intelligence?

2. Were any of Plaintiffs' evidentiary photographic submissions edited in any way? (See, e.g., Ex. 7.)

3. What is the messaging platform capturing the purported messages depicted in exhibits 35 and 40?

Plaintiffs must provide all the metadata of the purported audio and video testimonials for "Salinas" (Ex. 3), Barbara Clark (Ex. 6D), Juliann Smith (Ex. 27), Geri Haas (Exs. 6A & 6C), Sarah Davis (Ex. 6B), and an unidentified person (Ex. 21). Please include the file format, date created, date modified, file type, identity of device capturing video, lens used, shutter speed, file type, and the like. Please also identify the operator of the camera that captured the purported video testimonials noted above.

Plaintiffs must also provide the metadata and certificates for the electronic signatures of the declarations of Barbara Clark, Juliann Smith, Debra Daniels, Caroline Scott, Geri Haas, and Sarah Davis.

The Court may also order the in-person appearance of "Salinas," Barbara Clark, Juliann Smith, Geri Has, Sarah Davis, the unidentified person in exhibit 21, Cristy Moore, Jane Johnson, Rose Torres, Allen Whistley, and any other person identified in the suspect evidentiary submissions.

The Court sets a hearing for August 12, 2025, at 2:30 p.m. on the order to show cause.

All parties must appear in-person at this hearing.

The Court orders both Ariel Mendones and Maridol Mendones to separately submit a declaration stating under penalty of perjury addressing the three questions, noted above. The requested metadata and certificates for each of the purported audio and video testimonials, and the filed declarations, must be attached as exhibits to the declaration.

The declarations must be limited to 5 pages, excluding the caption page and the requested metadata and certificates.

Order re Terminating Sanctions

The declarations must be filed and served no later than July 29, 2025.

The Court will deem any failure to file a declaration addressing each of these issues as conceding that their evidentiary submissions were created using generative AI or were altered to depict something that did not actually happen.

(OSC re Terminating Sanctions, July 11, 2025.)

On July 29, 2025, Plaintiffs filed their declarations. (*See* Pls.' Decls., July 29, 2025.)

## II. LEGAL STANDARD

"By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

(1) "The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(2) "The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(3) "The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

(Cal. Civ. Proc. Code § 128.7(b).)

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." (§ 128.7(c).) "In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence." (*Id.*) "A sanction imposed for violation of

Order re Terminating Sanctions

subdivision (b) shall be limited to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated." (§ 128.7(d).)

### III. DISCUSSION

The Court finds that Plaintiffs violated section 128.7(b) of the Code of Civil Procedure by submitting fabricated evidence in support of their motion for summary judgment.

### A. Fabricated Evidentiary Submissions

The Court examined exhibits 3, 6A, 6B, 6C, 7, 21, 27, 35, and 40, reviewed Plaintiffs' declarations, and reviewed the attached metadata.

As the trier of fact on the order to show cause, the Court weighed the evidence and made credibility findings.

#### 1. Exhibits 6A and 6C

The Court finds that exhibits 6A and 6C are products of GenAI and do not capture the actual speech and image of Geri Haas. In other words, these exhibits are deepfakes. Here is a screenshot of exhibit 6A:



15:25
Jan 13, 2023

00:00:03

The full video is available at https://drive.google.com/file/d/1xI3xCC6Xdq94PZvz7QCl6M_XDsg8q55k/view. The Court has downloaded a copy of exhibit 6A to preserve the evidence.

Here is a screenshot of exhibit 6C:



The full video is available at https://drive.google.com/file/d/1h1ae0izs07kGdF3HKALRvla-cgB1E1gF/view. The Court has downloaded a copy of exhibit 6C to preserve the evidence.

Here is a screenshot of exhibit 36:



The full video is available at https://drive.google.com/file/d/1jSMc69QkWemY0OXkl6hV2PRCnLtQtFp6/view. The Court has downloaded a copy of exhibit 36 to preserve the evidence.

