UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

Plaintiff,

v.

SYDNEY REDFIELD,

Defendant.

Case No. 23-cv-00321-MMC   (ASK)

**ORDER RE: MOTION FOR LEAVE TO CONDUCT DEPOSITIONS REMOTELY AND TO APPOINT DEPOSITION OFFICER**

Re: Dkt. No. 103

Plaintiff David Stebbins moves the Court for "an order requiring all parties and witnesses" to conduct their depositions remotely and requests the appointment of a deposition officer. Dkt. 103 at 1-2.

As to the request for remote depositions, Mr. Stebbins fails to demonstrate good cause for a blanket order. *See* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."); *see Yoon v. Intuit Inc.*, No. 25-CV-03469-BLF (VKD), 2026 WL 145956, at *2 (N.D. Cal. Jan. 20, 2026) (requiring a plaintiff to show "good cause" for remote deposition).

As to the deposition officer, Mr. Stebbins has not demonstrated any need for this special appointment, especially because depositions in the United States may be taken before any "officer authorized to administer oaths by federal law or by the law in the place of examination[.]" Fed. R. Civ. P. 28(a)(1)(A).

Accordingly, this motion is **DENIED**.

Additionally, Mr. Stebbins filed this motion without meeting and conferring with Defendant Sydney Redfield as required by the undersigned's Civil Standing Order. Going

forward, non-compliance with the Civil Standing Order will itself be a basis for denial of a motion or other appropriate sanction.

**IT IS SO ORDERED.**

Dated: May 12, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

2