David Stebbins        123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                              PLAINTIFF

VS.                                    Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                          DEFENDANTS

## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Motion for Reconsideration in regards to Dkt. 123 (order denying Motion for Leave to Conduct Remote Depositions) in the above-styled action.

The motion was not yet ready for hearing. I was supposed to be given until May 22, 2026 to file my Reply in Continued Support. I even contacted the Court's chambers and directly advised them of that. See **Exhibit A**. Therefore, for the Court to rule on the motion on May 12 was premature.

The only specific thing that the Court cited in support of its denial was the finding that I hadn't conferred with defense counsel before filing the motion. I was planning on addressing that argument in my Reply, but then the Court issued its premature order.

I therefore ask that the Court re-open the motion and permit me to file my Reply, and to incorporate the arguments of that reply into its new order.

Barring that, I ask that the Court amend its order and state exactly why the grounds I offered in the Motion[1] do not qualify as "good cause" for taking remote depositions. It is fairly well established law that a court commits an abuse of discretion when it gives the matters presented in the motion no consideration whatsoever. Over in Case No. 25-2007 in the Third

---

[1] "3. Many of the witnesses in this case – including the Defendant's informants who gave him the false information which he based his smear video on, as well as my surgeon who will testify about the severity of my illness and the general cause thereof in a manner not inconsistent with ¶¶ 132-141 of the Complaint – are scattered all across the globe. It was only due to the Internet that they were all able to collaborate together to persuade the Defendant to make this smear video.

4. As such, flying each witness – especially international witnesses – out to our respective locations just to take their depositions would probably be prohibitively expensive even if I weren't proceeding in forma pauperis."

Circuit (rather than the Ninth), I already had a district court order overturned for precisely that reason. See Docket Entry #29 in that case.

Last but not least, I ask that the Court consider whether or not its decision in this matter was motivated, even partially, by animus towards me for calling out the federal judiciary for being biased against me (see Dkt. 110 & 116). The Court has previously pledged that it would not have any ill will against me for doing so, but this order seems to suggest otherwise, especially considering that it issued the order before I even had the chance to file my Reply and didn't even address at all my initial grounds for authorizing remote depositions.

*/s/ David Stebbins*
David Stebbins (pro se)