David Stebbins          123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                          PLAINTIFF

VS.                            Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                          DEFENDANTS

**SUPPLEMENT TO DKT. 124, MOTION FOR LEAVE TO FILE MOTION FOR**

**RECONSIDERATION**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplement to Motion for Leave to File Motion for Reconsideration in the abovey-styled action.

If the Court denies the Leave Motion, or if it has not ruled on it within 21 days, I intend to file an immediate appeal under the "collateral order" doctrine as set forth in Cohen v. Beneficial Industrial Loan Corp., 337 US 541 (1949).

I believe this order meets all three factors to be considered immediately appealable as of right:

(1) It is indeed a final order. The motion was not denied without prejudice, after all;

(2) It is definitely independent of the merits of any of the ten claims of defamation; and

(3) It effectively amounts, in practice, to an order saying I can't take depositions at all, as, for reasons I already stated in the motion (and reiterated in Footnote #1 of the Reconsider Motion), even a non-IFP party would likely find it logistically and financially impossible to depose so many witnesses from all over the world if they had to do so in-person. By denying me meaningful access to depositions, the court is in effect forcing me to go to trial with insufficient discovery, which is a matter that cannot be appealed at all if I have to wait until after trial to appeal it.

If it comes to that, I expect I will have a very high chance of getting the order overturned, if only because the Court issued its order before my Reply was due.

If it comes to that, then I also intend to bring up this Court's spite towards me, as I

mentioned at the end of my Reconsider motion.

An immediate appeal will also have the effect of disrupting the discovery & trial schedule we had previously set, forcing us to draw up a new schedule. This will happen even if the district court's order is affirmed or the appeal is dismissed for whatever reason.

So supplemented on this, the 13ᵗʰ day of May, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)