David Stebbins            123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516            acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                        Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                             DEFENDANTS

## OBJECTION TO DKT. 123, ORDER DENYING MOTION FOR LEAVE TO CONDUCT DEPOSITIONS REMOTELY

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to Magistrate Judge Krishnan's Order Denying My Motion for Leave to Conduct Depositions Remotely in the above-styled action. I am late filing this objection because I only just now realized that it was Magistrate Judge Krishnan, not District Judge Chesney, who issued the order.

The Magistrate Judge's sole basis for denying the motion was that I had not shown "good cause" for why the depositions should be conducted remotely. He cites the unpublished, non-precedential case of Yoon v. Intuit Inc., No. 25-CV-03469-BLF (VKD), 2026 WL 145956, at *2 (N.D. Cal. Jan. 20, 2026) in support of his position.

Below is a chart explaining only some of the many reasons why that case is inapposite to the current one:

| Yoon v. Intui | The instant case |
|---|---|
| Yoon wanted to change the location of his own deposition. | I am seeking leave to take the depositions of _**every witness in the case**_ remotely, since they come from all over the world. |
| There was no evidence on record of Yoon's indigency. Since the matter was removed to federal court by the Defendants, no In Forma Pauperis Application, or order granting one, appeared in the federal court record, assuming one ever existed at all. | My in forma pauperis application is on record in this case. |
| "Mr. Yoon has represented in pleadings before both the state court and this Court that he 'is, and at all times mentioned in this Complaint was, a resident of... California.'" | I was never a resident of California. |

| "The record reflects that Mr. Yoon owns real property in Texas" | My IFP application shows that I own no real property. |
| --- | --- |
| "Mr. Yoon signed a declaration under penalty of perjury attesting that his treating physician, with whom he has a long-standing and continuing relationship, is located in Santa Clara, California, and that as recently as November 5, 2025, Mr. Yoon was scheduled for an in-person visit with this physician "at his office" in Santa Clara, suggesting that Mr. Yoon travels with some frequency to California for this purpose." | I have no in-person connections to San Francisco, and have never been there before. |
| "Mr. Yoon's request that his deposition be conducted in Dallas, Texas appears to merely shift the inconvenience and expense of the deposition from him to Intuit and its counsel" | By requesting that we do all depositions (not just my own) remotely, I'm not "shifting" the inconvenience or expense; I'm *eliminating* it altogether. |

For all of these reasons and more, the District Court should hold the Yoon case to be inapposite to the instant case.

In addition, there is another, and far more alarming, procedural error that the Magistrate Judge committed when he issued the order: As explained in the Motion for Leave to File Motion for Reconsideration (Dkt. 124), he didn't wait for me to file my Reply Brief in Continued Support of the Motion before ruling on the motion. Not only does that singlehandedly justify vacating the Magistrate Judge's entire order for want of ripeness, it also warrants the District Court launching an inquiry into the Magistrate Judge's ability to be impartial. It's just like I said in Dkt. 110 ("Supplement to Case Management Conference Minutes") when I pointed out how federal judges have a bias against me, resulting in me losing motions and cases solely because of the bias, which fuels the judiciary's belief that I'm a vexatious litigant because I keep losing, further justifying in their minds the bias they hold against me, in an endless cycle. It's essentially the same logic that was used by white supremacists in the post-Reconstruction Era, when they would routinely arrest black people for extremely petty things that were hardly even crimes (and that they wouldn't have arrested a white man for), artificially spiking up black people's arrest rates, which they would then point to as justification for their racism, which, again, repeated

itself in an endless cycle.

At a minimum, the Magistrate Judge's premature order on the matter justifies an inquiry by the district court... a *real* inquiry, not just asking him if he is biased and immediately closing the matter when he inevitably answers "no," because of course he's going to say that.

Wherefore, premises considered, I respectfully pray that the Magistrate Judge's Order be overruled and that the motion for leave to conduct depositions remotely be granted.

So requested on this, the 28th day of May, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)