David Stebbins                123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                          Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                          DEFENDANTS

**MOTION TO APPOINT DEPOSITION OFFICER AND WITHDRAWAL OF DKT. 128**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Appoint Deposition Officer and also my Withdrawal of Dkt. 128 (motion for leave to file motion for reconsideration) in the above-styled action.

The Defense Counsel has *finally* agreed to stipulate to remote depositions under FRCP. 30(b)(4). See **Exhibits A-C**. So the relief requested in Dkt. 128 is no longer necessary.

That said, I still need a deposition officer. The Court has the power to appoint one under

The following is an excerpt I was going to include in my Reply in Continued Support of Motion for Leave to Conduct Depositions Remotely, had the Court not issued its ruling prematurely. For the following reasons, the Court should appoint an affordable deposition officer:

**$25 per hour for a deposition officer is not "below market rates."**

In opposing my request for a court-appointed deposition officer, the Defendant claims that $25 per hour is "below market rates." See Dkt. 115, p. 2, Lines 10-11. But this is false. At least in my state, most deposition officers earn between $15.10 to $21.68 per hour, with an average of $20.36 per hour. See **Exhibit D**.

This makes sense when you ask yourself... what exactly does a deposition officer even do? Remember that a deposition officer (or "DO" for short) is not the same thing as a court reporter (or "CR" for short). A CR is supposed to sit there, with a microphone to her mouth (with a funnel type thing surrounding the microphone to block out all sounds not coming from her voice) and whisper into the microphone every word, in real time, that is spoken by anyone else present. This is known as a "stenographic" recording, and it requires great skill and, therefore,

commands a high wage.

But a DO does not have to do any of that. All a DO does is (A) state the mundane details of the deposition at the beginning, pursuant to FRCP 30(b)(5)(A)(i)-(v), (B) administer the deponent's oath to tell the truth the whole truth and nothing but the truth, (C) sit there quietly while I ask the deponent questions and the deponent answers them, and (D) state mundane things at the end of the deposition pursuant to FRCP 30(b)(5)(C).

That is not high-skill labor. *Anybody* can do that. I even did the "swearing in" thing *myself* back in high school, when my class was having a mock trial and I was the bailiff! In fact, forget a rate of $25 per hour; this Court could probably pluck some well-behaved inmate out of FCI Lompoc and, pursuant to the Punishment Clause of the 13th Amendment, compel him to be my DO for free! I don't know if the Court currently has the legal framework in place to facilitate such a compulsory job, but you *could* do it, it would be perfectly constitutional[1], and he would probably be just as effective at the job as this Court's most trusted staff, due to how ministerial the work is and the fact that he can be adequately trained on how to do the job in only about a half an hour.

Therefore, the Defendant's complaint that $25 is "below market rate" is without merit.

**The Defendant's attempts to argue that I can afford $3-4k per day for depositions are so absurd as to hardly be worth addressing.**

In an ever-increasingly desperate attempt to try and argue that I can indeed afford the full normal price of in-person depositions recorded stenographically, he raises two things that he claims undermines my claim that I cannot afford in-person depositions (which he claims cost about $3k-$4k per day): First, because I paid a measly thirty-four dollars (not thirty-four hundred, but just thirty-four)and also, the fact that I have a YouTube channel, which he says automatically makes me a billionaire, because Mr. Beast (who has the most subscribers on YouTube in the entire world) is a billionaire, and therefore, all YouTubers are automatically billionaires. Dkt. 115, p. 5, Lines 1-10.

Of all the arguments the Defense has made so far that evidence a motive to keep me from

---

1   It would not only be compliant with the inmate's 13th Amendment rights as long as he's already been convicted, but it would also be consistent with my and the Defendant's due process rights, due to how ministerial the job is.

being able to properly present my case, this has to be the most nakedly obvious one. Whereas most of his other arguments become patently absurd at the slightest review, these two arguments become patently absurd *immediately*.

So I paid a $34 fee to obtain an audio recording... and that necessarily means that I can afford $3,000-$4,000 per day for depositions? What's next? Is someone going to argue "Well, you can afford bus fare, so clearly you can afford a private jet?!"

And where is his proof that all YouTubers are billionaires? Just because *the biggest YouTuber* is a billionaire? How does that prove that *all YouTubers* are billionaires?! Lest we forget that the Defendant himself is also a YouTuber! Does that mean he's a billionaire?! By his logic, the answer is yes!

This is such a ludicrous argument that I shouldn't even have to address it. This, of all things, warrants investigation into the Defendant's conduct and possible sanctions under Rule 11(c).

**Conclusion**

Wherefore, premises considered, I respectfully pray that the Court appoint a deposition officer in the above-styled action.

So requested on this, the 31st day of May, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)