# Exhibit A

J. Curtis Edmondson (SBN 236105)
Law Offices of J. Curtis Edmondson
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,

               Plaintiff,

v.

SYDNEY REDFIELD dba SIDALPHA,

               Defendants.

Case No. 4:23-cv-00321-MWC

**DEFENDANT SYDNEY REDFIELD dba SIDALPHA's RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

PROPOUNDING PARTY:    Plaintiff, DAVID STEBBINS

RESPONDING PARTY:    Defendant, SYDNEY REDFIELD DBA SIDALPHA

SET NO.:    ONE

    Defendant SYDNEY REDFIELD DBA SIDALPHA ("SIDALPHA" or "Defendant") hereby responds to Plaintiff DAVID STEBBINS' ("STEBBINS" or "Plaintiff") Requests for Admissions pursuant to FRCP 36, as follows:

## GENERAL OBJECTIONS

    1.    Defendant objects to these Requests to the extent they seek information, which is already in the custody of Plaintiff, or is in the possession of other parties, or the public domain that Plaintiff has equal access to.  To the extent

that Plaintiff is seeking such information which is more readily available from other sources or already in the possession of Plaintiff, Defendant objects to these discovery requests as unduly burdensome.

2    Defendant further objects to the Requests to the extent they seek to impose duties and obligations beyond those authorized by, or imposed by, Federal Rules of Civil Procedure Rules 26 and 36. To the extent the Requests seek to impose obligations greater than those imposed by such Rules, they are overly broad and unduly burdensome.

3.    Finally, Defendant objects to the term "the smear video in question" defined as "the smear video" in many of Plaintiff's Requests for Admissions.  This term is not properly defined and thus speculative.

Notwithstanding these General Objections, Defendant further responds to the individual requests below:

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**:   Admit the Defendant owns and operates the YouTube channel located at https://www.youtube.com/channel/UCidP2JUrfwr59oY88LsHaVg.

OBJECTIONS:  Compound in form. Vague and ambiguous as to "owns."

RESPONSE:  Without waiving any objections: Defendant admits that he operates the YouTube channel located at https://www.youtube.com/channel/UCidP2JUrfwr59oY88LsHaVg.  Deny that he "owns" the channel.

**REQUEST NO. 2:**  Admit the Defendant has total control over any and all videos posted to the aforementioned channel, as well as all text-based posts and comments posted by that account, to the extent that he is, necessarily, the "publisher" of said content.

OBJECTIONS:  Vague and ambiguous as to "total control" and "the publisher;" compound in form.

RESPONSE: Without waiving any objections, admit in part, deny in part. Defendant admits he controls whether videos and comments remain on his channel, but deny that he has "total control" of all videos and posts on his YouTube channel.

**REQUEST NO. 3**:  Admit in January of 2022, the Defendant announced on Twitter (now known as X) his intention to make a video about "Acerthorn."

OBJECTIONS:  Vague and ambiguous as to the term "announced."

RESPONSE: Without waiving any objections, Admit.

**REQUEST NO. 4**:  Admit Acerthorn is my alias on YouTube and other social medias.

OBJECTIONS:  Vague and ambiguous as to the meaning of "my alias" and "other social medias"; and compound in form as evidenced by the use of "and."

RESPONSE:  Without waiving any objections, Admit in part; deny in part. Admit that Defendant is aware of Plaintiff's alias of Acerthorn on YouTube, but deny as to the remaining allegations due to a lack of knowledge and/or belief as to Plaintiff's aliases on "other social medias."

**REQUEST NO. 5**:   Admit whenever anyone (including the Defendant) mentions "Acerthorn," it is presumed they (sic) talking about me.

OBJECTIONS:  Vague and ambiguous as to the meaning of the term "anyone".

RESPONSE:  Without waiving any objections, Defendant cannot admit or deny based on a lack of knowledge and/or belief after a reasonable inquiry, and on that basis: Deny.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 6:**  Admit the smear video in question ("the smear video") was published on February 12, 2022, and can be found at the following URL https://www.youtube.com/watch?v=WB-Xd1qDKIY.

OBJECTIONS:  Compound as evidenced by the use of "and." Further, there is no video at this URL as it states "Video unavailable" when it is clicked.

RESPONSE: Without waiving any objections, Defendant is unable to admit or deny based on a lack of knowledge and/or belief after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 7:**  Admit prior to him making the smear video, I contacted the Defendant through his email address of sidalpha@sidalpha.com, asking him to hear my side of the story before making his video about me.

OBJECTIONS:  Vague and ambiguous as to the terms "asking him" and "his video about me"; and unintelligible as to "the smear video" which is undefined.

RESPONSE:  Without waiving any objections, admit in part, deny in part. Admit that Plaintiff e-mailed Defendant with a cease-and-desist request, but deny that Plaintiff asked Defendant to hear and consider Plaintiff's "side of the story."

**REQUEST NO. 8:**  Admit the Defendant rejected my offer to tell my side of the story with no reason given.

OBJECTIONS:  Vague and ambiguous as to the terms "my offer," and "the story."

RESPONSE:  Without waiving any objections: Deny, as there was no offer to "tell his side of the story".

**REQUEST NO. 9**: Admit the reasoning provided in Dkt. 74-4, ¶ 15 in this case is substantially the correct reason why the Defendant refused to hear my side of the story.

- 4 -

OBJECTIONS:  Vague and ambiguous as to "the reasoning provided" and "the story;" and this request incorporates by reference a separate document which is not attached hereto or permitted under FRCP 36(a). A request must be full and complete in and of itself.

RESPONSE:  Without waiving any objections: Defendant is unable to admit or deny based on a lack of knowledge and/or belief as to the meaning of the referenced document or video, and on that basis, Deny.

