# Exhibit B

J. Curtis Edmondson (SBN 236105)
Law Offices of J. Curtis Edmondson
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,

                    Plaintiff,

v.

SIDNEY REDFIELD dba SIDALPHA,

                    Defendants.

Case No. 4:23-cv-00321-MWC

**DEFENDANT SIDNEY REDFIELD dba SIDALPHA's RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

PROPOUNDING PARTY:      Plaintiff, DAVID STEBBINS

RESPONDING PARTY:       Defendant, SIDNEY REDFIELD DBA

                        SIDALPHA

SET NO.:                ONE

Defendant SIDNEY REDFIELD DBA SIDALPHA ("SIDALPHA" or "Defendant") hereby responds to Plaintiff DAVID STEBBINS' ("STEBBINS" or "Plaintiff") First Set of Interrogatories pursuant to FRCP 33, as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to these Interrogatories to the extent they seek information, which is already in the custody of Plaintiff, or is in the possession of other parties, or the public domain that Plaintiff has equal access to.  To the extent

- 1 -
DEFENDANT SIDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

that Plaintiff is seeking such information which are more readily available from other sources or already in the possession of Plaintiff, Defendant objects to these discovery requests as unduly burdensome.

2      Defendant further objects to the Interrogatories to the extent they seek to impose duties and obligations beyond those authorized by, or imposed by, Federal Rules of Civil Procedure Rules 26 and 33. To the extent the Interrogatories seek to impose obligations greater than those imposed by such Rules, they are overly broad and unduly burdensome.

3.      Defendant objects to the term "the smear video in question" defined as "the smear video" in many of Plaintiff's discovery requests.  Also, objection to "evidence."  These terms are not properly defined and thus speculative.

Notwithstanding these General Objections, Defendant further responds to the individual interrogatories below:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:  State the names, addresses, email addresses, and phone numbers of all people who you have even a slight chance of calling as a witness at trial, using the testimony of during a motion for summary judgment, or who may have evidence relevant to this proceeding, and provide a brief but accurate summary of the testimony they will give or the evidence they have in their possession. Update your answers as necessary when new witnesses or custodians of evidence become known to you.

OBJECTIONS:  This interrogatory is both a conjunctive and disjunctive question.

RESPONSE:  Without waiving objections, SidAlpha does not have the names, addresses, e-mail addresses and phone numbers of all potential trial witnesses, except SidAlpha will testify.

**INTERROGATORY NO. 2:** State with specificity your factual and legal basis for each of the affirmative defenses listed in Pages 9-10 of your Complaint. For the legal basis of each defense, provide accompanying legal citations.

OBJECTIONS: Conjunctive in form, and consists of more than one interrogatory at a time. Defendant did not file a Complaint, but for each affirmative defense in his Answer (Docket 68) defendant responds:

RESPONSES:

**a. FIRST DEFENSE – TRUTH**

Defendant's statements as alleged in the Complaint are true or substantially true and therefore cannot support a claim for Defamation – the statements are true.

**b. SECOND DEFENSE – OPINION**

Defendant's statements as alleged in the Complaint consist of his opinion.

**c. THIRD DEFENSE – QUALIFIED PRIVILEGE**

Defendant's statements as alleged in the Complaint were made in good faith and without malice to recipients who share a common interest in the subject matter, and they are therefore privileged under California Civil Code § 47(c).  Acerthorn has injected himself into a public dispute on his retailiatory actions, and there are numerous witnesses of these facts who are similarly interested in this issue.

**d. FOURTH DEFENSE – FAIR REPORTING PRIVILEGE**

Defendant's statements constitute fair and true reports of official proceedings or public records (lawsuits), and are privileged under California Civil Code § 47(d).

**e. FIFTH DEFENSE – FIRST AMENDMENT**

Defendant's statements were made about Plaintiff as a public figure, and were not made with actual malice, and are therefore protected by the First Amendment to the U.S. Constitution.

**f. SIXTH DEFENSE – CONSENT**

Defendant's statements were made with Plaintiff's consent.

**g. SEVENTH DEFENSE – DE MINIMUS CURAT LEX**

Defendant's statements were made in fact with no cognizable damages having been suffered.

**h. EIGHTH DEFENSE – MITIGATION OF DAMAGES**

Defendant's statements were made, but Plaintiff failed to take reasonable steps to mitigate any damages he claims to have suffered.

**i. NINTH DEFENSE – EQUITABLE DEFENSES**

Plaintiff's claims against Defendant are barred, in whole or in part, by the equitable doctrine of unclean hands, estoppel, waiver and/or laches.

