# Exhibit E

Re: Defendant's responses to Plaintiff's Discovery Set One (SID 1.002)

From:  Acerthorn (acerthorn@yahoo.com)

To:      jcedmondson@edmolaw.com

Date:   Monday, June 22, 2026 at 06:17 PM CDT

First of all... **"I will meet and confer with you after you lay out which discovery requests you have an issue with in detail"**

Wow, you've got some nerve! Considering that you refuse to give any details in your responses (which is the whole point of me having a problem with them, for the reasons set out below), you are pretty hypocritical demanding that I tell you anything "in detail."

I will say this much: 1-2 additional weeks to sort this out is unacceptable. You already got a 3 week extension, so you don't need even MORE time to get this right.

That said, here is a brief breakdown of most of the problems in your responses:

**AI Transcript**
First, your AI-generated transcript of the smear video is inadmissible. Here's some proof. You should review that proof quickly, because Google will automatically delete it after 10 days.

**Did you produce ALL the evidence you have? Or just all the evidence you think you need?**
You attached two sets of "batestamped files" to your discovery responses, one set containing PDF documents, and another set containing videos.

Remember that I asked for "all" evidence. That is to say... not just all the evidence you think you need, but all the evidence you have, period.

Is this evidence you've provided genuinely all the evidence you have? For example, if, upon taking your client's deposition, none of the evidence in these "batestamp files" actually show that I don't consider fair use before issuing a DMCA Takedown, do you admit that you won't be able to produce any more evidence, because you've already provided all the evidence you have? Same with all my other counts of defamation and all of your clients' affirmative defenses.

Take, for instance, your response to Interrogatory #5. You provide only one single solitary detail in support of your claim "that I suffered no reputational harm, stress, or loss of ability to earn a living from my YouTube channel, and that detail is... my subscriber count then and now. That's it. That's all you've provided. Even though I clearly asked for "all of the evidence," that's all the evidence you gave.

So does that mean that you concede that, if I can produce literally any evidence at all of harm (whether it be to my YouTube channel or even just pain and suffering damages) that isn't related to my subscriber count, you won't have jack all evidence to refute it?

And if so, does that mean you will consent to a protective order, whereby the court explicitly forbids the Defense from offering any evidence in his defense except what he's already produced in response to these initial discovery requests? After all, if this is all the evidence you've got, and you suddenly come forth with new evidence, that necessarily means that the new evidence is just made up, right?

But if that isn't "all the evidence you have," and you claim that you reserve the right to supplement these responses at a later date if you feel you need to, then you haven't replied in full to my requests for "all evidence." That means that your responses are incomplete and you need to supplement them.

So which is it? Will you admit that your responses are incomplete and that you need to supplement them? Or will you insist that your responses are in fact complete and consent to a protective order forbidding you from offering any more evidence?

### Your boilerplate objections
Next, your objections are boilerplate. You don't give any specific details to support the objections. Not only is this not allowed, but federal courts in California have a policy of treating such boilerplate objections as if no objection has been made at all. Here's a case citing to multiple federal California cases to prove it.

Now, combine that with the well-established law that says that, if you fail to timely object to a discovery request, you forever forfeit the right to object to it. You are stuck substantively responding to the discovery request, even if it was otherwise totally objectionable.

### Your "vagueness" objections
Whenever you make an objection on the grounds that certain terms are undefined, these are necessarily in bad faith. For example, when objecting to Requested Admission #7, when you say "unintelligible as to "the smear video" which is undefined," this is an outright lie. You know damn well what I mean by "the smear video," as I have been using that term literally for the entire case, ever since filing the Complaint. For you to say that "the smear video" is undefined is simply a bad faith attempt at sealioning by asking for copious amounts of tedious definitions that you already know full well the definitions of.

And there are plenty of other "vagueness" objections that are just as bad faith, claiming that certain terms are undefined when you know damn well they are.

As a result, I am skeptical that your objections will survive a Rule 36(a)(6) motion. And since it's now too late for you to make any new objections, all you can do instead is abandon them.

### Your copy-pasted responses to my Requests for Production
First of all, your objections to the requests for production are just as boilerplate as those in your interrogatory and RFA responses. For example, you frequently claim that it "Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." This is not a valid objection, because you don't give specific reasons, which the plain text of Rule 34 requires you to provide. Same with your repeated objection that a request "calls for an expert opinion." So on and so forth.

Not only that, but it's literally a bald-faced lie. For example, Request for Production #7 asked you to show evidence that "I paid to dox InitiativeKookie." You raised the relevance objection

there. But how is that even remotely not relevant? It's literally one of my counts of defamation! Defamation #4 to be exact! So for you to say that this is "neither relevant nor reasonably calculated to lead tot he discovery of admissible evidence," you're just straight up lying.

