David Stebbins          123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                    PLAINTIFF

VS.                     Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

## MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF

## MOTION TO COMPEL DISCOVERY, FOR PROTECTIVE ORDER, AND FOR

## DETERMINATION OF SUFFICIENCY UNDER FRCP 36(a)(6)

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Memorandum of Points and Authorities in Support of my Motion to Compel Discovery, for Protective Order, and for Determination of Sufficiency under FRCP 36(a)(6) in the above-styled action.

## I: TABLE OF CONTENTS

| Section | | Page |
|---|---|---|
| I: | TABLE OF CONTENTS | i |
| II: | TABLE OF AUTHORITIES | ii |
| III: | FACTS | 1 |
| | III-1: Defendant's Discovery Responses | 1 |
| | III-2: Defendant's Bad Faith Refusal to Confer | 1 |
| IV: | SUMMARY OF ARGUMENT | 2 |
| V: | ARGUMENT AND RELIEF REQUESTED | 3 |
| | V-1: Request for Protective Order | 3 |
| | V-2: Defendant's boilerplate objections | 5 |
| | V-2-A: Relief Requested | 7 |
| | V-3: Failure to make any reasonable inquiry | 7 |
| | V-3-A: Relief Requested | 8 |
| | V-4: Non-Individualized and Incomplete RFP Responses | 9 |
| | V-4-A: Relief Requested | 12 |

V-5: Evasive and Incomplete Interrogatory Responses        12

    V-5-A: Interrogatory #2        13

    V-5-B: Interrogatory #3        13

    V-5-C: Interrogatory #4        14

    V-5-D: Interrogatory #5        14

    V-5-E: Interrogatory #6        15

V-6: The Defense should be sanctioned for its bad faith.        16

VI: CONCLUSION        17

## II: TABLE OF AUTHORITIES

**Statutes & Rules**        **Page(s)**

- Fed.R.Civ.P. 33        5,13

- Fed.R.Civ.P. 34        5,9

- Fed.R.Civ.P. 36        5,7,9

- Schwinghamer, N. F. (n.d.). "Your Boilerplate Objections are        5,6,17
  Garbage, and They Make You Look Dumb."
  https://www.nfsesq.com/your-boilerplate-objections-are-garbage-and-they-make-you-
  look-dumb/#your-boilerplate-objections-are-garbage-and-they-make-you-look-dumb

**Case Law**        **Page(s)**

- Asea, Inc. v. Southern Pac. Transp. Co., 669 F.        8
  2d 1242, 1245 (9th Cir. 1981)

- Cadles of West Virginia, LLC v. Alvarez,        5
  No. 20-CV-2534, Aug 1, 2022 *at 5 (S.D.C.A.)

- Cheteni v. Vella, No. 23-cv-06286, Dkt. 135,        8
  Aug 26, 2025 *at 6 (N.D.C.A.)

- Clement v. Alegre, 177 Cal.App.4th 1277 (2009)        17

- Khan v. San Francisco Dept. of Public Health,        8
  No. 24-cv-9289, Dkt. 36, Dec 12, 2025 *at 5 (N.D.C.A.)

- Loop AI Labs v. Gatti, No. 15-cv-00798,        9

Dkt. 648, May 6, 2016 *at 3-4 (N.D.C.A.)

• Standon v. Superior Court, 225 Cal.App.3d 898 (1990)            17

• Williams v. Taser Int'l, Inc. (N.D.Ga 2007)            17

2007 U.S. Dist. LEXIS 40280

**III: FACTS**

The following facts are relevant to this motion:

**III-1: Discovery Responses**

On June 21, 2026, the Defendant served me with responses to my discovery requests. See **Exhibits A-D**. In addition to his direct responses to my Requests for Admissions, Interrogatories, Requests for Production, and Requests to Permit Inspection, he also provided two other sets of files, which he refers to as "batestamp files." These two sets of files can be viewed and downloaded at the following two URLs:

1. https://www.dropbox.com/scl/fi/hijp46jhaio53p5iadgpb/001-PL-RPD-S1-20250621.zip?rlkey=4ztitnmn1rzx6w7fn96efow6e&st=du334ntt&e=1&dl=0

2. https://www.dropbox.com/scl/fi/khiho8bxeexianogi1xrh/002-PL-RPD-S1-20250621.zip?rlkey=0wr65ei5iiojl0915cycltlpp&st=8hb03gwo&e=1&dl=0

In case the Defendant attempts to delete these files from Dropbox before the Court has a chance to download them for its own records, you can see an archive of the batestamp files at the following URL: https://drive.google.com/drive/folders/1oqb6-W_zInrMC0n0cLPHzbq7QPKNllJf?usp=sharing

I found the majority of those responses to be insufficient and, on Monday, June 22, 2026, I contacted the Defendant over email, and explained to him a multitude of the problems I had with his discovery responses. See **Exhibit E**.

