J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law, Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Stebbins<br><br>                 Plaintiff,<br><br>    v.<br>Sidney Redfield<br><br><br>              Defendant. | Case No. 4:23-cv-00321-MMC<br>Trial Judge: Hon. Maxine M. Chesney<br>Discovery Magistrate: Hon. Ajay Krishnan<br><br>**JOINT DISCOVERY LETTER**<br>**(ECF 134)** |

Pursuant to the Magistrate's order (ECF 134) regarding discovery disputes, parties submit the following joint letter regarding Defendant's discovery responses to Plaintiff's Set One:

- Request for Production of Documents
- Inspection Demands
- Request for Admissions
- Interrogatories.

Plaintiff also address this court's ruling at ECF 132 regarding subpoenas.

1

## JOINT STATEMENT OF DISCOVERY DISPUTE
## PLAINTIFF'S STATEMENT

Comes now, pro se Plaintiff David Stebbins and Defendant Sydney Redfield, who hereby submit the following joint statement of discovery dispute in the above-styled action.

**Plaintiff's Side**

First, the Defendant's objections are boilerplate. The Defendant is required to state with specificity his reasons for the objection, and he has not done so.

His objections are necessarily in bad faith, such as when he claims that certain terms are "undefined" even though they very clearly are defined. He's just being intentionally obtuse and in bad faith when he tries to say they're undefined.

In his responses to my requests for admissions (RFAs), in 57 of them, he claims lack of knowledge for inability to admit or deny. However, he does not demonstrate that he made a reasonable inquiry into the matters. This is legally insufficient as a matter of law.

In his responses to my Requests for Production (RFPs), he fails to give individualized, complete responses, instead deferring me to the same haystack of evidence and expecting me to sift through it in search of each needle that probably isn't even there. The case law in this district clearly entitles me to "individualized, complete responses," and the defense hasn't done that.

Meanwhile, his responses to five out of six interrogatories are unresponsive and incomplete.

In his response to Interrogatory #2, he failed to give specific factual allegations, which is what I asked for. Instead, he merely restated his one-sentence defenses from his Answer.

His response to Interrogatory #3 is a non-response that is justified based on a lie. He claims I didn't actually ask him to hear my side of the story before

publishing the smear video, but I very clearly did, at least three times, so he still needs to explain why he didn't accept that offer.

🐾 The Defendant has refused to answer Interrogatory #4, but the reason he has given for not answering it does not actually relieve him of his duty to answer it.

🐾 His response to Interrogatory #5 is most likely incomplete, and he needs to either provide a complete response or certify under penalty of perjury that it is in fact already complete.

🐾 Meanwhile, the Defendant has refused to answer Interrogatory #6, and this time, he doesn't even give an excuse for why he shouldn't have to answer it. He just straight-up refuses to answer.

Last but not least, we need subpoenas in order to identify various key witnesses in this case, as set forth in my Second Motion for Issuance of Subpoena Duces Tecum.

## Plaintiff's Proposed Compromise

The Defendant needs to comply in full with my discovery requests, providing reasonable inquiries into the requested admissions, individualized and complete responses to my requests for production, and provide full, complete, and straight answers to each of my interrogatories.

Plaintiff David A. Stebbins ("Stebbins") asks that this court "appoint a deposition officer" at a reduced rate of $ 25.00 per hour and order all depositions be conducted remotely in some fashion.  In short Stebbins, requests that this Court bear the cost of his litigation campaign against people and corporations for whom he perceives have slighted him on social media.

3

## DEFENDANT'S STATEMENT

This case is about a YouTube video in which defendant authored a documentary on plaintiff's propensity to litigate.   Defendant has claimed that there are ten defamatory comments in this video.   This is a diversity case in which California defamation law applies. (ECF 1).

Defendant propounded 400+ discovery requests:  RFD's (314), RFA's (112), ROG'S (6), and Inspection Demands (3). (ECF 133). Defendant timely complied with Plaintiff's discovery requests expect the inspection demands were objected to in a supplemental response on overbreadth grounds.   Defendant has produced over 1GB of data in response to the production demands.

The meet and confer occurred approximately at 7:50am PST on 6/25/26 via Zoom. Defendant's counsel had set aside the entire day for the meet and confer if needed.   The meet and confer last 20 minutes when Plaintiff terminated the zoom session. Defendant's legal assistant was also present.

Prior to the meet and confer, Defendant's counsel ask for detailed objections so he could review each request and address each one separately.  This was because of the large number of the requests.  Plaintiff refused. The dispute centers on the ambiguity of RFA's.

At the meet and confer, Plaintiff presented two exemplars of non-compliance:
**REQUEST NO. 7:** Admit prior to him making the smear video, I contacted the Defendant through his email address of sidalpha@sidalpha.com, asking him to hear my side of the story before making his video about me.
**OBJECTIONS:** Vague and ambiguous as to the terms "asking him" and "his video about me"; and unintelligible as to "the smear video" which is undefined.
**RESPONSE:** Without waiving any objections, admit in part, deny in part. Admit that Plaintiff e-mailed Defendant with a cease-and-desist request, but deny that Plaintiff asked Defendant to hear and consider Plaintiff's "side of the story."

Defendant's counsel explained that he could not assume what the term "smear

4

video" meant as defendant has authored over 1000 videos on YouTube. Plaintiff became hostile and insisted that Defendant and Defendant's counsel should know what the term "smear video" meant. The Defendant did answer this RFA, but the answer probably could have been better written as:

> **RESPONSE:** Without waiving any objections, admit in part, deny in part. **Assuming the term " the smear video" means the video at issue in the complaint,** Admit that Plaintiff e-mailed Defendant with a cease-and-desist request, but deny that Plaintiff asked Defendant to hear and consider Plaintiff's "side of the story."

The second exemplar, RFA 87 is difficult to answer as it is unspecific. Defendant cannot speculate as the term "…the crime..".

> **REQUEST NO. 87**: Admit that I never plead guilty to the crime.
> **OBJECTIONS**: Vague and ambiguous as to "plead guilty," and "the crime."
> **RESPONSE**: Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.

In the meet and confer, Defendant's counsel explained that with no definition of "…the crime…", one cannot admit or deny, as Defendant may have had a misdemeanor jaywalking ticket. Plaintiff found this response unacceptable and terminated the meet and confer. As such, Defendant's position is that only two RFA's were discussed at the Meet and Confer.

Defendant's counsel asks that this Court issue an order that any discovery be focused on the alleged defamatory comments in the movie, which is the only publication at issue in this case. (FRCP 26). Defendant's counsel has spent 1 hour at a billing rate of $ 325.00 per hour on this discovery dispute. (FRCP 37).

Defendant takes no position on Plaintiff's request for $ 25.00/hr deposition officer but requests that this be applied to both parties if allowed. Plaintiff has agreed that depositions can handled remotely (likely via Zoom).

Respectfully submitted,


 /s/ David Stebbins                                          /s/ J. Curtis Edmondson
David Stebbins (pro se)                          J Curtis Edmondson
123 W. Ridge Ave.,                                3720 SW 141st Ave
Apt D                                                       Suite 212
Harrison, AR 72601                              Beaverton OR 97005
870-204-6516                                        (503) 336-3749
acerthorn@yahoo.com                         jcedmondson@edmolaw.com
                                                               Counsel for Defendant

6

**ATTESTATION**

TO BE ADDED

DATE:   June 26, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for defendant

## CERTIFICATE OF SERVICE

I certify that on 6/26/2026  I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATE:   June 26, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for defendant