David Stebbins          123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                          Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

## <u>NOTICE TO COURT THAT THE DEFENDANT HAD</u>
## <u>UNLAWFULY TAMPERED WITH THE JOINT STATEMENT</u>

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Notice to the Court that Dkt. 135 – Joint Notice of Discovery Dispute – has been unlawfully tampered with by the Defendant.

Although I'm the one who filed the joint statement, I did so only after reviewing the Defendant's "side." I didn't review my own "side" (aka Pages 2-3) because I thought I already knew what it said.

However, after reviewing the notice post-filing, I noticed that the Defense Counsel had done something that deserves sanction: He added a new thing to my side that I didn't write. Specifically, Page 3, Lines 21-25 appears to contain a segment where I re-open the previously-denied Motion to Appoint Deposition Officer (Dkt. 130). This was not included in my original draft of the Joint Statement.

To prove it, see the following video: https://www.youtube.com/watch?v=61sva98kj20. In that video, you can see that I show the attachment of my email to the Defense Counsel. I also download that attachment and scroll through it. As you can clearly see, I never said anythign about re-litigating the Motion to Appoint Deposition Officer.

This means that the Defense Counsel knowingly and unlawfully added an extra paragraph, but did so in such a way as to make it appear that I was the one saying it, rather than him.

If I had caught that before filing the notice, I would have insisted that it be taken out, or at least relocated to the Defendant's section of the notice. However, as I just said, I didn't pay very

close attention to my section of the Notice because I didn't expect the Defense Counsel to sink to that low.

If the Defense wants to get his own deposition officer for only $25 per hour, he can raise that issue himself. But he does not have the right to include that in my section of the joint letter and make it look like I'm the one trying to frivolously re-litigate a matter that has already been decisively decided by the Court. I disagree with the Court's ruling in Dkt. 131, but I will not attempt to re-litigate the issue except on appeal. But the Defense Counsel would have you believe that I am attempting to give myself an unlawful second bite at the apple, when in fact it is he, not I, who is deceiving the court by making it appear that I'm saying things I'm not saying.

I therefore ask the Court to either …

(1)    Strike Page 3, Lines 21-25 from the Joint Letter, or

(2)    Keep it as part of the record, but acknowledge that it is the Defense's position,not mine.

The Court should also consider ordering the Defense Counsel to show cause why he should not be sanctioned for this act of fraud (or at least attempted fraud). This almost certainly violates the lawyers' code of ethics[1], and they also constitute a violation of Fed.R.Civ.P. 11 as well.

So notified on this, the 29th day of June, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)

---

1   Which you can find here: https://www.calbar.ca.gov/legal-professionals/rules/rules-professional-conduct/current-rules-professional-conduct