David Stebbins          123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                             PLAINTIFF

VS.                         Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

**<u>EMERGENCY MOTION FOR STAY AND CONTINUANCE OF ENTIRE CASE</u>**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Stay of Proceedings and to Continue the Case indefinitely.

**Use of "Emergency" tag in motion**

I am using the "emergency" tag in this motion because, if I don't, the Court will just take months and months to rule on it, just like it did with all of my pre-service of process motions to subpoena the Defendant's identity from YouTube. For this specific motion, that will irreversibly prejudice me for reasons that will become apparent momentarily. Therefore, an immediate response from the Court is needed to prevent irreparable harm to my due process rights.

**Facts**

The Defendant and I have submitted a joint discovery dispute to Magistrate Judge Krishnan. See Dkt. 135. Judge Krishnan refuses to tell me how long it will take for him to respond to this discovery dispute. See **Exhibit A**.

Because this is my *initial* discovery requests, I need the responses to them before I can conduct any follow-up discovery. For example, I need proper responses to these discovery requests before I can draft a set of questions to ask the Defendant during deposition. Even if Judge Krishnan declares all of the discovery responses to be sufficient (which he cannot do without patently ignoring a multitude of case law, but that's never stopped judges in my cases before), I still need to know *that* before I take the Defendant's deposition, so I can plan accordingly.

Furthermore, if the Defendant is going to be emboldened to continue to engage in the sort of bad faith "playing dumb," boilerplate objections, and lack of straight answers, then I need to

Case 4:23-cv-00321-MMC                    -1-                    Motion for Stay

be aware of that as I conduct further discovery, so I can plan accordingly.

This means that my ability to conduct discovery is effectively on hold until this discovery dispute is resolved.

In my past experiences, magistrate judges usually take months and months to rule on motions to compel discovery. They'll usually wait until a few weeks are left before the close of discovery. This typically results in me having no opportunity to conduct follow-up discovery. I firmly believe that those magistrate judges (especially Marchewski) did this out of spite, specifically to inflict as much of the aforementioned prejudice on me as possible, solely because "David Stebbins" was the plaintiff.

Here, the only good reason I can possibly think as to why Judge Krishnan has not issued a ruling on the discovery dispute by now, that isn't grounded in personal spite similar to that described above, is if he is carefully looking at each discovery dispute – all 400+ of them – one at a time and making an individualized assessment of each, even though that shouldn't be necessary. But even if that's what Judge Krishnan is doing, that still doesn't protect me from the aforementioned prejudice of me not being able to conduct meaningful follow-up discovery.

**Relief Requested**

To protect me from suffering this prejudice in this case, I respectfully ask District Judge Cheney to …

1. Order a stay of proceedings in this matter until such time as …

   A) Magistrate Judge Krishnan disposes of the current discovery dispute in this case,

   B) I have had an opportunity to object to his decision pursuant to Fed.R.Civ.P. 72, and

   C) said objection has been disposed of by the district court; and

2. Once the stay is lifted, a new Discovery & Trial Schedule, replacing Dkt. 107, to be issued, adjusting each deadline forward for each day, starting on June 26, 2026 (the date the Joint Discovery Dispute was filed) and ending whenever the conditions in ¶ 1 have been met.

So, for example, if Magistrate Judge Krishnan finally issues his ruling on the discovery dispute on December 15, 2026 (a mere half a month before the current non-expert discovery

cutoff date), I file a timely objection to his order on December 29, 2026, and District Judge Cheney disposes of that objection on January 6, 2027, then that means that 194 days will have been spent resolving this discovery dispute (because 1/6/27 minus 6/26/26 equals 194 days, according to any standard spreadsheet software, such as MS Excel or Google Sheets).

So once the case gets re-opened, every date mentioned in Dkt. 107 would be continued by 194 days. So the new "non-expert discovery cutoff" date would be July 14, 2027, the deadline for dispositive motions would be Oct. 6, 2027, the jury trial would be Jan. 10-14, 2028, and so on and so forth.

If that sounds extreme, lest we forget that it will only be that extreme if it takes Magistrate Judge Krishnan until mid-Ddecember to actually rule on this matter (which is not out of the question, given how I've been treated in the past). And if it does take that long, that alone should demand an inquiry in its own right.

I contacted the Defense Counsel and asked if he would stipulate to this motion. See **Exhibit B**. He did not reply by the close of business that day, and so it is presumed that he does not stipulate.

**Conclusion**

Wherefore, premises considered, I respectfully pray that this stay of proceedings be granted, and for any other relief to which I may be entitled.

So requested on this, the 1st day of July, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)
