David Stebbins          123 W. Ridge Ave., APT D, Harrison, AR 72601

(870) 204-6516          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                      PLAINTIFF

VS.                     Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                     DEFENDANTS

**SUPPLEMENTAL BRIEF TO Dkt. 135 JOINT DISCOVERY LETTER AND DKT. 137**

**EMERGENCY MOTION FOR STAY**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in Support of Dkt. 135 Joint Discovery Letter and Dkt. 137 Emergency Motion for Stay, in the above-styled action.

First, I wish to state on record what I had previously suggested to the Court over private email: That the Court should issue an extradited briefing schedule for the current Emergency Motion for Stay, so the matter can be resolved as quickly as possible. See **Exhibit A**.

Second, the Defendant has admitted over private email that his actions during our meet and confer to resolve the discovery dispute without court action were done in a knowing and malicious attempt to give me the run-around and to sealion[1] me.

On Thursday, July 2, 2026, he once again offered to "confer" with me to resolve the discovery dispute, but only if I followed his preferred format of addressing each discovery request, one at a time, no matter how much that may result in repetitive arguments.

I asked him to explain, in detail, why he insisted so hard on this specific format for meeting and conferring about discovery disputes. He did not reply to that question, instead

---

[1] Sealioning (also sea-lioning and sea lioning) is a type of trolling or harassment that consists of pursuing people with relentless requests for evidence, often tangential or previously addressed, while maintaining a pretense of civility and sincerity ("I'm just trying to have a debate"), and feigning ignorance of the subject matter. Rhetorically, sealioning fuses persistent questioning—often about basic information, information easily found elsewhere, or unrelated or tangential points—with a loudly-insisted-upon commitment to reasonable debate. It disguises itself as a sincere attempt to learn and communicate. Sealioning thus works both to exhaust a target's patience, attention, and communicative effort, and to portray the target as unreasonable. While the questions of the "sea lion" may seem innocent, they're intended maliciously and have harmful consequences.

For more details, read this study on the topic: https://cyber.harvard.edu/sites/cyber.harvard.edu/files/2017-08_harmfulspeech.pdf

Case 4:23-cv-00321-MMC                    -1-                    Motion for Stay

simply claiming that there were motions pending on the matter. I asked him why he reinstated the offer to meet and confer on this matter if he felt it was moot due ot the now-pending motions, but he never responded. I notified him that, if he failed to respond by Sunday evening on July 5, 2026 and explain the double standard, his failure to justify the double standard would be interpreted as a tacit admission that it was, indeed, designed simply to frustrate me and drag out the process for no good reason.

A copy of this email conversation, as well as the argument I submitted to him and the ultimatum I gave him that my argument would be considered uncontested if he didn't reply and contest it, is hereby attached as **Exhibit B**.

The Defense Counsel never replied and contested my interpretation. Therefore, pursuant to the doctrine of "qui tacet consentitur videtur" (he who is silent is taken to agree), the Court should hold that he has tacitly admitted to my interpretation of his actions, and that he was indeed acting in a bad faith attempt to drag out the matter by unnecessarily insisting on only discussing each discovery dispute one at a time, even when that is clearly not required.

The Court should therefore hold the defendant in bad faith when resolving the discovery disputes.

So notified on this, the 6th day of July, 2026.

/s/ David Stebbins
David Stebbins (pro se)