UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

Plaintiff,

v.

SYDNEY REDFIELD,

Defendant.

Case No. 23-cv-00321-MMC  (ASK)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. No. 135

Before the Court is Plaintiff Stebbins's motion to compel discovery responses from Defendant Redfield. Dkt. 135. Mr. Stebbins seeks to compel responses to 57 Requests for Admission ("RFAs"), 314 Requests for Production ("RFPs"), and 5 Interrogatories ("Rogs"). *Id*. Despite the breadth of the disputed discovery requests, Mr. Redfield claims that the parties only conferred for 20 minutes before filing this joint letter later that very same day. *Id*. at 4. This 20-minute Zoom session is insufficient to satisfy the meet-and-confer requirements laid out in the Federal Rules of Civil Procedure and this Court's Civil Standing Order.

Federal Rule 37(a)(1) states, in relevant part, that a motion to compel disclosure or discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Court's Civil Standing Order requires that "the parties must meet and confer to attempt to resolve their dispute." Civil Standing Order for Magistrate Judge Ajay S. Krishnan (rev. April 28, 2026), https://cand.uscourts.gov/sites/default/files/standing-orders/ASK-Standing-Order-for-Civil

United States District Court
Northern District of California

Cases_4.28.26.pdf. Because the parties failed to adequately meet and confer to resolve their dispute as to *each* disputed discovery issue, Mr. Stebbins's motion to compel is **DENIED** without prejudice. *See, e.g.*, *Wallace v. John Stewart Co.*, No. 25-CV-04433-WHO, 2026 WL 1295053, at *6 (N.D. Cal. May 11, 2026) (denying request to compel for failure to meet and confer in accordance with Rule 37(a)(1) and the court's Standing Orders). **Any renewed motion to compel discovery responses must certify that the parties met and conferred on each disputed discovery issue.**

With respect to the two RFAs on which the parties did confer, the Court rules as follows. As to RFA 7, the Court finds that Mr. Redfield's proposed amended answer would appropriately moot the parties' dispute. Accordingly, if Mr. Redfield amends his answer as proposed, the Court need not take any further action on this issue. If Mr. Redfield chooses not to do so, Mr. Stebbins may re-raise the issue. As to RFA 87, to the extent that Mr. Redfield has an understanding as to the "crime" at issue, the Court recommends that he adopt the same approach that he proposed as to RFA 7 to moot the dispute. If Mr. Redfield chooses not to do so, Mr. Stebbins may re-raise the issue.

Finally, as to Mr. Stebbins's "Notice" regarding the request for appointment of a deposition officer, Dkt. 136, the Court declines to revisit the issue and will not hold the inclusion of the request in the joint discovery letter against either party.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge