David Stebbins          123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com      870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                    PLAINTIFF

VS.                    Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                   DEFENDANTS

**REQUEST FOR JUDICIAL NOTICE, MOTION IN LIMINE,**

**AND MOTION FOR PROTECTIVE ORDER**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Request for Judicial Notice in the above-styled action.

**Applicable standard**

"The court may take judicial notice at any stage of the proceeding." See Fed.R.Evid. 201(c).

The Court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." See Fed.R.Evid. 201(b)(2). This means that granting this request is not discretionary, but mandatory.

Also, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed.R.Evid. 201(a)(2), and it is well-established, black letter law that other court decisions within the United States qualify as judicially noticeable sources.

**Facts**

On July 7, 2026, the Defendant served me with updated responses to two Requests for Admissions. See **Exhibit A**. One of those updated responses was to Request for Admission #87, which asked him to admit that "I never pleaded guilty to the crime." The Defendant admitted that, but still doubled down on insisting that his claim in the smear video was substantially true. To support this defense, the Defendant cited to the Arkansas Court of Appeals published opinion of Stebbins v. Stebbins, 2017 Ark. App. 428 (the "AR CoA case," for short), which the Court can read here: https://scholar.google.com/scholar_case?case=10572194695092964243.

Case 4:23-cv-00321-MMC                    -1-                    Request for Judicial Notice

The Defendant alleges that it states in pertinent part …

"The son subsequently filed suit against his father, claiming that his father had breached the written contract between the parties that night by failing to provide adequate high-speed internet service. Appellant further claimed that, after he confronted his father about the problem with the internet, his father punched him in the face, and then the father purposely cut his own face with a knife to make it appear as if he had been attacked by his son. Appellant asserted in his complaint that his father pressed criminal charges against him, knowing them to be false, and used the alleged attack as a means to circumvent the lease agreement provision of their parties' contract and unlawfully evict appellant from his house. The complaint alleged 6 separate causes of action including malicious prosecution, abuse of process, defamation, breach of contract, conversion, and battery. Appellant subsequently filed an amended complaint adding additional claims for identity theft, the tort of outrage, negligence, and forgery. The case proceeded to a jury trial, where the jury was given interrogatories pertaining to only 2 of the 10 claims. Specifically, the jury was instructed on breach of contract and battery and returned verdicts in favor of the father on those two claims. Therefore, the trial court entered a judgment on jury verdict against plaintiff, and the order stated that Appellant's complaint was dismissed."

The Defendant appears to be planning on using this excerpt as evidence that the allegations I describe in ¶ 115 of the Complaint ("in 2011, I was arrested and indicted for domestic battery") is substantially true (and therefore not defamatory) despite my criminal charges being dismissed, because even if I managed to escape a conviction in the criminal case, I was still found by a civil jury to have committed the offense, and, at least for purposes of defamation, that is still good enough to make his relevant claims in the smear video "substantially true."

**Argument**

If that is what he is going with, then the falsity of his position can be proven simply through judicial notice. In fact, you don't even have to be a lawyer to understand how their position is false; you just have to not be so blinded by your anti-Acerthorn hatred and prejudice that you are incapable of seeing what is literally right in front of you.

And when I say "literally right in front of you," no, that is not an exaggeration.

Let's put on our "big boy" thinking caps for a minute here: I was the Plaintiff in that case. In other words, **_I_** was the one suing **_him_** for stuff. The defendant in that case had no counter-

claims against me. It was exclusively *__me__* accusing *__him__* of wrongdoing, not the other way around.

So when the jury in that case had "a claim of battery" put before them, does that I was accused of battering him? Or was I accusing *__him__* of battering *__me?!__*

And then, the jury returned a verdict against me, what exactly does that mean? Does it necessarily mean that I must have battered the Defendant? Or does it simply mean that I failed to prove that *__he__* battered *__me?!__*

This is astonishingly trivial to understand. You don't even have to be a lawyer to know the difference between plaintiff and defendant. Any reasonable person[1] can look at that case and tell that it is not affirming a verdict finding that I battered the defendant.

