UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                        Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                         DEFENDANTS

**RENEWED DISCOVERY LETTER**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Renewed Joint Discovery Letter in the above-styled action.

**Meet & Confer**

The parties met and conferred on this matter on July 16, 2026. I recorded the conference (and yes, I disclosed to the defense counsel that I was recording), and so you can listen to the recording at the following URL: https://www.youtube.com/watch?v=zCj_qdfkLuQ. Timestamp 1:06 is where I disclose that I am recording. At timestamp 1:47:51 – 1:51:12, I reference a Google AI Overview. A copy of that overview can be viewed at the following URL: docs.google.com/document/d/1PJVFFFI4b3R0-oUV7fwEZo-GRMrxuQRgS6T_VPovfFA

Also incorporated by reference is my written list of issues I have with each discovery response, which you can find here:

docs.google.com/document/d/10kCk8kWrbWUJebHUhtlxxEF83br63UTZYnejDws0M2s

The Defense Counsel agreed to update his written responses to most of the discovery requests. I reserve the right to file a Third Discovery Letter if his updated responses are still legally deficient.

However, there were four responses which he stood his ground on: His responses to (A) Interrogatory #4, (B) Interrogatory #6, (C) Request for Admission #3, and (D) Request for Admission #4. See timestamps 33:50, 47:45, 58:45, and 1:10:30, respectively.

For the reasons set forth below, the Defense's responses to the four disputed responses are still insufficient, and he should be made to supplement them.

**Unilateral nature of this letter**

Magistrate Judge Krishnan's Civil Standing Orders state that, "[i]n the rare event that the parties are unable to file a joint statement, each party may file a statement of at most two pages."

here, the Defendant has refused to cooperate in my attempts to file a joint discovery letter. See **Exhibit A**. Therefore, I am filing this unilaterally.

Remember that Judge Krishnan's standing orders call for "single-spaced" arguments. So that is what I am doing. After this section, there will be a page break, followed by my 2-page argument as to why the disputed discovery requests are without merit and I am entitled to updated responses.

Case 4:23-cv-00321-MMC                    -2-                    Joint Discovery Letter

**Plaintiff's Side of the Story**

In all discovery responses, the grounds for an objection must be stated with specificity. See Fed.R.Civ.P. 33(b)(4); Fed.R.Civ.P. 34(b)(4); Fed.R.Civ.P. 36(a)(5). See also Cadles of West Virginia, LLC v. Alvarez, No. 20-CV-2534, Aug 1, 2022 *at 5 (S.D.C.A.): "Where the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all. As courts have repeatedly pointed out, blanket objections are patently improper, and we treat the general objections as if they were never made. The responding party must clarify, explain, and support its objections. The grounds for objecting to a request must be stated and ... it is well established that boilerplate objections do not suffice." (citations and quotations omitted).

In addition, when it comes to interrogatories, any objection not timely raised is forever forfeited. See Fed.R.Civ.P. 33(b)(4). This, combined with the fact that a boilerplate objection with no specificity or clarity is legally tantamount to no objection at all, means that the Defendant's objections to Interrogatories #4 and #6[1] cannot be updated or supplemented. The Defendant must substantively respond to the requests, no matter what.

For Interrogatory #4, the Defendant's objections are boilerplate. The only way it isn't boilerplate is if all injuries that are even nominally considered medical automatically and necessarily require expert testimony to determine their cause. But that's not true. As I explained in the meet and confer, at timestamp 29:38 – 31:00, it is absolutely possible for a "medical" injury to not require a medical expert to diagnose the cause thereof.

Even barring that, the Defendant's objection said that he could possibly identify the cause thereof via "a review of Plaintiff's medical records and probably treating physician's care they provided." Since I provided the medical records in my 26(a) initial disclosures, they already have what they themselves admit they need in order to respond to this interrogatory.

The Defense attempted to move the goalposts by saying that I haven't submitted an "expert report" yet. Well, here's the thing: They didn't raise that in their first objection, so they can't raise it now, due to Rule 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

Therefore, the Defendant needs to update his response in order to (A) remove all objections, since he has forever lost the privilege to object to this interrogatory, and (B) update his substantive response to provide evidence to prove that my pnuemonia was caused by my living conditions rather than the stress from the smear video and the subsequent harassment. If he does not, then I ask the Court to sanction the Defense under Fed.R.Civ.P. 37(b)(2)(A)(i) by ordering it be deemed established that the smear video and the subsequent harassment was, indeed, the but-for cause of the pnuemonia.

For Interrogatory #6, again, the Defendant's objection is boilerplate, and this time, it isn't even a "medical" issue that I'm asking him to address. Therefore, his objections must be stricken, and because of Rule 33(b)(4), he can't raise any more.

Therefore, he must substantively respond to the Interrogatory, which means that he must provide his suggestion for an alternative set of injunctions that would have the effect of making me whole in practice, restoring my reputation in full and making the harassment stop forever.

---

1   As well as every other interrogatory, if their updated responses are still insufficient.

But he hasn't done that. The hypothetical injunctions that Defense Counsel gave were patently ludicrous. For example, free pizzas once a week for the rest of my life?![2] Seriously?! How is that going to make the harassment stop or repair my reputation?! It's clear the Defendant wasn't even *trying* to come up with serious alternatives!

I therefore ask that the Defendant be ordered to (A) remove his objections and not raise any more, and (B) respond substantively to this interrogatory. If he does not do so, then I ask that the Court sanction him under FRCP 37(b)(2)(A)(i) by ordering it be declared that, if I prevail as a matter of law on the issue of liability (whether on the motions or at trial), then I will be entitled to the injunctions I request in ¶¶ 155-158 of the Complaint.

For Request for Admission #3, the Defendant's objection is boilerplate. You can't just declare that a word is "ambiguous," give no details, and expect me to read your mind as to what clarity you expect me to give. Therefore, the Defendant should be ordered to update his objection. If he does not do so, then I ask that he be held in contempt of court.

For Request for Admission #4, he again issues boilerplate objections that should be treated as tantamount to no objection being made at all. See Cadles, supra. Furthermore, he claims lack of knowledge as to why he cannot admit or deny. However, going to do that, case law requires him to actually verify that he has conducted a reasonable inquiry, and "state fully" the efforts. See Khan v. San Francisco Dept. of Public Health, No. 24-cv-9289, Dkt. 36, Dec 12, 2025 *at 5 (N.D.C.A.). Since the Defendant has not done that, or even attempted to do that, he must update your admission.

I therefore ask that the Court order him to update his response to comply with Khan, and if he fails to do so, he should be held in contempt of court.

**Plaintiff's Proposed Compromise**

I might accept a compromise if the Defendant were to abandon all objections and simply admit Requested Admissions #3 and #4. For the interrogatories, I be content if he simply admitted that (A) the stress I suffered from the smear video and subsequent stochastic terrorism was the but-for cause of the pnuemonia, and (B) the injunctions I request in ¶¶ 155-158 of the Complaint are necessary to make me whole.

**CONCLUSION**

So submitted on this, the 21st day of July, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com

---

2    Timestamp 47:11 of the recording provided on Page 1, Line 11 above.