J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David A. Stebbins,  Plaintiff,  v.  Sidney Redfield  *doing business as*  Sidalpha  Defendant. | Case No. 3:23-cv-00321-MMC-ASK  Defendant Sidney Redfield's Portion of the Discovery Letter  Magistrate Judge Hon. Ajay Krishnan |

Defendant Sidney Redfield ("Redfield") was not too surprised to David A. Stebbins filing at ECF 146 a "unilateral discovery letter" suggesting defendant's counsel as uncooperative.   This is not the case.

Redfield's counsel coordinated a 2+ hour meet and confer call via "zoom" on the discovery issues with defendant's revisions due by midnight, Thursday, July 21 with an agreement to submit my client's portion at the same time.  The assumption was the joint letter would be served on Friday, July 22.

Redfield submits the following short unilateral statement regarding discovery as follows to correct an impression of uncooperativeness.

1

## REDFIELD'S UNILATERAL STATEMENT

Stebbins has served 400+ discovery requests about a single video about Stebbin's propensity to litigate that was posted on YouTube. This court's prior vexatious litigant order against Stebbins *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 WL 6139454, at *11 (N.D. Cal. Aug. 31, 2023) may give some context as to why Stebbins discovery requests in total are largely disproportionate under Rule 26. But Redfield does want to burden this Court with a motion for a protective order.

Redfield has spent a significant amount of time responding to these discovery requests and updating them in response to Stebbin's requests after a 2 ½ hour call.

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer,* 285 F.R.D. 481, 485 (N.D. Cal. 2012). Stebbins has not shown in his moving papers why all of the questions are relevant.

Some of the questions are relevant, but information is lacking at this time. (Interrogatory #4). Some are improper (Interrogatory #6). Some, are irrelevant (RFA #4),

**INTERROGATORY #4 – "State with specificity all evidence you have which proves that my messy living conditions are, objectively, more likely to have been the cause of my pneumonia [sic] than the stress I suffered from the smear video…"**

This interrogatory asks for Redfield to hypothesize an expert opinion on the proximate cause of Stebbin's injuries in connection with the video. Pneumonia is a medical condition with numerous proximate causal effects. (https://en.wikipedia.org/wiki/Pneumonia). Redfield proposes that when Stebbin's expert report is served on defamatory causation and medical damages, then a rebuttal

2

report can be prepared and Redfield's interrogatory response clarified, likely through a rebuttal expert report. Any response by Redfield at this time would be pure speculation as to living conditions and causation.

**INTERROGATORY #6 – "Aside from the injunctions requested in ¶ 155 & ¶ 157 in the Complaint (complete with the consequences mentioned in ¶ 158 of same), state with specificity what other relief can be awarded to me…"**

Counsel has yet to see an interrogatory that asks me to propose remedies to the other party, but this is done all the time in the context of settlement. But absent discussions covered by FRE 408, any response is pure speculation and in essence, asking for counsel to give legal advice to an opposing party.

**REQUEST FOR ADMISSION #3 – "Admit in January of 2022, the Defendant announced on Twitter (now known as X) his intention to make a video about "Acerthorn."**

Stebbins agreed to remove his objections and admits.

**REQUEST FOR ADMISSION #4 – "Admit Acerthorn is my alias on YouTube and other social medias.."**

The objection was vagueness of the phrase: "…other social medias…". There may be the known large players in social media – like "X" and "Instagram", but there must be hundreds of smaller social media sites, even personal electronic bulletin boards that would qualify under this definition. Further the identifier "Acerthorn" can be impersonated by simply creating an account with this identifier (aka "TheRealAcerthorn"). It is question that cannot be admitted or denied without searching the entire internet, which makes this request unreasonable under the proportionality standards of Rule 26.

Respectfully Submitted,

DATE:   July 21, 2026

/s/ J. Curtis Edmondson

J. Curtis Edmondson
Counsel for Defendant

4