J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| David A. Stebbins, <br><br> Plaintiff, <br><br> v. <br> Sidney Redfield <br> *doing business as* <br> Sidalpha <br><br> Defendant. | Case No. 3:23-cv-00321-MMC-ASK <br><br> Defendant Sidney Redfield's Opposition to Plaintiff David A. Stebbins Request for Judicial Notice and a protective order (ECF 145) <br><br> Hon. Maxine M. Chesney <br> Courtroom 7, 19th-Floor <br> Friday Law and Motion Calendar <br><br> MOTION DATE[1]: July 8, 2026 <br> OPPOSITION DUE: July 22, 2026 <br> REPLY DUE: July 29, 2026 <br> HEARING DATE: August 14, 2026 <br> HEARING TIME: 9:00 am <br><br> Discovery Cutoff: January 1, 2027 <br> MSJ Cutoff: March 26, 2027 <br> Pre-Trial Conf: June 15, 2027  10am <br> Trial: June 28, 2027  9am |

---

[1] Stebbins filed this motion without it being properly noticed and not setting a hearing date, defendant selected the first date after 35 days.

1

Defendant Sidney Redfield ("Redfield") responds to David A. Stebbins ("Stebbins") filing at ECF 145 moved this Court *in limine* to Judicially Notice that (*Id.* at pg 5) and requesting a protective order.

Redfield opposes Stebbin's proposed order which states:

1. Take judicial notice that the AR CoA case does not constitute proof that I ever battered anyone, let alone the defendant in the AR CoA case;
2. Order that the Defendant cannot use anything from the AR CoA case to support his defense that the allegation in ¶ 115 of the Complaint is substantially true; and
3. Declare that the Defendant was, at a minimum, reckless in his failure to see that the ARCoA case does not in fact support his narrative.

Attached to this opposition/objection is Ex.1, which is Stebbin's own filing in the District of Arkansas, with his own plea agreement attached. See *Stebbins vs. Boone County*, *AR* (Dist AR 2012 filed 5/20/2014) 12-cv-03022.

The Sentencing Order (pp. 7-8), which is in the public record, states that Stebbins was represented by counsel (Ms. Kennedy) and that he was found guilty of 3rd degree domestic battery with a one-year probation.  (See pg. 9).

This appears to be a judicial admission of the act of battery by Mr. Stebbins.

The final judgment, in the aforementioned case, affirms the conviction of Mr. Stebbins "…for stabbing his father in the face with a kitchen knife…". (Ex. 2, pg. 7).   This judgment was then affirmed on appeal to the Eighth Circuit. (Ex. 3).

The trier of fact is best left to make factual determinations in view of all evidence available.  (See ECF 1, pg 25. "...III-10: Defamation #10 – I was convicted of domestic battery...").

It would be inappropriate to disallow defendant's counsel to cross-examine Stebbins, using his own his admissions for impeachment purposes, if he intends to

pursue his tenth count of defamation.  Mr. Stebbins can take the position that he was "..never arrested and indicted for domestic battery…" (ECF 1, ¶115)  which, in fact did occur by his out admission. (ECF 1, ¶116  "…While this is technically true…")

Counsel for Redfield therefore respectfully requests the denial of Stebbin's motion.

Respectfully Submitted,

DATE:   July 22, 2026

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Counsel for Defendant