David Stebbins          123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com     870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                     Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                             DEFENDANTS

**REPLY IN CONTINUED SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Request for Judicial Notice in the above-styled action.

At first, the Defense sought to prove Defamation #10 to be substantively true by claiming that I was "convicted by a jury" in a civil matter on the charge of battery. See Dkt. 145-1. I then filed a Request for Judicial Notice, thoroughly demolishing the Defendant's logic by pointing out how that this civil matter was in fact for me being the *victim* of a battery, rather than the *perpetrator* of one. See Dkt. 145, Page 2 Line 9 through Page 3 Line 14.

Now, switches horses yet again, the Defendant instead turns to some entirely unrelated legal proceedings in federal court, where I supposedly attached a sentencing order which said that I entered a plea of guilty. The Defense now claims that "[t]his appears to be a judicial admission of the act of battery by Mr. Stebbins." He then points to a federal judge who wasn't even on the case arbitrarily saying I was convicted.

### The Defendant keeps changing his story.

First of all, I just want to point out that this is literally the *third time* the Defendant has changed his story after having facts explained to him that proved him wrong, but he was still unwilling to admit he was wrong. First, in his lawsuit reaction video[1], he claimed that I allege that my conviction was overturned on appeal. After I filed Dkt. 74 and explained that "in fact, I am asserting that I was never convicted in the first place; there was nothing to appeal, and that the dismissal of charges was based on the prosecution realizing that the evidence against me was pathetically weak," he then changes his story, when responding to the RFAs, to say that I "was convicted by a jury as stated in the Arkansas Court of Appeals record from the Stebbins v.

---

1   Which I reference in Dkt. 74-4, Page 5 at ¶ 7 and Page 9 at ¶ 7.

Stebbins CV-16-16 case." Then, when I filed my Request for Judicial Notice and explained to him what should have been trivially obvious all along, he then changes his story *again* and instead offers a sentencing order to say that I plead guilty instead.

That's three times he has changed his story in this case, just on Defamation #10 alone. What's next? After he reads the arguments I make below, is he going to change his story ***a fourth time?!*** Or a fifth?! Or a tenth?! O a hundredth?!

In addition this being a golden opportunity for me to eviscerate the Defendant's credibility at trial in front of the jury, it also means that the Defendant appears to implicitly concede to the original premise of the Request for Judicial Notice: That his interpretation of the civil matter of Stebbins v. Stebbins was inaccurate and does not support his defense that Defamation #10 was substantially true. Therefore, by the Defendant's own tacit admission, I am still entitled to the relief requested in Dkt. 145, Page 5, Lines 1-6 in this case.

**A cursory review of the totality of the record, without seething hatred towards me, clearly shows that the sentencing order is inaccurate.**

Now switching horses, the Defendant appears to abandon his reliance on the AR Court of Appeals' decision in the civil case, and instead purports to rely on the sentencing order in the AR Circuit Court criminal case, which purports to state that the sentencing was based on a …

█negotiated plea of █guilty

However, this sentencing order is not dispositive, and when you look at the documents in that case which *are* dispositive, it becomes abundantly clear that this sentencing order is inaccurate insofar as it claims that I pleaded guilty.

In fact, I don't even have to present any evidence I haven't already presented! I hereby incorporate by reference Dkt. 72, Dkt. 73, and Dkt. 74 in this action: My Motion for Leave to File Under Seal, Request for Judicial Notice, and Motion for Partial Summary Judgment on the Issue of Liability for Defamation #10, respectively. Although the transcript filed as Dkt. 72-1 was inadvertently not served on the Defendant, it was still included in my 26(a) initial disclosures, so the Defendant now has access to that transcript as well.

By looking at those three docket entries, we can clearly see can clearly see that I have not

one, but two court transcripts in my favor. We have...

1. A transcript of a February 8, 2013 in the Boone County Circuit Court – Criminal Division (or just "The Feb Transcript" for short) where, at Page 3 Line 21, I am clearly depicted entering a plea that is inadmissible in this case under FRE 410(a)(2), and

2. A transcript of a May 13, 2013 hearing in a civil matter (or just "the May Transcript" for short), filed in the instant case as Dkt. 74-1, before the same judge as in the criminal case (Gordon Webb), where, at Page 42, Lines 8-9, he clearly states based on his own personal memory[2] that I "neither pled guilty nor did he -- nor was [I] found guilty."

