J. Curtis Edmondson (CA SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Stebbins,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Sidney Redfield *doing business as* Sidalpha,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-00321-MMC-ASK<br><br>**DEFENDANT SIDNEY REDFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hon. Maxine M. Chesney<br>Courtroom 7, 19th-Floor<br><br>MOTION DATE: July 23, 2026<br>OPPOSITION DUE: August 6, 2026<br>REPLY DUE: August 13, 2026<br>HEARING DATE: August 28, 2026<br>HEARING TIME: 9:00 am<br><br>Discovery Cutoff: January 1, 2027<br>MSJ Cutoff: March 26, 2027<br>Pre-Trial Conf:  June 15, 2027  10am<br>Trial: June 28, 2027  9am |

1

## NOTICE OF MOTION

**TO DAVID STEBBINS aka ACERTHORN:**

**PLEASE TAKE NOTICE** that Defendant Sidney Redfield ("Redfield") will and does hereby move this Court to dismiss this case under the doctrine of claim-splitting/claim preclusion/res judicata in view of the allegations in the First Amended Complaint filed by David A. Stebbins in *Stebbins vs. Alphabet* (CAND 2022) 22-cv-00546 ("***Alphabet Case***") and this case ("***Redfield Case"***). Stebbins pled the same nucleus of operative facts in his both cases.

This motion is scheduled for 9:00 a.m., August 28, 2026, before the Honorable Maxine M. Chesney, Courtroom 7, 19th Floor, the United States District Court for the Northern District of California., Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102.

This Motion will rely on the judicial record of this case (***Redfield case***) and the prior ***Alphabet Case*** (both subject to judicial notice), the arguments made in the Memorandum of Points and Authorities below, any Reply brief filed, and oral argument, if any permitted by the Court herein.

Respectfully Submitted,

DATE:   July 23, 2026

*/s/ J. Curtis Edmondson*

J. Curtis Edmondson
Counsel for Defendant

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELEVANT FACTS

Plaintiff Stebbins has filed multiple lawsuits in this Court.  At issue here are two key cases:

On Jan 27, 2022, plaintiff Stebbins sued Alphabet (the parent company of YouTube) *Stebbins v Alphabet, Inc, et. al*. (2022) 4:22-cv-00546-JSW (hereinafter "***Alphabet Case***").

On March 8, 2022, Stebbins amended his complaint to include "John Doe #3 aka SidAlpha")(see *Alphabet Case*, ECF 15 "***Alphabet FAC***"). Stebbins alleged that Redfield posted a YouTube video at URL https://www.youtube.com/watch?v=WB-Xd1qDKIY.  (***Alphabet Case***, ECF 15, ¶112.)

On April 27, 2022, Stebbins proposed a second amended complaint. (see *Alphabet Case*, ECF 17-1, "**Alphabet SAC**").  Stebbins alleged that Redfield posted a YouTube video at URL https://www.youtube.com/watch?v=WB-Xd1qDKIY. (***Alphabet FAC***, ECF 15, ¶112).  Stebbins also alleged that SidAlpha was "…**defaming me** [Stebbins] when they called me deranged!...".  (***Alphabet Case***, ECF 17-1, ¶176).

On January 20, 2023,  Stebbins sued SidAlpha again because of SidAlpha's posting of a YouTube video with the URL https://www.youtube.com/watch?v=WB-XdlqDKIY.  *Stebbins v Redfield* sba SidAlpha (CAND 2023) 23-cv-321 (hereinafter ***Redfield Case***, ECF 1, ¶ 7).

On January 20, 2023, Stebbins sued Google, LLC for DMCA violations. *Stebbins v. Google* (CAND 2023) 23-cv-0322 (hereinafter "***Google Case***"). On August 31, 2023, the Court in the **Google Case** declared Stebbins a vexatious litigant. ("Google Case", ECF 71).

On April 22, 2023, Stebbins filed second amended complaint (see *Alphabet Case*, ECF 32, "**Alphabet  Revised SAC**").

3

The URLs cited by Stebbins in both cases are identical (see *Alphabet FAC Case,* ECF 15, ⁋ 112; *Alphabet SAC*, ECF 17-1, ⁋ 112 and the *Stebbins Case*, ECF 1, ⁋ 7).

On December 4, 2024, the *Alphabet Case* was dismissed with prejudice against Redfield/SidAlpha on December 4, 2024. ("*Alphabet Case*", ECF 36.)

**II.     ARGUMENT – STEBBINS CLAIMS ARE BARRED UNDER THE DOCTRINE OF CLAIM PRECLUSION/CLAIM SPLITTING IN VIEW OF THE EARLIER *ALPHABET* CASE**

The doctrine of Claim Preclusion, also known as *Res Judicata,* prohibits lawsuits on any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co. v. Glickman* (9th Cir. 1997), 123 F.3d 1189, 1192.

**A. JUDGMENT ON THE PLEADINGS**

Under F.R.C.P 12(c) and common law, a motion for judgment on the pleadings assumes the well-pleaded allegations of the Complaint are true. A motion for judgment on the pleadings may be granted where the Complaint fails to state a claim for relief that can be granted.  In the context of claim-splitting and claim preclusion, judgment on the pleadings may be brought on the same transactional nucleus of facts.  See *Owens v. Kaiser Found. Health Plan, Inc*. (9th Cir. 2001) 244 F.3d 708, 714.  The documentary video referenced in both cases is the same transactional nucleus of facts (i.e., the same video) as is evident by the same URL (which is now unavailable) in both cases--URL https://www.youtube.com/watch?v=WB-Xd1qDKIY (Alphabet Case, ECF 32, ¶ 117 and Redfield Case, ECF 1, ¶ 7).

