David Stebbins          123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com       870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                    PLAINTIFF

VS.                     Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

### MOTION TO RESTRICT DEFENDANT'S CHANGE IN ADMISSIONS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Restrict the Defendant's Change in Admissions in the above-styled action.

**Facts**

On July 7, 2026, Defendant served me amended responses to two of my requested admissions: #7 and #87 ("the July 7 Admission"). In his updated response to RFA #87, the Defendant stated in pertinent part "Defendant admits Plaintiff did not plead guilty, but rather he was convicted by a jury as stated in the Arkansas Court of Appeals record from the Stebbins v. Stebbins CV-16-16 case." See **Exhibit A**, Page 3 (with the relevant excerpt highlighted).

I promptly filed a Request for Judicial Notice (see Dkt. 145), explaining that this AR Court of Appeals case does not actually say what he claims it says, and asking the Court to forbid him from offering it as evidence in support of the defense of truth to Defamation #10.

On July 23, 2026, the Defendant served me with amended responses to all of my requested admissions, including a new, third response to Requested Admission #87 ("the July 23 Admission"). This time, he denies the request in full, despite previously admitting it with a caveat. See **Exhibit B**.

Bear in mind that the Defendant has already admitted that I did not plead guilty in the July 7 admission. This was not merely a lack of knowledge on the Defendant's part, but an affirmative admission that RFA #87 was true. This means that he had actual knowledge that I did not plead guilty (most likely from the two transcripts I provided in my 26(a) initial disclosures and even provided in Dkt. 72-1 and Dkt. 74-1 in this case) and conceded that it was true.

Now, with the July 23 admission, he is seeking to arbitrarily backpedal on this admitted

fact for no discernable reason and without leave of court.

**Applicable law and argument**

"A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." See FRCP 36(b). There is no dispute that the admission in Exhibit A constitutes "a matter admitted under this rule." There is also no dispute that the Defendant has not filed any motion for leave to withdraw that admission. Therefore, his attempt to unilaterally alter his previous admission is prohibited under the law.

Meanwhile, the Rule gives the Court no discretion to grant the leave sua sponte. The Rules' authors certainly knew how to give judges that authority when they wanted to; see Fed.R.Civ.P. 11(c)(2) and Fed.R.Civ.P. 12(f)(1) as just a few examples. But such language is definitively lacking in Rule 36(b).

On motion, Rule 36(b) encourages Courts to grant leave to withdraw an admission if it would promote a decision on the merits. However, in Dkt. 149 in this case (Reply in Continued Support of Request for Judicial Notice), I have already thoroughly proven that the sentencing order (the sole piece of evidence which the Defendant relies on to support his belief that I plead guilty) is almost certainly inaccurate[1], to the point where to insist otherwise puts the Defendant "squarely in 'tinfoil hat' territory,"[2] as well as pointed out how, even if by some miracle the sentencing order ended up being accurate, it's still inadmissible as hearsay,[3] so he can't use it in his defense anyway!

So while Courts usually prefer letting the parties litigate on the merits, in this case, allowing the Defendant to withdraw his admission would effectively be allowing the Defendant a platform to argue a patently absurd, ludicrous on its face set of facts that has a one in a million chance of actually being true, and an even slimmer chance of actually being admissible.

**Relief Requested**

I therefore ask the Court to order the following:

(1) That the Defendant is stuck admitting that I did not plead guilty to the crime mentioned in

---

1  Dkt. 149, Page 3 Line 18 through Page 5 Line 6
2  Dkt. 149, Page 4, Line 28
3  Dkt. 149, Page 5 Lines 7-28

Defamation #10.

(2) Before he can withdraw that admission, the Defendant must file a motion seeking leave to withdraw the July 7 admission, and have that motion be granted by the Court.

(3) If the Defendant files such a motion, he must still abide by ¶ (1) above until said motion is disposed of.

(4) If the Defendant files such a motion, he must …

    (a) Show what facts (for example, the court transcripts) lead him to previously admit that I did not plead guilty; and

    (b) Show good cause why he has a better than astronomical chance of prevailing on his new theory that I in fact plead guilty, taking into account the court transcripts I have already provided, as well as the arguments I made in Dkt. 149 (Reply in Continued Support of Request for Judicial Notice), and especially the arguments I present in Page 3 Line 18 through Page 5 Line 28 of that filing.

**Conclusion**

Wherefore, premises considered, I respectfully pray that this Motion be granted, and for any other relief to which I may be entiled.

So requested on this, the 26th day of July, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)