# Exhibit A

J. Curtis Edmondson (SBN 236105)
Law Offices of J. Curtis Edmondson
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,

                    Plaintiff,

v.

SYDNEY REDFIELD dba SIDALPHA,

                    Defendants.

Case No. 4:23-cv-00321-MWC

**DEFENDANT SYDNEY REDFIELD dba SIDALPHA's AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

AMENDING RFA #7
AMENDING RFA #87

PER COURT ORDER ECF 139

PROPOUNDING PARTY:    Plaintiff, DAVID STEBBINS

RESPONDING PARTY:    Defendant, SYDNEY REDFIELD DBA SIDALPHA

SET NO.:    ONE

Defendant SYDNEY REDFIELD DBA SIDALPHA ("SIDALPHA" or "Defendant") hereby provides this amended response to Plaintiff DAVID STEBBINS' ("STEBBINS" or "Plaintiff") Requests for Admissions pursuant to FRCP 36, as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to these Requests to the extent they seek information, which is already in the custody of Plaintiff, or is in the possession of

- 1 -
DEFENDANT SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

other parties, or the public domain that Plaintiff has equal access to.  To the extent that Plaintiff is seeking such information which is more readily available from other sources or already in the possession of Plaintiff, Defendant objects to these discovery requests as unduly burdensome.

2    Defendant further objects to the Requests to the extent they seek to impose duties and obligations beyond those authorized by, or imposed by, Federal Rules of Civil Procedure Rules 26 and 36. To the extent the Requests seek to impose obligations greater than those imposed by such Rules, they are overly broad and unduly burdensome.

3.    Finally, Defendant objects to the term "the smear video in question" defined as "the smear video" in many of Plaintiff's Requests for Admissions.  This term is not properly defined and thus speculative.

Notwithstanding these General Objections, Defendant further responds to the individual requests below:

## **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST NO. 7:**  Admit prior to him making the smear video, I contacted the Defendant through his email address of sidalpha@sidalpha.com, asking him to hear my side of the story before making his video about me.

OBJECTIONS:  Vague and ambiguous as to the terms "asking him" and "his video about me"; and unintelligible as to "the smear video" which is undefined.

AMENDED RESPONSE:  Without waiving any objections, Admit in part, deny in part.  To the extent "the smear video" refers to the video at issue in this case, Admit that Plaintiff e-mailed me with a cease-and-desist request ("Dear Mr. Sid Alpha, I doubt this will do very much good, since you seem to already have your mind made up about me. But I feel compelled to at least try. People have been sending you highly cherry-picked information about me, and you have been

regurgitating it on your Twitter account, almost verbatim. You should have reached out to me and asked for my side of the story first before you just assumed that what you were getting was the full picture. Please cease and desist."), but deny that Stebbins <u>asked</u> Redfield to hear and consider Stebbin's "side of the story" in his e-mail.

**REQUEST NO. 87**:  Admit that I never plead guilty to the crime.

OBJECTIONS:  Vague and ambiguous as to "plead guilty," and "the crime."

AMENDED RESPONSE:   Without waiving any objections, to the extent that Defendant is referring to the crime of battery against his father, Defendant admits Plaintiff did not plead guilty, but rather he was convicted by a jury as stated in the Arkansas Court of Appeals record from the *Stebbins v. Stebbins* CV-16-16 case, which stated *"The son subsequently filed suit against his father, claiming that his father had breached the written contract between the parties that night by failing to provide adequate high-speed internet service. Appellant further claimed that, after he confronted his father about the problem with the internet, his father punched him in the face, and then the father purposely cut his own face with a knife to make it appear as if he had been attacked by his son. Appellant asserted in his complaint that his father pressed criminal charges against him, knowing them to be false, and used the alleged attack as a means to circumvent the lease agreement provision of their parties' contract and unlawfully evict appellant from his house. The complaint alleged 6 separate causes of action including malicious prosecution, abuse of process, defamation, breach of contract, conversion, and battery. Appellant subsequently filed an amended complaint adding additional claims for identity theft, the tort of outrage, negligence, and forgery. The case proceeded to a jury trial, where the jury was given interrogatories pertaining to only 2 of the 10 claims. Specifically, the jury was instructed on breach of contract and battery and returned verdicts in favor of the father on those two claims. Therefore, the trial*

*court entered a judgment on jury verdict against plaintiff, and the order stated that*

*Appellant's complaint was dismissed.*"

Dated: July 7, 2026

I, Sidney Redfield dba Sidalpha, declare under penalty of perjury that the above Responses to Plaintiff's First Set of Requests for Admissions are true and correct to the best of my knowledge.

*/s/ Sidney Redfield*

Sidney Redfield dba Sidalpha, Defendant

As to objections:

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Defendant

- 4 -

## PROOF OF SERVICE

I, Sally Robinson, hereby certify that I am over the age of 18 and not a party to this action. My business address is LAW OFFICES OF J. CURTIS EDMONDSON, 3720 SW 141st Avenue, Suite 212, Beaverton OR  97005.

On July 7, 2026, I served the following document: **DEFENDANT SIDNEY REDFIELD dba SIDALPHA's AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

to the following persons:

David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 7260
acerthorn@yahoo.com

Service was completed in the following matter:


  X    **By E-mail or Electronic Transmission**: Via E-mail or Electronic Transmission, by transmitting a true copy of the document(s) to the persons at the corresponding electronic address as indicated above on the above-mentioned date. I am readily familiar with this firm's electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.


                                */s/ Sally Robinson*
                                Sally Robinson

SYDNEY REDFIELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS