# Exhibit B

guilty plea or otherwise inaccurately characterizes the underlying criminal proceedings.

**REQUEST NO. 87**:  Admit that I never plead guilty to the crime.

OBJECTIONS:  ~~Vague and ambiguous as to "plead guilty," and "the crime."~~

Defendant objects that the phrase **"the crime"** is vague and ambiguous because it does not identify the specific statutory offense to which Plaintiff refers.

RESPONSE:  ~~Without waiving any objections, Defendant is unable to admit or deny based on a lack of information or belief, and on that basis, Deny.~~

Subject to and without waiving the foregoing objection, Defendant denies the Request. Defendant further states that Plaintiff voluntarily entered a negotiated plea of guilty to the criminal offense identified in the applicable court records as Domestic Battery in the Third Degree pursuant to Arkansas's First Offender Act.

**REQUEST NO. 88**:  Admit that aside from the alleged victim's entirely uncorroborated word, there was never any evidence that I committed the crime. No fingerprint evidence, no DNA evidence, no other eyewitnesses, no video footage, no photographs, no medical experts providing medical opinions, nothing ("the lack of evidence").

OBJECTIONS:  ~~Vague and ambiguous as to "alleged victim," and consists of multiple requests in this one Request. Calls for speculation.~~

Defendant objects that the Request is compound because it seeks admissions regarding numerous separate factual assertions concerning the existence or nonexistence of multiple categories of evidence in Plaintiff's underlying criminal case. Defendant further objects that the Request calls for speculation because it seeks admissions regarding the contents of Plaintiff's underlying criminal investigation and prosecution, matters outside Defendant's personal knowledge and within the knowledge of the investigating authorities and prosecuting agency.

SIDNEY REDFIELD'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS