David Stebbins                123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com          870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                PLAINTIFF

VS.                          Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                              DEFENDANTS

## REQUEST FOR LEAVE TO APPEAR REMOTELY FOR [150] MOTION FOR JUDGMENT ON THE PLEADINGS AND [151] MOTION TO RESTRICT DEFENDANT'S ADMISSIONS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Appear Remotely in the above-styled action.

**Relevant Facts**

I just received notice from the Clerk that an in-person appearance will be required for all motions that are not taken under submission. See Dkt. 152.

As of the time of this writing, there are currently two motions scheduled for hearing: A Motion for Judgment on the Pleadings, and a Motion to Restrict the Defendant's Admissions. See Dkt. 150 & 151. In addition, there are also two filings pending before the Court that don't have hearing dates scheduled: An objection to the magistrate judge's ruling on my earlier discovery dispute (including his refusal to issue subpoenas to identify witnesses) and a Request for Judicial Notice. See Dkt. 140 & 145. It is unclear to me, at this point in time, if any, some, or all of these have been referred to Magistrate Judge Krishnan.

Maxine Chesney's standing orders make no mention at all of whether or not attendance will be permitted remotely or if in-person attendance is mandatory. Magistrate Judge Krishnan's standing orders generally state that "discovery dispute" motions will not require in-person attendance, and that leave to appear remotely may be granted on a case-by-case basis for all other motions. However, he gives no guidelines for when he will grant said leave, only stating that it will be given "upon good cause shown."

First of all, I believe the Motion to Restrict the Defendant's Admissions should be class-

ified as a "discovery dispute" motion, and therefore automatically not require an in-person appearance. It obviously is a "dispute" (otherwise it would be a joint motion), and it's related to the Defendant's "discovery" responses. Therefore, it should be classified as a discovery dispute for purposes of not requiring an in-person appearance.

But for the other three filings (and in the event the Court disagrees that Dkt. 151 counts as a "discovery dispute"), then I hereby move for leave to appear remotely in any hearings those motions may have.

**I am indigent, and forcing me to come to San Francisco in person for anything other than trial would have the effect of pricing me out of court.**

As this court is aware, I am indigent and proceeding in forma pauperis. See Dkt. 2. That status has not significantly changed since the start of this case. I haven't gotten a few jobs since then, but none of them have lasted. To support this, I am hereby attaching **Exhibit A**, a new in forma pauperis application that can tell you about my current financial situation. See also **Exhibit B**, which shows that I had $894.60 deposited into my bank account from the Social Security Administration, and that has to cover my living expenses for the entire month.

I have a carefully-constructed plan to make it to San Francisco for trial, but I can only do it once. If we make it to trial and the Defense is at fault for causing a mistrial, I will need part of their sanction to include having to pay my travel expenses for the second trial, including a two-way plane ticket, hotel, and (if the hotel isn't within 1 mile of the Couthouse) a rental car.

This counts as "good cause shown" because the federal judiciary typically has a policy of waiving optional requirements for indigient pro se parties when requiring them to bare the full brunt of those costs would have the effect of pricing the pro se party out of court. See Simulnet East Assoc. v. Ramada Hotel Operating Co., 37 F. 3d 573, 575-76 (9th Cir. 1994) ("care must be taken not to deprive a plaintiff of access to the federal courts. To do so has serious constitutional implications. Our statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance").

For just one example, see Hammler v. Alvarez, 18-CV-326-AJB(WVG), Feb 12, 2019, Dkt. 55 (SD Cal)[1] (citing Simulnet, supra), where a magistrate judge recommended against

---

1   You can view it here: https://scholar.google.com/scholar_case?case=3738833958084703095

requiring the plaintiff to post a costs bond, even though he was an out-of-state plaintiff like me, and even though he was previously declared a vexatious litigant, primarily on the grounds that requiring him to post it would price him out of court, and that should be avoided if at all possible. "Given that Plaintiff is indigent, such an order would deny him access to the courts." See id at Page 9, Lines 10-11.

As you can see from my attached exhibits, I am utterly incapable of making the trip to San Francisco more than once, and certainly not on such short notice as this. Even if the Court compels me to attend the hearing in-person, you might as well just go ahead and hold me in contempt of court because I can tell you right now that's not going to happen even if I wanted to.

Therefore, the only fair thing to do is to grant me leave to appear remotely. Judge Krishnan's standing orders purport on their face to allow it, and I know for a fact that District Judge Chesney can do it, since we did it on May 1, 2026 in this case. There's no good reason why you can't allow this. The only reason to deny it, especially when granting it would be easy on your end, is simply to make David Stebbins, specifically, have to jump through hoops for its own sake.

### Conclusion

Wherefore, premises considered, I respectfully pray that this Motion for Leave to Appear Remotely be granted.

So requrested on this, the 2nd day of August, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)