David Stebbins                    123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com          870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                            PLAINTIFF

VS.                              Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                    DEFENDANTS

### REPLY TO OBJECTION TO MOTION TO APPEAR REMOTELY

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to Dkt. 154, Defendant's Objection to Dkt. 153, Motion for Leave to Appear Remotely in the above-styled action.

It is technically true that I did not include my previous employment with Premium Retail Services, LLC in my Exhibit A to my Motion to Appear Remotely, there is a reason for that: Because I didn't have room. The IFP application I used only gave me enough space for two employers, so I listed the two most recent ones. If I was somehow supposed to list more than that despite not being given enough space, I apologize, but that doesn't mean I was out and out lying.

His accusation that I reached an out of court settlement for $12,500 is a bit more cause for concern. If I had received that money, then there would be a rebuttable presumption that I would have the funds I would need to travel to California for an in-person hearing. However, while this accusation may raise some alarms, it is also completely ludicrous on its face.

Once again, for the *third time in less than a month*, let's put on our "big boy" thinking caps and see if we can make sense of this. As the Defendant's "Exhibit 1" clearly demonstrates, I was suing Premium for, among other things, failure to pay the settlement amount, and demanding that they pay me the $12,500 that they owe (a demand which the defendant himself noticed and even boxed in red in his attached exhibit; see Dkt. 154-1, at the top of Page 38). So does that indicate that I had actually received the money? Or does it indicate the complete opposite, that I *hadn't* received the money and therefore obviously *cannot* use it to fund an impromptu trip to California?!

Again, just like with Dkt. 145, Page 3 Line 7, "this is astonishingly trivial to understand."

For the third time in less than a month, the Defense has made a statement about me that is contradicted by merely applying just a little bit of common sense. It is also the second time in less than a month that the Defendant has made claims that are not only contradicted by even a cursory review of his own sources, but are also contradicted by the excerpts the Defendant himself points out! In Dkt. 145, he contradicts himself when he copies and pastes the excerpt "his father punched him in the face" (Page 3, Lines 12-13). Here, he contradicts himself when he draws a red box around my prayer for relief where I ask that Premium be ordered to pay the settlement money that they owe.

In Dkt. 145, I suggested that his inability to see the sources for what they were might be attributable to his seething rage and hatred towards me. It's well documented that anger and hatred has an effect similar to alcohol on one's judgment. Here, the Defendant is so overflowing with rage and hatred towards me, personally, that he is genuinely incapable of seeing what is literally two feet in front of him. He may be subjectively sincere in his not seeing these facts for what they are, but only because his seething hatred towards me personally is clouding his judgment.

Going forward, I ask that the Court reprimand the Defense Counsel and warn him to actually look at each of the sources he is relying on and take care to make sure that the source, at a minimum, actually says what he claims it says.

Wherefore, premises considered, I respectfully pray that the Motion to Appear Remotely be granted, that the Defendant be reprimanded and possibly sanctioned for using sources that directly contradict his statements and thereby wasting everyone's time, and for any other relief to which I may be entitled.

So requested on this, the 4th day of August, 2026.

/s/ David Stebbins
David Stebbins (pro se)

Case 4:23-cv-00321-MMC                    -2-                    Motion to Appear Remotely