David Stebbins          123 W. Ridge Ave., Apt D, Harrison, AR 72601

acerthorn@yahoo.com      870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                      PLAINTIFF

VS.                      Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA                      DEFENDANTS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Memorandum of Points and Authorities in support of my Opposition to Defendant's Motion for Judgment on the Pleadings in the above-styled action.

**I: TABLE OF CONTENTS**

| Section | Page |
|---|---|
| I. TABLE OF CONTENTS | i |
| II. TABLE OF AUTHORITIES | ii |
| III. FACTS | 1 |
| IV. SUMMARY OF ARGUMENT | 1 |
| V. ARGUMENT | 2 |
| 1. Standard for Motion to Dismiss/for Judgment on the Pleadings in a pro se case. | 2 |
| 2. This is actually a motion for summary judgment, as it relies on facts outside the Complaint. | 3 |
| 3. The Defense of res judicata was never raised in the Answer, and therefore is forfeited. | 4 |
| 4. I couldn't have included the defamation claim in the Alphabet case. | 4 |
| 5. There has not been a final judgment on the merits in the Alphabet case yet. | 7 |

6.    There are two completely different primary rights        7
at issue in the two cases.

7.    The two cases don't have the same "common nucleus        9
of operative facts" to create liability.

8.    Putting the two claims together do not "form a        12
convenient trial unit."

9.    Just because it's the same video doesn't        13
automatically create res judicata.

10.    Public policy strongly favors resolving disputes on the        13
merits, so public policy favors giving me my day in court here.

VI.    CONCLUSION        15

## II: TABLE OF AUTHORITIES

**Statutes & Rules**        **Page(s)**

● "California's Unpredictable Res Judicata (Claim Preclusion)        8
Doctrine" by Walter W. Heiser, found at
https://digital.sandiego.edu/cgi/viewcontent.cgi?article=3221&context=sdlr

● Fed.R.Civ.P. 15        14

● Fed.R.Civ.P. 58        8

● "Understanding Vigilantibus Non Dormientibus Aequitas        14
Subvenit in Law," found at https://legal-resources.uslegalforms.com/v/vigilantibus-non-
dormientibus-aequitas-subvenit

**Case Law**        **Page(s)**

● Ariba, Inc. v. Coupa Software Inc., 2014 WL 1466860        13
(N.D. Cal. Apr. 15, 2014)

● Bernhard v. Bank of America, 19 Cal. 2D 807 (1942)        8

● Coelho v. MRC II Distrib. Co., L.P., 2012 WL        6,10
424387 (C.D. Cal. Feb. 8, 2012)

● Does 1-4 v. Arnett, 2012 WL 3150934 (C.D. Cal. Aug. 1, 2012)        7,10

- Fleming v. Pickard, 581 F. 3d 922, 925 (9th Cir. 2009)    2
- Kontrick v. Ryan, 540 US 443, 459 (2004)    4
- Media Rights Tech. v. Microsoft, 922 F. 3d 1014 (9th Cir. 2019)    11,12
- Owens v. Kaiser, 244 F. 3d 708 (9th Cir 2001)    15
- Safinia v. Voltage Pictures, Case 17-cv-06902, Dkt. 41 (CD Cal)    6,9,13
- Semtek v. Lockheed Martin, 531 US 497 (2001)    8
- Shore v. Shore, 43 Cal. 2D 677 (1954)    8
- Silva v. Di Vittorio, 658 F. 3d 1090 (9th Cir. 2011)    2
- Slater v. Blackwood, 543 P. 2d 593 (1975)    8,9
- Storey v. Cello Holdings, 347 F.3d 370 (2d Cir. 2003)    5
- Trilithic v. Wavetek, 6 F. Supp. 2d 803 (S.D. Ind. 1998)    7,11
- Weilburg v. Shapiro, 488 F. 3d 1202 (9th Cir. 2007)    3
- Wilhelm v. Rotman, 680 F. 3d 1113 (9th Cir. 2012)    2
- Wood v. Milyard, 132 S.Ct. 1826 (2012)    4

