IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br>Plaintiff,<br>v.<br>SYDNEY REDFIELD,<br>Defendant. | Case No. 23-cv-00321-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is defendant Sydney Redfield's "Motion for Judgment on the Pleadings," filed July 23, 2026, whereby defendant "move[s] this Court to dismiss this case under the doctrine of claim-splitting/claim preclusion/res judicata." (Mot. 2:4-5.) Plaintiff has filed opposition. Defendant did not file a reply. Having read and considered the parties' respective submissions, the Court rules as follows.[1]

**BACKGROUND**

Plaintiff David A. Stebbins ("Stebbins") is "a YouTuber and Twitch streamer who goes by the alias 'Acerthorn.'" (Compl. ¶ 1.) Defendant Sydney Redfield ("Redfield") is a YouTuber operating under the name "SidAlpha." (See Answer ¶ 2.) On February 12, 2022, Redfield posted a video at the URL https://www.youtube.com/watch?v=WB-Xd1qDKIY on the SidAlpha YouTube channel. (Compl. ¶ 7.) Stebbins alleges Redfield, in said video, made false statements about Stebbins' litigation history, Stebbins' use of the Digital Millenium Copyright Act ("DMCA"), and Stebbins' interactions with other YouTubers. (See generally id.) Based thereon, Stebbins filed the instant action on January 20, 2023, by which he asserts ten counts of defamation under California state law. (See generally id.)

Previously, on January 27, 2022, Stebbins brought suit against four defendants,

[1] On August 20, 2026, the Court vacated the hearing and took the matter under submission.

United States District Court
Northern District of California

United States District Court
Northern District of California

namely two internet personalities and two social media platforms, alleging a series of copyright infringement claims under 17 U.S.C. § 501. (See Stebbins v. Alphabet, Inc., et al., Case No. 4:22-cv-00546-JSW (N.D. Cal.) (hereinafter "Alphabet"), Compl. at 1, 6–7.) Thereafter, on March 8, 2022, Stebbins amended his complaint, adding nine new defendants (see Alphabet, First Amended Compl. ("FAC") ¶ 6), one of whom, "John Doe #3, D.B.A. 'SidAlpha,'" is the same SidAlpha identified as defendant David Redfield in the instant case (see id. ¶ 112). The claim against SidAlpha in Alphabet is a copyright infringement claim based on the YouTube video posted by Redfield at the URL https://www.youtube.com/watch?v=WB-Xd1qDKIY. (See id. ¶¶ 112, 114.) In that same amended complaint, Stebbins also alleged the defendants, by challenging his copyright claim, had essentially "admitted to defaming [him]" (see id. ¶ 149), after which, on April 20, 2023, Stebbins again amended his complaint (see Alphabet, Second Amended Compl. ("SAC")), describing therein "lies, slander, harassment, and doxxing" he allegedly suffered at the hands of Redfield (see id. ¶ 117). On December 4, 2024, Stebbins copyright claim against Redfield was dismissed with prejudice. (See Alphabet, Order Lifting Stay, Screening Second Amended Compl., and Dismissing Case in Part at 11:16-18.)[2]

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings "is functionally identical to a Rule 12(b)(6) motion," thus "the same standard of review applies to motions brought under either rule." See Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (internal quotation and citation omitted). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled

[2] Redfield's Request for Judicial Notice of each of the above-referenced documents filed in Alphabet is hereby GRANTED. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (holding federal courts may "take judicial notice of undisputed matters of public record") (emphasis omitted); see also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (holding "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (internal quotation and citation omitted).

United States District Court
Northern District of California

to judgment as a matter of law." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation omitted).

**DISCUSSION**

In seeking judgment in his favor, Redfield argues the above-titled action is barred by the doctrine of claim preclusion. (See Mot. at 7.)

At the outset, Stebbins argues the instant motion is untimely because Redfield failed to raise claim preclusion in his answer. "A defendant may," however, "raise an affirmative defense for the first time in a motion for judgment on the pleadings . . . if the delay does not prejudice the plaintiff." Owens, 244 F.3d at 713. Here, Stebbins has not identified any prejudice he assertedly suffered as a result of the timing of Redfield's motion, nor does the record of the case suggest any prejudice was incurred. Accordingly, the Court turns to the question of claim preclusion.

"The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens, 244 F.3d at 713 (internal quotation and citation omitted). Claim preclusion "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id. (internal quotation and citation omitted).

Here, there is no dispute that the parties in Alphabet are the same as those in the instant case. Although Stebbins argues there is no final judgment because the Alphabet case is proceeding against other defendants, he cites no authority so holding. Rather, "a dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata." Caddell v. Helena Elder Housing, Inc., 494 Fed. Appx. 809, 811 (9th Cir. 2012). The Court next turns to the first element, identity of claims.

"Whether the two suits involve the same claim or cause of action requires [a court] to look at four criteria, which [courts] do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests

established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005). "The most important factor is whether the two suits arise out of the same transactional nucleus of facts." Mendoza v. Amalgamated Transit Union Int'l, 30 F.4th 879, 887 (9th Cir. 2022) (internal quotations and citation omitted). "Because the common nucleus factor is the most important, [courts] have frequently found it to be outcome determinative, and need not consider the other criteria." Flores v. Life Ins. Co. of North Am., 2024 WL 222265 at *2 (9th Cir. 2024).

"[Courts] use a transaction test to determine whether two suits share a common nucleus of operative fact." Id. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could be conveniently tried together," id. (internal quotation and citation omitted), with courts being "most concerned with the facts or events from which the alleged harms arose," Media Rights Technologies, Inc. v. Microsoft Corp., 922 F.3d 1014, 1027 (9th Cir. 2019).

Here, the alleged harms arise from the same facts and at the same time, in that the operative facts for both the alleged infringement and the alleged defamation arise from the contents of the same SidAlpha YouTube video. Stebbins copyright and defamation claims thus share a common nucleus of operative fact, and, consequently, claim preclusion applies. See Stowers v. Wells Fargo Bank, N.A., 2014 WL 1245070 at * 2 (N.D. Cal. Mar. 25, 2012) (holding "[e]ven where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts"); Mendez v. Cnty. of Ada, 2024 WL 2818191 at *1 (9th Cir. 2024) (affirming dismissal on grounds of claim preclusion where claims in later federal action "could have been raised in . . . prior federal action").

Stebbins argues claim preclusion nevertheless does not apply in this case because "[he] could not have included the defamation claim in [the Alphabet] case"

United States District Court
Northern District of California

(Opp'n at 7:13-23), the video having been posted on February 12, 2022, a date after the filing of the initial complaint in Alphabet. Stebbins, however, could have included his defamation claims in his First Amended Complaint,[3] which, as noted, was filed on March 8, 2022 (see Alphabet, FAC), a date after the posting of the video and before the filing of the Second Amended Complaint, i.e., the operative complaint. See Howard v. City of Coos Bay, 871 F.3d 1032, 1040 (9th Cir. 2017) (holding "for the purposes of federal common law, claim preclusion does not apply to claims that accrue after the filing of the operative complaint").

Accordingly, for the reasons stated above, Redfield's motion for judgment on the pleadings is hereby GRANTED and the Complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: October 1, 2026

MAXINE M. CHESNEY
United States District Judge

[3] Although Stebbins argues he was ordered to "not add any new claims," that order was not filed until March 28, 2023, i.e., more than a year after the filing of the First Amended Complaint. (See Alphabet, Order Granting, In Part, Motion for Reconsideration, Vacating Judgment, and Requiring Amended Complaint at 3:25-26.)