David Stebbins 123 W. Ridge Ave., Apt D, Harrison, AR 72601
acerthorn@yahoo.com 870-204-6516

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, PLAINTIFF

VS. Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA DEFENDANTS

# NOTICE OF APPEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Notice of Appeal in the above-styled action. Although the case is still technically open, that appears to be an administrative oversight from the Court, as the Court entered a final, appealable order on October 1, 2026.

The Court committed reversible error when it granted the motion for judgment on the pleadings. Specifically...

1. The Court erred in refusing to find the motion untimely. The Court literally issued a stay in the case ***literally delaying trial*** because of the motion, yet she still proceeded to consider it despite that being the one time limit listed in FRCP 12(c).

2. The Court misapplied the standard for a judgment on the pleadings. The standard is whether a pro se plaintiff "can prove no set of facts that will entitle him to any relief," as I explained in the Opposition.

3. The Court erred in finding that I had suffered no prejudice simply because I didn't state in the Opposition precisely what prejudice I had suffered. However, the case law makes it clear that prejudice is presumed in this case, so I shouldn't have had to specify any prejuduce.

4. The Court incorrectly applied the wrong standard for res judicata. In a diversity jurisdiction case such as this one, the proper test for res judicata is whether the two complaints allege the same primary right, a standard which the Court failed to use.

5. The Court incorrectly applied a tentative order as a final judgment.

6. The Court incorrectly found that the two claims arose from the same common nucleus of operative facts, despite my extensive explanations that they were not.

7. The Court erroneously failed to even *consider* the other three criteria that she admits are controlling on the issue of res judicata. This is an abuse of discretion since even a cursory look at the matter would reveal that the other three factors egregiously weigh against res judicata.

8. The Court's 2½ year long delay in issuigng the supboena is what caused the previous case to reach a verdict (not a judgment, but a verdict). Therefore, it is actually the Court's fault that it came to this in the first place, and so I deserve to have the Court's judgment overturned to fix the prejudice their delay has caused me.

So notified on this, the 30th day of October, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)