While the "person" depicted in exhibits 6A and 6C bears a passing resemblance to the person depicted in exhibit 36, they are not the same person. The accent, cadence,

Order re Terminating Sanctions

volume, word choice, pauses, gestures, and facial expression, among other characteristics, of the person depicted in exhibit 36 are vastly different from those demonstrated by the "persons" depicted in exhibits 6A and 6C. The "persons" depicted in exhibits 6A and 6C lack expressiveness, are monotone, do not pause at moments where pauses are expected, use odd words choices, and appear generally robotic. Further, the mouth flap does not match the words being spoken. Juxtaposing these three videos together, it becomes clear that whoever the "persons" depicted in exhibits 6A and 6C are, they are not the person depicted in exhibit 36.

The oddities of exhibits 6A and 6C are typical features of videos created by GenAI.

**2. Exhibit 7**

The Court finds that exhibit 7 was materially altered. Here is a screenshot of exhibit 7, page 2:



Order re Terminating Sanctions

Here is a screenshot of exhibit 7, page 3:



     

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Order re Terminating Sanctions

Here is a screenshot of exhibit 7, page 5:



◄ Camera ● 📶 🤶        7:30 PM        ◀ ◎ ⏰ 87% 🔋

Home
April 08, 2022  4:30 AM            Edit

**Send Message**

    

The lighting, contrast, color, and sharpness of the man depicted in these pictures compared with the lighting, contrast, color, and sharpness of the background shows that the man was stitched into the photograph taken by the Ring camera. A close inspection shows that the background is in black and white, while the man is in color.

///

///

///

///

///

///

///

Order re Terminating Sanctions

Compare these photographs with the photographs on pages 7 and 8, which are from the same Ring camera, according to Plaintiffs:

 

Juxtaposing the photographs on pages 7 and 8 against the photographs on pages 2, 3, and 5 makes it clear that the photographs on pages 2, 3, and 5 were materially altered.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**3. Exhibits 35 and 40**

The Court finds that exhibits 35 and 40 are products of GenAI—or, at least, were materially altered. Here is a screenshot of exhibit 35:



/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Order re Terminating Sanctions

Here are screenshots of exhibit 40:







12

In their declaration, Plaintiffs stated that the messaging platform in exhibit 35 is Instagram and exhibit 40 is a Zoom iPhone group chat. These statements strain credulity: Looking at the menu bar on the lower part of the images, it is clear to this Court that exhibits 35 and 40 seem to depict the same messaging platform. Further, the font style, spacing, and sizing appear off on exhibit 40, suggesting the names and messages were altered.

### 4. Metadata

The Court did not find the metadata submitted by Plaintiffs reliable or credible. For instance, the information contained above the "General" field of the MacOS Inspector on pages 11, 16, 17, 18, 19, 24, 27, 28, 29, 30, 31, 32, 33, 48, 49, 51, 52, 59, 60, and 61, contains information not typically noted in metadata, such as "Copyright [entity]. All rights reserved." Other portions of the metadata included URLs to Google Maps, phone numbers, GPS coordinates, mailing addresses, and other atypical information within the "musical genre" field. (*See id.* at pp. 12–15, 37, 42–47.) The Court suspects that material metadata was added at some later point in time by someone with access to the files and with editing privileges.

### 5. Plaintiffs' Explanations

The Court did not find Plaintiffs' explanations in their respective declarations to be credible. Notably, in response to the first question, Maridol Mendones declared that artificial intelligence was used in all videos marked as exhibits 6A to 6D. (Pls.' Decls. at 3:23–26.) Maridol Mendones sought to shift the blame to Geri Haas for providing her with this video testimonial. (*See id.* at 3:13–4:3.) Her explanation, however, is not credible: Assuming the veracity of the metadata, exhibit 6A was captured on an Apple iPhone 6 Plus using its rear camera and running iOS 12.5.5. (*See id.* at p. 16.) Here's the problem for Maridol Mendones: Apple did not introduce Apple Intelligence until iOS18 and required an iPhone 16, iPhone 15 Pro, or iPhone 15 Pro Max. (*See* Apple Inc., *Apple*

*Intelligence*, https://www.apple.com/apple-intelligence/ (last visited September. 5, 2025.) ("Apple Intelligence is available in beta on all iPhone 16 models, iPhone 15 Pro, iPhone 15 Pro Max, iPad mini (A17 Pro), and iPad and Mac models with M1 and later, with Siri and device language set to the same supported language, as part of an iOS 18, iPadOS 18, and macOS Sequoia software update.").) As such, Maridol Mendones explanation about why the person depicted in exhibit 6A is robotic is unbelievable.