**REQUEST NO. 10**:  Admit the Defendant's decision to make the video about me was motivated by the one-sided story fed to him by various biased informants, who go by such aliases as InitiativeKookie, SkibbityDibbity, xArtemisWolf, SofiannP, TGP482, and Creetosis, among others ("the Defendant's informants").

OBJECTIONS:  Vague and ambiguous as to "video about me" and "biased informants," and "among others"—all of which are undefined. Also, compound in form.

RESPONSE:  Without waiving any objections, Deny.

**REQUEST NO. 11**:  Admit all of the Defendant's informants were biased, malicious liars and bullies who sought only to harass, dox, and torment me, entirely for its own sake, out of pure hatred, malice, and spite ("informants' motives").

OBJECTIONS:  Vague and ambiguous as to "the Defendant's informants," "dox" "torment me," "its own sake" and "informants' motives"; also compound in form.

RESPONSE: Without waiving any objections, based on a lack of information and/or belief of the alleged informants' motives after a reasonable inquiry, and on that basis, Deny.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 12:**  Admit the Defendant's informants sought out the Defendant to spread their smear campaign against me on their behalf because of the fact that he has over 100,000 subscribers on YouTube, meaning he could distribute their smear message on their behalf to far more people than they could ever hope to spread it themselves.

OBJECTIONS:  Vague and ambiguous as to "Defendant's informants," "their smear campaign," "on their behalf," and "their smear message."

RESPONSE: Without waiving any objections, Defendant is unable to admit or deny based on a lack of information and/or belief after a reasonable inquiry, and on that basis:  Deny.

**REQUEST NO. 13:**  Admit the Defendant knew about his informants' motives long before making the smear video about me, yet chose to believe their biased accusations against me anyway.

OBJECTIONS:  Vague and ambiguous as to "his informants' motives" and "their biased accusations".

RESPONSE: Without waiving said objections, Deny.

**REQUEST NO. 14:**  Admit that although criticism is protected by the First Amendment, harassment is a crime in every state in the USA.

OBJECTIONS:  Vague and ambiguous as to "criticism" and "harassment," which are undefined.

RESPONSE: Without waiving any objections, Defendant lacks information or belief as to whether every state in the USA qualifies certain behaviors as "harassment" after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 15**: Admit that harassment is never criticism, and criticism is

never harassment.

OBJECTIONS:  Unintelligible as phrased, argumentative, and vague and ambiguous as to "criticism" and "harassment" neither of which is a defined term. Also, compound in form.

RESPONSE: Without waiving objections, Defendant lacks information or belief as to whether criticism qualifies as "harassment" after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 16:**  Admit that harassment is the repeated engaging of one or more activities that serve no legitimate purpose and are designed primarily to harass, annoy, or alarm a victim for the sadistic or demented amusement of the perpetrators.

OBJECTIONS:  Unintelligible as phrased, argumentative, and vague and ambiguous as to "harassment" and "sadistic or demented amusement of the perpetrators."  Calls for expert opinion.

RESPONSE:  Without waiving any objections, Defendant lacks information or belief to understand the meaning of this Request after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 17:**  Admit that in Case 4:22-cv-00546-JSW in the Northern District of California, Dkt. 32, ¶¶ 57-85, I provide an apt and objectively accurate description of what constitutes harassment as a matter of law, what constitutes doxxing, and how to distinguish these two malum in se actions from First Amendment-protected criticism.

OBJECTIONS:  Unintelligible as phrased, argumentative, and vague and ambiguous as to "apt," "harassment," "doxing," "these two malum," "in se actions," all of which are undefined. Compound in form as it includes an incorporation of by reference to a document outside this Request which makes it

not full and complete in and of itself.

RESPONSE: Without waiving any objections, Defendant lacks information or belief as to the referenced document(s) after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 18:**  Admit that except to the extent it is relevant to legal process, it is my otherwise absolute right to not be forced to read or listen to someone else's speech.

OBJECTIONS:  Vague and ambiguous as to "legal process" and "my…absolute right;" and disjunctive in form.

RESPONSE:  Without waiving any objections, Defendant cannot admit or deny based on a lack of information and/or belief of the undefined terms after a reasonable inquiry, and on that basis, Deny.

**REQUEST NO. 19:**  Admit that any time anyone (including InitiativeKookie) creates a new social media account or uses any alternative account (including pre-existing ones) to make contact with me after I had already blocked one of their accounts is automatically, necessarily, and to the exclusion of all other factors, a violation of my aforementioned right to not be forced to listen to anyone else's speech except to the extent it is relevant to legal process, it is my otherwise absolute right to not be forced to read or listen to someone else's speech.

OBJECTIONS:  Vague and ambiguous as to "anyone," "InitiativeKookie" and "my…absolute right"; compound and disjunctive in form.

RESPONSE:  Without waiving any objections, Defendant is unable to admit or deny based on a lack of information and/or belief after a reasonable inquiry, and on that basis, Deny.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 20:**  Admit that many of the Defendant's informants – including IntitiativeKookie – repeatedly made multiple new accounts on multiple platforms, including YouTube, Discord, Reddit, and Twitch, among others, for the sole and express purpose of continuing to hurl insults at me even after I had already blocked them. OBJECTIONS:  Vague and ambiguous as to "Defendant's informants," "InitiativeKookie" and "for the sole purpose … to hurl insults at me."  Calls for speculation, and is compound in form.

RESPONSE:  Without waiving any objections, Defendant is unable to admit or deny based upon a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 21**:  Admit that these multiple account creations violated my aforementioned right to not be a captive audience, which in turn constituted harassment (as defined by requested admissions #16 & #17 above) and, therefore, a crime.

OBJECTIONS:   Vague and ambiguous as to the terms "these multiple account creations," "my aforementioned right," "harassment" and "a crime"—terms which are not defined. Also, compound in form.