**INTERROGATORY NO. 3:** State with specificity the Defendant's reason for refusing my request to hear my side of the story before making the smear video.

OBJECTIONS:  Vague as and ambiguous as to the meaning of "smear video".

RESPONSE:  Without waiving any objections, assuming Plaintiff means the video that I made and posted on my YouTube channel, Plaintiff never specifically requested that Defendant hear "…my side of the story…"  This is evidenced by Acerthorn's cease and desist letter not demanding I hear his side of the story—he just was insisting I take down the video.

**INTERROGATORY NO. 4:** State with specificity all evidence you have which proves that my messy living conditions are, objectively, more likely to have been the cause of my pneumonia than the stress I suffered from the smear video. Be sure to take into account the totality of the circumstances, including but not limited to:

(A) the fact that the pneumonia happened immediately after the smear video when the harassment I received was at its apex, and

(B) the fact that I had been living in these messy conditions for years before

- 4 -

the smear video without getting pneumonia

(C) the fact that haven't gotten pneumonia again to this day despite still living in equally messy conditions, and

(D) the fact that my surgeon personally opined that the stress I received was the most likely cause and explicitly stated, after seeing a picture of my messy apartment, that I most likely did not get the pneumonia from the mess.

Please also remember that the applicable burden of proof in a civil case is "preponderance of the evidence," meaning that my version of events (that I got pneumonia from the stress) only needs to be "more likely" (aka a simple majority of probability, aka 50.01% to 49.99%) to be true than the defendant's version of events (that I got pnuemonia from living in a messy apartment).

OBJECTIONS:  Calls for expert opinion testimony, or at last a review of Plaintiff's medical records and probably treating physician's care they provided.

RESPONSE:  Defendant's video never discussed Plaintiff's living conditions. Other contributors to my research and video may have mentioned this fact, but I have no opinion about what appears to be a filthy environment or the cause of Plaintiff's medical conditions or pneumonia.

**INTERROGATORY NO. 5:** State with specificity all of the evidence which proves that I suffered no reputational harm, stress, or loss of ability to earn a living from my YouTube channel as a direct or indirect result of the smear video.

OBJECTIONS:  Vague and ambiguous as to the terms "no reputational harm, stress…." and calls for an expert opinion.

RESPONSE:  From what I understand, it appears that Plaintiff had about 2,000 subscribers before my video was published, and now he has 5,790 subscribers, an increase in popularity. As a result, it appears Plaintiff has suffered no harm in subscribership.

- 5 -

**INTERROGATORY NO. 6:**  Aside from the injunctions requested in ¶ 155 & ¶ 157 in the Complaint (complete with the consequences mentioned in ¶ 158 of same), state with specificity what other relief can be awarded to me that would actually make me whole in practice. While responding to this, keep in mind the fact that Sydney Redfield almost certainly does not have the assets necessary to monetarily compensate me for these injuries, even if he spends the rest of his life with his wages being garnished, so please incorporate that into your response to this interrogatory.

OBJECTIONS:  Calls for an expert witness opinion, and is conjunctive and/or disjunctive in form. Vague and ambiguous as to the terms "make me whole in practice."

RESPONSE:  Plaintiff is not entitled to any relief in this action.  See, Defendant's Answer on file herein.

Dated: June 21, 2026

I, Sidney Redfield dba Sidalpha, declare under penalty of perjury that the above Responses to Plaintiff's First Interrogatories are true and correct to the best of my knowledge.

*/s/ Sidney Redfield*

_____
Sidney Redfield dba Sidalpha, Defendant

As to objections:

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Defendant

## PROOF OF SERVICE

I, J. Curtis Edmondson, hereby certify that I am over the age of 18 and not a party to this action. My business address is LAW OFFICES OF J. CURTIS EDMONDSON, 3720 SW 141st Avenue, Suite 212, Beaverton OR  97005.

On June 21, 2026, I served the following document: **DEFENDANT SIDNEY REDFIELD dba SIDALPHA's RESPONSES TO PLAINTIFF'S INTERROGATORIES**

to the following persons:

David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 7260
acerthorn@yahoo.com

Service was completed in the following matter:

  X    **By E-mail or Electronic Transmission**: Via E-mail or Electronic Transmission, by transmitting a true copy of the document(s) to the persons at the corresponding electronic address as indicated above on the above-mentioned date. I am readily familiar with this firm's electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Defendant