And that's not going to bode well for your client at trial, when he is a proven perjurer.

And again, there's a lot more to this than just Request for Production #7. All of your responses were like that. I just used #7 as an illustrative example.

**Your non-responses to my requests for production**
Across nearly all of your responses to my requests for production, all you do is merely tell me to "see attached Batestamped documents." But you don't tell me exactly what batestamped documents you're actually referring to.

So let me get this straight: For each of these responses, you expect me to sift through the ENTIRETY of your batestamped documents - all 3GB plus of them - and try to find the needle in the haystack that I'm not even convinced is even there?! Is that basically what you expect me to do?!

For example, when I look over the PDF document titled "Discord - SidAlpha Discord - situation-room," I see this exchange between your client and what appears to be one of his Discord server members. But that exchange doesn't appear to have anything at all to do with me!

So are you seriously telling me that I need to see THAT exchange is somehow indespensible to me understanding your response to for example, Requested Admission #204?!

Why can't you just tell me, in your response to each RFP, which specific batestamped documents actually relate to each specific RFP response?

Now, you may hear that last question and smugly reply "We're not required to do that." Except... you are! Here's proof! That case law clearly says that you must provided "individualized, complete responses... accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced."

So yes, you are indeed required to provide specific references to the individual batestamped files - including timestamps for videos and page numbers (possibly even individualized messages) for the PDF pages. Only give citation to the specific batestamped files that actually support your responses to each RFP, and don't include include any batestamp files that don't support your answers to each one. That may require you provide the same evidence multiple times, but that's what the case law requires.

Oh, and you don't get to object to this simply because my discovery requests are super-broad either. Here's a case law to prove that too. Of course, since you can't raise any new objections, that's a moot point by this point anyway.

So you need to amend your RFP responses in order to provide specific, individualized references to specific batestamped files. Instead of just telling me to "see attached batestamped files" and then expecting me to sift through a haystack in search of a needle I'm not convinced is even there, you need to just tell me *exactly* where the needle is for each RFP

response.

## Responses to Interrogatories
In addition to the problems with your response to Interrogatory #5 as outlined above, most of your interrogatory responses were outright ducking the questions. There were only 7 interrogatories in total, so I will address each one individually.

Interrogatory #2:
I asked you to give _**specific**_ factual and legal bases for each of your defenses! _**SPECIFIC!!!**_ All you did was simply restate each defense. You provided absolutely no new details that weren't already listed in your Answer to Complaint. This is insufficient and you need to update your responses to each.

Interrogatory #3:
You claim that I never made any request to hear my side of the story, but this is a bald-faced lie. Here is a screenshot of the email I sent your client, and highlighted is the sentence where I asked him to hear my side of the story.

Even barring that, here's another publicly-visible post where I very clearly asked him to hear my side of the story. And here's another one!

That's THREE separate instances, predating the publication of the smear video, where I very clearly did ask him to hear my side of the story before publishing it!

As I said earlier, lying during discovery won't bode well for your client at trial.

So again, you need to amend your response to this interrogatory and actually give a straight answer.

Interrogatory #6:
This does not respond to the substance of the interrogatory. I clearly understand that you don't believe I am entitled to any relief. That was not what I asked. The interrogatory demanded that you assume you might be liable to me for defamation and work from there. The interrogatory demanded that you provide specific suggestions for injunctive relief in place of that which I requested in ¶¶ 155-158 of the Complaint.

If you can't think of any other set of injunctions that would make me whole in practice (and yes, despite your objection, you know damn well what I mean by that), you can just say that! But then, your client would be locked into the relief I requested in the Complaint, because by your own admission, I can't be made whole without it!

So you need to update your response to this interrogatory and actually give a straight answer.

## Conclusion
I'm about to hit the gym. Please respond substantively to each of these problems.

Sincerely,
Acerthorn

On Monday, June 22, 2026 at 04:42:20 PM CDT, J. Curtis Edmondson <jcedmondson@edmolaw.com> wrote:

David,

From your email it appears you have issues with quite a few of our responses.

We provide you with over 1GB of document production, answered your interrogatories, and request for admissions. (There are over 400 of them). We objected to your inspection demands under Rule 26

You need to list each discovery request by number and identify the deficiency separately by discovery number. Example:

**RPD 1 -**
**...**
**RPD 253 -**

**RFA 4 -**

**ROG 3 -**
**....**
**ROG 5 -**

This should be in a separate document.

Then I will review each discovery request and see if it can be resolved. Then we can have a zoom call to confer on the subset of disputed items.