**III-2: Defendant's Bad Faith Refusal to Confer**

We met over Zoom on June 24, 2026. However, from the outset, it was clear that the Defense Counsel had no intention of conferring in good faith. He repeatedly insisted that we tackle each discovery request one at a time, even though there are more than 400 discovery responses at issue; tackling all of them would have taken literally all day, and would have resulted in numerous repetitive arguments. I repeatedly explained to him that I was not required to do things "his way," and that I was going to explain the handful of problems (set for the below) that the overwhelming majority of his discovery responses had, and use only handful of specific examples to illustrate.

Despite this reasonable structure, the Defendant refused to engage in good faith, repeatedly bringing up matters previously discussed even after we had disposed of them, and repeatedly acting like I only had problems with the few specific discovery responses I was using as exmaples, even though I repeatedly made clear that was not how I was going about discussing the matter.

Once it became clear that the Defense Counsel had no intention of engaging in good faith, I ended the conference and proceeded to draft this motion. My efforts satisfy the requirement under the Federal Rules to attempt in good faith to resolve the matter without court action, as well as the requirements in Local Rule 37-1(a).

**IV: SUMMARY OF ARGUMENT**

Because my discovery requests clearly requested "all evidence" (not just all the evidence he thinks he needs, but all the evidence he has) and the Defendant's responses purported on their face to comply with that portion of the requests, the evidence already submitted by the Defendant should be considered the entirety of all the evidence he has. I therefore ask that the Court issue a protective order forbidding the Defendant from offering any more evidence to support any of his affirmative defenses or to refute any of my elements of prima facie defamation.

The Defendant's objections are boilerplate. Therefore, they are insufficient as a matter of law for want of specificity, detail, or reasons, and, per this Court's policy, should be treated as a failure to object at all. From this, the Defendant should be held to have forfeited the right to raise *any* objections to my discovery requests, thereby forcing them to respond substantively to each discovery request.

When citing lack of knowledge as a reason for inability to admit or deny a requested admission, the Defense must conduct a reasonable inquiry before he is allowed to use that excuse. The Defendant clearly didn't even *try* to inquire before admitting or denying. Therefore, the Court should either deem all of those facts to be admitted, or require the Defendant to amend his answers.

When responding to my requests for production, the Defendant failed to give individual-ized, complete responses to each, even though I am entitled to same. Therefore, he should be

made to comply.

Many of the Defendant's Interrogatory responses are evasive and incomplete as well. He should be made to amend those.

In addition, the Defense should be sanctioned for its clear bad faith attempt to sealion me, its bad faith attempt to give me the run-around, and its bad faith attempt to needlessly drag out the costs of this litigation.

<b>V: ARGUMENT AND RELIEF REQUESTED</b>

Nearly all of the Defendant's discovery responses were inadequate. Only a handful of them were sufficient. But the vast majority of them were legally inadequate for the same handful of reasons. Therefore, to save time, I will list each problem that I have with the responses, and then I ask the Court to order that the Defendant amend **_all_** of his discovery responses to comply with the law. While I will occasionally point to specific discovery responses in order to *illustrate* my problems, those examples are just that: Illustrative examples. Just because I only mention 5-6 discovery responses does not mean those are the only ones that need amending.

The only exception to this is the responses to the Interrogatories. I will address each of them individually, but only because there are so few of them that I can afford to.

**V-1: Request for Protective Order, blocking the Defendant from providing any new evidence.**

The discovery requests demanded that he produce "all evidence." Not just all the evidence he believed he needed, but all the evidence he had, period, which supported his case.

This is one of the few parts of the request that the defendant never objected to, boilerplate or otherwise. Therefore, he must respond substantively to this.