In fact, information directly to the contrary is found, not just in that published opinion, but in the excerpt that the Defendant directly copied and pasted into his own amended RFA Response! In his own excerpt, it literally says that I allege that "*__his father punched him in the face!__*" It's literally right there, which the Defendant himself cited! THAT was the battery that the jury reached a verdict on!

For the Defendant to allege something so contrary to what he himself cites is a clear, manifest example of "actual malice." The Defendant had, in his possession, clear evidence which contradicts his narrative. He even provides that evidence himself. So what is his excuse for not realizing that it contradicts him? At a minimum, any reasonable person would have felt compelled to at least take a closer look at the record in the case before reaching a conclusion.

Therefore, unless the Defendant, in responding to this Request, can come forth with specific factual statements (with evidence to support them) proving that he was reasonable in making this mistake, then the only explanation for the Defendant's failure to see the truth when it was literally right in front of him that makes sense is precisely what I alluded to in Dkt. 74-4 (Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10), Page 11, ¶ 15, where I explained that....

> "[The Defendant's] mind was 100% made up about me. Nothing I said was ever
> going to change that. Even now, reading this memorandum and being aware of all

---

1 "Reasonable person" being defined as someone who isn't so overflowing with rage and hatred towards me personally that they refuse to accept even an infinitesimal chance that I might be innocent.

the circumstances surrounding the dismissal, he is still 100% convinced that I did it. Why? Because I'm Acerthorn, that's why. Even if I could produce incontrovertible evidence that I didn't do it (such as the alleged victim admitting on a hot mic that he had been lying the entire time, or evidence that the alleged victim's fingerprints were found on the knife but mine weren't), he still would have insisted, with his full chest, that I am guilty of that crime, simply because I'm Acerthorn."

That, however, is the very definition of "actual malice."

However, even discarding all of that, the AR CoA case still cannot be used as evidence that Defamation #10 is substantially true. This is because of the simple fact that, if you actually read the entire opinion (not just the excerpt the defendant copies and pastes), you will find that the judgment of the trial court was ***vacated and remanded!*** For the Defendant to omit that detail from his report is just as much defamation as it was for him to omit the dismissal of the original criminal charges. See Wiest v. E-Fense, Inc., 356 F. Supp. 2d 604, 610 (ED VA 2005) (finding liability for defamation where a conviction is mentioned "without including the fact that his conviction was overturned on appeal"). See also Martin v. Griffin, No. CV 990586133S, 2000 WL 872464, at *18 (Conn. Super. Ct. June 13, 2000) (suggesting that mentioning a felony, coupled with "the omission to mention the reversal of the conviction," could be libelous).

**Relief Requested**

"The court may take judicial notice at any stage of the proceeding." See Fed.R.Evid. 201(c).

The Court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." See Fed.R.Evid. 201(b)(2). This means that granting this request is not discretionary, but mandatory.

Also, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed.R.Evid. 201(a)(2), and it is well-established, black letter law that other court decisions within the United States qualify as "sources whose accuracy cannot reasonably be questioned."

In light of the aforementioned facts and arguments, I ask the Court to...

1. Take judicial notice that the AR CoA case does not constitute proof that I ever battered anyone, let alone the defendant in the AR CoA case;

2. Order that the Defendant cannot use anything from the AR CoA case to support his defense that the allegation in ¶ 115 of the Complaint is substantially true; and

3. Declare that the Defendant was, at a minimum, reckless in his failure to see that the AR CoA case does not in fact support his narrative.

**Conclusion**

Wherefore, premises considered, I respectfully pray that this request for judicial notice be granted, and for any other relief to which I may be entitled.

So requested on this, the 8th day of July, 2026.

_/s/ David Stebbins_
David Stebbins (pro se)