Now, in the best case scenario, this would arguably create a triable issue of fact, as that merely means there are multiple contradictory proofs. However, because these are all court documents, the Court can take judicial notice as to which one supersedes the other in terms of probative value. And since the Court *must* take judicial notice whenever asked to do so by a party, it must do so here.

First of all, the sentencing order is definitively secondary to the transcripts in terms of probative value, owing to the fact that the sentencing order is a derivative of the February transcript, whereas the two transcripts are both original documents. Under FRE 1002, the Court must accept original documents whenever they are available.

Think about it: One way or another, one of these court documents HAS to be wrong. There's simply no way around it. The only question is... which one is wrong? Well, it's not that difficult to figure out. Once again, let's put on our "big boy" thinking caps and see if we can figure this out.

If we are to assume that the sentencing order is inaccurate, what's the easiest way to explain how that inaccuracy happened? Well, if you look at the section of the sentencing order, you will see that (A) the option for "no contest" was right next to the option for "guilty," and (B) options appeared to be selected by clicking on a box next to the two options.

So, in order to believe that the sentencing order is inaccurate, one need only assume that the clerk made a quick typo and clicked the wrong box. Just like how, sometimes, you might move your mouse to the top-right corner of the screen in an attempt to click the "x" box in order

---

2   Dkt. 74-1, Page 42, Line 5: "the Court recalls this clearly."

to close down your browser, an MS Word file, or some other window, only to inadvertently click the "double square" icon to switch it from full screen to windowed mode. Or some other, similar situation where you mean to click one thing but inadvertently click the thing right next to it. We've all done it before; if you say that's never happened to you, you're lying.

This is made even more probable when you consider the possibility that the clerk in this case might just be used to clicking "guilty," as I can easily see that this is by far the most common type of plea entered in a plea bargain.

So it seems quite plausible that the sentencing order can be inaccurate, and since we ***must*** accept that ***at least one*** of the documents at issue here is necessarily inaccurate, this seems like a good choice.

Now let's look at the two transcripts that I've already introduced. In order to accept that the sentencing order is correct and these two transcripts are wrong, ALL of the following (not just one or two things, but *everything*) must be true at the same time:

1. The Feb Transcript erroneously depicts me as entering a plea of no contest when I in fact entered a plea of guilty;

2. Judge Gordon Webb, immediately thereafter, is erroneously depicted as accepting my plea "of no contest" (Page 3, Lines 22-23) when he in fact was acknowledging a plea of guilty;

3. In the May Transcript, Judge Webb is also erroneously depicted as finding that I did not plead guilty, when that is in fact the opposite of what he found; and

4. Despite acknowledging that I had plead guilty, Judge Webb still denied the Defendant's Motion for Summary Judgment, and allowed the claims of malicious prosecution and defamation to proceed, despite it being black letter law in all 50 states that a guilty plea under those circumstances should have been an absolute defense to both defamation and malicious prosecution.

All four of the above things must be true in order for the Court to take judicial notice in the Defendant's favor. But in order for you to believe all four of those things, at that point, you're squarely in "tinfoil hat" territory. Sure, Courts typically favor letting juries decide between two

competing sides, but not in cases where one side smacks so much of government conspiracy and cover up (for the benefit of a man that isn't even 1% important enough to receive that kind of treatment, no less) that even the Flat Earth Society would tip their hats to it! See Matsushita v. Zenith, 475 US 574, 566 (1986) ("the issue of fact must be 'genuine.' When the moving party has carried its burden... its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

**The sentencing order is still inadmissible anyway... under the hearsay rule!**

But even if the Court miraculously accepts that the sentencing order is accurate despite all reason and logic, it still doesn't save the Defendant. The sentencing order is still inadmissible because it's hearsay. Of course, there are an astonishing number of exceptions to the hearsay rule. It's often a running joke among lawyers that it's actually more of an exception whenever an exception *doesn't* apply. But this is one of those exceptional times!

Normally, convictions in criminal court are indeed admissible. However, the hearsay exception in question is found at FRE 803(22), which requires four criteria to be met in order for a conviction to be admissible, with one criterion (the final one) having the potential to be inapplicable. Those four criteria are...