Claim-splitting may be brought at any time in a motion for judgment on the pleadings so long as the delay does not prejudice the plaintiff. *Magana v. Commonwealth of the Northern Mariana Islands* (9th Cir. 1997) 107 F.3d 1436, 1446.

**B. CLAIM PRECLUSION/CLAIM SPLITTING AND JUDICIAL ECONOMY**

Our Supreme Court has held in *Federated Department Stores vs. Moitie* (1981) 452 U.S. 394, 398-399, that the claim preclusion doctrine bars a party from litigating an issue that could have been raised in an earlier action. This doctrine serves vital public interests preserving judicial economy. *Id.* at 401. Courts are resource limited.

Claim preclusion, or *res judicata,* applies where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Stewart v. US Bancorp*, 297 F.3d 953 (9th Cir. 2002)(citing *Owens v. Kaiser, supra*).

**1. The same operative facts exist in both cases because Stebbins refers to the Redfield YouTube video in both cases and the first reference was in the earlier 2022 case.**

While the claim against Redfield/SidAlpha (and others) in the ***Alphabet Case SAC*** complained of copyright infringement related to allegations of "harassment and doxxing and dogpiling" (ECF 17-1, ⁋⁋ 46-57).

Stebbins alleges in the **Alphabet Case SAC** filed in 4/22/23 that his potential claims are far broader than copyright infringement.

> "….In addition to copyright infringement, the individual defendants (with the exception of Shira Perlmutter) have joined together to engage in a longstanding and widespread pattern harassment, doxxing, and dogpiling against me. Some joined the hate campaign later than others, but they are all guilty of contributing to the harassment in one form or another….". *Id.* at §46

Stebbins affirms these same operative facts were made in his later filed *Alphabet Case Revised SAC*:

5

"In addition to copyright infringement, the individual defendants…joined together to *engage in a longstanding and widespread pattern of harassment, doxxing and dogpiling against me*. Some joined the *hate campaign* later than others, but there are all guilty of contributing to the harassment…." (ECF 32, ⁋ 53.)(Emphasis added.)

"… [SidAlpha's] *video was filled with lies, slander, harassment and doxing of me*. I am currently suing him for defamation …. (ECF 32, ⁋ 117.)(Emphasis added.)

"All of this harassment, and the stress that resulted in it, ultimately culminated with me developing a life-threatening case of pneumonia, forcing me to be hospitalized for eight days and undergo surgery to save my life, because of all the harassment I have suffered. *I complained about that in my defamation case against SidAlpha*…" (ECF 32, ⁋ 119.)

It does not matter what claims are asserted for the purposes of a claim-splitting/claim preclusion/*res judicata* analysis, the issue is the scope of the operative facts. *Ghusain v. Caltrain, et al.* (N.D. Cal Mar 30, 2026) 2025-cv-09670 cited as 2026 U.S. Dist. LEXIS 68341 *16; "[E]ven where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts")(citing to *Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL1245070, at *2 (N.D. Cal. Mar. 25, 2014).)

Thus, even though Stebbins asserted a different theory against Redfield in the second case (defamation) it was based upon the same transactional operative facts as the first case (copyright infringement) founded on harassment, doxxing and dogpiling him. As such, Stebbins could have included the defamation claim in the *Alphabet Case*, but he chose not to do so.

### 2. Final Judgment on the Merits

The *Alphabet Case* resulted in a final judgment on the merits by Judge Jeffrey White on December 4, 2024, expressly stating the dismissal as to SidAlpha and others was <u>with</u> prejudice. (ECF 36).

### 3. Identity or privity between the parties

Stebbins sued SidAlpha in both the *Alphabet FAC Case* (ECF 15) and this also in the later filed *Redfield* Case (ECF 1, Complaint).

Accordingly, it is clear that the elements for Claim Preclusion have been met.

### C. STEBBINS CLAIMS ARE BARRED

Given the concern for preserving judicial economy, this second case and its defamation claims should be dismissed under the defense of *Res Judicata*. The two lawsuits fall within the same transactional nucleus of facts, and Stebbins should have amended his complaint in the Alphabet Case to include a cause of action prior to filing the Redfield Case, failed to do so, but was clearly aware of the video at issue and the alleged defamatory statements made the "…Smear Video".

### III    CONCLUSION

Redfield requests that this Court dismiss this case with prejudice.

Respectfully Submitted,

DATE:   July 23, 2026

*/s/ J. Curtis Edmondson*

J. Curtis Edmondson
Counsel for Defendant

7

## PROOF OF SERVICE

I, J. Curtis Edmondson, hereby certify that I am over the age of 18 and not a party to this action. My business address is: LAW OFFICES OF J. CURTIS EDMONDSON, 3720 SW 141st Avenue, Suite 212, Beaverton OR 97005.

On June 23, 2026, I served the following document: MOTION FOR JUDGMENT ON THE PLEADINGS  to the following persons:

David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
acerthorn@yahoo.com

Service was completed in the following matter:

X By E-mail or Electronic Transmission: Via E-mail or Electronic Transmission, by transmitting a true copy of the document(s) to the persons at the corresponding electronic address as indicated above on the above-mentioned date. I am readily familiar with this firm's electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America  that the foregoing is true and correct.

Dated: July 23, 2026

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Attorney for Defendant

8