### III: FACTS

The Defendant, possibly having been driven desparate by the recent developments (notably, the Request for Judicial Notice, where I point out that his original theory about me being convicted of domestic battery was wrong, and my Reply in Continued Support of same, which thoroughly demolished his new attempt to change his story and insist that I plead guilty to the crime, was also wrong), which slowly chip away at his defense and slowly reveal that he cannot possibly win on the merits, is now bringing a Hale Mary motion for judgment on the pleadings, relying on res judicata, a defense which he did not even preserve in his answer, and which nobody – neither defendant nor court – had ever considered for the more-than-three-years that this case has been pending.

### IV: SUMMARY OF ARUMENT

1.    Because I am proceeding pro se, a motion for judgment on the pleadings can only be granted "if it appears beyond doubt that [I] can prove no set of facts which would entitle [me] to any relief." This is a very high threshold.

2.    Because the Defendant introduces evidence outside of the pleadings (namely, a court order in another case), and is offering this to prove facts rather than law (namely, the existence of a prior judgment and the scope thereof), this qualifies as a motion for summary judgment, meaning that, if denied, the Defendant cannot file any more motions for summary judgment for the remainder of this case, per this Court's standing orders.

3.    The Defendant never raised res judicata as a defense in his Answer, which, pursuant to FRCP 8(c), means he has forfeited the defense.

4.    He says that I "could have" included the defamation claim in the Alphabet case, but I "chose not to," but this is a lie. I was foreclosed from raising it in the Alphabet case, and it would be egregiously unfair to strip me of my day in court because of something beyond my control.

5.    Even barring that, I *still* couldn't have included the defamation claim in the Alphabet case because courts have already determined that the two causes of action do not have the same common nucleus of operative facts.

6.    There hasn't even been a final judgment in the Alphabet case yet, only interlocutory

Case 4:23-cv-00321-MMC                         -1-                    Motion for Judgment on the Pleadings

orders, which is essential to creating res judicata.

7.      It is not the same transaction or occurrence, or the same operative facts, which govern res judicata in California. Instead, I can file different lawsuits as long as I have different primary rights to assert. Since I clearly am asserting a different primary right in this case than I was asserting in the Alphabet case, res judicata does not apply.

8.      Multiple cases hold that copyright infringement and defamation necessarily do not have the same common nucleus of operative facts, which is fatal to the Defendant's current motion. Just because I mentioned in passing that the smear video was filled with lies does not mean I relied on that fact to create liability. The fact that the judge found that matter to be irrelevant just goes to show that the fact was not "operative" to adjudicating the case.

<strong>V: ARGUMENT</strong>

For the following reasons, the Defendant's Motion is without merit and should be denied.

**V-1: Standard for Motion to Dismiss/for Judgment on the Pleadins in a pro se case.**

Much like on a motion to dismiss for failure to state a claim, when considering a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." See Fleming v. Pickard, 581 F. 3d 922, 925 (9th Cir. 2009). The old standard – that a complaint can only be dismissed if "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" – is still applicable in cases with a  pro se plaintiff.

See Wilhelm v. Rotman, 680 F. 3d 1113, 1121 (9th Cir. 2012):

> "Plaintiff filed his complaint pro se. We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Iqbal did not alter the rule … where the petitioner is pro se.*** " (emphasis added; citations and quotations omitted)

See also Silva v. Di Vittorio, 658 F. 3d 1090, 1101 (9th Cir. 2011):

> "We … may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citations and quotations omitted)

See also Weilburg v. Shapiro, 488 F. 3d 1202, 1205 (9th Cir. 2007):

> "Pro se complaints … may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

I tried to educate the Court of this precedent during the case management conference on May 1, 2026, but the Court refused to believe me, even going as far as to dismiss my arguments out of hand without even asking me for a citation. But I have just provided not one, but three binding case law citations, published in the Federal Reporter by the 9th Circuit (thereby making them "binding precedent"), all of which post-date Ashcroft v. Iqbal[1], from the 9th Circuit that affirm what I said. So unless the Court is prepared to act in open defiance of this case law, it must follow it.