### 6. Lingering Suspicions

The Court remains suspicious of the other evidentiary submissions, but it does not have the time, funding, or technical expertise to determine the authenticity of Plaintiffs' statements or conduct a forensic analysis of the suspect evidentiary submissions.

| Exhibit | Plaintiffs' Description | Plaintiffs' Link |
|---|---|---|
| 3 | "Voicemail messages of Defendant-Salinas dated December 27 to 29, 2022. Third parties mocking voicemail messages." | https://drive.google.com/file/d/1fqjOfTxKbJmG_7LodDKkFWB-KpxgTWGz/view?usp=sharing |
| 6B | "Corroborated video testimony of Sarah Davis secondary to Geri Haas' declaration dated January 13, 2023." | https://drive.google.com/file/d/1mnASOgTl7sIrg-OLVKMI95Elyz_ySqOa/view?usp=sharing |
| 21 | "Voicemail message of Defendant-Salinas dated December 29, 2022, stating that they will waive their false | https://drive.google.com/file/d/1Vmm9HxQwJ521rDWBPWTXy0Og_N7yMgne/view?usp=sharing |

Order re Terminating Sanctions

| | | allegations if the video footage will be sent to them via email." | |
|---|---|---|---|
| | 27 | "Dr. Juliann Smith's testimonies with two corroborating witnesses dated July 30, 2024 at 2:35 p.m." | https://drive.google.com/file/d/12xnrtMiTyP_B5abHeZM2ycYwg9MaDAcd/view?usp=sharing |

The Court has downloaded copies of these exhibits to preserve the evidence.

**B. Appropriate Sanction**

The Court next turns to the appropriate sanction. In determining the appropriate sanction, the Court is guided by section 128.7(d)'s guidance that "[a] sanction imposed for violation of subdivision (b) shall be limited to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated." (§ 128.7(d).)

**1. Monetary Sanctions**

The Court finds that monetary sanctions are not appropriate.

The Court is attentive to the issue of improper use of GenAI before it. (*See, e.g., Evans v. Execushield, Inc.* (Cal. Super. Ct. Mar. 10, 2025) 2025 WL 893084 (discussing the presentation of fake citations to the court by attorneys).) The misuse of GenAI in legal proceedings most frequently happens in the context of presenting fictitious citations. (*See U.S. v. Hayes* (E.D. Cal. 2025) 763 F. Supp. 3d 1054.) In that context, appropriate sanctions include (1) penalties payable to the court in the range of $1,000.00 to $5,000.00, (2) sending a copy of the order to the client, (3) sending a copy of the order to each judge falsely identified as the author of a fake opinion, (4) sending a copy of the order to all the district judges and magistrate judges in the district, and (5) sending a copy of the order to the relevant bar association. (*Id.* at 1073; *see also Mata v. Avianca, Inc.* (S.D.N.Y. 2023) 678 F. Supp. 3d 443, 466 (imposing similar sanctions); *Gjovik v. Apple Inc.* (N.D. Cal., May

19, 2025, No. 23-CV-04597-EMC) 2025 WL 1447380, at *7 ("At this juncture, the Court shall not impose any sanctions. However, it forewarns Ms. Gjovik that (1) she is responsible for verifying the accuracy of AI-generated or AI-provided information, including but not limited to case citations and content, **and** that (2) failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se.").)

The reasons for imposing these sanctions were captured by the *Hayes* court: "Submitting fictitious cases and quotations to the court 'degrades or impugns the integrity of the Court' and 'interferes with the administration of justice' in violation of Local Rule 180(e), and violates California Rules of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2)." (*See also Hayes*, 763 F. Supp. 3d at 1064.)

Here, the use of GenAI went beyond the submission of fictitious citations. Plaintiffs submitted at least two exhibits created by GenAI. Further, to an even greater extent than expressed by the *Hayes* court, the use of deepfakes in a case significantly undermines the Court's ability to administer justice, significantly erodes the public's confidence in the judicial system, and significantly burdens under-resourced and overworked courts with the time-consuming task of assessing whether evidence presented to it during pretrial proceedings was a deepfake. As such, a more severe sanction is appropriate.

**2. Non-monetary Sanctions**
### i. Referral to District Attorney for Prosecution

The Court finds that referral for criminal prosecution is not appropriate.