RESPONSE:  Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 22**:  Admit that the Defendant believes that, although his informants were absolutely malicious bullies who were harassing me just because they can, it is nevertheless my ethical duty to shut up, bend over, and take the harassment like a punk.

OBJECTIONS:  Vague and ambiguous as to "his informants" "malicious bullies who were harassing me," "my ethical duty," and "take the harassment like a punk." Also, compound in form and argumentative.

RESPONSE:   Without waiving any objections, Deny.

- 9 -

**REQUEST NO. 23**:  Admit that were it not for InitiativeKookie starting the aforementioned campaign of hate, harassment, doxxing, and cyberstalking against me, but instead had simply left me alone after I had blocked him the first time, as was his legal duty, none of the other events which the Defendant complained of in his smear video (with the exception of Defamation #10, which had already happened) would have occurred, thus making InitiaveKookie's initial harassment after I had blocked time the but-for cause of everything that the Defendant accused me of except for Defamation #10.

OBJECTIONS:  Unintelligible as phrased; vague and ambiguous as to "InitiativeKookie," "campaign of hate…," "his "legal duty" and "but-for-cause of everything." Also, compound and disjunctive in form.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 24**:  Admit that despite the aforementioned but-for causation caused by InitiativeKookie, the Defendant purposefully omitted this causation from his smear video with the express intent of making me appear as an unprovoked villain.

OBJECTIONS:  Vague and ambiguous as to "the aforementioned but-for causation," "InitiativeKookie," "purposefully omitted this causation" "and "an unprovoked villain."  Improperly seeks to incorporate the "aforementioned but-for causation" by reference, making the request incomplete in and of itself.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 25**:  Admit that at the time of publishing the smear video, I had only 2,108 subscribers on YouTube and received fewer than 1,000 views per day on average.

- 10 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

OBJECTIONS:  Calls for speculation; compound in form.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny as he lacks information and belief about subscribers to Plaintiff's YouTube account, and on that basis, Deny.

**REQUEST NO. 26**:  Admit that the extremely limited success described in the aforementioned requested admission is not enough to give me nearly the level of "pervasive fame" or "immense persuasive power and influence" (key words being "pervasive" and "immense") to the extent necessary to make me an "all purpose public figure" as set forth in *Gertz v. Welch*, 418 U.S. 323 (1974).

OBJECTIONS:  Vague and ambiguous as to "the aforementioned requested admission," "level of 'pervasive fame'", "immense persuasive power and influence" and "all purpose public figure."  Also, compound in form, and improperly incorporates other request by reference such that it is not full and complete in and of itself as required.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of understanding as to the meaning of terms therein, and on that basis, Deny.

**REQUEST NO. 27**:  Admit that prior to the smear video, the controversy between the Defendant's informants and myself as limited exclusively to those parties directly involved, having no more "public interest" than an auto collision lawsuit between two entirely unimportant individuals. Instead, it was the Defendant's smear video which amplified the publicity of the matter to such a degree that I might otherwise be considered a "limited purpose public figure," but that only happened after, and specifically because, of the Defendant's smear video.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

OBJECTIONS:  Vague and ambiguous as to "the controversy between the Defendant's informants and myself," and "amplified the publicity of the matter:" Also, compound and/or disjunctive in form.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of knowledge or belief, and on that basis, Deny.

**REQUEST NO. 28**:  Admit that I never "voluntarily" inserted myself into the creation of the Defendant's smear video, but instead only reached out to him in reaction to his pre-existing announcement that he was going to make it.

OBJECTIONS: Vague and ambiguous as to "announcement" and "him." Compound in form.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of knowledge or belief, and on that basis, Deny.

**REQUEST NO. 29**:  Admit that I only offered to tell the Defendant my side of the story over private email, not on a public website like Twitter.

OBJECTIONS:  Vague and ambiguous as to "my side of the story."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 30**:  Admit that I always form a subjective, good faith belief that a video is not fair use before I issue a DMCA Takedown against it.

OBJECTIONS:  Vague and ambiguous as to "subjective, good faith belief," and DMCA Takedown." Calls for speculation.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny without knowing what Plaintiff's subjective belief was, and on that basis, Deny.

- 12 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 31**:  Admit that prior to making the smear video, the Defendant admitted publicly on Twitter (now known as X) that I sincerely believe that all of my DMCA Takedowns were valid and that the corresponding videos were not fair use.

OBJECTIONS:  Vague and ambiguous as to "I … believe," "all of my DMCA Takedowns," "the corresponding videos," Compound in form.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 32**:  Admit that the Defendant knew, at the time of publishing the smear video, that I held a sincere and good faith belief that the videos I had taken down were not fair use.

OBJECTIONS:  Vague and ambiguous as to "sincere … belief," and "not fair use." Compound in form and calls for speculation.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information and/or belief, and on that basis, Deny.

**REQUEST NO. 33**:  Admit that during the smear video, the Defendant repeatedly accused me of issuing DMCA Takedowns without considering fair use in violation of *Lenz v. Universal Music Corp.*, 815 F. 3d1145 (9th Cir. 2015).

OBJECTIONS:  Vague and ambiguous as to "fair use" and "in violation of *Lenz v. Universal Music Corp.….*"

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 34**:  Admit that had the defendant admitted that my behavior was legal, but merely expressed his opinion that it was unethical, it would most likely have resulted in significantly less public backlash against me.

OBJECTIONS:  Vague and ambiguous as to "my behavior was legal", "unethical," and "less public backlash."  Calls for speculation.

RESPONSE:   Without waiving any objections, Defendant cannot admit or deny based on a lack of knowledge and belief, and on that basis, Deny.