This process may take 1-2 weeks depending on the number of issues you have. If it is 4-5 total, it will be pretty quick. If it is 200+, it will take longer.

B. Regards,

J. Curtis Edmondson,  Counsel
Law Offices of J. Curtis Edmondson
Patents, Copyrights, Trademarks, Trade Secrets, and Unfair Competition
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com
Licensed in Washington, Oregon, California, DC, and before the USPTO

## Edmondson IP Law

On 06/22/2026 1:36 PM PDT Acerthorn <acerthorn@yahoo.com> wrote:

For what it's worth, we can probably knock out large chunks of these problems in one fell swoop, since you typically gave the same answer multiple times. By explaining the legal insufficiency of these boilerplate objections, I can hopefully educate you of 99% of the problems in 2-3 fell swoops.

So I highly doubt this is going to take literally all day for us to sort through.

So will 8AM PST tomorrow be a good time to call?

Sincerely,
Acerthorn

Case 3:23-cv-00321-MMC    Document 133-5    Filed 06/25/26    Page 7 of 8

On Monday, June 22, 2026 at 03:32:12 PM CDT, Acerthorn <acerthorn@yahoo.com> wrote:

Except that's just it: You didn't respond to them. Not really.

Can you take a call at 8am pacific tomorrow? It'll last however long it takes for us to work this out.

Yahoo Mail: Search, Organize, Conquer

On Mon, Jun 22, 2026 at 7:24 AM, J. Curtis Edmondson <jcedmondson@edmolaw.com> wrote:

David,

You served approximately 400 discovery requests and we responded to them.

If this a request for a meet and confer,  send me some dates and times, and for how long, and I will send you a zoom link for one that matches my schedule.

In Best Regards,

J. Curtis Edmondson,  Counsel
Law Offices of J. Curtis Edmondson
Patents, Copyrights, Trademarks, Trade Secrets, and Unfair Competition
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com
Licensed in Washington, Oregon, California, DC, and before the USPTO

Edmondson IP Law

On 06/21/2026 8:52 PM PDT Acerthorn <acerthorn@yahoo.com> wrote:

Your responses are insufficient and reek of bad faith. When are you going to be available in the next day or two to call and discuss the matter?

Sincerely,
Acerthorn

On Sunday, June 21, 2026 at 10:05:04 PM CDT, J. Curtis Edmondson <jcedmondson@edmolaw.com> wrote:

https://www.dropbox.com/scl/fi/hijp46jhaio53p5iadgpb/001-PL-RPD-S1-20250621.zip?rlkey=4ztitnmn1rzx6w7fn96efow6e&st=du334ntt&dl=0
https://www.dropbox.com/scl/fi/khiho8bxeexianogi1xrh/002-PL-RPD-S1-20250621.zip?rlkey=0wr65ei5iiojl0915cycltlpp&st=8hb03gwo&dl=0
https://www.dropbox.com/scl/fi/9cj74154emherkkw8lp7r/003-PL-RPD-S1-20260621.pdf?rlkey=d0h6is3yoz13w1y7gvk2i5box&st=k9pwe9kz&dl=0
https://www.dropbox.com/scl/fi/mumvlfjp2vj7ppgl82ay8/SID-1.002-RESP-to-PLF-s-Req-to-Permit-Insp-20260621-final-to-serve.pdf?rlkey=145zzwwfmffltvg0ulla2dnqn&st=of2beqov&dl=0
https://www.dropbox.com/scl/fi/mqh4jur4tmvrghz70k18k/SID-1.002-RESP-to-PLF-s-RFAs-20260621-final-to-serve.pdf?rlkey=3mzs1xho8pncgzkgwjz3vvpg4&st=qu9aotyy&dl=0
https://www.dropbox.com/scl/fi/8nv7jm58j0dtjz3a8wyi4/SID-1.002-RESP-to-PLF-s-RPD-20260621-

final-to-serve.r1.pdf?rlkey=ar0waw72sr9mvbc54cchcaw1w&st=ty9ezs5c&dl=0
https://www.dropbox.com/scl/fi/4m7yenv27oe2s35flustx/SID-1.002-RESP-to-PLFs-Rogs-20260621-to-serve.pdf?rlkey=rxy455facw54hgpu6yvqt1xkk&st=x6mdpo9b&dl=0

On 06/21/2026 3:14 PM PDT Acerthorn <acerthorn@yahoo.com> wrote:

Dear Mr. Edmondson,

This is polite reminder that your discovery responses are due today. If you do not reply, all of the requested admissions will be deemed admitted automatically. Also, you have already been granted an extension of time to reply to discovery, so you've had more than enough time as it is.

Sincerely,
Acerthorn