Take, for instance, their response to Interrogatory #5. They provide only one single solitary detail in support of their claim "that I suffered no reputational harm, stress, or loss of ability to earn a living from my YouTube channel," and that detail is... my subscriber count then and now. That's it. That's all they've provided. Even though I clearly asked for "all of the evidence," that's all the evidence they gave. So does that mean that they concede that, if I can produce literally any evidence at all of harm (whether it be to my YouTube channel or even just

pain and suffering damages) that isn't related to my subscriber count, they won't have jack all evidence to refute it?

I therefore ask that the Court to issue a protective order in this case. I intend to rely in good faith on the Defense's representation that this is all the evidence he had about me when he made the smear video, and I intend to limit and restrict my future discovery requests accordingly. However, in doing so, I become vulnerable to trial by ambush. Suppose, for a minute, that I am taking Sydney Redfield's deposition, and I show him the "batestamped files" and ask him to point out where, in those batestamped files, it shows that I do not consider fair use whenever I issue a DMCA Takedown (not that the videos I had taken down were fair use despite my belief to the contrary, but that I didn't consider fair use at all), only for the Defendant to say "Well, it's not in there, but I do have this other evidence here," then suddenly, there's a whole new waive of discovery requests I need to make in order to be truly ready for trial!

Same with all other counts of defamation and all other facts which have the potential to be relevant tot his case.

To protect me from that and similar types of prejudices, I ask the Court to issue a protective order restricting the Defendant, except for the limited exceptions outlined below, from offering any evidence, outside of the "batestamped files" (as amended by his upcoming amended discovery responses) to support his claims that the state-ments he made about me in the smear video are true, his opinion, or were otherwise defensible.

I am also moving for the Defendant to be ordered to amend its discovery responses. So he may include a new wave of evidence in his defense, but this should be the last time.

An exception to this ban on new evidence can exist if (A) it relates exclusively to the damages I have suffered or the relief I am entitled to, not to liability in the first instance, and (B) he reasonably did not have access to that evidence prior to producing it in this case. The first element of this exception is necessary because, if he didn't have access to that evidence at the time of publishing the smear video, it obviously wasn't a factor in his determination that any of the things he said about me are true.

If the Defendant attempts to introduce any new evidence, not disclosed in his first, or

upcoming amended, discovery responses, that doesn't fit within this exception, then I ask that the Court, per this protective order, block him from doing so.

### V-2: Defendant's boilerplate objections are legally insufficient.

In all discovery responses, the grounds for an objection must be stated with specificity. See Fed.R.Civ.P. 33(b)(4); Fed.R.Civ.P. 34(b)(4); Fed.R.Civ.P. 36(a)(5). Boilerplate objections are not allowed and are heavily frowned upon by the Court. See Schwinghamer:

> "Boilerplate objections waste judicial resources, inflate litigation costs, and erode the integrity of the discovery process. They force unnecessary meet-and-confer efforts and motions to compel, consuming time that should be spent resolving the merits of the case. California courts have repeatedly criticized 'generalized, unsupported' objections as a misuse of the discovery process.
>
> Worse, they deprive the requesting party of the ability to evaluate the claimed grounds for withholding information. An objection must allow the other side— and the court—to assess its legitimacy. When counsel simply parrots phrases like 'privileged' or 'unduly burdensome' without explanation, it becomes impossible to test those assertions. That is why courts increasingly impose sanctions for boilerplate discovery responses—they are not merely sloppy; they are obstructive."

See also Cadles of West Virginia, LLC v. Alvarez, No. 20-CV-2534, Aug 1, 2022 *at 5 (S.D.C.A.):

> "Where the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all. As courts have repeatedly pointed out, blanket objections are patently improper, and we treat the general objections as if they were never made. The responding party must clarify, explain, and support its objections. The grounds for objecting to a request must be stated and ... it is well established that boilerplate objections do not suffice." (citations and quotations omitted).

Here, the Defendant raised objections to nearly every discovery request, but none of these objections had any details or reasons to support them. When responding to requests for admissions, he will consistently throw around such words as "unintelligible" and "compound," but never explain what he means by that. In responding to my requests for production, he repeatedly makes similar undefined and boilerplate objections, such as "compound in form" or "calls for an expert opinion," even when the requests do not appear to call for any expert

Case 4:23-cv-00321-MMC                    -5-                    Motion to Compel Discovery

opinions.