A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;

B) the conviction was for a crime punishable by death or by imprisonment for more than a year;

C) the evidence is admitted to prove any fact essential to the judgment; and

D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Criterion (D) is not applicable in the instant case, but Criterion (B) still is. Since the crime I plead to (whether that plea be guilty or no contest) was only a misdemeanor, that means that, even if it resulted in a conviction, it is still inadmissible because it was not "punishable by... imprisonment for more than a year."

Therefore, because there is no applicable exception to this hearsay rule, that means that FRE 802 is applicable, rendering the sentencing order inadmissible!

**The District Judge's arbitrary declaration that I was convicted is not binding on this court, and in any event is inadmissible under FRE 1002.**

Next, the Defendant claims that a district judge in Arkansas made the finding that "ultimately convicted on a charge of domestic battery." See Dkt. 148-2. However, that judge's decision is not binding on this court.

It does not create res judicata, since I am not suing Sydney Redfield for malicious prosecution in connection with those criminal charges.

The judge's arbitrary finding that I was "ultimately convicted" is just as much hearsay as the sentencing order. He wasn't basing it on personal knowledge. He certainly doesn't point to any evidence on the record supporting his claim that I was convicted. He wasn't even in charge of the original case.

If that alone gave the Defendant a claim to the "truth" defense, then the Court is about to open one massive set of floodgates. If judges have the power to arbitrarily declare things about the litigants in front of them, and private citizens then have carte blanche to repeat those outlandish accusations and use that judge's so-called "finding" as an absolute defense to defamation, then what is to stop especially malicious judges from making the most vile, heinous claims about anyone they don't like, such as "Stebbins is sexually attracted to prepubescent children and has personally molested more than 50 children younger than 10 years old," and even though those accusations have zero evidence behind them, it doesn't matter: Simply because a judge said it as part of the record, that means everyone on earth now has a free pass to repeat those accusations, and if I try to sue them for defamation, they can just point to this judicial "finding" as an absolute bar to a defamation claim.

That is obviously not the kind of floodgates the Court wants to open. Therefore, the only way to keep them closed is to find that District Judge Brooks' finding is not binding on this court, especially when it contradicts the transcripts of the original Circuit Court proceedings that actually do matter in this case. Maybe if the original records were unavailable (e.g. due to sealing), but they aren't; I've produced the original transcripts, which take precedence over everything else according to FRE 1002, so we can see for ourselves that the district judge is full

of it when he made that finding.

**The Court has the means of obtaining the original judgment.**

As I explained in my original Request for Judicial Notice (Dkt. 73), even though the original record has been sealed, judges and prosecutors can still see the file. This means that this Court can simply ask for a copy of the file to be sent to its own chambers if it so chooses.

Remember that the sentencing order and the federal judge's arbitrary finding are both derivatives. Pursuant to FRE 1002, the original judgment is necessary to prove whether or not I was convicted or whether I plead guilty. An exception exists for when the original is unavailable, but as I just said, it *is* available if the Court were to order a copy of it for itself!

Therefore, the Court can take judicial notice, that the original judgment in the Circuit Court of Boone County was in fact a total dismissal of the charges, no finding of guilt, no nothing, and it was based on a plea that is inadmissible in this case under FRE 410(a)(2).

We don't need to do this back and forth. The Court can end it right here, right now. All it has to do is order a copy of the file.

**Even barring all of this, the Defendant still committed slander by not disclosing any of this in his original smear video.**

But even if we discount all of that, that still doesn't save the Defendant here. He still slandered me, for one simple reason: None of this was disclosed or even hinted at in his original smear video.

Remember that, at least for Defamation #10, I am not suing him for saying something that is directly untrue. I am suing him for lying *by omission* and, in doing so, creating an *implication*[3] of something that is false.

In the original smear video, the Defendant never spoke of any of these things, my dismissal, my plea, the sentencing order, none of it was ever mentioned or even hinted at. All he did was mention my arrest and indictment, and everything else was left up to the audience's ima-

---

3    See Issa v. Applegate, 31 Cal. App. 5th 689, 703 (2019) ("In determining whether a statement is [defamation] we look to what is explicitly stated as well as what insinuation and implication can be reasonably drawn from the communication. If the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or otherwise creates a defamatory implication, he may be held responsible for the defamatory implication, even though the particular facts are correct") (cleaned up).

gination. This necessarily created a "code red" implication that I was, in fact, guilty of the crime. I was duly tried, duly convicted, duly sentenced, it's a signed, sealed, delivered, and etched-in-stone verdict, with no significant procedural or substantive errors, and I'm all out of appeals.