**V-2: This is actually a motion for summary judgment, as it relies on facts outside the Complaint.**

This motion is, in fact, a motion for summary judgment, improperly styled as a motion for judgment on the pleadings, due to the fact that it relies on facts outside the Complaint. See Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). This is an important distinction to make, because this Judge's Standing Orders limit the parties to only one motion for summary judgment each per case, so if this is properly styled as a motion for summary judgment and it is denied, he has spent his one and only motion for summary judgment in this case, and cannot file any more.

A limited exception exists when the pleadings reference something without including it directly. For example, a complaint for copyright infringement will of necessity reference the original copyrighted work and the other work which the plaintiff claims infringes on it. From there, a defendant may properly introduce the allegedly infringing work on a Motion to Dismiss

---

[1] Weilburg was decided on June 1, 2007, and Iqbal was decided May 18, 2007, so Welburg postdates Iqbal by only a few days, but still postdates it nonetheless. And even if you discount that, there's still two other binding case laws that undeniably were passed with knowledge of Iqbal's precedent, one of which even explicitly and unequivocally says that Iqbal doesn't apply to pro se cases.

for Failure to State a Claim and/or Motion for Judgment on the Pleadings. However, in order to get even that far, the thing being introduced by the Defendant must be, at a minimum, *referenced* by the Complaint.

Neither the Complaint nor the Answer references the decision in the Jeffrey White case. This is something that the Defendants have raised for the first time in this case. Therefore, because it brings in additional facts that are not mentioned in the pleadings, it is in actuality a motion for summary judgment.

**V-3: The Defense of res judicata was never raised in the Answer, and therefore is forfeited.**

Res judicata is one of the affirmative defenses explicitly listed in Fed.R.Civ.P. 8(c)(1), which states that a Defendant must affirmatively raise that defense in his Answer. [U]nder the Civil Rules, a defense is lost if it is not included in the answer or amended answer." See Kontrick v. Ryan, 540 US 443, 459 (2004). And "[a]n affirmative defense, once forfeited, is excluded from the case." See Wood v. Milyard, 132 S.Ct. 1826, 1829 (2012).

Here, the Defendant did not raise res judicata or claim preclusion in any of his ten affirmative defenses. Therefore, this defense is forfeited and so the Motion for Summary Judgment (improperly styled as a motion for judgment on the pleadings) must be denied on that ground alone. See also https://www.evanwalkerlaw.com/blog/what-is-res-judicata-in-california/ ("Know that res judicata is an affirmative defense that's waived unless affirmatively raised").

Defendant's reliance on Magana v. Com. of the Northern Mariana Islands, 107 F. 3d 1436 (9th Cir. 1997) to create an exception is misplaced. In the very excerpt he refers to, the 9th Circuit held that a three-month delay between filing an answer and filing a dispositive motion raising a new defense creates a rebuttal presumption of prejudice, and instructed the district court to address that issue on remand. See id at 1446. Here, the motion for judgment on the pleadings (Dkt. 150) was filed ***297 days*** after filing his Answer (Dkt. 68), more than three times the delay that the Magana court found concerning, yet the Defendant makes no effort to even attempt to address the rebuttal presumption of prejudice that his own reliant case calls for!

**V-4: I couldn't have included the defamation claim in the Alphabet case.**

Turning to the merits of the Defendant's motion, the Defendant claims that I "could have

included the defamation claim in the Alphabet Case, but [I] chose not to do so." See Dkt. 150, Page 6, Lines 24-25. This is false.

First of all, I could not have included the slander claims in my original complaint in that case for simple reason: The slander hadn't occurred yet. Remember that the smear video was published on February 12, 2022. As you can see from **Exhibit A**, the original complaint in the Alphabet lawsuit was filed on January 27, 2022, sixteen days before the smear video was published. So I literally couldn't have included that in the original complaint. "Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same course of conduct." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 383 (2d Cir. 2003).