Plaintiffs' submission of fabricated evidence brings to the Court's mind two Penal Code statutes. The first statute concerns perjury:

> Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by

16
Order re Terminating Sanctions

law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.

(Cal. Pen. Code § 118(a).) "Perjury is punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three or four years." (§ 126.)

The second statute concerns forgery:

Every person who, with the intent to defraud, knowing that he or she has no authority to do so, signs the name of another person or of a fictitious person to any of the items listed in subdivision (d) is guilty of forgery.

(§ 470(a).) "Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170." (§ 473(a).)

The Court finds that a sanction referring Plaintiffs for criminal prosecution is simultaneously too severe and not sufficiently remedial. The sanction is too severe as even being the subject of a criminal investigation may lead to social repercussions that persist after the criminal proceedings close. This civil judicial officer does not have the expertise and experience to balance all relevant considerations to determine whether a matter should be referred to the District Attorney for a criminal investigation. At the same time, a referral would do little to address the harm that Plaintiffs have caused in this civil proceeding.

### ii. Evidence or Issue Sanctions

The Court finds that evidence or issue sanctions are not appropriate. This sanction would not serve an adequate deterrent against future uses. As illustrated above, examining whether evidentiary submissions were created using GenAI is labor intensive, and courts (really, the public at large) are not adequately prepared to discern whether a person depicted in a video was created using GenAI. (*See, e.g.*, Shannon Bond, *AI-generated images are everywhere. Here's how to spot them*, NPR (June 13, 2023), https://www.npr.org/2023/06/07/1180768459/how-to-identify-ai-generated-deepfake-images.) While an evidentiary or issue sanction would exclude some things that can be

17

shown to be created by GenAI, others might sneak through the Court's or opposing party's analysis. Without robust safeguards to guard against future misuses of the legal proceedings, an evidentiary or issue sanction is effectively toothless.

### iii. Terminating Sanction

The Court finds that a terminating sanction is appropriate. This sanction is proportional to the harm that Plaintiffs' misuse of the Court's processes has caused. A terminating sanction serves the appropriate remedial effect of denying Plaintiffs— and other litigants seeking to make use of GenAI to submit video testimonials—of the ability to further prosecute this action after violating the Court's and the Defendants' trust so egregiously. (*See R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal. App. 4th 486, 497 (The Civil Discovery Act "authorizes terminating sanctions in the first instance in egregious cases.").)

Further, a terminating sanction serves the appropriate deterrent effect of showing the public that the Court has zero tolerance with attempting to pass deepfakes as evidence.

This sanction serves the appropriately chilling message to litigants appearing before this Court: Use GenAI in court with great caution.

As the Court cannot disentangle the extent to which Ariel Mendones was active or complicit in Maridol Mendones's actions in connection with the violation of section 128.7(b) of the Code of Civil Procedure, the Court finds that both parties must be sanctions equally.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Order re Terminating Sanctions

## IV. ORDERS

The Court strikes the second amended complaint from the register of actions.

The entire action is dismissed with prejudice.

Dated: ~~JUDGE~~

Victoria Kolakowski
Judge of the Superior Court
**Victoria Kolakowski / Judge**

---

19
Order re Terminating Sanctions

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/10/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Dana Fisher_ Deputy<br>D. Fisher |
| PLAINTIFF/PETITIONER:<br>Ariel Mendones  et al | |
| DEFENDANT/RESPONDENT:<br>Cushman and Wakefield, Inc. et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>23CV028772 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order re: Terminating Sanctions entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**


Ariel Mendones
mendonesa8@gmail.com

Mark L. Dawson
Dawson Law Offices, Inc.
mdawson@dawsonlawoffices.com


Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/10/2025                              By:

_Dana Fisher_

D. Fisher, Deputy Clerk


**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/10/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Dana Fisher_ Deputy<br>D. Fisher |
| PLAINTIFF/PETITIONER:<br>Ariel Mendones  et al | |
| DEFENDANT/RESPONDENT:<br>Cushman and Wakefield, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV028772 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ariel Mendones
2416 W Tennyson Rd,Apt 298
Hayward, CA 94545

Maridol Mendones
2416 W Tennyson Rd
Apt 298
Hayward, CA 94545

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/10/2025

By:

D. Fisher, Deputy Clerk

**CERTIFICATE OF MAILING**