**REQUEST NO. 35**:  Admit that the accusation that I do not consider fair use before issuing DMCA Takedowns, if true, would make me unfit for my trade of being a YouTube content creator.

OBJECTIONS:  Vague and ambiguous as to "accusation," "I do not consider fair use," and "would make me unfit for my trade."

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 36**:  Admit that during the smear video, the Defendant accused me of issuing a false DMCA Takedown against Skibbidy Viddity for reposting in its entirety the livestream of the debate he and I had on December 20, 2021.

OBJECTIONS:  Vague and ambiguous as to the terms and "Skibbidy Viddity" and "the debate he and I had."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 37**:  Admit that the Defendant's entire reasoning for thinking that the DMCA Takedown was false is because he believed that Skibbidy Viddity was a co-author of the livestream.

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity" and "the livestream."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 38**:  Admit that Skibbidy Viddity never participated in fixing the December 21, 2021 livestream into a tangible medium of expression.

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity,"

- 14 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

"participated in," "the December 21, 2021 livestream" and "a tangible medium of expression."

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 39**:  Admit that the Defendant's sole, exclusive reason for claiming, in the smear video, that Skibbidy Viddity was a co-author of the December 20, 2021 livestream is because he participated in the debate and discussion which the livestream captured and broadcast. He made absolutely no other attempts to justify how Skibbidy Viddity was a co-author of the stream besides that.

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity" and "the December 20, 2021 livestream," "the livestream;" compound in form and not full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Deny

**REQUEST NO. 40**:  Admit that Defendant never had any communications with Skibbidy Viddity directly, but instead based his accusations against me regarding my interactions with Skibbidy Viddity entirely on what other people told the Defendant, based on what those people thought they were told by Skibbidy Viddity. In other words, the Defendant's evidence in support of this count of defamation is subject to Federal Rule of Evidence #805 before it can be admissible at trial.

OBJECTIONS:  Unintelligible as phrased. Vague and ambiguous as to "Skibbidy Viddity," "his accusations against me," "those people," and "Federal Rule of Evidence #805."  Consists of two separate requests as phrased.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 41**:  Admit that at the time I issued the DMCA Takedown against Skibbidy Viddity, I sincerely and in good faith believed that the reposting of the

livestream violated my copyright. Regardless of whether that belief was correct or even reasonable, I held it sincerely and in good faith.

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity," "violated my copyright."  Consists of two separate requests; compound in form.

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 42**:  Admit that at the time of publishing the smear video, the Defendant knew that I held the aforementioned sincere good faith belief in the illegality of Skibbidy Viddity's reposting.

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity," "illegality." "reposting," and "the aforementioned …belief" which appears to be incorporating other statements by reference, making this Request not full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 43**:  Admit that during this section of the smear video, the Defendant clearly conveyed to his audience that my DMCA Takedown of Skibbidy Viddity's reposting of the stream was "false" (aka in violation of 17 USC § 512(f)) because of Skibbidy Viddity being a co-author.

OBJECTIONS:  Vague and ambiguous as to "this section," "my DMCA Takedown, " "Skibbidy Viddity," and "reposting of the stream was 'false.'"

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 44**:  Admit that had the defendant admitted that my behavior was legal, but merely expressed his opinion that it was unethical, there is a reasonable chance it would have resulted in significantly less public backlash against me.

OBJECTIONS:  Vague and ambiguous as to "my behavioral was legal," "unethical," "less public backlash." Calls for speculation.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 45**:  Admit that the accusation that I issued a false DMCA Takedown against Skibbidy Viddity in violation of 17 USC § 512(f), if true, would make me unfit for my trade of being a YouTube content creator.

OBJECTIONS:  Vague and ambiguous as to "a false DMCA Takedown," "Skibbidy Viddity," and "unfit for my trade."

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 46**:  Admit that during the smear video, the Defendant claimed that I had issued three strikes to a YouTube channel called xArtemis Wolf and had her channel permanently terminated.

OBJECTIONS:  Vague and ambiguous as to "I had issued three strikes," and "permanently terminated."  Compound in form.

RESPONSE:   Without waiving any objections, Admit.

**REQUEST NO. 47**:  Admit that creator had, in fact, made another channel less than 24 hours after her first channel was terminated, and had gotten nearly all of her old subscribers back in less than a week after creating the second channel ("the mitigating factor").

OBJECTIONS: Vague and ambiguous as to "creator" and "the mitigating factor". Also, compound in form and calls for speculation.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny for lack of information or belief, and on that basis, Deny.

**REQUEST NO. 48**:  Admit that the Defendant had actual knowledge (not just constructive knowledge) of the mitigating factor at the time of publishing the smear video.

OBJECTIONS:  Vague and ambiguous as to "the mitigating factor."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 49**:  Admit that despite possessing the aforementioned actual knowledge, the Defendant did not mention the mitigating factor at any point in his smear video.

OBJECTIONS:  Vague and ambiguous as to "the mitigating factor" and "the aforementioned actual knowledge" which incorporates by reference something outside the request, and is not full and complete in and of itself.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny for lack of information or belief, and on that basis, Deny.

**REQUEST NO. 50**:  Admit that by omitting the mitigating factor, the Defendant either knew, or acted in reckless disregard to the risk, that people would believe that xArtemis Wolf was, even as of the time of publication of the smear video, without any YouTube channel at all.

OBJECTIONS: Vague and ambiguous as to "omitting the mitigating factor;" calls for speculation; disjunctive in form and irrelevant to the issues in this case.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 51**:  Admit that during the smear video, the Defendant accused me of offering to pay to dox an anonymous user who goes by the alias "InitiativeKookie."

OBJECTIONS:  Vague and ambiguous as to "accused me" and "InitiativeKookie."