One of the most notorious and reoccurring objections he makes is the "vague and ambiguous" objection, where he takes various terms that are reasonably clear, and simply calls them "undefined." In addition to providing no details or specificity (which already renders his objections improper anyway), they are all demonstrably false. "The 'vague and ambiguous' [objection] requires that the responding party truly cannot understand the question... It is amazing how many well educated attorneys, with degrees from prestigious schools hanging on their walls, lose the ability to understand basic English words when interrogatories are served." See Schwinghamer, supra.

For example, when objecting to Requested Admission #7, the Defense says "unintelligible as to 'the smear video' which is undefined." This is an outright lie. The Defense knows full well what I mean by "the smear video," as I have been using that term literally for the entire case, ever since filing the Complaint. For him to say that "the smear video" is undefined is simply a bad faith attempt at sealioning by asking for copious amounts of tedious definitions that you already know full well the definitions of.

Another example is found at Requested Admission #87, where I asked him to admit that "I never plead guilty to the crime." He objects, saying "Vague and ambiguous as to 'plead guilty,' and 'the crime.'" But the phrase "the crime" is not the least bit ambiguous. In addition to it being clearly defined in the context of this case (where I am suing him, in part, for reporting that I was accused of a crime but lying by omission for failing to also report that those charges were dismissed, so clearly, THAT must be "the crime" I'm asking him to admit to facts regarding), it is also clearly defined within the context of ***The Requests for Admissions!*** Scroll up for a little bit, up to Request No. 85, where I ask him to admit that "in 2011, I was charged ("the indictment") with domestic violence ("the crime")." In doing that, I clearly establish that "the crime" was the domestic violence charge that forms the basis for Defamation #10 in the instant case. It's just like when I'm typing a motion, and I assign short names to various parties, witnesses, and pieces of evidence, at the outset of the memorandum, and refer to them by their short names for the rest of the brief. It's the same logic here.

In these and many more examples, the Defendant claims that various terms are "undefined" when employing even a slight amount of common sense would quickly define the terms for him to a degree sufficient to respond.

His other objections are similarly without merit. None of the requests are unintelligible. None of them are cumulative or compound in form. None of them call for expert opinions, and even if some of them do, that alone is not a grounds for objection, at least not without further context and argument which the defendant utterly fails to provide.

These are all insufficient as a matter of law, since the law overwhelmingly states that objections must be specific.

V-2-A: Relief Requested

I therefore ask that the Court declare all of the following:

1.  That all of the Defendant's objections to all of my discovery requests are boilerplate objections and, therefore, are legally insufficient.

2.  Therefore, per the longstanding policy of this and other federal district courts, the Defendant is held to have filed no objection at all to any of my discovery requests.

3.  This, combined with the equally-well-established public policy that a party waives any discovery objection not timely raised, means that the Defendant cannot raise any new objections to my discovery requests in his upcoming amended answers, but must instead respond substantively and in full to each request.

**V-3: Defendant failed to make any reasonable inquiry into any of the requested admissions.**

Moving onto the responses to each discovery request, the Defendant responds to the majority of the requests for admissions[1] by claiming that he cannot admit or deny any of them for lack of knowledge. However, the Defendant doesn't get to just make that claim. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." See Fed.R.Civ.P. 36(a)(4). Much like

---

[1] 57 out of 112 to be exact. Specifically, he responds to Requested Admissions 4, 5, 6, 9, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 23, 25, 26, 27, 28, 30, 32, 34, 35, 36, 47, 49, 53, 55, 56, 67, 68, 72, 73, 74, 77, 78, 79, 81, 82, 83, 84, 87, 88, 90, 92, 93, 94, 100, 101, 102, 103, 104, 105, 106, 108, 109, and 112 this way.

with boilerplate objections, it is not enough that the responding party simply say that it has made a reasonable inquiry; much like with discovery objections, the responding party must "state fully those efforts." See Khan v. San Francisco Dept. of Public Health, No. 24-cv-9289, Dkt. 36, Dec 12, 2025 *at 5 (N.D.C.A.).

Here, in all eight requested admissions where the defendant claims he cannot admit or deny, he never states any effort he made to inquire into the matters before claiming lack of knowledge. Therefore, his claims for lack of knowledge should be tossed out summarily for the same reasons as his boilerplate objections.