I, of course, am maintaining that the actual truth was a "code green" that the charges were ultimately dropped for want of evidence, and that the prosecution's evidence against me was so weak that it was a miracle he didn't become a laughingstock.

Now, years later after publishing the smear video, the Defendant is offering evidence that, in the best case scenario, might avoid the aforementioned "code green" scenario, but would instead create a middle-ground "code yellow" scenario, where, instead of me being clearly guilty or clearly innocent, it's more of a case of "the record in the case is a great big clusterfluk of confusion; the resolution of those charges was extremely murky and confusing, with some documents suggesting a dismissal of charges, others suggesting a conviction. Even the judges in Arkansas are in disagreement about what the final judgment was."

However, that "code yellow" narrative is still substantially different from the "code red" narrative that he deliberately implied for his audience. To prevail on the defense of substantial truth, the Defendant must demonstrate that his original smear video, by itself, already captured the "gist or sting" of the actual truth. If the actual turth only becomes apparent during litigation, that doesn't count.

The current "code yellow" version of events that the Defendant is currently advocating for is still far too different from the "code red" version he implied in the smear video. Now, if the actual truth were more along the lines of "the conviction was only overturned on a technicality," then maybe that would be a case where the original smear video sufficiently captures the "gist or sting" of the actual truth enough to escape liability for defamation, provided the court record in Arkansas was consistent about what actually happened, unlike here. But that's not remotely what we have.

If the Defendant wanted to avoid liability, he had a legal duty to disclose, in his smear video, ALL of the things which he is now advocating: The arrest and indictment, the dismissal of the charges, AND the seemingly contradictory sentencing order, all in equal measure.

For an example of how to do something like that, look at this video from Ray William Johnson: https://www.youtube.com/watch?v=W8r4w8gsNgA. Notice, at timestamp 1:40-4:04, he discusses all the things that happened from the police's point of view, which create probable cause for them to arrest that woman. Then, at timestamp 5:50-6:10, he reports that the charges are dropped, and as if that weren't enough, he even acknowledges the possibility of want of evidence as one potential reason for the dismissal! Then, at timestamp 7:12-7:34, he reports on the leaked police bodycam footage, which proves that everything he discusses at 1:40-4:04 really happened, thereby restoring public suspicion that the woman was guilty of child endangerment despite the dismissal.

So Johnson followed the rules for fair reporting privilege to the letter, reporting on the arrest and indictment, the dismissal, and the evidence which restores suspicion, all in equal measure. This is a FULL and FAIR report of the legal proceedings, with the key word being "full."

But here, Redfield didn't do that. He just reported on the arrest and indictment and left it at that. That, however, is a textbook case for precisely what Eugene Volokh was talking about when he wrote his article "Libel by Omission of Exculpatory Legal Decisions." So even if the evidence overall does not support my "code green" claim that the charges were dropped due to a near total lack of evidence (which it does), that alone still doesn't save the Defendant here.

And remember, all of that is assuming that this Court, upon ruling on this request for judicial notice, ultimately decides, despite all logic, that the sentencing order has a greater than one-in-a-million chance of actually being accurate, despite the logic and arguments presented in Page 3 Line 18 through Page 5 Line 6 above. Since the Court cannot do that (at least not without abandoning all pretense of being fair and impartial, and instead becomes nakedly transparent in its bias against me, to the same extent that Judge Timothy Brooks was when he made the entirely arbitrary finding that I was "ultimately convicted"), it must rule that the transcripts supersede the sentencing order and that the sentencing order is inaccurate.

## Conclusion

So now that I have just taken the Defendant's *third* attempt to move the goalposts and tore it to shreds, I am eager to hear what his *fourth* attempt is going to be. Will he actually find

something that holds up to more than 2 minutes of scrutiny this time, assuming you don't look at the mater with so much rage and hatred towards me personally that you are unable to see what is literally right in front of you? Or perhaps, heaven forbid, he might finally admit he was wrong and, maybe, just maybe, actually *apologize?!*

Wherefore, premises considered, I respectfully pray that the Request for Judicial Notice be granted in my favor, and for any other relief to which I may be entitled.

So requested on this, the 23rd day of July, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)