After the Court had previously dismissed the entire case, and then re-opened it and allowed me to amend my complaint, you might think I could have then included the slander claims in that amended complaint. However, there are two reasons why I still could not have done that: First, by that point, I had already included the slander claims in this, separate lawsuit. That's literally the whole reason I was able to reference this lawsuit in that Amended Complaint in the first place. So it would make no sense for me to file the same lawsuit twice in two simultaneously cases. That would have been even more egregious of a case of piecemeal litigation than what the Defendant is alleging here!

But even barring that, there's still another reason why I couldn't have included the defamation claims in that case: In Dkt. 30, when Judge White granted me leave to file an amended complaint to correct the deficiencies upon which he relied to justify dismissing the matter the first time, he included an important restriction on my right to file said amended complaint:

the April 10, 2021 livestream is not warranted, Plaintiff may not re-allege claims related to that livestream and shall not repeat allegations related to those claims. Plaintiff is permitted leave to amend only his infringement claims based on the 2D images and his claims based on the alleged copying of livestream videos other than the April 10, 2021 video. Plaintiff may not add any new claims or new defendants. Plaintiff must set forth a *short and plain statement* of his claims showing his entitlement to relief as required by Federal Rule of Civil Procedure 8(a). Plaintiff must allege specific facts establishing that the alleged content is eligible for copyright protection,

3

Case 4:22-cv-00546-JSW   Document 30   Filed 03/28/23   Page 4 of 4

including that it meets the threshold for creativity and originality, and must plead concrete and

But even barring that, I still could not have included the defamation case as part of the Alphabet case, due to the fact that the two claims do not have a "common nucleus of operative facts."

- See Safinia v. Voltage Pictures, LLC, Case 17-cv-06902, Dkt. 41 (CD Cal), where a court dismissed a defamation claim without prejudice because it doesn't have the same "common nucleus of operative facts" as a copyright infringement claim:

   "Plaintiff's federal copyright infringement claim arises from Defendants' alleged distribution, display, and offer for sale of ... Plaintiff's copyrighted screenplay, whereas Plaintiff's defamation claim arises from Defendants' alleged disparaging remarks about Plaintiff."

- See also Coelho v. MRC II Distrib. Co., L.P., 2012 WL 424387, at *3 (C.D. Cal. Feb. 8, 2012), finding no common nucleus of objective facts because, again, the elements needed to establish liability were entirely different, despite the Court acknowledging that the claims stemmed from the same allegedly infringing work:

   "[T]here is no common nucleus of *operative* fact between the copyright validity determination and the six contract claims. The Court finds that there are some common *background* facts, e.g., both the copyright and contract arise from Mr. Dick's Adjustment Team work. But that is all. The operative facts concerning the

rights under the contract and breach of that contract have nothing do to with the copyright." (emphasis in original).

- See also Does 1-4 v. Arnett, 2012 WL 3150934, at *2 (C.D. Cal. Aug. 1, 2012), finding that state law defamation claims and copyright claims were not bound by a common nucleus of operative fact because the Plaintiff has to prove a different set of essential elements for each claim:

"Plaintiffs' state-law defamation claims are not part of the same constitutional case as Plaintiffs' federal copyright claims because they are not bound by a common nucleus of operative fact. In order to resolve Plaintiffs' declaratory relief claims based upon the DMCA and the Copyright Act, the Court will need to consider whether Arnett owned a valid copyright in the Photograph, [and] whether publishing the Photograph on the website violated the Copyright Act… Plaintiffs' declaratory relief claims based upon California state defamation law would require the Court to resolve whether the Post, "involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage. The two inquires involve entirely different aspects of Plaintiffs' website content—the Photograph and the Post—and do not involve overlapping questions of law or fact. Accordingly, the Court lacks supplemental jurisdiction over Plaintiffs' declaratory relief claims based upon state law." (citations and quotations omitted).