RESPONSE:   Without waiving any objections, admit that Defendant shared Acerthorn's video clip which stated, "I'm offering a payment of up to $100 if you can give me his real name and address" as part of Plaintiff's efforts to pay other

viewers to doxx a fellow creator for him.

**REQUEST NO. 52**:  Admit that to support this accusation, the Defendant used a clip from a video where I offered a reward of $100 to anyone who could identify InitiativeKookie's legal name and address, so I could sue him for cyberstalking and harassment.

OBJECTIONS:  Vague and ambiguous as to "this accusation," "InitiativeKookie," "cyberstalking" and "harassment." Compound in form.

RESPONSE:   Without waiving any objections, admit that Defendant shared Acerthorn's own video clip which stated, "I'm offering a payment of up to $100 if you can give me his real name and address" as part of his effort to pay others to doxx a fellow creator for him.

**REQUEST NO. 53**:  Admit that the video the Defendant used was not meant to dox InitiativeKookie, but only to locate him so I could use lawful channels to get him to stop harassing me.

OBJECTIONS:  Vague and ambiguous as to "the video …used," "dox InitiativeKookie" and "harassing me."  Calls for speculation.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 54**:  Admit that the video in question was, effectively, no more unethical than what these ladies were doing in this playlist: https://www.youtube.com/watch?v=a4T3D5fD8EM&list=PLpL3n7W6QqgDavHIknoPUxa=eRP5LP67Y.

OBJECTIONS:  Vague and ambiguous as to "the video in question," "unethical," and "this playlist."  Also, incorporates by reference a link that is not permitted since it does not make the Request full and complete in and of itself.

RESPONSE:   Without waiving any objections, Deny.

- 19 -

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 55**:  Admit that I never had any intention, nor did I ever state anything suggesting that I had the intention, to publish InitiativeKookie's legal name or address anywhere on the Internet, or use it for any purpose whatsoever other than legal process.

OBJECTIONS:  Calls for speculation; compound and/or disjunctive in form; and vague and ambiguous as to "I never had any intention," and "legal process."

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny

**REQUEST NO. 56**:  Admit that without said publication, my behavior cannot possibly constitute "doxxing," no matter how unethically I acquired the information.

OBJECTIONS:  Vague and ambiguous as to "said publication," and "unethically I acquired the information." Calls for speculation.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information and belief, and on that basis, Deny.

**REQUEST NO. 57**:  Admit that the clip the Defendant used was knowingly stripped of relevant context mentioned in the past four requested admissions, with the express intent of making it appear to his viewers that I was merely attempting to dox InitiativeKookie with no legitimate purpose behind it other than to inflict pain on InitiativeKookie for its own sake.

OBJECTIONS:  Vague and ambiguous as to "the clip…used," "attempting to dox," "InitiativeKookie," "stripped of …content mentioned in the past four requested admissions", which incorporates by reference such information which is impermissible.

RESPONSE:   Without waiving any objections,  Deny.

- 20 -

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 58**:  Admit that the implied motive described in the previous requested admission was not my motive.

OBJECTIONS:  Vague and ambiguous as to "my motive," and "the implied motive described in the previous requested admission," which incorporates another request making this Request incomplete in and of itself.

RESPONSE:   Without waiving any objections,  Defendant cannot admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 59**:  Admit that Defendant knew that he had no evidence that the aforementioned implied motive was my motive, yet he chose to imply that I had this motive anyway.

OBJECTIONS:  Argumentative; vague and ambiguous as to "my motive," "this motive," and "the aforementioned implied motive," which impermissibly incorporates part of an earlier request making it incomplete rather than full and complete in and of itself.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 60**:  Admit that during the smear video, the Defendant claimed that InitiativeKookie was a minor, with the express intention of making my acts appear more heinous than they otherwise would be without that fact.

OBJECTIONS:  Vague and ambiguous as to "InitiativeKookie," and "heinous."

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 61**:  Admit that this statement was false, and the Defendant either knew it was false or acted in reckless disregard to whether or not it as true.

OBJECTIONS:  Vague and ambiguous as to "this statement," "false," and "it as true."  Compound in form.

RESPONSE:   Without waiving any objections,  Deny.

- 21 -

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 62**:  Admit that this accusation, if true, would make me unfit for my trade of being a YouTube content creator.

OBJECTIONS:  Vague and ambiguous as to "this accusation," and "make me unfit for my trade."

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 63**:  Admit that if I had in fact committed the act which Defendant accused me of committing in Requested Admission #51, it would have been a crime of moral turpitude (e.g. harassment).

OBJECTIONS:  Vague and ambiguous as to "the act which Defendant accused me of committing" and "crime of moral turpitude." This request is not full and complete in and of itself as it refers to RFA #51.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 64**:  Admit that during the smear video, the defendant publicly accused me of attempting to bully him into not making the smear video.

OBJECTIONS:  Vague and ambiguous as to "accused me of attempting to bully him."

RESPONSE:   Without waiving any objections, Admit.

**REQUEST NO. 65**:  Admit that the Defendant's sole reasoning for saying I attempted to bully him was because, prior to posting the smear video, I had made my own video asking my own viewers to report the smear video for harassment when it was published ("the rally video").

OBJECTIONS: Vague and ambiguous as to "sole reasoning," "I attempted to bully him," and "harassment."  Compound in form.

RESPONSE:   Without waiving any objections,  Deny.

- 22 -

**REQUEST NO. 66**:  Admit that the Defendant's sole reasoning for believing that the rally video constituted bullying is because, since I did not at the time know, word for word, exactly what the Defendant was going to say about me in the smear video, I could not possibly have known that the smear video was going to say anything factually incorrect about me.