One of the requirements of the "reasonably inquiry" is that the must consult all evidence which is reasonably available to him. See Asea, Inc. v. Southern Pac. Transp. Co., 669 F. 2d 1242, 1245 (9th Cir. 1981) ("a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him"). When something is filed on record in the very case where the admission is sought, that is enough to grant the responding party the ability to admit or deny. See Cheteni v. Vella, No. 23-cv-06286, Dkt. 135, Aug 26, 2025 *at 6 (N.D.C.A.) (finding an ability to admit or deny where "[t]he documents cited by [the requesting party] were filed in this case and remain readily accessible").

So, for example (and just to remind the Court, this is JUST an illustrative example; all of the responses mentioned in the footnote above are subject to this), in his response to Requested Admission #87, he claims he lacks information to admit or deny that I did not plead guilty to the crime. However, he has the court transcripts for that case! Not only did I disclose those court transcripts in my 26(a) initial disclosures, but I also attached them to my "Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10" in this case, which is Dkt. 74 on Pacer. Therefore, the Defendant absolutely had access to the documents he would need in order to verify the truth of this requested admission, yet he makes no indication that he actually made any reasonable inquiry into the matter whatsoever.

V-3-A: Relief Requested

"On finding that an answer does not comply with this rule, the court may order either that

the matter is admitted or that an amended answer be served." See Fed.R.Civ.P. 36(a)(5). Here, the Court should do the former, ordering that all the requested admissions listed in the footnote above be deemed admitted by the Defendant. This is the appropriate response to the Defendant's bad faith. He didn't even *try* to make a reasonable inquiry to obtain the knowledge he needed to admit or deny these facts. He shouldn't get a second chance when it's patently obvious he didn't put forth literally any effort the first time.

If, however, the Court insists on the more lenient sanction that the Defendant doesn't deserve – ordering that amended answers be served within seven days of its order – then I at least ask that the Court warn the Defendant that he must state with specificity what inquiries he has actually made before submitting his amended responses.

**V-4: Defendant's responses to my Requests for Production are not individualized and are incomplete.**

First, all of the defendant's objections to my requests for production are insufficient for the same reasons as set forth in Section V-2 above.

That said, whenever a party requests production of documents (or "RFP" for short) under Fed.R.Civ.P. 34, "[t]he requesting party is entitled to individualized, complete responses to each of the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced to the requesting party." See Loop AI Labs v. Gatti, No. 15-cv-00798, Dkt. 648, May 6, 2016 *at 3-4 (N.D.C.A.) (cleaned up). Here, all of the Defendant's RFP Responses except for his response to No. 1 fail to meet this requirement.

Of the remaining 313 RFP responses, two of them – RFP #239 and #281 – both give wholly untenable responses: "after a reasonable search, Defendant will make responsive documents, if any, available for inspection at defense counsel's office in Beaverton, Oregon at a mutually convenient time and date."

That's not how it works! The Defendant does not get to force me to drive across the country just to look at documents in-person, not when it is perfectly technologically viable for them to simply send me the documents over email, which they've already done anyway for the

batestamped files! For these two responses, the Defendant deserves to be sanctioned just for the sheer audacity.

Of the remaining 311 responses to RFPs, all of them – literally every single last one of them – give the exact same, copied and pasted response: "see attached batestamped files." But he doesn't tell me exactly what batestamped documents he's actually referring to.

So let me get this straight: For each of these responses, the Defendant expects me to sift through the ENTIRETY of your batestamped documents - all 3GB plus of them - and try to find the needle in the haystack that I'm not even convinced is even there?! Is that basically what the Defendant expect me to do?!

Not only that, but some portions of his batestamped files appear to be entirely irrelevant to this case. For example, when I look over the PDF document titled "Discord - SidAlpha Discord - situation-room," I see this exchange between the Defendant and what appears to be one of his Discord server members:



**Hank** 1/13/2022 3:01 PM
man there is some crazy ass people who live in my complex
There was someone who was playing there stereo way too loud today.
One of my neighorbors stomps over to them
knocks on the door gets let in and throws the unit out the window.



**SidAlpha** 1/14/2022 6:33 PM
LMAO

But that exchange doesn't appear to have anything at all to do with me. So is the Defendant seriously telling me that me seeing that exchange is somehow indespensible to me understanding his response to for example, RFP #204?! Technically, that exchange is included in his official response to RFP #204, so he apparently is claiming that it is in fact relevant.

Except that he isn't. He's clearly expecting me to just sift through this haystack of evidence in search of a needle that most likely doesn't exist at all. But why does he have to do that? Why can't he just tell me which specific batestamped files go with which RFP resposne?!