- See also Trilithic, Inc. v. Wavetek U.S., 6 F. Supp. 2d 803, 806-07 (S.D. Ind. 1998), where the court declined supplemental jurisdiction, finding the facts needed for resolving the two claims are "separate and distinct," where one claim is for patent infringement, and the other is for breach of a non-disclosure agreement concerning the same patent by dint of said commercial distribution. Even though the same patent & commercial distribution were at issue in both claims, that alone wasn't enough to constitute a common nucleus of operative facts.

So no, the Defendant is out and out lying. I could not have included the defamation claim in that case. I did not simply "choose not to;" I literally wasn't allowed to. So it would be egregiously unfair to hold it against me via the doctrine of res judicata when it was entirely out of my control. "For constructive res judicata to apply, the party must have had a fair chance to raise the new issue during the initial proceedings." See www.pahujalawacademy.com/doctrine-

Case 4:23-cv-00321-MMC                    -7-              Motion for Judgment on the Pleadings

of-res-judicata. Such a factor is not present here, so res judicata should not apply.

**V-5: There has not been a final judgment on the merits in the Alphabet case yet.**

In California, in order to create res judicata, the previous case must have reached a final judgment on the merits. See Slater v. Blackwood, 543 P. 2d 593 (1975); Shore v. Shore, 43 Cal. 2d 677 (1954); Bernhard v. Bank of America, 19 Cal. 2d 807 (1942).

The case which the Defendant cites – Case 4:22-cv-00546-JSW in the US District Court for the Northern District of California – is still ongoing. See **Exhibit A**. Notice that this screenshot does not give a date when the matter was closed, which it would give if the matter were in fact closed. That's because it's still open. While Judge White has given _**orders**_ in that case, he has yet to enter a final _**judgment**_ under FRCP 58, which is necessary to create res judicata. This is evidenced by the fact that I still, to this day, cannot file an appeal in that case.

Therefore, this Motion is, at best, premature, and should be denied on that ground. Since the motion is actually a motion for summary judgment, that means he can't raise this matter again, even if it is denied "without prejudice."

**V-6: There are two completely different primary rights at issue in the two cases.**

State standards for res judicata are applicable here because this is a diversity case. See Semtek v. Lockheed Martin, 531 US 497 (2001).

The Defendant claims that res judicata bars this case simply because this case (for defamation) is purportedly "based upon the same transactional operative facts as the first case." However, that is not the standard that California uses for res judicata. To create res judicata in California, the two cases must assert the same "primary right," not simply a handful of overlapping facts. See Slater, supra at 795 ("California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action").

See also https://digital.sandiego.edu/cgi/viewcontent.cgi?article=3221&context=sdlr (Page 10 of 59):

> "[U]nder the California doctrine, whether the plaintiff must raise all rights to relief in one lawsuit will not depend solely on whether they arise from the same transaction, but rather on whether the defendant's alleged misconduct invades one or more primary rights. If, for example, the injury to the plaintiff's person violates a different primary right than the injury to the plaintiff's property, the plaintiff

may bring each such cause of action against the defendant manufacturer in a separate lawsuit. Likewise, if the injury to the plaintiff's real property violates a different primary right than the injury to her personal property, she may have the option of three lawsuits. Moreover, if injuries caused by the defendant's breach of contract constitutes a separate primary right than injuries due to tortious misconduct, the plaintiff may have four (or more) causes of action and hence the option of (at least) four lawsuits! The fact that the plaintiff's rights to relief arose from the a single factual transaction or occurrence... is not determinative."

As far as *primary rights* are concerned, the two cases could not be more dissimilar. In Slater, "[t]he 'primary right' alleged to have been violated in the instant case is plaintiff's right to be free from injury to her person." Id at 795. In both cases, she was suing for physical injuries (e.g. broken ribs, broken arm, etc.) she sustained as a result of an auto collision. It's easy to see how both cases assert the same *primary right*. But in the instant vs. the Alphabet case, the two primary rights are entirely unrelated. In the Alphabet case, my "primary right" is my intellectual property rights. But here, my primary right being asserted is my right to reputation. One is created by federal statute and is enforced exclusively in federal court. The right would cease to exist in its entirety if the law were ever nullified somehow. The other is a state-level common law tort that has existed for thousands of years and is only being heard in federal court in this case because of diversity jurisdiction, not federal question jurisdiction. The two primary rights cannot possibly be more dissimilar.