OBJECTIONS:  Vague and ambiguous as to "sole reasoning," "the rally video," "constituted bullying.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 67**:  Admit that one does not need to know, word for word exactly, what someone else will say in order to accurately predict the gist of what he will say.

OBJECTIONS:  Unintelligible as phrased.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief as to the meaning of this statement, and on that basis, Deny.

**REQUEST NO. 68**:  Admit that in the case of the rally video, I accurately predicted that the defendant was going to make false allegations about me by taking into account (A) the people who were informing the defendant, (B) the lies those informants had already told about me, (C) the Defendant's refusal to hear my side of the story before publishing the smear video, and (D) the tweets the Defendant had already made in reference to me, among other factors.

OBJECTIONS:  Compound and/or disjunctive in form, vague and ambiguous as to "the rally video," "the people…informing the defendant," "those informants," and "the tweets…already made."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 69**: Admit that as long as the smear video was both false and defamatory, my prediction in the rally video was still accurate.

OBJECTIONS: Vague and ambiguous as to "false and defamatory," and "the rally video;" and compound in form.

RESPONSE: Without waiving any objections, Deny

**REQUEST NO. 70**: Admit that as long as my prediction was accurate, the rally video was not bullying, but instead was a proper response to imminent illegal activity (ie defamation & harassment) from the Defendant, on par with notifying the police when someone makes a credible threat to show up at your home to assault you but hasn't actually appeared at your home yet.

OBJECTIONS: Vague and ambiguous as to "my prediction," "the rally video," "imminent illegal activity," and "assault you;" compound and/or disjunctive in form.

RESPONSE: Without waiving any objections, Deny.

**REQUEST NO. 71**: Admit that during the smear video, the Defendant made numerous statements about me, and it was reasonable for people to infer from these statements that my propensity for litigation was not merely above average, but literally infinite, aka that I will literally sue anyone and everyone for anything and everything, even for things that are plainly not illegal ("the implied statement").

OBJECTIONS: Vague and ambiguous as to "my propensity for litigation," and "not illegal." Compound and unintelligible as phrased.

RESPONSE: Without waiving any objections, Deny.

**REQUEST NO. 72**: Admit that the implied statement, if said or implied by the Defendant, would be objectively and patently false.

OBJECTIONS: Vague and ambiguous as to "the implied statement," and "false."

- 24 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 73**:  Admit that the implied statement, if said or implied by the Defendant, would effectively accuse me of committing "malicious prosecution," which is a crime of moral turpitude.

OBJECTIONS:  Vague and ambiguous as to "the implied statement," and "malicious prosecution."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 74**:  Admit that during the smear video, the defendant stated that I was aggressive towards commenters myself despite always demanding civility from others.

OBJECTIONS:  Vague and ambiguous as to "I was aggressive" and "commenters;" unintelligible as phrased.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 75**:  Admit that also during the smear video, the Defendant said that, from my point of view (not his),that "no critique of [me] or [my] channel can be suffered, tolerated or allowed to exist unless its sole purpose is to praise [me], because anything other than abject praise is viewed to be harassment and doxing."

OBJECTIONS:  Compound and/or disjunctive in form; unintelligible as phrased; vague and ambiguous as to "abject praise" and harassment."

RESPONSE:   Without waiving any objections,  Deny.

**REQUEST NO. 76**:  Admit that both of these statements were knowingly false and are in fact contradicted by multiple publicly visible comments posted by me,

- 25 -

including but not limited to those provided in Dkt. 71-2 and Dkt. 71-3.

OBJECTIONS: Vague and ambiguous as to "these statements" and "knowingly false;" and reference to docket numbers of documents is an incorporation by reference that makes the Request not full and complete in and of itself.

RESPONSE: Without waiving any objections, Deny.

**REQUEST NO. 77**: Admit that either the Defendant knew about these exculpatory comments at the time of publishing the smear video, or he would have known about them if he had agreed to hear my side of the story before making the smear video.

OBJECTIONS: Vague and ambiguous as to "these exculpatory comments;" compound and/or disjunctive in form and not full and complete in and of itself.

RESPONSE: Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 78**: Admit that these two statements, if true, would make me unfit for my trade of being a YouTube content creator.

OBJECTIONS: Vague and ambiguous as to "these two statements," and "unfit for my trade."

RESPONSE: Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 79**: Admit that the contents of ¶¶ 105-108 of the Complaint in this case are an apt and accurate description of the concept of "reactive abuse," as defined by therapists, psychologists, and other relevant experts.

OBJECTIONS: Vague and ambiguous as to "an apt" "reactive abuse." Compound in form.

- 26 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief as to an expert's definition of "reactive abuse," and on that basis, Deny.

**REQUEST NO. 80**:  Admit that during the smear video, the Defendant clearly intended to convey to his viewers that my purported acts of aggressive and/or unprofessional conduct towards the defendant's informants such as Skibbidy Viddity and InitiativeKookie were entirely unprovoked by those informants.

OBJECTIONS:  Vague and ambiguous as to "my purported acts of aggressive …conduct," "defendant's informants" "Skibbidy Viddity," "InitiativeKookie" and "those informants."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 81**:  Admit that to the contrary, my messages towards those people were textbook "reactive abuse," as defined by¶¶ 105-108 of the Complaint in this case.

OBJECTIONS:  Vague and ambiguous as to "my messages," "those people," and "reactive abuse." Improperly incorporates by reference information in a pleading not attached, which is impermissible as not being full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 82**:  Admit that the messages depicted in Dkt. 71-4 & 71-5 of this case accurately depict the harassment and torment which the Defendant's informants have subjected me to, which caused the reactive abuse.