The Defendant may counter that argument by smugly declaring "I'm not required to do

that," except that he is! As I showed above, case law unequivocally entitles me to ***individualized and complete responses***. At a minimum, this forbids the Defendant from simply giving the same, copy-pasted and blanket response to each RFP.

In fact, just like with his boilerplate objections, just like with his lack of reasonable inquiry before claiming lack of knowledge in response to the requests for admissions, it is clear here that he didn't even ***try*** to comply in good faith with the requirement for individualized and complete responses. This is evidenced by the fact that there are plenty of times when his copy-pasted response of "see attached batestamp files" doesn't even make any sense at all, let alone qualify as an individualized and complete response.

For example (and again, I emphasize that these are just illustrative examples, not exclusive or comprehensive of the problem), there is his response to RFP #197. This RFP stated "In the event that it is denied, in whole or in part, provide all evidence which proves that Requested Admission #3 is untrue, or at least, that you have a good reason for denying it." The first seven words of that RFP clearly indicate that he only has to respond to this RFP if he denies, in whole or in part, Requested Admission #3. However, he *admitted* to Requested Admission #3! So he doesn't have to respond to that RFP at all!

Now sure, you may argue that this makes his response to RFP #197 sufficient. But that's not the point. The point is that, by submitting the same copy-pasted response to this RFP, despite it not making any sense in this case, is proof that the Defendant didn't even attempt to put forth any actual effort to respond substantively to any of these requests.

Then there's his response to RFP #216. This RFP stated "In the event that it is denied, in whole or in part, provide all evidence which proves that Requested Admission #22 is untrue, or at least, that you have a good reason for denying it." In this case, Requested Admission #22 stated "the Defendant believes that, although his informants were absolutely malicious bullies who were harassing me just because they can, it is nevertheless my ethical duty to shut up, bend over, and take the harassment like a punk." Unlike Requested Admission #3, the Defendant denied this requested admission, so he is still required to respond substantively to this RFP.

This RFP, in essence, asks him to show evidence proving that he genuinely believes that I

have an ethical right to stand up to bullies using whatever legal means I have available to me. That's basically what he said when he denied Requested Admission #22, so that's what I'm asking him to prove with RFP #216.

And his response to that is... "see attached batestamp files."

Honestly, what's more likely at this point? That, at some point in the more than 3GB worth of batestamped files, there exists definitive proof that he believes I have the right to stand up to bullies, and I just need to find that needle in the haystack? Or that this evidence isn't actually anywhere in that haystack of evidence, he knows it's not there, and he's just using "see attached batestamped files" as his stock response to everything?

As you can see from these two examples, it's obvious that he isn't even *trying* to cooperate in good faith in discovery.

V-4-A: Relief Requested

For these reasons, I ask that the Court...

1. Order the Defendant, within seven days of its order, to amend his responses, and to provide individualized, complete responses to each RFP.

2. When responding, specify exactly which files support his response to the current RFP, and exclude all files which don't support it.

3. Failure to provide individualized and complete responses will result in the underlying facts being taken in my favor. For RFP #33-#194 and RFP #195-#306, if he fails to provide individualized and complete responses, this means the underlying statements in his Answer, as well as my Requests for Admissions, will be deemed admitted, and all the dispositive effects that entails.

**V-5: The Defendant's response to many Interrogatories are evasive and incomplete.**

All of the Defendant's responses to my Interrogatories, except the first one, are evasive and incomplete.

Just like with the requests for admissions and requests for production, the Defendant's objections to these interrogatories re boilerplate and, therefore, legally tantamount to making no objection at all. Now that the deadline for raising objections has passed, the Defendant is forever

precluded from raising any now. See Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

V-5-A: Interrogatory #2

Interrogatory #2 demanded that the defendant "state with specificity your factual and legal basis for each of the affirmative defenses listed in Pages 9-10 of your Complaint. For the legal basis of each defense, provide accompanying legal citations." This interrogatory clearly called for *__specific__* factual and legal bases! *__S-P-E-C-I-F-I-C!__* Of course, given the Defendant's track record, it's clear he has no intention of stating *anything* in his defense with any degree of specificity.

All the Defendant has done here is merely restate the defenses he listed in his answer. He provides no new factual allegations and no new legal bases, which is precisely what this interrogatory calls for. And since he never objected to this interrogatory (since his boilerplate objections are tantamount to no objection at all), he *must* respond and give me the information I asked for. And he hasn't done that.