Therefore, the motion is without merit.

**V-7: The two cases don't have the same "common nucleus of operative facts" to create liability.**

For purposes of res judicata/claim preclusion, the phrases "same transaction or occurr-ence" and "common nucelus of operative facts" are used mostly interchangeably. That said, the Defendant only has a defense for res judicata if the earlier case disposed of the same set of operative facts as the instant case seeks to litigate. To support his claim to the contrary, he cites to various excerpts where I *mention* that the statements Redfield made about me in the smear video were lies and slander, but I never actually *relied* on those claims, either to establish a prima facie case for copyright infringement or to defeat fair use.

- See Safinia, supra, where a court dismissed a defamation claim without prejudice because it doesn't have the same "common nucleus of operative facts" as a copyright infringement claim.

  "Plaintiff's federal copyright infringement claim arises from Defendants' alleged distribution, display, and offer for sale of ... Plaintiff's copyrighted screenplay, whereas Plaintiff's defamation claim arises from Defendants' alleged disparaging remarks about Plaintiff."

- See also Coelho v. MRC II Distrib. Co., L.P., 2012 WL 424387, at *3 (C.D. Cal. Feb. 8, 2012), finding no common nucleus of objective facts because, again, the elements needed to establish liability were entirely different, despite the Court acknowledging that the claims stemmed from the same allegedly infringing work:

  "[T]here is no common nucleus of *operative* fact between the copyright validity determination and the six contract claims. The Court finds that there are some common *background* facts, e.g., both the copyright and contract arise from Mr. Dick's Adjustment Team work. But that is all. The operative facts concerning the rights under the contract and breach of that contract have nothing do to with the copyright." (emphasis in original).

- See also Does 1-4 v. Arnett, 2012 WL 3150934, at *2 (C.D. Cal. Aug. 1, 2012), finding that state law defamation claims and copyright claims were not bound by a common nucleus of operative fact because the Plaintiff has to prove a different set of essential elements for each claim:

  "Plaintiffs' state-law defamation claims are not part of the same constitutional case as Plaintiffs' federal copyright claims because they are not bound by a common nucleus of operative fact. In order to resolve Plaintiffs' declaratory relief claims based upon the DMCA and the Copyright Act, the Court will need to consider whether Arnett owned a valid copyright in the Photograph, [and] whether publishing the Photograph on the website violated the Copyright Act… Plaintiffs' declaratory relief claims based upon California state defamation law would require the Court to resolve whether the Post, "involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage. The two inquires involve entirely different aspects of Plaintiffs' website content—the Photograph and the Post—and do not involve overlapping questions of law or fact. Accordingly, the Court lacks supplemental jurisdiction over Plaintiffs' declaratory relief claims based upon state law." (citations and quotations omitted).

- See also Trilithic, Inc. v. Wavetek U.S., 6 F. Supp. 2d 803, 806-07 (S.D. Ind. 1998), where the court declined supplemental jurisdiction, finding the facts needed for resolving the two claims are "separate and distinct," where one claim is for patent infringement, and the other is for breach of a non-disclosure agreement concerning the same patent by dint of said commercial distribution. Even though the same patent & commercial distribution were at issue in both claims, that alone wasn't enough to constitute a common nucleus of operative facts.

Because the standard for a "common nucleus of operative facts" is identical under both res judicata and supplemental jurisdiction, a court's ruling that it ***lacks power to hear*** a state defamation/contract claim alongside a federal copyright claim is the strongest possible precedent that the two do not constitute the same transaction or unit. At a minimum, it certainly defeats the Defendants' prior argument (assuming it hadn't already been defeated) that I could have included the defamation claim in the Alphabet case but chose not to, which is still fatal to the Defendant's claim of res judicata all the same.