OBJECTIONS:  Vague and ambiguous as to "the messages," "harassment and torment" and "reactive abuse" which are all undefined.  Improperly

- 27 -

incorporates by reference information in a pleading not attached, which makes this request not full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 83**:  Admit that either the Defendant knew, at the time of publishing the smear video, about the harassment and bullying depicted in Dkt. 71-4 & 71-5 of this case, or he would have known about it if he had agreed to hear my side of the story before making the smear video.

OBJECTIONS:  Vague and ambiguous as to "harassment and bullying." Improperly incorporates by reference information in a pleading not attached, which makes this request not full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 84**:  Admit that much like with Requested Admission #40 above, the Defendant never interacted with Skibbidy Viddity directly, but instead based his accusations against me in the smear video based entirely on "hearsay within hearsay."

OBJECTIONS:  Vague and ambiguous as to "Skibbidy Viddity." Improperly incorporates by reference information in a pleading not attached, which makes this request not full and complete in and of itself.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 85**:  Admit that in 2011, I was charged ("the indictment") with domestic violence ("the crime").

OBJECTIONS:  Vague and ambiguous as to "domestic violence ('the

- 28 -

crime')".

RESPONSE:   Without waiving any objections, Deny – see published case at https://www.leagle.com/decision/inarco20160907016.

**REQUEST NO. 86**:  Admit that I was never convicted of the crime. Instead, the charges were ultimately dismissed without a conviction ("the dismissal").

OBJECTIONS:  Vague and ambiguous as to "convicted," and "the crime." Compound and/or disjunctive in form.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 87**:  Admit that I never plead guilty to the crime.

OBJECTIONS:  Vague and ambiguous as to "plead guilty," and "the crime."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 88**:  Admit that aside from the alleged victim's entirely uncorroborated word, there was never any evidence that I committed the crime. No fingerprint evidence, no DNA evidence, no other eyewitnesses, no video footage, no photographs, no medical experts providing medical opinions, nothing ("the lack of evidence").

OBJECTIONS:  Vague and ambiguous as to "alleged victim," and consists of multiple requests in this one Request. Calls for speculation.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny

**REQUEST NO. 89**:  Admit that during the smear video, the Defendant reported on the indictment.

OBJECTIONS:  Vague and ambiguous as to "the indictment."

RESPONSE:   Without waiving any objections,  Deny as Defendant only

- 29 -

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

reported on the appeal, see https://www.leagle.com/decision/inarco20160907016.

**REQUEST NO. 90**:  Admit that however, the Defendant failed to report the dismissal or the lack of evidence.

OBJECTIONS:  Vague as to "the dismissal" and "the lack of evidence." Consists of two requests in one, and disjunctive in form.

RESPONSE:   Without waiving any objections,  Defendant is unable to admit or deny based on a lack of information or belief since there was no reference to the record being expunged, and on that basis, Deny.

**REQUEST NO. 91**:  Admit that by reporting on the indictment but not the dismissal, it was both reasonable of the viewers to assume, and the Defendant's express intent to leave his viewers with the assumption, that I was convicted of the crime and/or that I committed the crime.

OBJECTIONS:  Vague and ambiguous as to "the indictment," "the dismissal," and "the crime."  Compound in form.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 92**:  Admit that the Defendant either knew, at the time of publishing the smear video, of both the dismissal and lack of evidence, or would have known about both if he had agreed to hear my side of the story before making the smear video.

OBJECTIONS:  Irrelevant; compound and/or disjunctive in form. Vague and ambiguous as to "the dismissal," and "lack of evidence."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 93**:  Admit that the crime which Defendant said I was charged with (while omitting the dismissal for want of evidence) is a crime of moral

turpitude.

OBJECTIONS:  Vague and ambiguous as to "the crime."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief (he is not an attorney in Arkansas), and on that basis, Deny.

**REQUEST NO. 94**:  Admit that even if I am ultimately considered to be a limited purpose public figure, the criminal indictment that happened years ago has nothing to do with the controversy that makes me a limited purpose public figure.

OBJECTIONS:  Vague and ambiguous as to "the criminal indictment."

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief (he is not an attorney in Arkansas), and on that basis, Deny.

**REQUEST NO. 95**:  Admit that for three days after the smear video was published, the Defendant and I interacted over email, where I repeatedly begged the Defendant to remove the video and explaining that it was defamation.

OBJECTIONS:  Vague and ambiguous as to "defamation".

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 96**:  Admit that these requests constitute a retraction request.

OBJECTIONS:  Vague and ambiguous as to "these requests."

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 97**:  Admit that the Defendant refused to retract the smear video.

OBJECTIONS:  None.

RESPONSE:   Without waiving any objections, Admit that Defendant declined to retract the video he created and posted.

- 31 -

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 98**:  Admit that the Defendant published the smear video with the express intent of causing me as much public shame, humiliation, reputational harm, and especially loss of ability to turn my YouTube channel into a profitable self-employment endeavor as possible.

OBJECTIONS:  Vague and ambiguous as to "reputational harm," and "profitable self-employment endeavor." Compound in form.

RESPONSE:   Without waiving any objections, Deny

**REQUEST NO. 99**:  Admit that the Defendant fully succeeded in his intention to inflict the injuries mentioned in the previous requested admission.

OBJECTIONS:  Vague and ambiguous as to "intention to inflict the injuries," and "the previous requested admission." Also, incorporates by reference prior requests for admission, that are not defined.

RESPONSE:   Without waiving any objections, Deny.

**REQUEST NO. 100**:  Admit that after the smear video was published, I was bombarded with an onslaught of malicious harassment from online strangers who believed the Defendant's statements about me.

OBJECTIONS:  Vague and ambiguous as to "malicious harassment," "online strangers", and "Defendant's statements about me." Calls for speculation.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief of what others did, and on that basis, Deny.