I therefore ask the Court to order the Defendant to submit an amended response within seven days, responding in full to the interrogatory. If he fails to provide specific factual allegations and specific legal bases (with legal citations to boot), he risks being barred from presenting those defenses.

V-5-B: Interrogatory #3

Interrogatory #3 asked the Defendant to "[s]tate with specificity the Defendant's reason for refusing my request to hear my side of the story before making the smear video." The Defendant's response was to claim that I never requested him to hear my side of the story.

This is a bald-faced lie. The Defendant isn't simply wrong; he's *lying*. **Exhibit F** is a copy of the email I sent to the Defendant, but I have highlighted the sentence where I asked him to hear my side of the story. So clearly, I did make that request.

Barring that, there are multiple instances where I asked him publicly on Twitter to hear my side of the story before publishing the smear video. Here are just two examples:

1. https://x.com/acerthorn/status/1483262663610322944

2.  https://x.com/acerthorn/status/1485433694370336770

So with that, you have at least three proven instances where I asked him, before the smear video was published. Clearly, his claim that I never asked him to do that is false.

I therefore ask that the Court order him to amend his answer within seven days and respond substantively to the interrogatory. If he fails to comply, I ask that the Court sanction him by ordering that the element of "actual malice" be deemed established for purposes of this action.

<u>V-5-C: Interrogatory #4</u>

In Interrogatory #4, I asked the Defendant to "[s]tate with specificity all evidence you have which proves that my messy living conditions are, objectively, more likely to have been the cause of my pneumonia than the stress I suffered from the smear video." I also reminded him of multiple factors that weigh in favor of this being a false diagnosis, including my surgeon's own diagnosis (and that surgeon was listed in my 26(a) initial disclosures as a relevant witness).

The Defendant declined to respond substantively to this interrogatory, claiming instead that he never gave any opinion to this effect, but admitting that his witnesses (who he identifies in his 26(a) initial disclosures) did in fact give this opinion.

The Defendant is completely missing the point. First of all, he admits that his witnesses have given this opinion. And since it is clearly relevant to this case (since it touches upon whether or not the defendant's smear video was the butt-for cause of my damages), that makes it discoverable. Second, even if *nobody* on his team said it, that alone doesn't make this interrogatory improper. So he still has to respond to it.

I therefore ask the Court to order him to amend his answer within seven days and respond substantively to the interrogatory. If he fails to comply, or if he fails to provide a sufficient factual basis for this belief, then I ask that the Court, as a sanction, order that it be deemed established for purposes of this action that the Defendant's smear video, and the harassment and stochastic terrorism I suffered as a result of that smear video, was in fact the but-for cause of my pnuemonia and, therefore, my pain and suffering damages.

<u>V-5-D: Interrogatory #5</u>

Interrogatory #5 asked the Defendant to "[s]tate with specificity ***all of the evidence*** which

proves that I suffered no reputational harm, stress, or loss of ability to earn a living from my YouTube channel as a direct or indirect result of the smear video." Emphasis added.

His response was limited exclusively to the fact that I have gained only a few thousand subscribers in the more than four years since the smear video was published.

Bear in mind that I clearly asked him for "all of the evidence." Not just evidence he felt would be sufficient, but all evidence, period. And since he never objected[2], he *has* to respond to this.

Therefore, this response is only complete and responsive if he is willing to affirm, under penalty of perjury, that this is, indeed, where his evidence of my lack of harm in this case begins and ends, and that he doesn't have any more evidence.

I therefore ask the Court to order the defendant, within seven days, to do one of two things: Either...

1. Certify under penalty of perjury that this one small detail is in fact his entire universe of evidence in support of his claim that I have suffered no harm as a result of his defamation, and consent to being locked into presenting ONLY that evidence in his defense, consistent with the protective order I am requesting in Section V-1 above, or

2. Amend his answer to this interrogatory to genuinely include every single itty bitty piece of evidence he has, whether he needs it or not, with the warning that he will not be permitted to offer any additional evidence after this point, consistent with the protective order I am requesting in Section V-1 above.

V-5-E: Interrogatory #6

Interrogatory #6 asks the defendant, "Aside from the injunctions requested in ¶ 155 & ¶ 157 in the Complaint (complete with the consequences mentioned in ¶ 158 of same), state with specificity what other relief can be awarded to me that would actually make me whole in practice. While responding to this, keep in mind the fact that Sydney Redfield almost certainly does not have the assets necessary to monetarily compensate me for these injuries, even if he spends the rest of his life with his wages being garnished, so please incorporate that into your response to this interrogatory."

---

2   His boilerplate objections don't count.

The Defendant did not reply substantively at all to this request. Instead, all he said was that he did not believe I was entitled to any relief in this action.

That is a completely evasive answer. I asked him what relief he could suggest that would make me whole in practice, not what relief he felt I was entitled to. In other words, I asked him to assume that he would be found liable for defamation and work from there. Of course he doesn't think I'm entitled to any relief; he doesn't get to make that call.

Think about it this way: In the fairly recent Idaho defamation case of Rebecca Scofield v. Ashley Guillard – which you can learn about here: https://www.youtube.com/watch?v=80h2048o7Fc – the Plaintiff obtained a summary judgment on the issue of liability. They then went to trial solely on the issue of damages. At that point, did Guillard get to argue thatScofield is "not entitled to any relief?" Of course not. At that point, she had to argue facts (and specific facts at that) in order to minimize the relief she would have to pay.

Likewise, in this interrogatory, I asked the Defendant to offer an alternative injunction to that which I ask for in the Complaint, that would make me whole in practice. Of course, if I cannot prove defamation, this injunction would be moot, but that doesn't mean he gets to just ignore the interrogatory.

I therefore ask the Court to order the defendant to amend his response within seven days and provide a substantive and complete response to this interrogatory. If he fails to do so, the Court should sanction him by ordering that it be deemed admitted by the Defendant that nothing short of the injunctive relief requested in the Complaint would be sufficient to make me whole.

### V-6: The Defense should be sanctioned for its bad faith.

In addition to being made to amend their responses, the Court should also consider imposing sanctions on the defense counsel for acting in bad faith in the first place. At every step, the Defendant hasn't even *attempted* to cooperate in good faith with discovery requests. From his boilerplate objections, to his complete failure to make any reasonable inquiry into requested admissions, to his copy-pasted, non-individualized and incomplete responses to my requests for production, to his utter failure to give straight answers in the first instance, the Defense Counsel has acted in bad faith at every turn.

In addition to amending his discovery responses, such systemic bad faith is deserving of sanctions in its own right. Boilerplate objections have been condemned by appellate courts as "nuisance objections" and, even when involving important privileges, have necessitated monetary sanctions to compensate for the time wasted in eliminating them. See Standon v. Superior Court (1990) 225 Cal.App.3d 898 (re impropriety of boilerplate "nuisance" objections); Clement v. Alegre (2009) 177 Cal.App.4th 1277 (re imposition of sanctions for "meritless" and "nitpicking" objections); Williams v. Taser Int'l, Inc. (N.D.Ga 2007) 2007 U.S. Dist. LEXIS 40280 ("Even a cursory review of Taser's discovery responses in this case reveals that its answers to Plaintiffs' discovery requests are, almost without exception, qualified by boilerplate objections to the relevancy of the discovery sought, the undue burdens associated with its production, etc").

As Schwinghamer writes in his article...

"Misuses of the discovery process include making unmeritorious objections and evasive responses that obstruct legitimate discovery efforts. When a party repeatedly asserts generic objections without factual or legal support, the court may impose monetary sanctions, and in egregious cases, issue or evidentiary sanctions.

California courts have consistently upheld sanctions in this context … The court emphasized that discovery must be conducted in good faith and that a party who obstructs that process by refusing to provide straightforward responses acts in bad faith and at their peril.

…

Boilerplate objections are not just lazy—they are a direct violation of the duty of candor and cooperation that governs California discovery. And when attorneys persist in using them, sanctions are not only justified—they're overdue."

I therefore ask the Court to consider issuing appropriate sanctions against the Defense Counsel directly, in order to deter him from engaging in this sort of bad faith, uncooperative behavior in the future.

## VI: CONCLUSION

Wherefore, premises considered, I respectfully pray that this motion to compel discovery, for protective order, and for determination of sufficiency be granted in whole, costs incurred be

awarded, for the Defense Counsel to be properly sanctioned in order to deter this sort of bad faith conduct in the future, and for any other relief to which I may be entitled.

So requested on this, the 25th day of June, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)