To decide whether or not the two claims arise from the same "common nucleus of operative facts," courts look to whether the two claims arose from the same "time, space, origin, or motivation." See Media Rights Technologies, Inc. v. Microsoft Corp., 922 F. 3d 1014, 1027 (9th Cir. 2019). Here, the times, spaces, and origins of the two respective claims are separate.

As for time, the copyright infringement occurred at the moment of uploading and publication, even if the video got zero views before being taken down. By contrast, the defamation occurred when the video got its first third-party view. They may be very close, in terms of time, but they are still technically distinct. In addition, the two claims stem from different moments in the smear video. For the cop-yright infringement claim, my claim stems from timestamp 52:16 – 53:09 of the smear video[2], whereas for Defamation #10, the claim stems from timestamp 25:33 – 25:44 of the smear video. So on and so forth.

For space, the copyright infringement occurs exclusively in the digital sphere. It exists in its own right, regardless of how individual viewers perceive it. In defamation, the cause of action

---

[2] An archive of which can be viewed here: https://www.youtube.com/watch?v=S9OOnIrYF-E

occurs when viewers see and believe the statements, meaning that the wrong occurs in people's minds, not in cyberspace. Again, they are very close to each other, but not the same.

A copyright claim focuses entirely on the unauthorized distribution of the tangible medium, whereas a defamation claim focuses on the falsity and impact of the underlying message. Because the legal elements, evidentiary standards, and core injuries are completely distinct, a final judgment on the copyright claim has no claim preclusive effect on the defamation claim.

The closest he can get to offering a common "operative fact" is that, in both cases, I brought up that he was harassing, doxxing, and dogpiling me. However, we must remember that, in his order dismissing the action, Judge White never once brought up that behavior. See Dkt. 36. On a motion for reconsideration, he explained that he felt the Defendant's harassing, doxxing, and dogpiling to be irrelevant to a fair use determination. See Dkt. 40.

However, rather than creating res judicata, it actually does the complete opposite: Judge White instead held that the Defendant's harassing, doxxing, and dogpiling against me was, in fact, NOT "operative" to deciding the copyright infringement matter! Now, if he had held that it was relevant, but insufficient to create a counter-defense of unclean hands, but held that sufficiently egregious harassment could in theory create unclean hands but the Defendant's behavior did not rise to that level, then the Defendant here might have a case for saying that it was an "operative fact" which was "adjudicated" in the previous case. But that's not what happened.

As it stands, there is virtually no overlap in facts that must be proven in order to prove copyright infringement as opposed to defamation. Literally, the only fact that is common between them is that the Defendant published a video about me in some capacity. That's it. That's the only thing that these two cases actually have in common. That, however, is not enough to create res judicata, especially under California's "primary right" rule.

**V-8: Putting the two claims together do not "form a convenient trial unit."**

Assuming federal standards for res judicata apply, one factor that courts look at is "whether [the two claims] form a convenient trial unit." See Media Rights, supra at 1027.

Here, the two claims have just enough similarity in concepts, while still being completely different in all the ways that matter, that having a trial on both would likely result in utter

confusion and conflating of issues. If a judge tried to hear both claims at once, the evidence would be wildly unmanageable. A jury would have to switch from highly technical copyright doctrines (like substantial similarity or statutory damages) to highly personal defamation inquiries (like the plaintiff's mental anguish, loss of business, or public figure status). Because the witnesses and financial discovery are so vastly different, courts frequently agree they do not belong in the same lawsuit. See Safinia, supra, as just one example. See Ariba, Inc. v. Coupa Software Inc., 2014 WL 1466860 (N.D. Cal. Apr. 15, 2014) (finding a lack of common nucleus of operative facts when the two claims "require unrelated damage and liability theories").

**V-9: Just because it's the same video doesn't automatically create res judicata.**

Even though the two claims arose from the same YouTube video, that alone does not create res judicata. See Safinia v. Voltage, supra. That case had very similar details to this one. The Defendant prepared an "unauthorized derivative work" (as the Plaintiff called it) for the screenplay "The Professor and the Madman," to which Plaintiff was both the director and the copyright holder. Throughout this derivative work, which they repeatedly smear "the film's director" (aka the Plaintiff), possibly so they could have some obligatory criticism of the plaintiff, and so the plaintiff sued for both copyright infringement and defamation. However, on December 7, 2017, the district court dismissed the defamation action without prejudice because, even though they both claims stemmed from the "unauthorized derivative work," that alone did not create a convenient trial unit because they didn't "derive from a common nucleus of operative facts." See Dkt. 41, Page 2, Line 16.

There it is in black and white. Courts have already decided that copyright infringement and defamation do not have a "common nucleus of operative facts," even if they derive from the same audiovisual work. Because having a "common nucleus of operative facts" is essential to creating res judicata on a federal level, res judicata does not apply here. Full stop.

**V-10: Public policy strongly favors resolving disputes on the merits, so public policy favors giving me my day in court here.**

This is, admittedly, the most subjective argument of them all, which is why I saved it for last. But lest we forget that the federal courts have a strong public policy of resolving matters on

the merits, rather than technicalities. To throw the case out on this grounds, after we've spent more than 3 years on the matter already, would be the opposite of that.

Speaking of more than 3 years, that's another reason why the Court should reject res judicata here, if it can find any legal basis to do so (and I've already given several). Lest we forget that the Defendant never preserved this defense in his answer, nor has anyone ever even considered res judicata to be even potentially applicable until the Defendant brought it up out of nowhere just now. This seems to suggest that the Defendant is only raising it now because he is starting to become desperate, realizing upon seeing my Request for Judicial Notice that he cannot possibly prevail regarding Defamation #10 on his previous theory that I was convicted by a jury, and realizing upon seeing my Reply in Continued Support thereof that he cannot possibly prevail on his new theory that I pleaded guilty because the sentencing order erroneously said so. As his last gasps of hope of prevailing on the merits seem to be snuffed out with each passing day, he turns out of desperation to a technicality that he had not preserved or even remotely hinted at previously.

He should not be allowed to do that. It is a well established maxime of law that *vigilantibus non dormientibus aequitas subvenit*, or "equity aids the vigilant, not those who sleep on their rights." https://legal-resources.uslegalforms.com/v/vigilantibus-non-dormientibus-aequitas-subvenit.

For this reason, the Court should, at a minimum...

(1) Deny the motion for judgment on the pleadings without prejudice on the grounds that the defense of res judicata was not properly preserved in his Answer, and

(2) If the Defendant is to move for leave to amend his answer to include res judicata as a defense, the Court should warn him that he should include, in his motion, an objectively good reason (while also attaching evidence to prove said reason; his word alone should not be enough) why he didn't preserve the defense in his original Answer, and only whipped it out when his prospects for prevailing on the merits began to look increasingly bleak. Although leave to amend should be freely given when justice so requires (see Fed.R.Civ.P. 15(a)(2)), if he cannot justify that omission, especially when juxtaposed

alongside the suspicious timing of the current motion, that is a strong indicator that justice *doesn't* require leave to amend. See Owens v. Kaiser, 244 F. 3d 708, 712 (9th Cir 2001), finding a lack of bad faith when the defendant "offered substantial competent evidence to explain the delay," but implying that, if the Defendant had indeed "failed to offer a plausible explanation for their delayed res judicata application," as is the case here, that would have constituted bad faith. Moreover, the explanation given for the belated offering of the defense – a substitution of counsel – is clearly not present in the instant case.

## VI: CONCLUSION

Wherefore, premises considered, I respectfully pray that the Motion for Judgment on the Pleadings be denied, costs incurred be awarded, and for any other relief to which I may be entitled.

So requested on this, the 6th day of August, 2026.

/s/ David Stebbins
David Stebbins (pro se)