**REQUEST NO. 101**:  Admit that the harassment mentioned in the previous requested admission caused me great stress.

OBJECTIONS:  Vague and ambiguous as to "harassment," "in the previously requested admission." Calls for speculation, and incorporates by

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

reference certain prior admission which is not defined.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief of what caused Plaintiff's stress, and on that basis, Deny.

**REQUEST NO. 102**:  Admit that the stress mentioned in the previous requested admission lead to me becoming afflicted with pneumonia that my immune system would normally have easily fought off, were it not for the stress I was under due to the Defendant's smear video.

OBJECTIONS:  Vague and ambiguous as to "the stress I was under," and "in the previously requested admission." Calls for speculation, and incorporates by reference certain prior admission which is not identified.

RESPONSE:   Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief of what caused Plaintiff's stress, and on that basis, Deny.

**REQUEST NO. 103**:  Admit that the pneumonia could have killed me.

OBJECTIONS:  Vague and ambiguous as to "the pneumonia;" and calls for an expert witness opinion (Defendant is not a doctor) and calls for speculation.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief of Plaintiff's illness, and on that basis, Deny.

**REQUEST NO. 104**:  Admit that my hospitalization as a result of the aforementioned pneumonia would have cost six (possibly seven) figures had it not been covered by my health insurance.

OBJECTIONS:  Vague and ambiguous as to "the aforementioned pneumonia;" and calls for an expert witness opinion and calls for speculation.

- 33 -

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief of the costs of Plaintiff's alleged hospital stay, and on that basis, Deny.

**REQUEST NO. 105**: Admit that if the facts mentioned in the previous five requested admissions are proven (whether at trial, on the motions, or by the defendant admitting same in response to this request for admissions), then my damages for stress, emotional distress, humiliation, and pain & suffering are reasonably calculated to be worth at least $1,000,000.

OBJECTIONS: Vague and ambiguous and calls for an expert witness opinion. Incorporates by reference the 5 requests for admission making this request not full and complete in and of itself.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 106**: Admit that because of the smear video, I have lost nearly all ability to turn my YouTube channel into a profitable venture and/or full-time income.

OBJECTIONS: Vague and ambiguous as to "profitable venture." Calls for an expert witness opinion.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 107**: Admit that the injury mentioned in the previous requested admission was, in fact, the Defendant's purpose for posting the smear video.

OBJECTIONS: Vague and ambiguous as to "the injury" and "purpose." Incorporates by reference to other discovery request, making this request not full and complete in and of itself.

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

RESPONSE: Without waiving objections, Deny.

**REQUEST NO. 108**:  Admit that many other YouTube creators have declined to collaborate with me (thereby stunting my growth and earnings potential on YouTube) primarily because of the rumors contained in the Defendant's smear video.

OBJECTIONS:  Vague and ambiguous as to "the rumors."  Calls for speculation of the conduct of others.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 109**:  Admit that if the facts mentioned in the previous three requested admissions are proven (whether at trial, on the motions, or by the defendant admitting same in response to this request for admissions), then my damages for loss of earnings potential are reasonably calculated to be worth at least $1,000,000.

OBJECTIONS:  Incorporates by reference the prior 3 requests which does not make this request full and complete in and of itself.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

**REQUEST NO. 110**:  Admit that the Defendant posted his smear video fully in the knowledge that the injury mentioned in the previous requested admission was substantially certain to occur as a result of his smear video.

OBJECTIONS:  Unintelligible as phrased; incorporates by reference "the previous requested admission" (thus making this request not full and complete in and of itself), and vague and ambiguous as to "the injury."

RESPONSE: Without waiving objections, Deny.

- 35 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST NO. 111**:  Admit that had the Defendant refused to make the smear video, his informants might have continued their harassment and defamation campaign against me, but it would not have been distributed enough to cause me nearly the extent of injuries that I actually suffered as a result of the Defendant's smear video and his large viewer base.

OBJECTIONS:  Vague and ambiguous as to "his informants," "their harassment and defamation campaign," and "injuries that I actually suffered."

RESPONSE: Without waiving objections, Deny.

**REQUEST NO. 112**:  Admit that had the Defendant proceeded with making the video, but instead of smearing me, he told the truth (that his original informants were mere bullies looking to harass me, dox me, cyberstalk me, and inflict as much pain and suffering on me as possible, entirely for its own sake, and solely out of pure hatred, malice, and spite), thereby exposing his informants rather than me, there is a good chance they would even have given up their harassment and defamation campaign against me.

OBJECTIONS:  Vague and ambiguous as to "his informants," "their harassment and defamation campaign."  Calls for speculation as to the conduct of others.

RESPONSE: Without waiving objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

| | |
|---|---|
| Dated: June 21, 2026 | I, Sidney Redfield dba Sidalpha, declare under penalty of perjury that the above Responses to Plaintiff's First Set of Requests for Admissions are true and correct to the best of my knowledge. |
| | */s/ Sidney Redfield* |
| | ———————————————————— |
| | Sidney Redfield dba Sidalpha, Defendant |

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

As to objections:

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Defendant

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

## PROOF OF SERVICE

I, J. Curtis Edmondson, hereby certify that I am over the age of 18 and not a party to this action. My business address is LAW OFFICES OF J. CURTIS EDMONDSON, 3720 SW 141st Avenue, Suite 212, Beaverton OR  97005.

On June 21, 2026, I served the following document: **DEFENDANT SIDNEY REDFIELD dba SIDALPHA's RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

to the following persons:

David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 7260
acerthorn@yahoo.com

Service was completed in the following matter:

__X__   **By E-mail or Electronic Transmission**: Via E-mail or Electronic Transmission, by transmitting a true copy of the document(s) to the persons at the corresponding electronic address as indicated above on the above-mentioned date. I am readily familiar with this firm's electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Defendant

- 38 -
SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS